IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

CASE NO: 1:16-cv-1395

| | |
|---|---|
| IRIS POUNDS, CARLTON MILLER, VILAYUAN SAYAPHET-TYLER, RHONDA HALL and PIA TOWNES, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | <u>NOTICE OF REMOVAL</u><br>28 U.S.C. §§ 1332, 1446, 1453<br><br>Durham County Superior Court<br>Case No. 16 CVS 5190 |

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Portfolio Recovery Associates, LLC (PRA), removes this action from the General Court of Justice, Superior Court Division, County of Durham, North Carolina, where it was filed by Plaintiffs on November 21, 2016, and assigned Case No. 16 CVS 5190, to the United States District Court for the Middle District of North Carolina, Durham Division. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A through U are copies of the process, pleadings, and orders served upon Defendant.

In support of removal, PRA states as follows:

## Nature of Plaintiff's Allegations

1. Plaintiffs allege that PRA obtained default judgments against them in cases brought in North Carolina courts to collect on nonperforming consumer loans. Plaintiffs claim that these default judgments do not comply with North Carolina's statutory requirements. Plaintiffs seek to represent the class of all persons against whom PRA obtained a default judgment entered by a North Carolina court in a case filed on or after October 1, 2009. Compl. ¶ 15.

2. Plaintiffs allege that the default judgments obtained by PRA do not comply with N.C. Gen. Stat. § 58-70-155. Plaintiffs seek (1) a declaratory judgment, declaring that PRA's default judgments obtained in cases filed in North Carolina courts on or after October 1, 2009, violate N.C. Gen. Stat. § 58-70-155 and are void; (2) an injunction barring PRA from collecting on the judgments and requiring that PRA file and serve notices of vacatur; (3) statutory penalties of $4,000 per default judgment; and (4) to recover amounts collected by PRA from the class on the default judgments.

## Removal Is Timely

3. The time within which PRA is permitted to file this notice of removal under 28 U.S.C. § 1446 has not expired as of the time of the filing and service of this notice of removal. Less than thirty days have passed since PRA received a copy of the initial pleading setting forth the claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b)(1).

4. Upon information and belief, PRA was served on November 21, 2016, based on the representations of counsel for Plaintiffs.

## Basis for Removal: Diversity Jurisdiction

5. Pursuant to 28 U.S.C. § 1332(d), federal jurisdiction exists over this case because: (a) the named Plaintiffs are completely diverse from PRA, and therefore members of the proposed class are citizens of a State different from PRA; (b) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (c) the proposed class includes more than 100 people.

6. With respect to diversity, Plaintiffs are citizens and residents of North Carolina. Compl. ¶¶ 5, 7, 9, 11, 13. PRA, a limited liability company, is not a citizen or resident of North Carolina. PRA's principal place of business is in Virginia, and it is organized under the laws of Delaware. In addition, PRA has one member: PRA Group, Inc. PRA Group, Inc. is incorporated in Delaware and has its headquarters in Virginia.

7. The amount in controversy exceeds $5 million because Plaintiffs seek an award of $4,000 per default judgment on behalf of a proposed class that consists of more than 1,250 default judgments. Plaintiffs seek an award of $4,000 per default judgment in the proposed class. Compl. ¶ 62. The complaint alleges that PRA has obtained default judgments in "thousands" of cases against North Carolina defendants during the class period. Compl. ¶ 32; *see also* Compl. ¶ 16 (alleging that the proposed class numbers "substantially in excess of 1,000 persons"). Moreover, PRA has obtained more than 1,250 default judgments from North Carolina courts during the class period. The claims of each member of the proposed class are aggregated to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). Accordingly, Plaintiff's claim for statutory penalties under N.C. Gen. Stat. § 58-70-130(b) exceeds the jurisdictional amount.

8. Plaintiffs seek other relief that further confirms that the jurisdictional amount requirement is met. Plaintiffs seek to recover, on behalf of the proposed class, amounts paid to

3

PRA after entry of default judgments. Compl. ¶ 66. Plaintiffs also seek an injunction requiring PRA to cease its collection activity on the default judgments that PRA has obtained against members of the proposed class. Compl. at 16 (ad damnum clause (ii)). The value of this relief, including the injunctive relief, is also part of the amount-in-controversy. *S. Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014).

9. Under Rule 8 of the North Carolina Rules of Civil Procedure, Plaintiff is not permitted to state a specific demand for monetary relief in the Complaint. N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). In light of this pleading restriction, however, this Court employs common sense in evaluating whether the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 496-99 (M.D.N.C. 2003) (noting that in light of North Carolina pleading laws that require for claims to be pled "in excess of ten thousand dollars ($10,000)," the federal court should apply its own "common sense" to determine whether the amount in controversy exceeds the jurisdictional amount); *see also Hoffman v. Vulcan Materials Co.*, 19 F. Supp. 2d 475, 478, 482-83 (M.D.N.C. 1998) (aggregating three claims pled to be "in excess of $10,000" and a claim for injunctive relief to reach jurisdictional limit).

10. Applying common sense to Plaintiff's factual allegations, multiple claims, and significant categories of compensatory damages and other relief listed in the Complaint, it is apparent that the amount-in-controversy exceeds $5,000,000.

11. With respect to the size of the proposed class, the complaint alleges that the proposed class includes more than one hundred people. The complaint in fact alleges that the proposed class numbers "substantially in excess of 1,000 persons." Compl. ¶ 16.

### Venue Is Proper

12.     Removal to this district and division is proper under 28 U.S.C. § 113(b) because this is the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a).

### Notice Has Been Given

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being properly given to the Plaintiff by mailing a copy to her attorney of record.

14.     Also pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal to federal court is being promptly filed with the Clerk of the Superior Court, Durham County, North Carolina.

### Non-Waiver of Defenses

15.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of PRA's rights to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendant PRA respectfully removes this action from the General Court of Justice, Superior Court Division, Durham County, North Carolina, to this Court and requests that this Court assume jurisdiction over this action to proceed to final determination thereof. If any question arises as to the propriety of the removal of this action, PRA respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

This the 9th day of December, 2016.

    _/s/ Jon Berkelhammer_____
Jon Berkelhammer
N.C. State Bar No. 10246
Joseph D. Hammond
N.C. State Bar No. 45657
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Telephone: (336) 389-5683
Facsimile:  (336) 217-4198
jon.berkelhammer@elliswinters.com

*Attorney for Defendant Portfolio
Recovery Associates, LLC*

# CERTIFICATE OF SERVICE

This is to certify that the foregoing has been duly served by depositing a copy thereof in the United States mail, first class, postage pre-paid addressed to the following counsel of record:

    Carlene McNulty
    Jason A. Pikler
    Emily P. Turner
    North Carolina Justice Center
    Post Office Box 28068
    Raleigh, NC  27611

    J. Jerome Hartzell
    Post Office Box 10246
    Raleigh, NC  27605

    Travis E. Collum
    Collum & Perry, PLLC
    Post Office Box 1739
    Mooresville, NC  28115

    Adrian M. Lapas
    Lapas Law Offices, PLLC
    Post Office Box 10688
    Goldsboro, NC  27532

This the 9th day of December, 2016.

                                                                                      /s/ Jon Berkelhammer
                                                                                      Jon Berkelhammer
                                                                                      N.C. State Bar No. 10246
                                                                                      *Attorney for Defendant Portfolio*
                                                                                      *Recovery Associates, LLC*