# EXHIBIT C

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF DURHAM | 16-CVS_____ |

IRIS POUNDS, CARLTON MILLER, )
VILAYUAN SAYAPHET-TYLER, )
RHONDA HALL and PIA TOWNES, )
on behalf of themselves and all others )
similarly situated, )
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
　　v. )
　　　　　　　　　　　　　　　　　　)
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )



## CLASS ACTION COMPLAINT

Iris Pounds, Carlton Miller, Vilayuan Sayaphet-Tyler, Rhonda Hall and Pia Townes (collectively "plaintiffs" or the "named plaintiffs"), on behalf of themselves and on behalf of the proposed class, for their claims against Portfolio Recovery Associates, LLC ("PRA") arising from default judgments obtained by PRA in violation of North Carolina law, allege and say:

## SUMMARY

1.　　Since October 1, 2009, G.S. 58-70-155 has prohibited debt buyers, such as defendant PRA, from obtaining default judgments against North Carolina consumers without submitting evidence establishing the nature and amount of the debt claimed to be owed. Section 155 explicitly provides that the only evidence sufficient for this purpose consists of "properly authenticated business records" that meet the requirements of Rule 803(6) of the North Carolina Rules of Evidence and that itemize the charges and fees claimed to be owed. With clear knowledge of these requirements—which section 155 identifies as "prerequisites" to the entry of
16 CV 05190

default judgment—PRA has willfully sought and obtained default judgment against the named and unnamed class members without complying with G.S. 58-70-155.

2. Plaintiffs seek a declaratory judgment that all default judgments entered in North Carolina courts in favor of PRA, in cases filed on or after October 1, 2009, have been obtained in violation of G.S. 58-70-155 and are void. Plaintiffs request injunctive relief barring further PRA collections on the default judgments and requiring PRA to provide notices of vacatur in court files, to class members, to sheriffs and other officers attempting to enforce collection of the judgments, and to credit-reporting agencies.

3. Plaintiffs further seek monetary relief under the statutory penalty provisions of G.S. 58-70-130(b), and, for those persons who made payments following entry of a PRA default judgments (such as named plaintiffs Carlton Miller and Iris Pounds), the recovery of post-judgment payments as actual damages under G.S. 58-70-130(a).

4. Plaintiffs are filing with this Complaint their Motion for Preliminary Injunction, which seeks to halt PRA's collections on default judgments, and plaintiffs' Motion for Class Certification. The motions are supported by Exhibits in Support of Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' Motion for Class Certification ("Exhibits"), also filed herewith.

## PARTIES

### Named Plaintiffs

5. Named plaintiff Iris Pounds, a citizen and resident of Durham County, is a single mother with two children who works as a clinical-research coordinator. Ms. Pounds was the defendant in a civil action instituted by PRA in the District Court of Durham County, case no. 15-CVD-4120, in which PRA obtained a default judgment.

6. On August 2, 2016, Ms. Pounds' automobile was seized by the Durham County Sheriff's Office pursuant to a writ of execution. In order to secure the release of her automobile, which she depended upon to get to and from work and to provide for her family's transportation needs, Ms. Pounds borrowed the sum of $1,525 and paid it to the Durham County Sheriff.

7. Named plaintiff Carlton Miller, a citizen and resident of Durham County, is a practicing medical doctor. Dr. Miller was the defendant in a civil action instituted by PRA in the District Court of Durham County, case no. 14-CVD-2019, in which PRA obtained a default judgment.

8. In July of 2016, Dr. Miller's bank, BB&T, acting at the request of the Durham County Sheriff's Office to satisfy a writ of execution issued on PRA's default judgment, placed a freeze on the funds in the account that Dr. Miller shares with his wife. BB&T paid $1,541.76 of the Millers' account funds to the Durham County Sheriff.

9. Named plaintiff Vilayuan Sayaphet-Tyler, a citizen and resident of Guilford County, is currently employed as an adult caregiver. Ms. Sayaphet-Tyler and her husband have two minor children, whom they support. Ms. Sayaphet-Tyler was the defendant in two civil actions instituted by PRA in the District Court of Guilford County, case no. 15-CVD-5238 and case no. 15-CVD-9301. PRA obtained default judgments against Ms. Sayaphet-Tyler in both cases.

10. Ms. Sayaphet-Tyler received a letter dated July 11, 2016 from the Guilford County Sheriff's Office stating that she owes $4,829.88 to PRA on the judgment in case no. 15-CVD-5238. The letter directs her to contact the Sheriff, and states that proceedings to sell her property will be started if she does not do so. Ms. Sayaphet-Tyler and her family have limited income and limited financial resources, and her ability to work and provide for her children

-3-

Case 1:16-cv-01395-WO-JEP   Document 1-3   Filed 12/09/16   Page 4 of 19

would be substantially and adversely affected if her automobile were to be seized, as she depends on her car to get to her place of employment.

11. Named plaintiff Rhonda Hall, a citizen and resident of Mecklenburg County, moved to Mecklenburg County after she and her husband lost their jobs in California during the economic downturn. Ms. Hall currently works as an accounts-receivable clerk, but she and her husband have limited income and financial resources. Ms. Hall was the defendant in a civil action instituted by PRA in the District Court of Mecklenburg County, case no. 15-CVD-1907, in which PRA obtained a default judgment.

12. Ms. Hall is at risk of having her property seized to satisfy the judgment. Her financial condition would become precarious if her bank account was frozen or her car was seized. Without a car, she would be in jeopardy of losing her job, and without a job she could not afford to pay her rent.

13. Named plaintiff Pia Townes, a citizen and resident of Mecklenburg County, is a teacher in the Charlotte-Mecklenburg school system. Ms. Townes lives with her disabled brother and elderly mother. Ms. Townes was the defendant in a civil action instituted by PRA in the District Court of Mecklenburg County, case no. 15-CVD-1909, in which PRA obtained a default judgment.

14. Subsequently Ms. Townes sought and obtained an order vacating the default judgment, whereupon PRA immediately took a voluntary dismissal.

## Plaintiff Class

15. The proposed plaintiff class is:

**All persons against whom PRA obtained a default judgment entered by a North Carolina court in a case filed on or after October 1, 2009.**

The reference to "a case filed on or after October 1, 2009" reflects the effective date of S.L. 2009-573, "The Consumer Economic Protection Act of 2009," which enacted G.S. 58-70-155 and related statutes.

16. The proposed plaintiff class numbers substantially in excess of 1,000 persons.

**Portfolio Recovery Associates, LLC**

17. Defendant PRA is in the business of purchasing and collecting nonperforming consumer loans. PRA is one of the nation's largest buyers of defaulted loans, which it purchases for three to eleven cents on the dollar, but which it seeks to collect in full.

18. PRA engages in substantial debt-collection activity in North Carolina. In the years 2008-2015, PRA purchased approximately 925,000 North Carolina consumer accounts, representing debt purportedly owed by North Carolina consumers of more than $1.8 billion.

19. PRA collects debts from North Carolina consumers by using the mails and the telephone, and by using the North Carolina court system. In the years 2008-2015, PRA filed tens of thousands of civil actions in the District Court Division of the North Carolina courts, seeking to obtain judgments against North Carolina residents for amounts allegedly owed on credit cards and other consumer accounts.

20. PRA is a "collection agency" and "debt buyer" within the meaning of those terms as defined and used in G.S. 58-70-15(b)(4) and G.S. 58-70-155.

21. In each of its cases brought against the Named Plaintiffs and against the members of the plaintiff class, PRA brought suit in its capacity as a purchaser of consumer debt. Because PRA was not involved in the transactions that gave rise to the alleged debt claimed to be owed to the original creditor, PRA did not create or maintain any of the business records associated with that alleged debt. PRA and its employees therefore had and have no knowledge regarding the

-5-

creation and maintenance of any business records associated with the charges, fees, payments and interest accruals to the original creditor that allegedly gave rise to the amounts PRA claimed to be owed.

### THE CONSUMER ECONOMIC PROTECTION ACT OF 2009

22. In 2009 the General Assembly enacted S.L. 2009-573, titled "The Consumer Economic Protection Act of 2009." Section 8 of this legislation created a new Part 5 of Article 70 of Chapter 58, titled "Special Requirements in Actions Filed by Collection Agency Plaintiffs." One of the three statutes in Part 5 is G.S. 58-70-155, titled "Prerequisites to entering a default or summary judgment against a debtor under this Part."

23. Section 155 applies in cases "initiated by a debt buyer." G.S. 58-70-155(a); *see also* G.S. 58-70-15(b)(4) (defining "debt buyer"). Debt buyers were in 2009, and are today, a subject of particular concern within the debt-collection industry. In February of 2009, seven months prior to the enactment of S.L. 2009-573, the Federal Trade Commission published a report, "Collecting Consumer Debts: The Challenges of Change" ("FTC Report"),[1] in which the FTC stated: "The most significant change in the debt collection business in the past decade . . . has been the advent and growth of debt buying (i.e., the purchasing, collecting, and reselling of debts in default)." FTC Report at 13; *see also id.* at iv (same).

24. Section 155 imposes requirements that must be met before a debt buyer can obtain a default judgment. The 2009 FTC report stated "[p]erhaps the most significant issue related to debt collection litigation is the prevalence of default judgments." *Id.* at 57. PRA relies heavily on the default judgment process. In 2015, the Consumer Financial Protection Bureau

---

[1] Available from the Federal Trade Commission website at
https://www.ftc.gov/sites/default/files/documents/reports/collecting-consumer-debts-challenges-change-federal-trade-commission-workshop-report/dcwr.pdf.

-6-

Case 1:16-cv-01395-WO-JEP   Document 1-3   Filed 12/09/16   Page 7 of 19

took action against PRA for using deceptive tactics to collect bad debts. The September 2015 CFPB Consent Order issued against PRA concluded, among its many findings: "Consumers respond to less than six percent of [PRA's] actions." Exhibit 49, ¶ 44.

25. In order to protect consumers at risk of default judgments, section 155 establishes "prerequisites" for default judgments in cases brought by debt buyers:

> **§ 58-70-155.** *Prerequisites* **to entering a default or summary judgment against a debtor under this Part.**
>
> (a) *Prior to entry of a default judgment* or summary judgment against a debtor in a complaint initiated by a debt buyer, *the plaintiff shall file* evidence with the court to establish the amount and nature of the debt.
>
> (b) *The only evidence sufficient to establish the amount and nature of the debt shall be properly authenticated business records* that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence. The *authenticated business records shall include at least* all of the following items: . . .
>
> (4) *An itemization of charges and fees claimed to be owed.* . . .
>
> (8) *The amount of interest claimed and the basis for the interest charged.*

G.S. 58-70-155 (emphasis added.) Thus, in order for the court to enter a default judgment on behalf of a debt buyer, the debt buyer must file properly authenticated business records that provide an itemization of the amount claimed to be owed.

## PRA'S DEFAULT JUDGMENTS

### Default Judgments Against the Named Plaintiffs

26. PRA obtained default judgments against the Named Plaintiffs. In each case, PRA failed to satisfy the G.S. 58-70-155 prerequisites that required it to file properly authenticated business records providing an itemization of the amount claimed to be owed. The court files for PRA's default judgment cases against the Named Plaintiffs are Exhibits 6-11.

27. PRA commenced *Portfolio Recovery Associates, LLC v. Iris Pounds*, Durham County case no. 15-CVD-4120, on August 5, 2015. A default judgment was entered in favor of PRA and against Ms. Pounds by an assistant clerk of court, on October 12, 2015. *See* Exhibit 6.

28. PRA commenced *Portfolio Recovery Associates, LLC v. Carlton Miller*, Durham County case no. 14-CVD-2019, on February 7, 2014. A default judgment was entered in favor of PRA and against Dr. Miller by Hon. James T. Hill, District Court Judge, on May 2, 2014. *See* Exhibit 7.

29. PRA commenced *Portfolio Recovery Associates, LLC v. Vilayuan Sayaphet-Tyler*, Guilford County case no. 15-CVD-5238, on April 27, 2015. A default judgment was entered in favor of PRA and against Ms. Sayaphet-Tyler by an assistant clerk of court on July 2, 2015. On November 2, 2015, PRA commenced *Portfolio Recovery Associates, LLC v. Vilayuan Sayaphet-Tyler*, Guilford County case no. 15-CVD-9301. A default judgment was entered in favor of PRA and against Ms. Sayaphet-Tyler by an assistant clerk of court on January 8, 2016. *See* Exhibits 8 and 9.

30. PRA commenced *Portfolio Recovery Associates, LLC v. Rhonda Hall*, Mecklenburg County case no. 15-CVD-1907, on January 30, 2015. A default judgment was entered in favor of PRA and against Ms. Hall by an assistant clerk of court, on July 8, 2015. *See* Exhibit 10.

31. PRA commenced *Portfolio Recovery Associates, LLC v. Pia Townes*, Mecklenburg County case no. 15-CVD-1909, on January 30, 2015. A default judgment was entered in favor of PRA and against Ms. Townes by an assistant clerk of court, on April 1, 2015. *See* Exhibit 11. Following the date on which Exhibit 11 was copied, further proceedings

occurred in the case, as a result of which the default judgment was vacated. *See* ¶ 39, below, and Exhibit 28 (vacatur order).

## Default Judgments Against the Class

32. Since October 1, 2009, the effective date of G.S. 58-70-155, PRA has filed tens of thousands of civil actions against North Carolina defendants in the District Court Division of the North Carolina courts. In thousands of these post-October 1, 2009 cases, PRA has obtained default judgments.

33. Because G.S. 58-70-155 provides that debt buyers "shall file" certain documents as a prerequisite to obtaining a default judgment, PRA's compliance with G.S. 58-70-155 can be determined by reviewing the court file in a case in which PRA has obtained a default judgment.

34. PRA used the same small law firm to prosecute all of its collection actions in North Carolina and obtained default judgments using common practices and by filing standardized forms of affidavit.

35. According to a review of a sample of 367 PRA default judgment case files, PRA failed to comply with the G.S. 58-70-155 "prerequisites" in all 367 cases. *See* Exhibit 15 (Summary of Eight-County Sample: Authentication); Exhibit 14, ¶ 4 (explanation of entries); *see also* Exhibits 16 and 17 (summaries for Itemization and Sessoms Attorney Affidavits).

## PREVIOUS LEGAL RULINGS
## HOLDING PRA'S DEFAULT JUDGMENTS TO BE VOID

36. Counsel for the Named Plaintiffs, who now seek appointment as class counsel in the instant case, have challenged PRA's default judgment practices in seven prior cases in North Carolina state courts. In each case, the court ruled that PRA's default judgments were void because of PRA's failure to satisfy the G.S. 58-70-155 prerequisites. The seven vacatur orders are Exhibits 24-30.

37. In *Portfolio Recovery Associates v. Brady*, Chatham County case no. 15-CVD-44, PRA obtained a default judgment against defendant Robert Brady. Mr. Brady filed a Rule 60(b) motion to set aside the PRA default judgment. By order entered December 18, 2015, the Chatham County District Court (Judge Charles T.L. Anderson) ruled:

> 8. Because PRA's motion seeking a default judgment failed to show a "sum certain," proceedings for entry of a default judgment were not within the jurisdiction of the clerk of court. Because the clerk lacked jurisdiction to enter the default judgment, the Judgment by Default is void and is subject to being set aside under Rule 60(b)(4). . . .
>
> 9. Because N.C.G.S. § 58-70-155's requirements are identified as "prerequisites," a default judgment that fails to comply with these prerequisites is void and subject to being set aside under Rule 60(b)(4).

Exhibit 24, Conclusions of Law ¶¶ 8, 9.

38. In *Portfolio Recovery Associates v. Peach*, Wake County case no. 15-CVD-4745, PRA obtained a default judgment against defendant Reba Peach. Ms. Peach filed a Rule 60(b) motion to set aside the PRA default judgment. By order entered March 29, 2016, the Wake County District Court (Judge Debra Sasser) ruled:

> 7. N.C.G.S. § 58-70-155 requires, as a "prerequisite" to the entry of a default judgment in a debt buyer case against a debtor, that the debt buyer plaintiff file authenticated business records containing, among other things, an itemization of the charges and fees claimed to be owed and the amount and basis for claimed interest.
>
> 8. PRA failed to comply with all the "prerequisites" of N.C.G.S. § 58-70-155.
>
> 9. PRA's filings, including the Complaint, Affidavit and Motion for Entry of Default and Judgment by Default, failed to meet the requirements of Rule 55(b)(1) of a "sum certain or for a sum which can by computation be made," which is a prerequisite to the Clerk having jurisdiction to enter a Default Judgment in this matter.

Exhibit 25, Conclusions of Law ¶¶ 7-9.

39. The defendants in five cases in Mecklenburg County[2] filed Rule 60(b) motions to set aside default judgments that had been obtained by PRA. By orders entered June 8, 2016 in each case, the Mecklenburg County District Court (Judge Rebecca T. Tin) ruled as follows:

> 14. PRA failed to comply with the "prerequisites" of N.C.G.S. § 58-70-155, because PRA did not submit account statements or other business records that "itemized" the amount claimed to be due and the amount and basis for the interest charged.
>
> 15. PRA also failed to comply with the "prerequisites" of N.C.G.S. § 58-70-155, because PRA did not authenticate account statements or other business records. No affidavit was offered from any person claiming familiarity with the circumstances under which the statements and other documents were created and maintained by the alleged original creditor.
>
> 16. The Court concludes that N.C.G.S. § 58-70-155 is a jurisdictional statute, meaning that default judgments entered in violation of the statute are void. . . .

Exhibits 26-30, each at ¶¶ 14-16. Pia Townes, who obtained the order of vacatur in *Portfolio Recovery Associates LLC v. Townes*, Mecklenburg County case no. 15-CVD-1909, is one of the Named Plaintiffs in the instant case.

40. Counsel for defendant invited PRA to pursue appellate review of any legal conclusions with which it disagreed. Instead, following the district courts' vacatur of the default judgments and entries of default, PRA took voluntary dismissals. *See* Exhibits 35-39.

41. Despite the seven vacatur orders holding that PRA default judgments were void, PRA has continued to employ the judicial process to conduct asset seizures in order to collect on default judgments that are void for the same reasons as the default judgments that were the subject of the seven vacatur orders. Named plaintiffs Pounds and Miller have been the subject of asset seizures and named plaintiffs Sayaphet-Tyler and Hall currently are at risk of asset seizures

---

[2] The five Mecklenburg County cases are *Portfolio Recovery Associates v. Spector*, 14-CVD-22005, *Portfolio Recovery Associates v. Pledger*, 14-CVD-22008, *Portfolio Recovery Associates v. Townes*, 15-CVD-1909, *Portfolio Recovery Associates v. Walters*, 15-CVD-2893, and *Portfolio Recovery Associates v. Walls*, 15-CVD-15284.

based on default judgments that PRA obtained without complying with the same prerequisites as in the default judgments at issue in the seven vacatur orders.

## CLASS ALLEGATIONS

42. The default judgments entered in cases filed by PRA in North Carolina state courts on or after October 1, 2009, were obtained by PRA without filing "properly authenticated business records" with the court providing the "itemization of charges and fees claimed to be owed" and the "amount of interest claimed and the basis for the interest charged." G.S. 58-70-155. The filing of such records is, by statute, a "prerequisite" for default judgments in cases brought by debt buyers. *Id.*

43. As a consequence of this common failure, the default judgments must be vacated, and PRA must pay the penalty prescribed by G.S. 58-70-130(b) and refund post-judgment payments as actual damages under G.S. 58-70-130(a).

44. Upon information and belief, the class is so numerous, in excess of 1,000 members, that joinder would be impractical.

45. For the reasons set forth in plaintiffs' Motion for Class Certification, filed herewith, and Plaintiffs' Brief in Support of Motion for Class Certification, served herewith, a "class" exists: the named plaintiffs and the unnamed members of the proposed class share the same legal claims and have a common interest in the resolution of the same issues. These issues predominate. Common questions include:

- Whether PRA's default judgments violate G.S. 58-70-155;

- Whether PRA's default judgments are void;

- Whether PRA is liable for the statutory penalty prescribed by G.S. 58-70-130(b).

- Whether PRA is liable for payments made by class members following entry of a default judgment under G.S. 58-70-130(a).

46. The named plaintiffs are willing and able to act as class representatives and will fairly and adequately represent the interests of the class. There is no conflict between the named plaintiffs and the members of the proposed class. Counsel for plaintiffs and the proposed class are not subject to any conflict and may appropriately be appointed as class counsel.

47. This case would be manageable as a class action. This case should be particularly manageable because G.S. 58-70-155 requires that certain documents be filed by a debt buyer with the court, thereby allowing PRA's compliance with G.S. 58-70-155 to be easily determined by a review of the court file, and because a review of a sample of PRA court files shows that PRA uniformly failed to comply with the G.S. 58-70-155 prerequisites. *See* Exhibits 13-17, 19-22.

48. A class action is superior to other available methods for the fair and effective adjudication of the controversy.

49. PRA has acted or refused to act and will continue to do so on grounds generally applicable to the class thereby making injunctive or declaratory relief appropriate with respect to the class as a whole.

### FIRST CLAIM FOR RELIEF
**(For Vacatur of Default Judgments, Declaratory and Injunctive Relief)**

50. Plaintiffs assert this First Claim for Relief on behalf of all members of the proposed class as to whom PRA's default judgments have not already been vacated. The allegations of all other paragraphs of this Complaint are incorporated by reference.

51. The default judgments PRA obtained against the named plaintiffs and the members of the plaintiff class were obtained in violation of G.S. 58-70-155.

52. PRA violated G.S. 58-70-155 by seeking and obtaining the default judgments without filing "properly authenticated business records" that provided, among other

requirements, "[a]n itemization of charges and fees claimed to be owed" and the "amount of interest claimed and the basis for the interest charged." PRA's violations of G.S. 58-70-155 are identified at length in the seven vacatur orders. *See* ¶¶ 36-39, above.

53. All of PRA's default judgments in cases filed on or after October 1, 2009 are void because G.S. 58-70-155 is jurisdictional: PRA's uniform failure to comply with the "prerequisites" prescribed by G.S. 58-70-155 deprived courts of jurisdiction to enter default judgments in favor of PRA.

54. As to PRA's default judgments that were entered by clerks of court or their assistants (such as for named plaintiffs Iris Pounds, Rhonda Hall, Pia Townes and Vilayuan Sayaphet-Tyler, and for most of the members of the proposed plaintiff class), these clerk-entered judgments are void for an additional reason: Rule 55(b)(1) grants clerks jurisdiction to enter default judgments only when the plaintiff has presented evidence showing a "sum certain." G.S. 58-70-155 prescribes what evidence is required for a debt buyer to make that showing. PRA uniformly failed to present evidence to support the exercise of "sum certain" jurisdiction by the clerk.

55. Because of the lack of subject matter jurisdiction, the default judgments are void and may be attacked by independent action. *See* Rule 60(b) ("The procedure for obtaining any relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules *or by an independent action*") (emphasis added); *see, e.g., In re Webber,* 201 N.C. App. 212, 220, 689 S.E.2d 468, 474–75 (2009) ("A judgment or order that is void, as opposed to voidable, is subject to collateral attack. A lack of subject matter jurisdiction renders the judgment or order void.") (citations omitted).

56. Plaintiffs ask that the court enter a declaratory judgment that PRA's default judgments obtained in cases filed in North Carolina courts on or after October 1, 2009 violate G.S. 58-70-155 and are void. This declaratory judgment is sought pursuant to the North Carolina enactment of the Uniform Declaratory Judgments Act, G.S. 1-253 *et seq.*, which grants courts "power to declare rights, status, and other legal relations."

57. Plaintiffs further ask that the court issue an injunction requiring PRA to: (1) cease collection activity on the default judgments; (2) file notices of vacatur in the court files; and (3) give notice of vacatur to the members of the class, to sheriffs and any persons who may be involved in attempting to collect the default judgments, and to credit-reporting agencies.

## SECOND CLAIM FOR RELIEF
### (For Statutory Penalty under G.S. 58-70-130(b))

58. Plaintiffs assert this Second Claim for Relief on behalf of all members of the proposed class. The allegations of all other paragraphs of this Complaint are incorporated by reference.

59. PRA violated G.S. 58-70-115(7) by requesting and obtaining default judgments in violation of G.S. 58-70-155.

60. As a direct consequence of PRA's violations of G.S. 58-70-155 as alleged above, each of the class members has suffered actual injury in that each of the class members has a judgment entered against him or her that does not comply with North Carolina law.

61. Because of PRA's violations of North Carolina law as alleged above, each class member is entitled to recover from PRA, pursuant to G.S. 58-70-130(b), "a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation."

62. In connection with determining the amount of the penalty, plaintiffs allege that PRA's violations as hereinabove alleged were done willfully and knowingly.

63. For each class member, plaintiffs seek an award of $4,000 per default judgment entered against the class member and in favor of PRA in violation of G.S. 58-70-155.

### THIRD CLAIM FOR RELIEF
(For Recovery of Amounts Paid to PRA After Entry of Default Judgments)

64. Plaintiffs assert this Third Claim for Relief on behalf of those members of the proposed class who made any post-default-judgment payments to PRA, such as named plaintiffs Iris Pounds and Carlton Miller. The allegations of all other paragraphs of this Complaint are incorporated by reference.

65. Because of PRA's violations of North Carolina law as alleged above, each class member is entitled to recover from PRA, pursuant to G.S. 58-70-130(a), "any actual damages sustained by the debtor as a result of the violation."

66. Post-judgment payments on debt established by PRA default judgments in cases filed on or after October 1, 2009, including assets lost through the execution process, are "actual damages sustained by [class members] as a result of [PRA's] violation," as these payments resulted from the default judgments PRA obtained in violation of G.S. 58-70-155.

**WHEREFORE**, in addition to the relief sought in their Motion for Preliminary Injunction and Motion for Class Certification, filed herewith, the named plaintiffs pray that the Court grant them and the proposed plaintiff class the relief requested herein:

    (i)    that the Court issue a declaratory judgment, declaring that default judgments PRA has obtained in cases filed in North Carolina courts on or after October 1, 2009, violate G.S. 58-70-155 and are void;

    (ii)    that the Court issue an injunction requiring PRA to cease its collection activity on the default judgments, to file notices of vacatur in the court files, and to give

notice of the vacatur to the members of the class, to sheriffs and any persons who may be involved in attempting to collect the default judgments, and to credit reporting agencies;

(iii) that the Court award each of the members of the class a statutory penalty in the amount of $4,000 for each default judgment entered against them and in favor of PRA;

(iv) that the Court award, to those members of the class who made post-default-judgment payments, actual damages equal to the amounts of the payments;

(v) that the Court award attorney fees pursuant to G.S. 75-16.1 and any other fee-shifting authority that may be relevant in the circumstances of the present case;

(vi) that the Court tax all costs, including all costs of class notice and court-appointed experts and professionals, to PRA; and

(vii) that the Court grant plaintiffs TRIAL BY JURY ON any issues that may properly be the province of a jury.

This, the 21st day of November, 2016.

_____
Carlene McNulty, N.C. State Bar No. 12488
Jason A. Pikler, N.C. State Bar No. 47128
Emily P. Turner, N.C. State Bar No. 49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
        jason.pikler@ncjustice.org
        emilyt@ncjustice.org

_____
J. Jerome Hartzell, N.C. State Bar No. 7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

-17-

_Travis Collum /cr_

Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com


_Adrian Lapas /cn_

Adrian M. Lapas, N.C. State Bar No.: 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC 27532
Telephone: (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com