# EXHIBIT D

NORTH CAROLINA

COUNTY OF DURHAM

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16-CVS_____

IRIS POUNDS, CARLTON MILLER, )
VILAYUAN SAYAPHET-TYLER, )
RHONDA HALL and PIA TOWNES, )
on behalf of themselves and all others )
similarly situated, )
)
    Plaintiffs, )
)
    v. )
)
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
)
    Defendant. )
)



## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Iris Pounds, Carlton Miller, Vilayuan Sayaphet-Tyler, Rhonda Hall and Pia Townes (collectively "plaintiffs" or the "named plaintiffs"), hereby move, pursuant to Rule 23, that this case be certified as a class action. In support of this motion, plaintiffs rely on their Brief in Support of Motion for Class Certification and on the Exhibits in Support of Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Preliminary Injunction ("Exhibits"), and also on matters set out in their Class Action Complaint ("Complaint"), Motion for Preliminary Injunction, and Brief in Support of Motion for Preliminary Injunction, all of which are filed and/or served in conjunction with this motion.

As grounds for this motion, plaintiffs respectfully show:

1.     Plaintiffs have filed a Class Action Complaint alleging that Portfolio Recovery Associates, LLC ("PRA") has routinely violated G.S. 58-70-155 in obtaining default judgments

in North Carolina courts, that PRA's default judgments are void, that class members are entitled to the statutory penalty prescribed by G.S. 58-70-130(b), and that class members who have made payments following entry of PRA default judgments are entitled to recover the amounts paid under G.S. 58-70-130(a).

2. The proposed class is defined as:

**All persons against whom Portfolio Recovery Associates, LLC obtained a default judgment entered by a North Carolina court in a case filed on or after October 1, 2009.**

The limitation to cases filed on or after October 1, 2009 is based on the effective date of "The Consumer Economic Protection Act of 2009," S.L. 2009-573, which enacted G.S. 58-70-155 and related statutes.

3. The proposed class has in excess of 1,000 members. *See generally* Exhibits 13-17 (eight-county sample of 367 court files in which PRA obtained default judgments, representing a fraction of the cases filed in eight of North Carolina's 100 counties).

4. As shown by its title, "The Consumer Economic Protection Act of 2009" was enacted for the purpose of protecting consumers. As shown by the title of G.S. 58-70-155, that statute was enacted for the purpose of protecting defendants against whom debt buyers sought default judgments. G.S. 58-70-155 requires, as "prerequisites" to default judgments, that debt buyers such as PRA file authenticated business records containing an itemization of the amount claimed to be owed.

5. PRA has uniformly failed to file authenticated business records containing itemizations of amounts claimed to be owed. *See* Complaint ¶¶ 26, 32-35; Exhibits 6-11 (copies of the court files for the cases in which named PRA obtained default judgments against the named plaintiffs); *see also* Exhibit 19.B and Exhibits 20 and 21 (summaries of court files for

named plaintiffs and for the defendants in the PRA cases in which the vacatur orders were entered); Exhibit 14.B and Exhibits 15 and 16 (summary of court files from eight-county sample of 367 cases in which PRA obtained default judgments).

6. PRA default judgments are void because the G.S. 58-70-155 "prerequisites" to entry of default judgments are essential to a court's exercise of subject matter jurisdiction, and, for default judgments entered by clerks of court, because clerks' "sum certain" jurisdiction to enter default judgments depends upon compliance with section 155. *See* Complaint, ¶¶ 51-55.

7. Three District Court judges have entered orders in seven cases (the "vacatur orders") setting aside PRA default judgments for the foregoing reasons. *See* Exhibits 24-30. The vacatur orders contain findings and conclusions holding the PRA default judgments at issue in those cases did not satisfy the G.S. 58-70-155 prerequisites, were void, and should be set aside. *Id.*; *see also* Complaint, ¶¶ 36-39.

8. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Beroth Oil Co. v. N. C. Dept. of Transportation.*, 367 N.C. 333, 342, 757 S.E.2d 466, 474 (2014) (citations omitted). The vacatur orders show that PRA default judgments suffer from common failings.

9. Plaintiffs and the proposed class members constitute a "class" because they share "an interest in either the same issue of law or fact, and that issue predominates over issues affecting only individual class members." *Crow v. Citicorp Acceptance Corp.*, 319 N.C. 274, 277, 354 S.E.2d 459, 462 (1987). The common issues are:

- Whether PRA's default judgments violate G.S. 58-70-155;
- Whether PRA's default judgments are void;

- Whether PRA is liable for the statutory penalty prescribed by G.S. 58-70-130(b).

- Whether PRA is liable for payments made by class members following entry of a default judgment under G.S. 58-70-130(a).

10. The issue of whether PRA's default judgments violate G.S. 58-70-155 presents the same issue for all members of the plaintiff class because PRA's default judgments fail to satisfy the G.S. 58-70-155 requirements in the same way or ways. This is shown by the named plaintiffs' files (Exhibits 6-11), the seven vacatur orders (Exhibits 24-30), the summaries of the court files for the named plaintiffs and for the cases in which the vacatur orders were entered (Exhibits 19-22), and the summaries of the court files for the eight-county sample of 367 cases in which PRA obtained default judgments (Exhibits 13-17).

11. The issue of whether PRA's default judgments are void presents a common question—that is, whether default judgments by a debt buyer that fail to comply with G.S. 58-70-155 are void for lack of subject-matter jurisdiction. PRA's liability for the statutory penalty prescribed by G.S. 58-70-130(b) and PRA's liability for class members' post-judgment payments under G.S. 58-70-130(a) also present common questions.

12. The common questions in the case predominate over issues affecting only individual class members. *See Pitts v. American Security Ins. Co.*, 144 N.C. App. 1, 14, 550 S.E.2d 179, 189 (2001), *affirmed*, 356 N.C. 292, 569 S.E.2d 647 (2002) ("in weighing whether the common issues predominate over any individual issues, the trial court should consider public policy favoring protection of consumers from fraud in cases where, absent the availability of a class action, the consumers would for economic reasons be unlikely to bring an action against the offending parties."); *cf.* S.L. 2009-573, section 1 (enacting title of "The Consumer Economic

Protection Act of 2009" and indicating public policy favoring protection of consumers as set out in Act).

13. The named plaintiffs will fairly and adequately represent the interests of all members of the proposed class. There is no conflict of interest between the named plaintiffs and the members of the class. The named plaintiffs have a genuine personal interest, not a mere technical interest, in the outcome of the case. The named plaintiffs will adequately represent any class members who now reside outside North Carolina. *See* Exhibits 1-5 (affidavits of named plaintiffs), Exhibit 6-11 (named plaintiffs' court files), Exhibits 13-17 and 19-22 (summaries of court files for eight-county sample, and for named plaintiffs' cases and cases in which vacatur orders were entered). Plaintiffs' counsel will adequately represent the class. *See* Exhibits 64-69.

14. A class action is superior to other available methods for the adjudication of the controversy. *Cf.* Exhibits 33-39 (PRA dismissals of cases in which vacatur orders were entered, thereby avoiding appellate consideration of issues); Exhibit 42 (PRA "confession of judgment" in *Palmer v. PRA*); Exhibit 62 (article by PRA's counsel describing purported ambiguities in G.S. 58-70-155 and stating "many of [S.L. 2009-573's] provisions are unclear, and have not been reviewed by appellate courts.").

15. Because the vacatur orders presumptively establish that PRA's default judgments are void, PRA should be required to pay for the cost of giving notice to members of the class. Because plaintiffs have shown proper grounds for the issuance of a preliminary injunction, PRA should be required to pay for the cost of class notice.

16. Plaintiffs ask that the Court consider matters in such manner as will enable the prompt consideration of the issues raised by plaintiffs' Motion for Preliminary Injunction, filed herewith.

**WHEREFORE,** plaintiffs ask that the Court certify this case as a class action pursuant to Rule 23.

This, the 21st day of November, 2016.

_____
Carlene McNulty, N.C. State Bar No. 12488
Jason A. Pikler, N.C. State Bar No. 47128
Emily P. Turner, N.C. State Bar No. 49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
       jason.pikler@ncjustice.org
       emilyt@ncjustice.org

_____
J. Jerome Hartzell, N.C. State Bar No. 7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com


_____
Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com


_____
Adrian M. Lapas, N.C. State Bar No. 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC 27532
Telephone: (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date a true and correct copy of the foregoing *Motion for Class Certification* was served, in conjunction with service of the Summons and Complaint, pursuant to Rule 4(j)(6)(d) of the North Carolina Rules of Civil Procedure, upon the Registered Agent for Defendant Portfolio Recovery Associates, LLC, by Federal Express, a designated delivery service authorized under G.S. 1A-1, Rule 4(j)(1)(d) and 26 U.S.C. § 7502(f)(2), delivery receipt and direct signature requested, postage prepaid, addressed as follows:

    Corporation Service Company, as Registered Agent for
    Portfolio Recovery Associates, LLC
    327 Hillsborough Street
    Raleigh, NC 27603-1725

This, the 21st of November, 2016

                                                      */s/ Carlene McNulty*
                                                      Carlene McNulty