# EXHIBIT F

NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
COUNTY OF DURHAM                  16-CVS_____

| | |
|---|---|
| IRIS POUNDS, CARLTON MILLER, )<br>VILAYUAN SAYAPHET-TYLER, )<br>RHONDA HALL and PIA TOWNES, )<br>on behalf of themselves and all others )<br>similarly situated, )<br>                                   )<br>        Plaintiffs,                )<br>                                   )<br>        v.                         )<br>                                   )<br>PORTFOLIO RECOVERY                 )<br>ASSOCIATES, LLC,                   )<br>                                   )<br>        Defendant.                 )<br>                                   ) |  |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Iris Pounds, Carlton Miller, Vilayuan Sayaphet-Tyler, Rhonda Hall and Pia Townes (collectively "plaintiffs" or the "named plaintiffs"), hereby move, pursuant to Rule 65 and G.S. 1-485, for a preliminary injunction barring Portfolio Recovery Associates, LLC ("PRA") from enforcing or collecting on the default judgments PRA has obtained against members of the proposed class, pending a final judgment by this Court as to whether PRA's default judgments are void.

In support hereof, plaintiffs rely on their Brief in Support of Motion for Preliminary Injunction ("Plaintiffs' Brief"), and on the Exhibits in Support of Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' Motion for Class Certification ("Exhibits"). Plaintiffs rely also on the matters presented in their Class Action Complaint ("Complaint"), which seeks a

decree that PRA's default judgments are void, and on plaintiffs' Motion for Class Certification and supporting brief, all of which are served with this motion.

As grounds for this motion, plaintiffs respectfully show:

1. Plaintiffs have filed a class action complaint alleging that PRA has systematically violated G.S. 58-70-155 in obtaining default judgments, that the default judgments are void, that class members are entitled to the statutory penalty prescribed by G.S. 58-70-130(b), and that class members who have made payments following the entry of PRA default judgments are entitled to recover the amounts paid under G.S. 58-70-130(a).

2. The proposed class is defined as "All persons against whom PRA obtained a default judgment entered by a North Carolina court in a case filed on or after October 1, 2009." Complaint ¶ 15; Motion for Class Certification, ¶ 2. The October 1, 2009 date refers to the effective date of S.L. 2009-573, "The Consumer Economic Protection Act of 2009," which enacted G.S. 58-70-155 and related statutes.

3. The General Assembly enacted "The Consumer Economic Protection Act of 2009" to strengthen protections in the foreclosure process and to protect consumers from abusive debt collection practices. Among the practices that the legislation sought to address was the entry of default judgments in favor of debt buyers when the debt buyer had not provided credible evidence in support of its claim. Thus, the legislature enacted G.S. 58-70-155 to protect defendants against whom debt buyers had initiated a complaint and thereafter sought a default judgment. *See* Plaintiffs' Brief, pp. 6-7 (citing titles of S.L. 2009-573 and of G.S. 58-70-155, and the February 2009 study on debt collection published by the Federal Trade Commission). G.S. 58-70-155 requires, as a "prerequisite" to default judgments, that debt buyers such as PRA file authenticated business records containing an itemization of the amount claimed to be owed.

4. Counsel for plaintiffs and the proposed class have challenged PRA's default judgment practices in seven cases in three North Carolina counties. In each case, the District Court judge has entered an order setting aside the PRA default judgments (the seven "vacatur orders"). *See* Exhibits 24-30. The vacatur orders contain findings and conclusions holding that the PRA default judgments at issue in those cases did not satisfy the G.S. 58-70-155 prerequisites, were void, and should be set aside. *Id. See also* Complaint, ¶¶ 36-39; Plaintiffs' Brief, pp. 11-13, 15-16, 20, 22, 25.

5. PRA's default judgments fail to satisfy the G.S. 58-70-155 prerequisites in the same way or ways. PRA has universally failed to file authenticated business records that provide an itemization of the amounts claimed to be owed. *See* Plaintiffs' Brief pp. 9-17; Exhibits 6-11 (court files for named plaintiffs' default judgment cases); Exhibits 15-16 (summaries of PRA's compliance with authentication and itemization requirements in eight-county sample of 367 PRA default judgment cases) and Exhibit 14 (affidavit explaining process of summarizing eight-county sample); Exhibits 24-30 (seven vacatur orders); Exhibits 20-21 (summaries of PRA's compliance with authentication and itemization requirements in named plaintiffs' court files and court files for vacatur cases) and Exhibit 19 (affidavit explaining process for summarizing named plaintiffs' court files and court files for vacatur cases); Exhibit 41 (court file for recent PRA default judgment case).

6. PRA's default judgments are void because the G.S. 58-70-155 "prerequisites" to entry of default judgments are essential to subject matter jurisdiction. Default judgments entered by clerks of court are also void for the additional reason that clerks' Rule 55(b)(1) jurisdiction to enter default judgments in debt-buyer cases depends on the debt buyer showing a "sum certain"

in accordance with the G.S. 58-70-155 requirements. *See* Complaint, ¶¶ 53-55; Plaintiffs' Brief, pp. 17-22.

7. Notwithstanding the seven vacatur orders setting forth with particularity the reasons why PRA's default judgments violate G.S. 58-70-155 and are void, the substantially identical facts presented by all of PRA's default judgments, and clear North Carolina law that void judgments may not be enforced, PRA continues to enforce or collect on default judgments obtained against the named plaintiffs and the proposed class. PRA continues to enforce the unlawful default judgments through execution proceedings, including through seizure of automobiles (as happened with plaintiff Iris Pounds) and seizure of bank accounts (as happened with plaintiff Carlton Miller), and by collecting payments from defendants against whom it has obtained default judgments. *See* Exhibits 1 and 2 (affidavits of Iris Pounds and Carlton Miller) and Exhibits 6 and 7 (court files for PRA cases against Ms. Pounds and Dr. Miller). Plaintiffs Vilayuan Sayaphet-Tyler and Rhonda Hall are at risk of such execution proceedings and asset seizures. *See* Exhibits 3 and 4 (affidavits of Vilayuan Sayaphet-Tyler and Rhonda Hall).

8. A preliminary injunction is necessary to protect the rights of named plaintiffs Vilayuan Sayaphet-Tyler and Rhonda Hall, and to protect the rights of numerous members of the proposed class. PRA has sought to avoid judicial review of its default judgment practices. *See* Exhibits 33-39 (PRA notices of dismissal in the seven vacatur cases); Exhibit 31 (transcript), p. 9, lines 4-22; Exhibit 42 (court file in *Palmer v. PRA*, containing PRA "confession of judgment"). PRA has continued to pursue default judgments using the same defective practices even after the vacatur orders were entered. *See* Exhibit 41 (court file in *PRA v. Stancil*). PRA has continued to pursue enforcement of its default judgments through execution and seizure of cars and bank accounts, even after the vacatur orders were entered in other cases presenting

substantially identical facts. *See* Exhibits 1-2; Exhibits 6-7 (court files for Iris Pounds and Carlton Miller showing automobile and bank account seizures in August and July of 2016, following dates of entry of vacatur orders).

**WHEREFORE**, Plaintiffs pray that the Court enter a preliminary injunction barring PRA from enforcing or collecting on the default judgments PRA has obtained against members of the proposed class.

This, the 21st day of November, 2016.

_____
Carlene McNulty, N.C. State Bar No. 12488
Jason A. Pikler, N.C. State Bar No. 47128
Emily P. Turner, N.C. State Bar No. 49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
      jason.pikler@ncjustice.org
      emilyt@ncjustice.org

_____
J. Jerome Hartzell, N.C. State Bar No. 7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

_____
Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com

-5-

Case 1:16-cv-01395-WO-JEP Document 1-6 Filed 12/09/16 Page 6 of 8

*Adrian Lapas/er*
_____
Adrian M. Lapas, N.C. State Bar No. 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC 27532
Telephone: (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this date a true and correct copy of the foregoing *Motion for Preliminary Injunction* was served, in conjunction with service of the Summons and Complaint, pursuant to Rule 4(j)(6)(d) of the North Carolina Rules of Civil Procedure, upon the Registered Agent for Defendant Portfolio Recovery Associates, LLC, by Federal Express, a designated delivery service authorized under G.S. 1A-1, Rule 4(j)(1)(d) and 26 U.S.C. § 7502(f)(2), delivery receipt and direct signature requested, postage prepaid, addressed as follows:

> Corporation Service Company, as Registered Agent for
> Portfolio Recovery Associates, LLC
> 327 Hillsborough Street
> Raleigh, NC 27603-1725

This, the 21st of November, 2016

_____
Carlene McNulty