**EXHIBIT I**

**STATE OF NORTH CAROLINA**

**DURHAM COUNTY**

## <u>AFFIDAVIT</u>

I, Iris Pounds, state the following:

1.      I am a named plaintiff in this action. I respectfully submit this affidavit in connection with plaintiff's motion for certification of this case as a class action.

2.      I currently reside at 109 Red Bird Drive, Durham, North Carolina, 27704. I received an undergraduate degree from North Carolina Central University in 1986 and got a dual degree in health administration and business administration from Pfeiffer University in 2003. I currently work as a clinical research coordinator.

3.      I was the defendant in a case filed against me by Portfolio Recovery Associates, LLC (PRA) in Durham County District Court, file number 15 CVD 1420. I did not file an answer to the complaint filed in that case. I learned that a default judgment was entered against me on October 12, 2015. The default judgment states that I am indebted to PRA in the principal sum of $1,089.28. On August 2, 2016, my car was taken from me pursuant to a writ of execution in the PRA case. I was told I had to pay $1,525 in cash or money order to get my car back. Without a car, I had no way to get to work or take my daughter to camp. I borrowed the money and paid the sheriff that amount so I could get my car back.

4.      I consulted with my lawyers and reviewed the Complaint filed in this action prior to the filing of that pleading. The information set out in the Complaint relating to the case filed against me by PRA is true to the best of my knowledge.

5.      I authorized my attorneys to file this case as a class action.



**EXHIBIT**

1

POUNDS EX 0001

6.     I understand that, by bringing the case as a class action, I have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activates as a named plaintiff.

7.     I will participate actively in this case including participating in the discovery process, and in helping making major decisions regarding the case.

This the 14 day of September, 2016.

_____
**IRIS POUNDS**

STATE OF NORTH CAROLINA

COUNTY OF Durham

SWORN to and subscribed before me,

this the 14th day of September, 2016.

_____ (SEAL)
NOTARY PUBLIC

My Commission Expires: 7·17·21

SEONAID A RIJO
Notary Public
Wake
County
My Comm. Exp.
07-17-2021
NORTH CAROLINA

POUNDS EX 0002

**STATE OF NORTH CAROLINA**

**DURHAM COUNTY**

## <u>AFFIDAVIT</u>

I, CARLTON MILLER, state the following:

1.     I am a named plaintiff in this action. I respectfully submit this affidavit in connection with plaintiff's motion for certification of this case as a class action.

2.     I currently reside at 1031 Kimball Drive, Durham, North Carolina, 27705. I am a medical doctor specializing in internal medicine. I am a 1987 graduate of the University of North Carolina School of Medicine.

3.     I was the defendant in a case filed against me by Portfolio Recovery Associates, LLC (PRA) in Durham County District Court, file number 14 CVD 2019. I did not file an answer to the complaint filed in that case. I learned that a default judgment was entered against me in this case. On April 30, 2014, a default judgment was signed by a district court judge stating that I am indebted to PRA in the principal sum of $1,191.76. A copy of the default judgment is attached to this Affidavit as Exhibit 1.

4.     I received a letter from my bank, BB&T, dated July 14, 2016, informing me that a freeze had been placed on the funds in the account that I share with my wife, Kimberly Miller. The bank enclosed a letter they had received from the Durham County Sheriff's office requesting that the bank freeze my account to satisfy a write of execution issued to collect on the default judgment granted in 14CVD2019. My bank turned over $1,541.76 to the sheriff's office, and charged me $125 in fees to do so. A copy of the correspondence from BB&T is attached as Exhibit 2.



POUNDS EX 0003

5.      I consulted with my lawyers and reviewed the Complaint filed in this action prior to the filing of that pleading.  The information set out in the Complaint relating to the case filed against me by PRA is true to the best of my knowledge.

6.      I authorized my attorneys to file this case as a class action.

7.      I understand that, by bringing the case as a class action, I have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case.  I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activates as a named plaintiff.  I would not, however, have the financial ability to post a significant bond or security for a bond.

8.      I will participate actively in this case including participating in the discovery process, and in helping making major decisions regarding the case.

This the 28ᵗʰ day of October, 2016.

_____
**CARLTON MILLER, M.D.**

STATE OF NORTH CAROLINA

COUNTY OF Durham

SWORN to and subscribed before me,

this the 28th day of October, 2016.

_____ (SEAL)
NOTARY PUBLIC   Gale P. Rhodes

My Commission Expires: 6/11/2017 .



Gale P. Rhodes
Notary Public
Durham County
North Carolina
My Commission Expires 6/11/2017

14-19

STATE OF NORTH CAROLINA FILED        IN THE GENERAL COURT OF JUSTICE

COUNTY OF DURHAM    14 MAY -2 PM 1:06    DISTRICT COURT DIVISION

        DURHAM COUNTY, C.S.C.           14 CvD 2019

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
        BY_____ )
            Plaintiff      )
                           )
                           )
vs.                        )
                           )
                           )        JUDGMENT BY DEFAULT
                           )
CARLTON MILLER,            )
1031 Kimball Drive         )
Durham, North Carolina 27705 )
                           )
            Defendant       )
                           )
_____ )

        THIS CAUSE came on to be heard before the undersigned Judge of the District Court of

Durham County, North Carolina, upon motion by the Plaintiff for the Entry of Default Judgment

against the Defendant without a hearing, pursuant to the provisions of G.S. § 1A-1, Rule

55(b)(2)b; and

        IT APPEARED TO THE COURT and the Court entered the following findings of fact

and conclusions of law:

        1.  The Plaintiff initiated this action against the Defendant on February 7, 2014.

        2.  The Defendant is a resident of Durham County, North Carolina, and is therefore

subject to the jurisdiction of this Court, pursuant to the provisions of G.S. § 1-75.4 (1).

        3.  Service of process was properly obtained by serving copies of the summons and

complaint upon the Defendant on or about February 10, 2014, in compliance with the

requirements of G.S. § 1A-1, Rule 4(j)(1).

        4.  This is an action for a sum certain or a sum which can by computation be made

certain, and the Court has jurisdiction over the parties and the subject matter of this action.



```
EXHIBIT
   1
```

POUNDS EX 0005

Case 1:16-cv-01395-WO-JEP   Document 1-9   Filed 12/09/16   Page 6 of 32

5. The Defendant is neither an infant nor an incompetent person, nor in military service, nor under any other legal disability.

6. The Defendant made an appearance in this case with Plaintiff's counsel's office, but no file-stamped answer or pleading was received, and upon information and belief no answer or other responsive pleading has been filed by said Defendant and the time to do so has passed.

7. Default was entered against the Defendant, pursuant to G.S. § 1A-1, Rule 55(a).

8. More than thirty (30) days ago, the Plaintiff served upon the Defendant the notice required by G.S. § 1A-1, Rule 55(b)(2)b. No response to said notice or motion has been filed by the Defendant.

9. The Defendant is lawfully indebted to the Plaintiff in the principal sum of $1,191.76, and said sum has been outstanding since June 22, 2012.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55(b)(2)b, as follows:

1. That the Plaintiff have and recover from the Defendant the principal sum of $1,191.76.

2. That the Plaintiff recover no interest whatsoever.

3. That the Plaintiff further recover from said Defendant the costs of this action.

This the 3υ day of April, 2014.

_____
Judge Presiding

# 150.00 cost
    30.00 sh fee
# 180.00
    30.00 Nov 7-28-14
∂ 0.00 Exec
  55.00 1-8-15
265.00
  30.00 Nov 1-19-16
∂95.00

POUNDS EX 0006



Branch Banking and Trust Company

Deposit Operations
PO Box 1489
Lumberton, NC 28359

July 14, 2016

Carlton D Miller
█████████████████

Dear Client:

Please be advised that Branch Banking and Trust Company (BB&T) has received the enclosed Legal Notice. Upon proper notification, we are required to place a hold on funds you have available up to the amount of the levy/garnishment. We will remit these funds to the proper agency. Any additional deposits you make during this period may be used to satisfy the levy/garnishment.

**DATE FUNDS WILL BE REMITTED:** **July 25, 2016**

**ACCOUNT(S) HELD:** ████████████████

*A nonrefundable fee of $125.00 will be charged to your account.*

Please review the enclosed levy/garnishment and should you have any questions, contact the appropriate agency. If we may be of further assistance regarding your account(s), please contact us at the phone number listed below. Thank you.

Sincerely,

*KP*

Kay Priest
Deposit Services Specialist
910-272-4247

Enclosure



## Office of the Sheriff
*Michael D. Andrews, Sheriff*

Office of the Sheriff
Durham County
P. O. Box 170
Durham, NC 27701

Received
Deposit Operations

**JUL 14 2016**

Branch Banking and Trust Company
Lumberton NC

## LEVY OF ACCOUNT(S)
FILE #: 14CVD2019

Dear Sir/Madam:

Our office has been issued a Writ of Execution from the Clerk of Superior Court against
<u>CARLTON MILLER</u>. We have information that the defendant currently has funds on deposit with
your institution. Under North Carolina General Statute 1-359, the Sheriff with a valid Writ of
Execution and the banking institution has the authority to levy on bank accounts to satisfy the Writ.
If the defendant in case has any funds on deposit, please freeze the accounts and remit the amount
owed, or the balance, the Durham County Sheriff's Office at the above listed address to the
attention of the requesting deputy. **Please be advised that funds held from Social Security,
Disability, Child Support, Law Enforcement or Teacher's Retirement are exempt from levy.**
A copy of the Writ of Execution indicating the total amount due is enclosed for your records.

The following information is provided to assist you with locating the defendant's account(s):

<u>CARLTON MILLER</u>                                  DATE OF BIRTH: ▮▮▮▮▮▮
                                                  SOCIAL SECURITY: ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮                                      TAX ID: UNKNOWN

If you have any questions, please contact Deputy W. H. Crabtree during normal business hours
at (919)560-0659 or (919)560-0991 (fax).

**Please make funds held payable to Durham County Sheriff's Office and mail to:**

**Durham County Sheriff's Office**
**Attn: Deputy W. H. Crabtree**
**P. O. Box 170**
**Durham, NC 27701**
Thank you for your cooperation in this matter,

*W. H. Clabtree*
Deputy W. H. Crabtree #519
Durham County Sheriff's Office
Date: <u>July 14, 2016</u>



Civil Division | 510 South Dillard Street | P.O. Box 170 | Durham, North Carolina 27702
(919) 560-0901 | Fax (919) 560-0991 | www.dconc.gov
Equal Employment/Affirmative Action Employer

**STATE OF NORTH CAROLINA**

**GUILFORD COUNTY**

## <u>AFFIDAVIT</u>

I, VILAYUAN SAYAPHET-TYLER, state the following:

1.    I am a named plaintiff in this action.  I respectfully submit this affidavit in connection with plaintiff's motion for certification of this case as a class action.

2.    I currently reside at 3234 Twin Brooks Drive, Greensboro, North Carolina, 27407.  I have attended classes at UNC-Greensboro, but I do not have a college degree.  I currently work as a caregiver for elderly adults.

3.    I was the defendant in two cases filed against me by Portfolio Recovery Associates, LLC (PRA) in Guilford County District Court, file numbers 15 CVD 5238 and 15 CVD 9301.  I did not file an answer to the complaint filed in either case.  I learned that a default judgment was entered against me in both of these cases.  On July 2, 2015, a default judgment was signed in 15-CVD-5238 stating that I am indebted to PRA in the principal sum of $4,434.88.  A copy of the default judgment is attached to this Affidavit as Exhibit 1.  On January 8, 2016, a default judgment was signed in 15-CVD-9301 stating that I am indebted to PRA in the principal sum of $2,861.87.  A copy of the default judgment is attached to this Affidavit as Exhibit 2.

4.    I received a letter dated July 11, 2016 from the Guilford County Sheriff's office stating that I owe $4,829.88 to PRA on the judgment in 15 CVD 5238.  A copy of this letter is



**EXHIBIT**

**3**

attached as Exhibit 3. The letter directs me to contact the Sheriff, and states that proceedings to sell my property would be started if I did not contact the sheriff's office. I do not have the money to pay the judgment to the sheriff.

5.     My husband and I are struggling financially. I lost my full time job two years ago and have been financially stressed ever since. We have two children to support, and if my car was sold by the sheriff, or my money taken out of my bank account, my situation would become more dire. Without a car, I would be in jeopardy of losing my job, and without my job, we could not afford to pay our mortgage.

6.     I consulted with my lawyers and reviewed the Complaint filed in this action prior to the filing of that pleading. The information set out in the Complaint relating to the case filed against me by PRA is true to the best of my knowledge.

7.     I authorized my attorneys to file this case as a class action.

8.     I understand that, by bringing the case as a class action, I have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activates as a named plaintiff. I would not, however, have the financial ability to post a significant bond or security for a bond.

9.    I will participate actively in this case including participating in the discovery process, and in helping making major decisions regarding the case.

This the ___ day of October, 2016.

VILAYUAN SAYAPHET-TYLER

STATE OF NORTH CAROLINA

COUNTY OF _____

SWORN to and subscribed before me,

this the ___ day of October, 2016.

_____ (SEAL)
NOTARY PUBLIC

My Commission Expires: _____

POUNDS EX 0011

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

JUL 0 6 2015

15 CvD 5238

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Plaintiff

vs.

VILAYUAN SAYAPHET-TYLER,
3234 Twin Brooks Drive
Greensboro, North Carolina 27407

        Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

JUDGMENT BY DEFAULT

[DEFJ]

THIS CAUSE came on to be heard before the undersigned Clerk of Superior Court of Guilford County, North Carolina, upon motion by the plaintiff for the Entry of Default Judgment against the Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55; and

IT APPEARED TO THE COURT and the Court entered the following findings of fact and conclusions of law:

    1. The plaintiff initiated this action against the Defendant on April 27, 2015.

    2. The defendant is a resident of Guilford County, North Carolina, and is therefore subject to the jurisdiction of this Court, pursuant to the provisions of G.S. § 1-75.4 (1).

    3. Service of process was properly obtained by serving copies of the summons and complaint upon the Defendant on or about May 2, 2015, in compliance with the requirements of G.S. § 1A-1, Rule 4(j)(1).

    4. This is an action for a sum certain or a sum which can by computation be made certain, and the Court has jurisdiction over the parties and the subject matter of this action.

    5. The Defendant is neither an infant nor an incompetent person, nor in military service, nor under any other legal disability.

JUL 0 8 2015

EXHIBIT
1

6. More than thirty (30) days have passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

7. Default was entered against the Defendant, pursuant to G.S. § 1A-1, Rule 55(a).

8. The defendant is lawfully indebted to the plaintiff in the principal sum of $4,434.88, and said sum has been outstanding since December 8, 2013.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55, as follows:

1. That the plaintiff have and recover from the defendant the principal sum of $4,434.88.

2. That the plaintiff further have and recover from said defendant no interest whatsoever.

3. That the plaintiff further recover from said defendant the costs of this action.

This the _____ day of June, 2015.

_____
[Assistant] Clerk of Superior Court

*Costs $180.*

POUNDS EX 0013

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE

COUNTY OF GUILFORD          FILED          DISTRICT COURT DIVISION

2015 JAN -8 P 1: 46

GUILFORD Co., C.S.C.

BY _____

15 CvD 9301

PORTFOLIO RECOVERY ASSOCIATES, LLC )
                                        )
            Plaintiff                   )
                                        )
                                        )
vs.                                     )          JUDGMENT BY DEFAULT
                                        )
                                        )               [DEFJ]
                                        )
VILAYUAN SAYAPHET-TYLER,                )
3234 Twin Brooks Drive                  )
Greensboro, North Carolina  27407       )
                                        )
            Defendant                   )
                                        )
                                        )
_____ )

      THIS CAUSE came on to be heard before the undersigned Clerk of Superior Court of Guilford

County, North Carolina, upon motion by the plaintiff for the Entry of Default Judgment against the

Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55; and

      IT APPEARED TO THE COURT and the Court entered the following findings of fact and

conclusions of law:

      1.  The plaintiff initiated this action against the Defendant on November 2, 2015.

      2.  The defendant is a resident of Guilford County, North Carolina, and is therefore subject to the

jurisdiction of this Court, pursuant to the provisions of G.S. § 1-75.4 (1).

      3.  Service of process was properly obtained by serving copies of the summons and complaint

upon the Defendant on or about November 17, 2015, in compliance with the requirements of G.S. § 1A-1,

Rule 4(j)(1).

      4.  This is an action for a sum certain or a sum which can by computation be made certain, and

the Court has jurisdiction over the parties and the subject matter of this action.

EXHIBIT
2

5.  The Defendant is neither an infant nor an incompetent person, nor on active duty in military service, nor under any other legal disability.

6.  More than thirty (30) days have passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

7.  Default was entered against the Defendant, pursuant to G.S. § 1A-1, Rule 55(a).

8.  The defendant is lawfully indebted to the plaintiff in the principal sum of $2,861.87 and said sum has been outstanding since October 14, 2013.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55, as follows:

1.  That the plaintiff have and recover from the defendant the principal sum of $2,861.87.

2.  Plaintiff declines any post-charge-off interest whatsoever.

3.  That the plaintiff further have and recover from said Defendant the costs of this action.

This the _____ day of December, 20___

_____
[Assistant] Clerk of Superior Court

Cost. $ 180.00

 

# OFFICE OF
# GUILFORD COUNTY
# SHERIFF

400 W. WASHINGTON STREET
P.O. BOX 3427
GREENSBORO, NC 27401
PHONE (336) 641-3694 • FAX (336) 641-6729

## REQUEST FOR PAYMENT OF CIVIL JUDGMENT

Date:   July 11, 2016

File Number:   15CVD005238

Plaintiff:     Portfolio Recovery Assoc LLC

Vs.

Defendant:     Vilayuan Sayaphet-Tyler

     The Guilford County Sheriff's Office holds an Execution to collect on a Judgment in the above-captioned case. The amount due on the Judgment is currently **$4,829.88 as of Monday, July 11, 2016.**

     Please call the Sheriff's Office at the number below. The Execution Process Section can be reached between the hours of **8:00 am till 5:00 pm, Monday through Friday** and is closed on weekends and all State and local government holidays.

     If no contact is made with our office prior to **July 29th, 2016,** proceedings will be started to seize and sell any personal or real property you own that is subject to execution.

### Instructions:

- **Payment can be made by Cash, Money Order or Certified Check.**

- **Money Orders and Certified Checks must be made payable to the Guilford County Sheriff's Office and mailed to 400 W. Washington St. Greensboro, NC 27401.**
  **Please address the envelope to the attention of the officer listed below.**

- **Cash payments can be made in person at 401 W. Sycamore St. Greensboro, NC 27401.**

Deputy Sheriff – Corporal Morgan
Office Number: 336-641-3611
Fax Number: 336-641-7664

*Corporal Faust*
*336 641-3714   Corporal Faust*
*336 641-3714*

```
EXHIBIT
   3
```

POUNDS EX 0016

**STATE OF NORTH CAROLINA**

**MECKLENBURG COUNTY**

## AFFIDAVIT

I, Rhonda Hall, state the following:

1.     I am a named plaintiff in this action.  I respectfully submit this affidavit in connection with plaintiff's motion for certification of this case as a class action.

2.     I currently reside at 10800 Dungarvon Court, Charlotte, North Carolina, 28262. I have taken some college-level courses, but do not have a college degree.  I currently am employed as an accounts receivable clerk for a restoration company.  I am married and have two adult children.

3.     I was the defendant in a case filed against me by Portfolio Recovery Associates, LLC (PRA) in Mecklenburg County District Court, file number 15 CVD 1907.  I did not file an answer to the complaint filed in that case.  I learned that a default judgment was entered against me, on July 8, 2015.  The default judgment states that I am indebted to PRA in the principal sum of $1,626.77.  A copy of the judgment is attached as Exhibit 1.  I have not made any payments on this judgment.

4.     I received a letter from PRA dated September 16, 2016 seeking to settle the amount I owe.  A copy of the letter is attached as Exhibit 2.

5.     My husband and I are struggling financially.  We lost our jobs and home in California in the economic downturn, and we are still struggling.  If we had to lose my car or had our bank account frozen, we would be in dire circumstances.  Without a car, I would be in jeopardy of losing my job, and without my job, we could not afford to pay our rent.



EXHIBIT

4

POUNDS EX 0017

6. I consulted with my lawyers and reviewed the Complaint filed in this action prior to the filing of that pleading. The information set out in the Complaint relating to the case filed against me by PRA is true to the best of my knowledge.

7. I authorized my attorneys to file this case as a class action.

8. I understand that, by bringing the case as a class action, I have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activates as a named plaintiff. I would not, however, have the financial ability to post a significant bond or security for a bond.

9. I will participate actively in this case including participating in the discovery process, and in helping making major decisions regarding the case.

This the ____ day of October, 2016.

_Rhonda Hall_
**RHONDA HALL**

STATE OF NORTH CAROLINA

COUNTY OF _Stanly_

SWORN to and subscribed before me,

this the _5_ day of October, 2016.

_Kimberly A. Jacobs_ ____ (SEAL)
NOTARY PUBLIC

My Commission Expires: _May 3, 2020_

_May 3, 2020_

POUNDS EX 0018

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

15 CvD 1907

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
                                    )
            Plaintiff               )
                                    )
vs.                                 )
                                    )
RHONDA HALL,                        )
10800 Dungarvon Court               )
Charlotte, North Carolina 28262     )
                                    )
            Defendant               )
_____)

JUL 0 9 2015

JUDGMENT BY DEFAULT

[DEFJ]



MECKLENBURG COUNTY
FILED #67
JUL 08 2015
AT 356 O'CLOCK P M
BY
CLERK OF SUPERIOR COURT

THIS CAUSE came on to be heard before the undersigned Clerk of Superior Court of Mecklenburg County, North Carolina, upon motion by the plaintiff for the Entry of Default Judgment against the Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55; and

IT APPEARED TO THE COURT and the Court entered the following findings of fact and conclusions of law:

1. The plaintiff initiated this action against the Defendant on January 30, 2015.

2. The defendant is a resident of Mecklenburg County, North Carolina, and is therefore subject to the jurisdiction of this Court, pursuant to the provisions of G.S. § 1-75.4 (1).

3. Service of process was properly obtained by serving copies of the summons and complaint upon the Defendant on or about May 6, 2015, in compliance with the requirements of G.S. § 1A-1, Rule 4(j)(1).

4. This is an action for a sum certain or a sum which can by computation be made certain, and the Court has jurisdiction over the parties and the subject matter of this action.



<table>
EXHIBIT
1
</table>

5. The Defendant is neither an infant nor an incompetent person, nor in military service, nor under any other legal disability.

6. More than thirty (30) days have passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

7. Default was entered against the Defendant, pursuant to G.S. § 1A-1, Rule 55(a).

8. The defendant is lawfully indebted to the plaintiff in the principal sum of $1,626.77 and said sum has been outstanding since March 13, 2013.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55, as follows:

1. That the plaintiff have and recover from the defendant the principal sum of $1,626.77.

2. Plaintiff declines all pre-judgment and post-judgment interest.

3. That the plaintiff further have and recover from said Defendant the costs of this action.

This the _____8___ day of July, 2015.

[Assistant] Clerk of Superior Court

POUNDS EX 0020



**A North Carolina Law Firm**
www.sessomslaw.com

**Sessoms & Rogers, P.A.**
Attorneys at Law

P.O. Box 110564      Toll free:  800.580.6953
Durham, NC 27709     Local:      919.688.1000
                     Fax:        919.688.9000

Our Attorneys

Stuart M. Sessoms, Jr. (1947-2006)
Lee C. Rogers
Mitchell A. Meyers
Amber K. Kauffman*
Dauna L. Bartley
Andrew E. Hoke
Chelsea E. Uhlman
Sarah C. Boshears
Tiffany "Kathryn" Elliott
Steven L. Lundberg**

*also admitted in Texas, Idaho
**also admitted in California

September 16, 2016

Rhonda Hall
10800 Dungarvon Court
Charlotte, North Carolina 28262

> Creditor: Portfolio Recovery Associates, LLC
> Rhonda Hall
> Mecklenburg County Case No. 15 CvD 1907
> Our File Number: 257625
> Current Balance: $1,857.32

Dear Rhonda Hall:

At this time, we would like to extend the following payment options below as a settlement of the balance currently due. There are three (3) options to choose from:

- **Option 1:** Pay $1,114.39, for savings of $742.93.
- **Option 2:** Pay $216.69 per month for the next six (6) months, for savings of $557.20.
- **Option 3:** Pay $123.82 per month for the next twelve (12) months, for savings of $371.46.

The first payment must be received in our office within thirty (30) days from today, September 16, 2016. Since this arrangement is a settlement, not a payment in full, we will return payments that indicate "Paid in Full" or "Payment in Full". However, "Settled in Full" is permissible. Neither our firm nor our client has any obligation to renew this settlement offer. Moreover, if any payment is missed or late, the full balance will be due and the settlement will be null and void.

Payments may be made online at https://sessomslaw.stratuspayments.net. To access the online payment system, enter our file account number shown above and the last name and zip code on the account in our records. We also offer recurring payments as a convenience. We will need to speak with you by telephone to confirm your banking information and authorization for us to schedule your recurring payments.

If you are unable to take advantage of this settlement offer, there are other repayment options available. Please contact our office toll free at (800) 580-6953 to discuss those options.

Sincerely yours,

S&R:dmp                SESSOMS & ROGERS, P.A.
DD0002K5v1.0



**EXHIBIT**
**2**

POUNDS EX 0021

This communication is from a debt collector.
This is an attempt to collect a debt. Any information obtained will be used for that purpose.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

## AFFIDAVIT

I, PIA N. TOWNES, state the following:

1.      I am a named plaintiff in this action.  I respectfully submit this affidavit in connection with plaintiff's motion for certification of this case as a class action.

2.      I currently reside at 1640 Crawford Drive, Charlotte, NC.  I received a doctorate degree from the Brody School of Medicine at East Carolina University.  I am a teacher with the Charlotte Mecklenburg school system.

3.      I was the defendant in a case filed against me by Portfolio Recovery Associates, LLC (PRA) in Mecklenburg County District Court, file number 15 CVD 1909.  I did not file an answer to the complaint filed in that case.  I learned that a default judgment was entered against me on April 1, 2015 by an assistant clerk of court.  The default judgment states that I am indebted to PRA in the principal sum of $1,866.90.  A copy of the default judgment is attached to this affidavit as Exhibit 1.

4.      On June 8, 2016, an order was entered by Mecklenburg District Court Judge Tin, vacating and setting aside the default judgment.  A copy of the order is attached to his affidavit as Exhibit 2.

5.      I consulted with my lawyers and reviewed the Complaint filed in this action prior to the filing of that pleading.  The information set out in the Complaint relating to the case filed against me by PRA is true to the best of my knowledge.

6.      I authorized my attorneys to file this case as a class action.

EXHIBIT

5

POUNDS EX 0022

7.      I understand that, by bringing the case as a class action, I have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activates as a named plaintiff.

8.      I will participate actively in this case including participating in the discovery process, and in helping making major decisions regarding the case.

This the 29 day of October, 2016.

_____
**PIA N. TOWNES**

STATE OF NORTH CAROLINA

COUNTY OF Mecklenburg _____

SWORN to and subscribed before me,

this the 29th day of October, 2016.

Montell A Jenkins
NOTARY PUBLIC
Mecklenburg County, NC
My Commission Expires 9/7/2019

_____ (SEAL)
NOTARY PUBLIC

My Commission Expires: 9/7/2019 .

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

15 CvD 1909

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
)
Plaintiff )
)
vs. )
)
PIA N. TOWNES, )
1640 Crawford Drive )
Charlotte, North Carolina 28216 )
)
Defendant )
_____ )

JUDGMENT BY DEFAULT

[DEFJ]



MECKLENBURG COUNTY
FILED #67
APR 1 2015
AT _____ 3:02 _____ O'CLOCK _P_ M
BY _____
CLERK OF SUPERIOR COURT

THIS CAUSE came on to be heard before the undersigned Clerk of Superior Court of Mecklenburg County, North Carolina, upon motion by the plaintiff for the Entry of Default Judgment against the Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55; and

IT APPEARED TO THE COURT and the Court entered the following findings of fact and conclusions of law:

1. The plaintiff initiated this action against the Defendant on January 30, 2015.

2. The defendant is a resident of Mecklenburg County, North Carolina, and is therefore subject to the jurisdiction of this Court, pursuant to the provisions of G.S. § 1-75.4 (1).

3. Service of process was properly obtained by serving copies of the summons and complaint upon the Defendant on or about February 6, 2015, in compliance with the requirements of G.S. § 1A-1, Rule 4(j)(1).

4. This is an action for a sum certain or a sum which can by computation be made certain, and the Court has jurisdiction over the parties and the subject matter of this action.

5. The Defendant is neither an infant nor an incompetent person, nor in military service, nor under any other legal disability.

> EXHIBIT
> 1

POUNDS EX 0024

6. More than thirty (30) days have passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

7. Default was entered against the Defendant, pursuant to G.S. § 1A-1, Rule 55(a).

8. The defendant is lawfully indebted to the plaintiff in the principal sum of $1,866.90, and said sum has been outstanding since December 31, 2012.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55, as follows:

1. That the plaintiff have and recover from the defendant the principal sum of $1,866.90.

2. That the plaintiff further have and recover from said defendant no interest whatsoever.

3. That the plaintiff further recover from said defendant the costs of this action.

This the _____ APR 1 2015 _____ day of March, 2015.

_____
[Assistant] Clerk of Superior Court

POUNDS EX 0025

NORTH CAROLINA
MECKLENBURG COUNTY

GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
    Plaintiff

v.

PIA N. TOWNES,
    Defendant



MECKLENBURG COUNTY
FILED #100

JUN 0 8 2016

AT_____ O'CLOCK_____ M
BY_____
CLERK OF SUPERIOR COURT

15-CVD-1909

## ORDER

    This matter has come on for hearing on defendant's Motion to Set Aside Default Judgment and Entry of Default (the "Motion"). Defendant has requested that the court enter findings of fact and conclusions of law.

### FINDINGS OF FACT

    1.    The Complaint filed by plaintiff Portfolio Recovery Associates, LLC ("PRA") alleges that defendant had a credit account with HSBC, that defendant defaulted in the payment obligations on the account, and that the account was acquired by PRA.

    2.    Defendant did not file an Answer to the Complaint. PRA sought and obtained entry of default and default judgment. Judgment by Default was entered by the Assistant Clerk of Court for Mecklenburg County on April 1, 2015.

    3.    PRA is engaged in the business of purchasing delinquent or charged off consumer credit accounts.

    4.    PRA did not file authenticated business records providing an "itemization of the charges and fees" that gave rise to defendant's alleged indebtedness.

**EXHIBIT
2**

POUNDS EX 0026

5.     PRA's "Affidavit and Motion for Entry of Default and Default Judgment" states that account statements attached to the Complaint "reflect an itemization of the charges and fees owed, along with an explanation of how the balance owing on the account was calculated." However, the two monthly account statements attached to the Complaint and incorporated by reference into the "Affidavit and Motion for Entry of Default and Default Judgment" do not itemize the charges and fees that give rise to the alleged indebtedness on the account.

6.     PRA did not provide an affidavit from any person who purported to authenticate any account statements or other documents that purported to itemize the charges and fees that give rise to the alleged indebtedness on the account.

7.     PRA did not provide an affidavit from any person who claimed familiarity with the circumstances under which information contained on account statements or other documents was created and maintained by the original creditor.

8.     PRA did not provide any affidavit from anyone employed by the original creditor who reviewed any of the original creditor's records of the defendant's account that showed an itemization of the charges and fees claimed to be owed. PRA did file a document titled "Affidavit" executed by PRA employee Michael La Douceur and notarized on May 12, 2014, which states that the matters set out therein are "based upon a review of the business records of the Original Creditor HSBC BANK NEVADA, N.A./GM and those records transferred to [PRA] from CAPITAL ONE, N.A. ("Account Seller"), which have become a part of and have integrated into [PRA's] business records, in the ordinary course of business." However the Court has been advised by counsel for PRA during this proceeding, and the Court finds, that the only records of the original creditor to which Mr. La Douceur's affidavit refers are the documents that PRA filed in this proceeding. The only documents filed by PRA in this

2

POUNDS EX 0027

proceeding are an application purportedly signed by Ms. Townes for a GM Flexible Earnings Card; two account statements; two documents titled "Bill of Sale" and one titled "Notice of Assignment," none of which make any reference to defendant's account; and a two-page, two-column, untitled document containing the language "Data printed by Portfolio Recovery Associates, LLC from electronic records provided by CAPITAL ONE, N.A. pursuant to the sale of accounts from CAPITAL ONE, N.A. to Portfolio Recovery Associates, LLC." The Court finds that these records do not support the claim for the amount Plaintiff is seeking. The Court finds that none of these records shows the underlying basis for the amount claimed to be owed.

9. PRA argued to the Court that it would be impossible to obtain copies of every account statement from the original creditor to reflect a complete itemization of the charges and fees claimed to be owed because the original creditor is only required to maintain these records for two years under federal banking regulation 12 CFR 1026.25. The Court finds that if the original creditor did not even have these records in its possession, then it would not have been possible for PRA or any of its employees to have reviewed original creditor records that provide an itemization of the amount claimed to be owed in this lawsuit.

10. The Court finds that Mr. La Douceur's Affidavit is false, in that Mr. La Douceur purports to have relied upon "review of the business records of the Original Creditor" in making the conclusions set out in his Affidavit, whereas in fact Mr. La Douceur relied only upon the few records filed by PRA in this action.

CONCLUSIONS OF LAW

11. Defendant submitted the following documents as evidence in support of the Motion:

3

POUNDS EX 0028

- Consent Order issued by the Consumer Financial Protection Bureau in Administrative Proceeding File No. 2015-CFPB-0023, *In the Matter of: Portfolio Recovery Associates, LLC* dated September 3, 2015 (the "Consent Order");

- "Stipulation and Consent to the Issuance of Consent Order" by Portfolio Recovery Associates, LLC dated September 3, 2015;

- Excerpt from Form 10-K for PRA Group, Ltd. for the year ended December 31, 2014, as filed with the Securities and Exchange Commission's "EDGAR" website ("Form 10-K").

The Consent Order, Stipulation and Form 10-K are received in evidence for purposes of considering the Motion. The Court has considered PRA's objection to consideration of the Consent Order based on Rule 408 of the North Carolina Rules of Evidence, relating to evidence of compromise and compromise negotiations. The Court finds that Rule 408 does not bar consideration of the Consent Order for the purposes of consideration of the Motion because the Consent Order is not offered to prove liability or damages, but rather is offered as evidence of the practical need for consumer protections enacted by N.C.G.S. § 58-70-155 and the other provisions of the Consumer Economic Protection Act of 2009, and as evidence bearing on the reliability of PRA's records under Rule 803(6) that may, under Rule 104(a), be considered regardless of admissibility.

   12.     PRA is a "debt buyer" within the meaning of that term as used in N.C.G.S. § 58-70-155. The instant case is "against a debtor" and involves "a complaint initiated by a debt buyer" within the meaning of the language of N.C.G.S. § 58-70-155(a).

   13.     N.C.G.S. § 58-70-155 requires, as a "prerequisite" to the entry of a default judgment in a debt buyer case against a debtor, that the debt buyer plaintiff file authenticated business records containing, among other things, an itemization of the charges and fees claimed to be owed and the amount and basis for claimed interest.

4

POUNDS EX 0029

14. PRA failed to comply with the "prerequisites" of N.C.G.S. § 58-70-155, because PRA did not submit account statements or other business records that "itemized" the amount claimed to be due and the amount and basis for the interest charged.

15. PRA also failed to comply with the "prerequisites" of N.C.G.S. § 58-70-155, because PRA did not authenticate account statements or other business records. No affidavit was offered from any person claiming familiarity with the circumstances under which the statements and other documents were created and maintained by the alleged original creditor.

16. The Court concludes that N.C.G.S. § 58-70-155 is a jurisdictional statute, meaning that default judgments entered in violation of the statute are void. The Court reaches this conclusion in part because N.C.G.S. § 58-70-155's requirements are identified as "prerequisites." In reaching this conclusion, the Court considers the apparent legislative purpose in enacting N.C.G.S. § 58-70-155: to protect defendants against whom debt buyers seek to obtain default judgments. This legislative purpose is shown by the title of S.L. 2009-573 (the "Consumer Economic Protection Act of 2009"), by section 58-70-155's subject matter (default and summary judgments), and by the prevalence of default judgments in cases brought by debt buyers (a matter known to this Court from its own experience, a matter documented by a report issued by the Federal Trade Commission in February of 2009, and a matter documented in the Consent Order). Because default judgments are only available against defendants who fail to answer or appear, and because defendants who fail to answer or otherwise respond to lawsuits will invariably fail to appeal the entry of a default judgment, the protections of section 58-70-155 would be meaningless if this statute's "prerequisites" can be enforced only through appeal. Rather, N.C.G.S. § 58-70-155 was meant to rectify the problem at the door of the courthouse.

POUNDS EX 0030

The Court therefore concludes that a default judgment entered upon a record that fails to comply with section 58-70-155's prerequisites is void and subject to being set aside under Rule 60(b)(4).

17.    Good cause exists for setting aside the Entry of Default, for the reasons set out elsewhere in this order. It is fair and consistent with legislative intent that defendant should be permitted to defend against PRA's claim by requiring PRA to present competent evidence in support of its claim.

NOW, THEREFORE, it is hereby ORDERED that the Judgment by Default is hereby vacated and set aside pursuant to Rule 60(b), and that the Entry of Default is likewise vacated and set aside.

This, the 3 day of June, 2016.

Rebecca T. Tin, District Court Judge

6

POUNDS EX 0031