# EXHIBIT O



File No. 15 CVD 8597

LEAD DOCUMENT FOR
SCANNING

AUDIT TRAIL

| Date Filmed | Description | Film No. |
|-------------|-------------|----------|
| 08/03/2016 | DEFAULT JUDGMENT | 16-71 |
| | *Refilm* | 16-83 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AOC-G-113 Rev. 1/08
© 2008 Administrative Office of the Court

**EXHIBIT
41**

POUNDS EX 0535

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

15 CvD 8597

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
            )
    Plaintiff      )
            )
            )
vs.           )
            )
            )
AMANDA STANCIL,    )
2804 Forest Gump Drive Apt. D  )
Fayetteville, North Carolina 28304  )
            )
    Defendant    )
            )

JUDGMENT BY DEFAULT

[DEFJ]

THIS CAUSE came on to be heard before the undersigned Clerk of Superior Court of Cumberland County, North Carolina, upon motion by the Plaintiff for the Entry of Default Judgment against the Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55; and

IT APPEARED TO THE COURT AS FOLLOWS:

1. The Plaintiff initiated this action against the Defendant on November 17, 2015.



2. The Defendant is a resident of, or is domiciled within, the State of North Carolina and is subject to the jurisdiction of this Court pursuant to the provisions of G.S. § 1-75.4(1).

3. Service of process was properly obtained by serving copies of the summons and complaint upon the Defendant on or about February 15, 2016, in compliance with the requirements of G.S. § 1A-1, Rule 4(j)(1).

4. This is an action for a sum certain or a sum which can by computation be made certain, and the Court has jurisdiction over the parties and the subject matter of this action.

5. The Defendant has not been shown to be an infant, legally incompetent, under any other legal disability, or on active duty in military service.

POUNDS EX 0536

6. More than thirty (30) days has passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the Defendant, nor has the Defendant made any appearance before the Court so as to be entitled to notice of this motion.

7. Default was entered against the Defendant pursuant to G.S. § 1A-1, Rule 55(a).

8. The Defendant is lawfully indebted to the Plaintiff in the principal sum of $1,005.85 and said sum has been outstanding since August 14, 2013.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED, pursuant to the provisions of G.S. § 1A-1, Rule 55, as follows:

1. That the Plaintiff have and recover from the Defendant the principal sum of $1,005.85.

2. Plaintiff declines any post-charge-off interest whatsoever.

3. That the Plaintiff further have and recover from said Defendant the costs of this action.

This the ___3___ day of August, 2016.

_Pamela McLamb_
[Assistant] Clerk of Superior Court

POUNDS EX 0537

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE

COUNTY OF CUMBERLAND      DISTRICT COURT DIVISION

15 CvD 8597

PORTFOLIO RECOVERY ASSOCIATES, LLC,   )
                                       )
           Plaintiff                 )
                                         )
vs.                                    )      ENTRY OF DEFAULT
                                         )      [EODF]
AMANDA STANCIL,                )
                                         )
           Defendant              )
                                         )
_____ )



THIS CAUSE came on to be heard before the undersigned upon motion by the Plaintiff for an Entry of Default against the Defendant pursuant to N.C.G.S. § 1A-1, Rule 55(a); and

IT APPEARED AS FOLLOWS:

1. The Defendant is a resident of the State of North Carolina and is subject to the jurisdiction of this Court pursuant to the provisions of N.C.G.S. § 1-75.4(1).

2. The Plaintiff initiated this action against the Defendant on November 17, 2015. Service of process was properly obtained by serving copies of the summons and complaint upon the Defendant on or about February 15, 2016, in compliance with the requirements of N.C.G.S. § 1A-1, Rule 4(j)(1).

3. No answer or other pleading of any nature has been filed by the Defendant, nor has the Defendant appeared before the Court in any manner, and the time allowed for the Defendant to answer, plead or otherwise appear has expired.

IT IS NOW, THEREFORE, ORDERED that Default be and is hereby entered against the Defendant pursuant to N.C.G.S. § 1A-1, Rule 55(a).

This the 3 _____ day of August, 2016.

_____
[Assistant] Clerk of Superior Court

STATE OF NORTH CAROLINA  F I L E D  THE GENERAL COURT OF JUSTICE

COUNTY OF CUMBERLAND                    DISTRICT COURT DIVISION

2016 AUG -3  A 11: 08

15 CvD 85970

CUMBERLAND CO., C.S.C.

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
                                     )
            Plaintiff                )        PLAINTIFF'S MOTION
                                     )
                                     )             for
vs.                                  )
                                     )        ENTRY OF DEFAULT and
                                     )
AMANDA STANCIL,                      )        JUDGMENT BY DEFAULT
                                     )
            Defendant                )        [EODF & DEFJ]
_____ )

    NOW COMES the Plaintiff, Portfolio Recovery Associates, LLC, by and through

undersigned counsel, and pursuant to N.C. Gen. Stat. § 1A-1, Rule 55, moves the Court for Entry

of Default and Default Judgment against the Defendant, Amanda Stancil.  The Plaintiff shows the

Court as follows:

    1.  On or about November 17, 2015, the Plaintiff brought this action against the

Defendant for a sum certain or a sum which could by computation be made certain.

    2.  Upon information and belief, the Defendant is a resident of, or is domiciled within, the

State of North Carolina and subject to the jurisdiction of this Court pursuant to N.C. Gen. Stat.

§ 1-75.4(1).

    3.  Pursuant to N.C. Gen. Stat. § 1-A-1, Rule 4(j)(1), service of process was obtained

within the State of North Carolina on February 15, 2016, as evidenced by the filed return of

service.

    4.  More than thirty (30) days has passed since the Defendant was served, and the time

allowed for the Defendant to respond to the complaint has expired.



POUNDS EX 0539

5. No filed answer or other pleading of any nature has been served upon or received by Plaintiff's counsel and therefore, upon information and belief, the Defendant has failed to plead and has become subject to default judgment.

6. As shown by the affidavit and other evidence filed by the Plaintiff in this matter and incorporated into this motion by reference, the Defendant opened a credit account (the "Account") with the Plaintiff's predecessor-in-interest, and accepted and used the credit during the time that the Account was active.

7. As further shown by the Plaintiff's evidence, the Defendant is indebted to the Plaintiff in the principal sum of $1,005.85, and costs of this action.

8. The Plaintiff has received no notice that the Defendant is an infant, legally incompetent, under any other legal disability, or on active duty in military service.

WHEREFORE, the Plaintiff moves the Court to enter Default and to render Judgment by Default against the Defendant pursuant to N.C. Gen. Stat § 1A-1, Rule 55.

This the 15 day of August, 2016.

SESSOMS & ROGERS, P.A.

By: _____
Andrew E. Hoke (N.C. Bar 44463)
Mitchell A. Meyers (N.C. Bar 28215)
*Attorneys for Plaintiff*
P.O. Box 110564
Durham, North Carolina 27709
Telephone: (919) 688-1000
Fax: (919) 688-9000
Email: consumerinquiries@sessomslaw.com

POUNDS EX 0540

# BUSINESS RECORDS AFFIDAVIT

Commonwealth of Virginia
City of Norfolk ss.

I, the undersigned, ___Cristina Patterson___, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1.     I am competent to testify to the matters contained herein.

2.     I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, VA 23502. I am familiar with the policies and practices, as well as the books and records of Account Assignee with respect to matters stated herein. This affidavit is based upon my personal knowledge of Account Assignee's record keeping system and my review of the business records of the Original Creditor **GE CAPITAL RETAIL BANK/BELK**, including a review of the business records transferred to Account Assignee from **GE CAPITAL RETAIL BANK** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, and which are reasonably relied upon by the Account Assignee in the ordinary course of business.

3.     According to the attached 9 pages of business records from **GE CAPITAL RETAIL BANK/BELK**, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **09/19/2013**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4.     According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, the Account was issued to the defendant and the defendant was obligated to pay it. The defendant breached the terms of the Account and there was due and payable from **AMANDA STANCIL** to the Account Seller the sum of **$1,005.85** with the respect to account number ending in **4436** as of the date of **08/14/2013** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of sale.

5.     According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,005.85** as due and owing as of the date of this affidavit.

6.     Account Assignee's records are kept in the course of regularly conducted business activity of Account Assignee, as part of a regular practice of said activity, and were made at or near the time of the acts or events they record by (or from information transmitted by) someone with knowledge of said acts or events. The attached documents are true and correct copies of the original documents.

7.     Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____Cristina Patterson_____, Custodian of Records

Subscribed and sworn to before me on _____JUN 0 7 2015_____

_____
Notary Public

SHAWNTEL J. WASHINGTON
NOTARY PUBLIC
REGISTRATION # 7577273
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2017

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

POUNDS EX 0541



## Belk Rewards
## Credit Card

AMANDA C STANCIL
Account Number: ████████1436

Visit us at www.belkcredit.com
Customer Service: 1-800-669-6550

| Summary of Account Activity | |
|---|---|
| Previous Balance | $911.52 |
| - Payments | $170.00 |
| + Interest Charged | $18.32 |
| New Balance | $759.84 |
| | |
| Credit Limit | $750.00 |
| Available Credit | .$0.00 |
| Statement Closing Date | 01/16/2013 |
| Days in Billing Cycle | 31 |

| Payment Information | |
|---|---|
| New Balance | $759.84 |
| Total Minimum Payment Due | $32.00 |
| Overlimit Amount | .$9.84 |
| Payment Due Date | 02/08/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the Minimum payment | 5 years | $1,205.00 |

If you would like information about credit counseling services, call 1-877-302-8775.

| Rewards Points Summary | |
|---|---|
| Previous Point Balance | 0 |
| Points Earned This Period | 0 |
| Points Converted to Rewards | 0 |
| Current Point Balance | 0 |
| Points to Next Reward | 400 |
| Rewards Earned This Year | $0 |

**Belk Account News**

Current Year-To-Date Spend: $0.00
Spend Needed For Premier Status: $600.00
Points To Next Reward: 400

Use Your Belk Card to Enjoy Exceptional
Value, Savings And Rewards!
Remember You Earn 1 Point For Every Dollar
You Spend. Some Exclusions Apply.

| Basic | Premier $600 | | Elite $1500 |
|---|---|---|---|

| $0 | $375 | $750 | $1125 | $1500 |

### Transaction Summary

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|---|---|---|---|---|---|
| 01/10 | 01/10 | P9356000B00X9GH0Y | | ONLINE PYMT-THANK YOU    ALPHARETTA  GA | ($170.00) |
| | | | | FEES | |
| | | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| 01/16 | 01/16 | | | INTEREST CHARGED | |
| | | | | INTEREST CHARGE ON PURCHASES | $18.32 |

(Continued on next page)

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

NOTICE: We may convert your payment into an electronic debit. See reverse for details. Billing Rights and other important information.

Detach and mail this portion with your check. Do not include any correspondence with your check.



Account Number ████████1436

| Total Minimum Payment Due | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|
| $32.00 | 02/08/2013 | $9.84 | $759.84 |

Payment Enclosed: $ ☐☐☐☐☐ ☐☐

Please use blue or black ink.

New address or email? Print changes on back.

AMANDA C STANCIL
350 DEXTER LN APT 307
FAYETTEVILLE NC 28314-0467

Make Payment To: BELK/GECRB
PO BOX 530940
ATLANTA, GA 30353-0942



**Transaction Summary (Continued)**

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|-----------|-----------|------------------|-----------|--------------------------------------|--------|
| | | | | TOTAL INTEREST FOR THIS PERIOD | $18.32 |

| 2013 Totals Year-To-Date | |
|--------------------------|--------|
| Total Fees charged in 2013 | $0.00 |
| Total Interest charged in 2013 | $18.32 |
| Total Interest Paid in 2013 | $5.09 |

**Interest Charge Calculation**
Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|-----------------|-----------------|------------------------|----------------------------------|-----------------|----------------|
| **Current Transactions** | | | | | |
| Regular Purchases | N/A | 24.49% | $843.28 | $17.55 | 2D |
| **Transactions on or before 03/01/2011** | | | | | |
| Regular Purchases | N/A | 23.49% | $38.98 | $0.77 | 2D |

**Cardholder News and Information**
You have recently been unenrolled from electronic statement delivery. You may have opted to stop receiving electronic statements, or this may have occurred because of changes in your account or failure to comply with the Terms and Conditions of the electronic statement service. Please feel free to reenroll at any time.

**Cardholder Benefits and Information**
Sign up for electronic statements - just go to www.belkcredit.com/obill.

POUNDS EX 0543



## Belk Rewards
## Credit Card

AMANDA C STANCIL
Account Number: ████████4435

Visit us at www.belkcredit.com
Customer Service: 1-800-347-1170

| Summary of Account Activity | |
|---|---|
| Previous Balance | $1,005.85 |
| - Other Credits | $1,005.85 |
| New Balance | $0.00 |
| | |
| Credit Limit | $750.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 08/14/2013 |
| Days in Billing Cycle | 29 |

| Payment Information | |
|---|---|
| New Balance | $0.00 |
| Amount Past Due | $0.00 |
| Total Minimum Payment Due | $0.00 |
| Payment Due Date | 08/16/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

| Rewards Points Summary | |
|---|---|
| Previous Point Balance | 0 |
| Points Earned This Period | 0 |
| Points Converted to Rewards | 0 |
| Current Point Balance | 0 |
| Points to Next Reward | 400 |
| Rewards Earned This Year | $0 |

**Belk Account News**

Current Year-To-Date Spend: $0.00
Spend Needed For Premier Status: $600.00
Points To Next Reward: 400

Use Your Belk Card to Enjoy Exceptional
Value, Savings And Rewards!
Remember You Earn 1 Point For Every Dollar
You Spend, Some Exclusions Apply.

Basic     Premier $600     Elite $1500

$0     $375     $750     $1125     $1500

### Transaction Summary

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|---|---|---|---|---|---|
| 08/14 | 08/14 | F9356007200999990 | | CHARGE OFF ACCOUNT-PRINCIPALS | ($361.42) |
| 08/14 | 08/14 | F9356007200999990 | | CHARGE OFF ACCOUNT 'FINANCE CHARGES' | ($644.43) |
| | | | | FEES | |
| | | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| | | | | INTEREST CHARGED | |
| 08/14 | 08/14 | | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | | TOTAL INTEREST FOR THIS PERIOD | $0.00 |

| 2013 Totals Year-To-Date | |
|---|---|
| Total Fees charged in 2013 | $137.00 |
| Total Interest charged in 2013 | $127.33 |
| Total Interest Paid in 2013 | $5.09 |

### Interest Charge Calculation
Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|---|---|---|---|---|---|
| Current Transactions | | | | | |

(Continued on next page)

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

NOTICE: We may convert your payment into an electronic debit. See reverse for details. Billing Rights and other important information.

Detach and mail this portion with your check. Do not include any correspondence with your check.

Account Number ████████4435

| Total Minimum Payment Due | Past Due Amount | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|---|
| $0.00 | $0.00 | 08/16/2013 | $0.00 | $0.00 |

Payment Enclosed: $ ☐☐☐☐☐ ☐ ☐
Please use blue or black ink

New address or email? Print changes on back.

AMANDA C STANCIL
360 DEXTER LN APT 307
FAYETTEVILLE NC 28314-6467

Make Payment To: BELK/GECRB
PO BOX 530940
ATLANTA, GA 30353-0940

POUNDS EX 0544



**Interest Charge Calculation(Continued)**

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|---|---|---|---|---|---|
| Regular Purchases | N/A | 24.49% | $0.00 | $0.00 | 2D |
| **Transactions on or before 03/01/2011** | | | | | |
| Regular Purchases | N/A | 23.49% | $0.00 | $0.00 | 2D |

**Cardholder News and Information**

Please Note: Enclosed is the Privacy Policy for this account. Please take a moment to read it, then keep it with other financial documents. If you have previously opted-out, you do not need to do so again.

**Cardholder Benefits and Information**

Sign up for electronic statements - just go to www.belkcredit.com/ebill.

POUNDS EX 0545



**GE Capital**

### BILL of SALE

### PRA PLCC Fresh – September 2013

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 9th day of July, 2013 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Portfolio Recovery Associates, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on September 19, 2013, and as further described in the Agreement.

GE Capital Retail Bank

By: _Ken Wojcik_
Ken Wojcik

Title: _EVP Collections & Recovery_

Date: _10·2·13_

General Electric Capital Corporation

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

GEMB Lending, Inc.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

Monogram Credit Services, L.L.C.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

RFS Holding, L.L.C

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

GEM Holding, L.L.C

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

Portfolio Recovery Associates, LLC

By: _Chris J. G___

Title: _Authorized Signer_

POUNDS EX 0546

| | |
|---|---|
| ACCTNUM | ████4436 |
| MKR_FN | AMANDA |
| R_LN | STANCIL |
| CMPNY_NAME | |
| MKR_TAXID | ████5158 |
| MKR_AD1 | 350 DEXTER LN APT 307 |
| MKR_AD2 | |
| MKR_AD3 | |
| MKR_CITY | FAYETTEVILLE |
| MKR_ST | NC |
| MKR_ZIP | 28314-0467 |
| MKR_HP | 9109225985 |
| MKR_WP | 0000000000 |
| MKR_BARDATE | 0 |
| MKR_BKCHAP | |
| MKR_CASENUM | |
| MKR_DISCHDTE | 0 |
| MKR_DISMSDTE | 0 |
| MKR_BKMEETDTE | 0 |
| MKR_BKCOURT | |
| MKR_BKFILEDT | 0 |
| ECOA | 1 |
| ENDATE | 20071021 |
| CHGOFF_DATE | 20130814 |
| RMSLASTPMT | 20130110 |
| LASTPMTAMT | 170 |
| BRANCH | CB93 |
| DOFD | 20130213 |
| CHGOFFCODE | UNPY |
| LOSSAMT | 1005.85 |
| CURBAL | 1005.85 |
| RMSFILENUM | 70667937 |
| ACCTSTS | SF5 |
| STSDESC | Sales - Final - Primary Random Sale |
| JDGDATE | 0 |
| OFF_CODE | MPL467 |
| OFF_DESC | Belk Rewards Card |
| BCLE | 0181 |
| BCLE_DESC | Retail Bank |
| BUYERCODE | PR1S |
| INT_RATE | 24.49 |
| NET_COSTS | 0 |
| T_INTEREST | 644.43 |
| NET_PRINCIPAL | 361.42 |
| PRINC_LOSS | 361.42 |

POUNDS EX 0547

```
ASSOC_COSTS      0
ACCRD_INT        644.43
  TPURCHDT       20111004
CMKR_FN
CMKR_LN
CMKR_TAXID
CMKR_ADDR1
CMKR_ADDR2
CMKR_CITY
CMKR_STATE
CMKR_ZIP
CMKR_LIABLE
MKR_DOB          ██████████
LANG_IND         EN
```

Data printed by Portfolio Recovery Associates, LLC from electronic records
provided by GE CAPITAL RETAIL BANK pursuant to the sale of accounts from GE CAPITAL RETAIL BANK
to Portfolio Recovery Associates, LLC

POUNDS EX 0548

# STATE OF NORTH CAROLINA
COUNTY OF CUMBERLAND

File No.
15 CvD 8597

IN THE GENERAL COURT OF JUSTICE
☐ Superior ☒ District ☐ Before the Clerk

Plaintiff(s)
Portfolio Recovery Associates, LLC

2016 AUG -3 A II: 08

CUMBERLAND CO., C.S.C.

vs.

Defendant(s)
Amanda Stancil

**AFFIDAVIT**
**Servicemembers Civil Relief Act**
**50 U.S.C. App. §§501-597b**

## OATH

I, Diana L. Conradt-Mullen, being duly sworn, depose and say:

## MILITARY SERVICE OF DEFENDANT

☒ The defendant, (Amanda Stancil) ☐ IS or ☒ IS NOT in the military service.

## MILITARY STATUS OF DEFENDANT

I Have

☒ Checked the Department of Defense Manpower Data Center website to determine the defendant's military status. https://www.dmdc.osd.mil/appl/scra/

☐ Requested a written search of the defendant's military status from the Department of Defense Manpower Data Center. [Defense Manpower Data Center, Attn: Military Verification, 1600 Wilson Blvd, Suite 400, Arlington, VA 22209-2593]

☒ Attached are the results of that search and/or written response.

## ADDITIONAL FACTS SUPPORTING THE STATEMENT ABOVE ABOUT DEFENDANT'S MILITARY SERVICE

[State how you know the Defendant IS or IS NOT in the military. Be specific]

## INABILITY TO DETERMINE MILITARY STATUS

☐ I AM UNABLE TO DETERMINE WHETHER OR NOT THE DEFENDANT IS IN MILITARY SERVICE

## DATE/SIGNATURE

Date: 8-1-16        Signature of Affiant: _____

## NOTARY

State of   North Carolina            Sworn to and Subscribed before me this day by:  Diana L. Conradt-Mullen
County of  Durham

(☒ I have personal knowledge of the identity of the affiant, or ☐ I have seen satisfactory evidence of the affiant's identity in the form of a current state or federal identification with the affiant's photograph

This the  1  day of August, 2016    My commission expires: 1-24-17

Printed Name of Notary: Julia Morava    Signature of Notary: _____ (SEAL)
CCLF-CV-005 (4/2015)

*MX00002469960*

JULIA MORAVA
Notary Public, North Carolina
Chatham County
My Commission Expires
January 24, 2017

POUNDS EX 0549

Department of Defense Manpower Data Center



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: STANCIL
First Name: AMANDA
Middle Name:
Active Duty Status As Of: Aug-01-2016

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

POUNDS EX 0550

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ÿ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Address. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ÿ 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: 09LBKF54634BG90

POUNDS EX 0551

# SESSOMS & ROGERS, P.A.

## ATTORNEYS AT LAW

MAILING ADDRESS:
P.O. BOX 110564
DURHAM, NC 27709

TELEPHONE (919) 688-1000
FACSIMILE (919) 688-9000

August 1, 2016

Clerk of Superior Court
Cumberland County Courthouse
P.O. Box 363
Fayetteville, North Carolina 28302

    Re:    Portfolio Recovery Associates, LLC
            v.
            Amanda Stancil
            Cumberland County Case No. 15 CvD 8597-DH

Dear Sir or Madam:

        Enclosed please find the original and one (1) copy of the Motion for Entry of Default and Judgment by Default, the Entry of Default, and the proposed Judgment by Default in this case.

        Please file the Motion, enter the Default, and enter the proposed Judgment by Default as authorized by N.C. Gen. Stat. § 1A-1, Rules 55(a) and 55(b)(1). Thereafter, please return the copy of each document to our office in the enclosed self-addressed, stamped envelope.

        Thank you very much for your assistance. If you have any questions or if you need additional information, please contact our firm at the address or telephone number listed above.

                    Sincerely yours,

                    SESSOMS & ROGERS, P.A.

S&R:dlc
Enclosures

POUNDS EX 0552

# SESSOMS & ROGERS, P.A.
### ATTORNEYS AT LAW

MAILING ADDRESS:
P.O. BOX 110564
DURHAM, NC 27709

TELEPHONE (919) 688-1000
FACSIMILE (919) 688-9000

FILED

2016 FEB 11 AM 10: 47

CUMBERLAND CO., C.S.C.

BY ————————————

February 1, 2016

Clerk of Superior Court
Cumberland County Courthouse
P.O. Box 363
Fayetteville, North Carolina 28302

      Re:   Portfolio Recovery Associates, LLC
             v.
             Amanda Stancil
             Cumberland County Case No. 15 CvD 8597

Dear Sir or Madam:

    We are enclosing the original and one copy of an Affidavit of Military Service. Once the Affidavit has been filed, please return a copy to our office. We enclose a self-addressed stamped envelope for your convenience.

    Thank you very much for your assistance. If you have any questions with respect to this matter, or if you need any further or additional information, please contact our firm at the address or telephone number above.

                Sincerely yours,

                SESSOMS & ROGERS, P.A.

S&R:mkr
Enclosures
246996.001

POUNDS EX 0553

# STATE OF NORTH CAROLINA
COUNTY OF CUMBERLAND

File No.
15 CvD 8597

FILED

2016 FEB 11 AM 10: 47

CUMBERLAND CO., C.S.C.
BY

IN THE GENERAL COURT OF JUSTICE

☐ Superior  ☒ District  ☐ Before the Clerk

| | |
|---|---|
| Plaintiff(s)<br>Portfolio Recovery Associates, LLC | **AFFIDAVIT**<br>**Servicemembers Civil Relief Act**<br>**50 U.S.C. App. §§501-597b** |
| vs. | |
| Defendant(s)<br>Amanda Stancil | |

## OATH

I, Rachel Baldwin, being duly sworn, depose and say:

## MILITARY SERVICE OF DEFENDANT

☒ The defendant, (Amanda Stancil) ☐ IS or ☒ IS NOT in the military service.

## MILITARY STATUS OF DEFENDANT

I Have

☒ Checked the Department of Defense Manpower Data Center website to determine the defendant's military status.  https://www.dmdc.osd.mil/appj/scra/

☐ Requested a written search of the defendant's military status from the Department of Defense Manpower Data Center. [Defense Manpower Data Center, Attn: Military Verification, 1600 Wilson Blvd, Suite 400, Arlington, VA 22209-2593]

☒ Attached are the results of that search and/or written response.

## ADDITIONAL FACTS SUPPORTING THE STATEMENT ABOVE ABOUT DEFENDANT'S MILITARY SERVICE

[State how you know the Defendant IS or IS NOT in the military.  Be specific]

## INABILITY TO DETERMINE MILITARY STATUS

☐ I AM UNABLE TO DETERMINE WHETHER OR NOT THE DEFENDANT IS IN MILITARY SERVICE

## DATE/SIGNATURE

Date: 2/1/2016    Signature of Affiant: _Rachel Baldwin_

## NOTARY

State of   North Carolina        Sworn to and Subscribed before me this day by:  Rachel Baldwin
County of  Durham

[☒] I have personal knowledge of the identity of the affiant, or ☐ I have seen satisfactory evidence of the affiant's identity in the form of a current state or federal identification with the affiant's photograph

This the 1st day of ~~January~~ Feb, 2016    My commission expires: 7/18/2016

Printed Name of Notary: M. Kay Ray      Signature of Notary: _M Kay Ray_
CCLF-CV-005 (4/2015)

*M. KAY RAY*
*NOTARY*
*(SEAL)*
*PUBLIC*
*DURHAM COUNTY, NC*

‖ M X D 0 0 0 2 4 6 9 9 6 ‖

POUNDS EX 0554



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

Last Name: STANCIL
First Name: AMANDA
Middle Name:
Active Duty Status As Of: Jan-08-2016

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

File #: 246996

POUNDS EX 0555

The Defense Manpower Data Center (DMDC) .. .an organization of the Department of Defense (DoD) that i. ..tains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ý 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via this URL: https://kb.defense.gov/PublicQueries/publicQuestions/FaqsAnswers.jsp?Subject=Locating Service Members or Getting a Mailing Addressx. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ý 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Certificate ID: 25UEI995622B150

POUNDS EX 0556

OF NORTH CAROLINA

| File No. |
|---|
| 15-CVD-008597 |

CUMBERLAND COUNTY

In the General Court of Justice
District Court Division

| Name Of Plaintiff(s) | |
|---|---|
| PORTFOLIO RECOVERY ASSOC LLC | **ARBITRATION**<br>**NOTICE OF**<br>**ARBITRATION HEARING** |
| | File Date: 11/17/2015 |
| **VERSUS** | G.S. 7A-37.1; Rules 5, 6, Rules For Court-Ordered Arbitration in North Carolina and Cumberland County Arbitration Rules |
| Name Of Defendant(s) | Name of Arbitrator |
| STANCIL,AMANDA | GEORGE J FRANKS, JR |

| Date Of Hearing | Time Of Hearing | Place Of Hearing |
|---|---|---|
| 08/04/2016 | 09:30 AM | Cumberland County Courthouse<br>117 Dick Street          Courtroom 4C<br>Fayetteville, NC 28301 |

ALL PARTIES TAKE NOTICE that the person named above has been appointed arbitrator in this case, and a hearing will be held at the date, time and place shown above. Failure to appear for the hearing may result in an adverse award and/or sanctions. See Rule 6(l) of the Rules For Court-Ordered Arbitration in North Carolina.

This hearing date is a firm date and can not be continued by the Arbitrator. Continuances will not be granted, even if all parties agree, unless for an emergency that could not have been foreseen. In compliance with the Local Rules, any request for continuance must be made in writing to the Trial Court Administrator, PO Box 363, Fayetteville, NC 28302 or sent by fax to (910) 475-3017 and a copy distributed to all opposing parties.

If settlement is reached more than 24 hours prior to the scheduled arbitration hearing and the dismissal or consent judgment is filed with the lerk of Court more than 24 hours prior to the scheduled arbitration, the hearing will be cancelled and no arbitration fee will be assessed; or

If settlement is reached less than 24 hours prior to the scheduled arbitration hearing and the dismissal or consent judgment is filed with the Clerk of Court less than 24 hours prior to the scheduled arbitration hearing, the hearing will be cancelled, however, the parties shall be responsible for the arbitration assessment fee; or

If settlement is reached less than 24 hours prior to the scheduled arbitration hearing and no dismissal or consent judgment has been filed with the Clerk of Court then the parties shall appear at the hearing to have their agreement entered as the award of the arbitrator and the parties shall be liable for the arbitration assessment fee.

Please note G.S. 7A-37.1(c1) sets forth a fee ($100.00) which shall be assessed per arbitration, to be divided equally among the parties. This fee must be paid absent a finding of partial indigency or indigency. See Rule 5(c) of the Rules for Court-Ordered Arbitration in North Carolina. If any party does not pay, the amount assessed will be docketed as a judgment in favor of the State when the award is filed.

| Date Of Notice | Arbitration Coordinator: | |
|---|---|---|
| 5/26/2016 | Shannon Callis | |
| Mailing Address<br>Cumberland County Courthouse<br>PO Box 363<br>Fayetteville, NC 28302 | Telephone No. | 910-475-3026 |
| | Facsimile No. | 910-475-3017 |

IMPORTANT:
- THE ATTACHED ARBITRATION PRE-HEARING FORM MUST BE COMPLETED AND EXCHANGED WITH ALL OPPOSING PARTIES AT LEAST 10 DAYS BEFORE THE HEARING. A COPY MUST BE PROVIDED TO THE ARBITRATOR AT THE HEARING.

Certificate of Service: This Notice has been distributed to the following: (any omission should be reported to this office)

| Plaintiff: | Defendant: 6/7/16 - Ret. by PO; No such<br>Street; zip code directory |
|---|---|
| ANDREW ELLIOT HOKE<br>PO BOX 110564<br>DURHAM, NC 27709 | indicates these are apts;<br>AMANDA STANCIL, PRO SE<br>2804 FOREST GUMP DRIVE   AP does not list Apt #; placed<br>FAYETTEVILLE, NC 28304   in at file |

CCDC-Arb Hearing
Revised 5/12

POUNDS EX 0557

POUNDS EX 0558

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE
COUNTY OF CUMBERLAND      DISTRICT COURT DIVISION

FILE NO: _____

_____
PLAINTIFF

VS

_____
DEFENDANT

## ARBITRATION PRE-HEARING INFORMATION FORM

This form MUST be completed and exchanged with the opposing parties **at least 10 days before the hearing.** These materials shall not be filed with the Court or included in the case file. *Rule 6(d)(3) of the Rules for Court-Ordered Arbitration in North Carolina.*

Pursuant to the Rules for Court-Ordered Arbitration, Plaintiff/Defendant hereby provides the following information:

     A)    I expect to call the following witnesses to testify in the arbitration hearing:
         1. _____
         2. _____
         3. _____
*(I have listed all witnesses I may call. I understand that I am not required to call all the witnesses that I have listed.)*

     B)    I expect to offer the following documents or exhibits into evidence:
         1. _____
         2. _____
         3. _____
*(I have attached copies of all the above listed documents and exhibits. I understand that failure to provide all parties with any document at least ten (10) days prior to the hearing may be grounds for its exclusion at the hearing.)*

     C)    It is my contention that the issues involved in this case are stated as follows:

This Pre-Hearing Information Form will be served by United States Mail or hand delivery upon all other parties to this arbitration hearing.

DATE: _____

         Signature of Plaintiff ☐ Defendant ☐ Attorney for _____

Any questions concerning arbitration should be addressed to:
Trial Court Administrator's Office, PO Box 363, Fayetteville, NC 28302
ATTN: Arbitration Coordinator, Shannon Callis
Telephone: (910) 475-3026
Facsimile: (910) 475-3017

*Arb Pre-Hearing Form.doc*

POUNDS EX 0559



TRIAL COURT ADMINISTRATOR
4W CUMBERLAND COUNTY COURTHOUSE
117 Dick Street
P. O. Box 363
Fayetteville, N. C. 28302
Return Service Requested

FILED

2016 JUN

$00.465
US POSTAGE
MAILED FROM ZIPCODE 28301
MAY 26 2016

STANCIL, AMANDA
2804 Forest Gump Drive
Fayette~~ ~~  ~~~~

NIXIE    275  DE 1

RETURN TO SENDER
UNABLE TO FORWARD

BC: 28302036363       *0242-12492-27-43

Rec 6/1/16

POUNDS EX 0560

STATE OF NORTH CAROL...
COUNTY OF **CUMBERLAND**

File No.
15-CVD-008597

IN THE GENERAL COURT OF JUSTICE
**District Court Division**

*Plaintiff*

PORTFOLIO RECOVERY ASSOC LLC

**-vs-**

*Defendant*
STANCIL,AMANDA

**ARBITRATION**
NOTICE OF CASE SELECTION
FOR ARBITRATION

File Date: 11/17/2015

GS 7A-37.1 Rules 1, 2, 6, 9, Rules for Court-Ordered Arbitration in North
Carolina and Cumberland County Local Court Rules For Arbitration

TAKE NOTICE that this case has been assigned to arbitration pursuant to N.C. General Statute §7A-37.1 and the Rules for Court Ordered Arbitration.

FURTHER NOTICE will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 6 of the Rules.

The Court automatically assigns to arbitration all civil cases filed in district court with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions. See Rule 2(a)(1) of the Rules for Court-Ordered Arbitrations in North Carolina.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The Court will appoint an arbitrator from the Court's list in accordance with Rule 4 of the Rules for Court-Ordered Arbitration in North Carolina.

All parties in this civil action shall be present at the hearing in person or through counsel. Parties may appear *pro se* as permitted by law. **Corporations must be represented by an attorney.** *See Lexis-Nexis v. Travishan Corp., 155 N.C. App. 205, 573 S.E.2d 547 (2002).* The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the **entire** hearing is one hour. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision within three (3) days after the hearing. The award is **not** binding. Any party dissatisfied with the outcome can reject the award and have a trial *de novo* after proper motion before the Court. The award rejection and demand for a trial *de novo* must be filed with the Court within thirty (30) days after the service of the arbitrator's award. The rejecting party must also pay a fee equivalent to the arbitrator's compensation unless the party is found to be indigent or partially indigent. This fee will be returned **only** if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 9(b)]. Cases still pending after the 30-day rejection period in which no demand for trial *de novo* is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

For further information on arbitration:
- Visit the North Carolina Court System web site at: WWW.NCCOURTS.ORG/SUPPORT/FAQS/FAQS.ASP?TYPE=6
- Mail a self-addressed, stamped envelope ($0.48) to the Trial Court Administrator's Office, PO Box 363, Fayetteville, NC 28302, so that we may mail you printed information about Arbitration; or
- **Contact Shannon Callis, Arbitration Coordinator at (910) 475-3026**

| Date Issued: | Trial Court Administrator | Address and Telephone Number |
|---|---|---|
| 4/19/2016 | Ellen B. Hancox | P.O. Box 363, Fayetteville, NC 28302 (910) 475-3018 Fax (910) 475-3017 |

Copies of this Notice have been distributed to the following: *(Any omission of counsel should be reported to this office.)*

HOKE,ANDREW,ELLIOT

Pro Se - STANCIL,AMANDA

*IMPORTANT:*
- All counsel/parties have a continuing obligation to notify this office of any correction/addition/deletion of counsel and changes in contact information.
- If the issue for hearing has been resolved, please return this notice with appropriate orders/dismissals attached.

CCDC-Arb Select
Revised 5/12

Casewise-DistrictMailMerge/ARBSELECT.doc

*4/27/16 - Rtd by PO; NSF address; zip code directory indicates these are apartments; AP does not list an apt #; placed in ct file*

POUNDS EX 0561

TRIAL COURT ADMINISTRATOR
NEW CUMBERLAND COUNTY COURTHOUSE
117 DICK STREET
P. O. BOX 363
FAYETTEVILLE, N. C. 28302
RETURN SERVICE REQUESTED

STANCIL,AMANDA
2804 Forest Gump Drive
Fayetteville NC 28304

NIXIE          275    DE 1      0004/25/16

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 28362836353      *0148-00033-20-47

28302803363

28304*6305 R051

FILED

2016 APR 27 PM 3: 25

CUMBERLAND C.S.C.

Rec 4/27/16

# STATE OF NORTH CAROLINA

▶ *File No.*
15 CvD 8597

_____Cumberland_____ County

In The General Court Of Justice
☒ District   ☐ Superior Court Division

*Name Of Plaintiff*
PORTFOLIO RECOVERY ASSOCIATES, LLC

*Address*   c/o   Sessoms & Rogers, P.A.
Attorneys for Plaintiff
*City, State, Zip*   P.O. Box 110564
Durham, North Carolina 27709

**CIVIL SUMMONS**
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

*Name Of Defendant(s)*
AMANDA STANCIL

*Date Original Summons Issued*
November 17, 2015

*Date(s) Subsequent Summons(es) Issued*

## To Each Of The Defendant(s) Named Below:

*Name And Address Of Defendant 1*
Amanda Stancil
2804 Forest Gump Drive
Fayetteville, NC 28304

*Name And Address Of Defendant 2*

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

*Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*
Andrew E. Hoke
Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, North Carolina 27709

*Date Issued*  2/5/16
*Time*  11:01   ☒ AM  ☐ PM
*Signature*  Ashley Manans
☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

*Date Of Endorsement*
*Time*   ☐ AM  ☐ PM
*Signature*
☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

246996.001

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)



* A P 0 0 0 0 2 4 6 9 9 6 *

POUNDS EX 0563



| RETURN OF SERVICE |
|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| 2-15-16 | 1026 | ☒AM ☐ PM | AMANDA SANCIL |

☒ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

*(vertical text in right margin, partially legible)* CUMBERLAND CO. C.S.C. BY 2016 FEB 16 AM 8:15

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | 3585 |
| Date Received | Name Of Sheriff (Type Or Print) |
| 2-5-16 | |
| Date Of Return | County Of Sheriff |
| 2-15-16 | |

# SESSOMS & ROGERS, P.A.
## ATTORNEYS AT LAW

MAILING ADDRESS:
P.O. BOX 110564
DURHAM, NC 27709

TELEPHONE (919) 688-1000
FACSIMILE (919) 688-9000

February 1, 2016

Clerk of Superior Court
Cumberland County Courthouse
P.O. Box 363
Fayetteville, North Carolina 28302

Re:    Portfolio Recovery Associates, LLC
       v.
       Amanda Stancil
       Cumberland County Case No. 15 CvD 8597

Dear Sir or Madam:

Our firm represents Portfolio Recovery Associates, LLC, the Plaintiff in the above captioned matter. Since the original summons was returned unserved, we are enclosing an alias and pluries summons, an additional copy of the complaint, and checks for the filing fee and service fee respectively. Please issue the alias and pluries summons, forward the original along with the Defendant's copy thereof, together with the enclosed trust account check for service to the Cumberland County Sheriff's Department. Please return the extra file-stamped copy of the alias and pluries summons to our office at the address above for our file.

Thank you very much for your assistance. If you have any questions or need any additional information, please contact our office.

Sincerely yours,

SESSOMS & ROGERS, P.A.

S&R:tch
Enclosures
246996.001

POUNDS EX 0565

| | | File Number: 15CVD 8597 |
|---|---|---|
| VCAP Yes xxxx | | |
| A&P Endorsement | 21455 $ 15.00 | Payor: |
| Attorney Fees | 26120 $ | |
| Arbitration Appeal | 24310 $ | |
| Assignment of Judgment | 21400 $ | Sessoms + Rogers PA |
| Bond Forfeiture Judgment | 22800 $ | Payee: |
| Bond Forfeiture Cost | 26115 $ | |
| Cash Bond | 26210 $ | |
| Claim of Lien | 21435 $ | Portfolio Recovery assoc |
| Complex Business Case | 21122 $ | LLC |
| Condemnation | 26130 $ | Filing Fees: CVSC $ |
| | | CVDC $ |
| Confession of Judgment | 21400 $ | |
| Disputed Funds | 26600 $ | Counterclaim    Cross claim    Third party complaint |
| Execution | 21430 $ | LTD Driving Privilege:   24335 $ |
| Lis Pendens | 21435 $ | |
| Misc | 21400 $ | |
| Motion | 21450 $ | |
| Pro Hac Vice ($200) | 24625 $ | Judgment Payment: 26115 $ |
| Pro Hac Vice ($25) | 24626 $ | |
| Registrations | 21400 $ | Full           Partial |
| Rent Bond | 26220 $ | |
| Supplemental Proceeding | 21400 $ | Total: $ |
| Surplus Funds | 26600 $ | 15.00 |
| Transcript | 21440 $ | Date: |
| Trust | 26310 $ | 2/5/16 |
| Upset Bid | 26700 $ | Reviewed By: |
| Writ | 21400 $ | am |

POUNDS EX 0566



CUMBERLAND COUNTY CLERK C.   ..RT

S2IRC51     02/15/16  12:36:36

PAYOR: SESSONS & ROBERG PA
PAYEE: PORTFOLIO RECOVERY ASSOC LLC
CASE#: 15CV0608597 VCAP1Y
CITY#:

21455  AAP/ENDORSE FEE          15.00

        TOTAL PAID              15.00
     CO TENDERED                15.00
        CHANGE                    .00

.6303   ID:CSHWY

POUNDS EX 0567



**STATE OF NORTH CAROLINA**  FILED  File No. 15 CVD 8597

Cumberland _____ County

2015 NOV 17 A 10:51

In The General Court Of Justice
☒ District ☐ Superior Court Division

Name Of Plaintiff
PORTFOLIO RECOVERY ASSOCIATES, LLC

Address c/o Sessoms & Rogers, P.A.
Attorneys for Plaintiff

City, State, Zip P.O. Box 110564
Durham, North Carolina 27709

**VERSUS**

Name Of Defendant(s)
AMANDA STANCIL

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

Name And Address Of Defendant 1
Amanda Stancil
606 Dashland Drive
Fayetteville, NC 28303

Name And Address Of Defendant 2

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
Andrew E. Hoke
Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, North Carolina 27709

Date Issued 11-17-15    Time 10:51   ☐ AM ☐ PM

Signature P May

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement    Time    ☐ AM ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

246996.001

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)





POUNDS EX 0568

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☒ Defendant WAS NOT served for the following reason: The Defendant Parents Advised she Does not Live with them.

### DEFENDANT 2

| Date Served | Time Served | | | Name Of Defendant |
|---|---|---|---|---|
| | | ☐ AM | ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received 11 - 12 - 15 | Name Of Sheriff (Type Or Print) Earl R. Butler Cumberland County |
| Date Of Return 2 - 2 - 15 | County Of Sheriff Fayetteville, N.C. |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

POUNDS EX 0569

# STATE OF NORTH CAROLINA

Cumberland
_____ County

FILED

2015 NOV 17 A 10: 50

CUMBERL...

File No. 15CVD 8597

In The General Court Of Justice
☒ District ☐ Superior Court Division

## GENERAL
## CIVIL ACTION COVER SHEET
☒ INITIAL FILING ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

*Name And Address Of Plaintiff 1*
Portfolio Recovery Associates, LLC
c/o Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, North Carolina 27709

*Name And Address Of Plaintiff 2*

*Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)*
Andrew E. Hoke
P.O. Box 110564
Durham, North Carolina 27709

VERSUS

*Name Of Defendant 1*

Amanda Stancil

| *Telephone No.* (919) 688-1000 | *Cell Telephone No.* |
| *NC Attorney Bar No.* 44463 | *Attorney E-Mail Address* |
| ☐ Initial Appearance in Case | ☐ Change of Address |

*Summons Submitted* ☒ Yes ☐ No

*Name Of Defendant 2*

*Name Of Firm*
Sessoms & Rogers, P.A.

*FAX No.*
(919) 688-9000

*Counsel for*
☒ All Plaintiffs ☐ All Defendants ☐ Only *(List party(ies) represented)*

*Summons Submitted* ☒ Yes ☐ No

☐ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

## TYPE OF PLEADING

*(check all that apply)*
- ☐ Amend (AMND) *Assess Motions Fee (SEE NOTE)*
- ☐ Amended Answer/Reply (AMND-Response) *Assess Motions Fee (SEE NOTE)*
- ☐ Amended Complaint (AMND) *Assess Motions Fee*
- ☐ Answer/Reply (ANSW-Response) *(SEE NOTE)*
- ☐ Change Venue (CHVN) *Assess Motions Fee*
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNFJ)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL) *Assess Motions Fee*
- ☐ Contempt (CNTP) *Assess Motions Fee*
- ☐ Continue (CNTN) *Assess Motions Fee*
- ☐ Compel (CMPL) *Assess Motions Fee*
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim (List On Back) (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD) *Assess Motions Fee*
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL) *Assess Motions Fee*
- ☐ Extend Time For Complaint (EXCO) *Assess Motions Fee*

*(check all that apply)*
- ☐ Failure To Join Necessary Party (FJNP) *Assess Motions Fee*
- ☐ Failure To State A Claim (FASC)
- ☐ Improper Venue/Division (IMVN) *Assess Motions Fee*
- ☐ Intervene (INTR) *Assess Motions Fee*
- ☐ Interplead (OTHR) *Assess Motions Fee*
- ☐ Lack Of Jurisdiction (Person) (LJPN) *Assess Motions Fee*
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) *Assess Motions Fee*
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA) *Assess Motions Fee*
- ☐ Sanctions (SANC) *Assess Motions Fee*
- ☐ Set Aside (OTHR) *Assess Motions Fee*
- ☐ Show Cause (SHOW) *Assess Motions Fee*
- ☐ Transfer (TRFR) *Assess Motions Fee*
- ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL)
- ☐ Vacate/Modify Judgment (VCMD) *Assess Motions Fee*
- ☐ Withdraw as Counsel (WDCN) *Assess Motions Fee*
- ☐ Other *(specify and list each separately)*

NOTE: See Side Two for a list of motions not subject to the motions fee.

NOTE: Assess fee only if court permission is required to amend.

## CLAIMS FOR RELIEF

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment Of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim And Delivery (CLMD)
- ☒ Collection On Account (ACCT)
- ☐ Condemnation (CNDM)
- ☐ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)

- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence - Motor Vehicle (MVNG)
- ☐ Negligence - Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)

- ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP)
- ☐ Possession Of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☐ Other *(specify and list separately)*

| *Date* November 3, 2015 | *Signature Of Attorney/Party* |

NOTE: *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752) or Court Action (AOC-CV-753) cover sheet.*
(Over)

AOC-CV-751, Rev. 6/11, © 2011 Administrative Office of the Courts

POUNDS EX 0570

POUNDS EX 0571

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

15 CvD 8597

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
)
Plaintiff )
)
vs. )
)
AMANDA STANCIL, )
)
Defendant )
_____ )

COMPLAINT

FILED 2015 NOV 17 CUMBERLAND BY



The Plaintiff, complaining of the Defendant, alleges and says as follows:

1. The Plaintiff, a limited liability company organized under the laws of the state of Delaware, with a principal office and place of business in Norfolk, Virginia, is duly licensed as a collection agency in North Carolina by the Department of Insurance and has been issued permit number 4132.

2. The Defendant is a resident of Cumberland County, North Carolina.

3. Pursuant to an agreement entered into between the Defendant and the Plaintiff's predecessor in interest, GE Capital Retail Bank f/k/a GE Money Bank, a credit account (hereinafter "Account") was opened and credit extended to the Defendant.

4. The Defendant incurred debt on the Account, as shown by the account statements attached and incorporated herein by reference as Exhibit A. These statements provide an ongoing itemization of the charges and fees incurred to the Account and reflect how they were calculated. The last payment made to the account was received on January 10, 2013.

5. The Defendant defaulted by failing to make all payments owed on the Account when due. The Account was subsequently charged-off, assigned and acquired by the Plaintiff.

POUNDS EX 0572

Documentation evidencing the complete chain of assignment is attached and incorporated herein as Exhibit B.

6. Notice of intent to file legal action was sent to Defendant at least thirty (30) days prior to the filing of this action.

7. As shown by the attached Exhibits, the Defendant remains lawfully indebted to the Plaintiff in the amount of $1,005.85. Said amount includes any offsets and credits to which the Defendant is lawfully entitled.

WHEREFORE, the Plaintiff prays the Court as follows:

1. That the Plaintiff have and recover from the Defendant the amount of $1,005.85.

2. No interest whatsoever.

3. That the Plaintiff further recover from said Defendant all costs of this action.

4. For such other and further relief as the Court may deem just and proper.

This the _10th_ day of _November_, _2015_.

SESSOMS & ROGERS, P.A.

By: _____

Andrew E. Hoke
Attorney for Plaintiff
P.O. Box 110564
Durham, North Carolina 27709
Telephone: (919) 688-1000

POUNDS EX 0573



**Belk Rewards**
**Credit Card**

AMANDA C STANCIL
Account Number: ████████436

Visit us at www.belkcredit.com
Customer Service: 1-800-669-6550

| Summary of Account Activity | |
|---|---|
| Previous Balance | $911.52 |
| - Payments | $170.00 |
| + Interest Charged | $18.32 |
| New Balance | $759.84 |
| | |
| Credit Limit | $750.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 01/16/2013 |
| Days in Billing Cycle | 31 |

| Payment Information | |
|---|---|
| New Balance | $759.84 |
| Total Minimum Payment Due | $32.00 |
| Overlimit Amount | $9.84 |
| Payment Due Date | 02/08/2013 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the Minimum payment | 5 years | $1,205.00 |

If you would like information about credit counseling services, call 1-877-302-8775.

| Rewards Points Summary | |
|---|---|
| Previous Point Balance | 0 |
| Points Earned This Period | 0 |
| Points Converted to Rewards | 0 |
| Current Point Balance | 0 |
| Points to Next Reward | 400 |
| Rewards Earned This Year | $0 |

**Belk Account News**

Current Year-To-Date Spend: $0.00
Spend Needed For Premier Status: $600.00
Points To Next Reward: 400

Use Your Belk Card to Enjoy Exceptional
Value, Savings And Rewards!
Remember You Earn 1 Point For Every Dollar
You Spend, Some Exclusions Apply.



**Transaction Summary**

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|---|---|---|---|---|---|
| 01/10 | 01/10 | P9356000800XS6H0Y | | ONLINE PYMT-THANK YOU  ALPHARETTA  GA | ($170.00) |
| | | | | FEES | |
| | | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| | | | | INTEREST CHARGED | |
| 01/16 | 01/16 | | | INTEREST CHARGE ON PURCHASES | $18.32 |
| (Continued on next page) | | | | | |

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

**NOTICE:** We may convert your payment into an electronic debit. See reverse for details, Billing Rights and other important information.

6120      E1H      1    7  13  130116      E 0 PAGE 1 of 3      9356  1500  B214  013W6120

Detach and mail this portion with your check. Do not include any correspondence with your check.



Account Number ████████436

| Total Minimum Payment Due | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|
| $32.00 | 02/08/2013 | $9.84 | $759.84 |

**Payment Enclosed: $** ☐☐☐☐☐.☐☐
Please use blue or black ink.

Now address or email? Print changes on back.

AMANDA C STANCIL
350 DEXTER LN APT 307
FAYETTEVILLE NC 28314-0467

Make Payment To: BELK/GECRB
PO BOX 530940
ATLANTA, GA 30353-0840



**EXHIBIT**

*A*

POUNDS EX 0574


**belk**
MODERN SOUTHERN STYLE

**Transaction Summary (Continued)**

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|-----------|-----------|------------------|-----------|--------------------------------------|--------|
| | | | | TOTAL INTEREST FOR THIS PERIOD | $18.32 |

| 2013 Totals Year-To-Date | |
|--------------------------|--------|
| Total Fees charged in 2013 | $0.00 |
| Total Interest charged in 2013 | $18.32 |
| Total Interest Paid in 2013 | $5.09 |

**Interest Charge Calculation**
Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|-----------------|-----------------|------------------------|----------------------------------|-----------------|----------------|
| Current Transactions | | | | | |
| Regular Purchases | N/A | 24.49% | $843.28 | $17.55 | 2D |
| Transactions on or before 03/01/2011 | | | | | |
| Regular Purchases | N/A | 23.49% | $38.98 | $0.77 | 2D |

**Cardholder News and Information**
You have recently been unenrolled from electronic statement delivery. You may have opted to stop receiving electronic statements, or this may have occurred because of changes in your account or failure to comply with the Terms and Conditions of the electronic statement service. Please feel free to reenroll at any time.

**Cardholder Benefits and Information**
Sign up for electronic statements - just go to www.belkcredit.com/ebill.

POUNDS EX 0575



## Belk Rewards
## Credit Card

AMANDA C STANCIL
Account Number: ████ 4436

Visit us at www.belkcredit.com
Customer Service: 1-800-347-1170

| Summary of Account Activity | |
|---|---|
| Previous Balance | $1,005.85 |
| - Other Credits | $1,005.85 |
| New Balance | $0.00 |
| | |
| Credit Limit | $750.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 08/14/2013 |
| Days in Billing Cycle | 29 |

| Payment Information | |
|---|---|
| New Balance | $0.00 |
| Amount Past Due | $0.00 |
| Total Minimum Payment Due | $0.00 |
| Payment Due Date | 08/16/2013 |

**Late Payment Warning:**If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

| Rewards Points Summary | |
|---|---|
| Previous Point Balance | 0 |
| Points Earned This Period | 0 |
| Points Converted to Rewards | 0 |
| Current Point Balance | 0 |
| Points to Next Reward | 400 |
| Rewards Earned This Year | $0 |

**Belk Account News**

Current Year-To-Date Spend: $0.00
Spend Needed For Premier Status: $600.00
Points To Next Reward: 400

Use Your Belk Card to Enjoy Exceptional
Value, Savings And Rewards!
Remember You Earn 1 Point For Every Dollar
You Spend, Some Exclusions Apply.



| | | | | | |
|---|---|---|---|---|---|
| $0 | $375 | $750 | $1125 | $1500 |

### Transaction Summary

| Tran Date | Post Date | Reference Number | Plan Type | Description of Transaction or Credit | Amount |
|---|---|---|---|---|---|
| 08/14 | 08/14 | F9356007200999990 | | CHARGE OFF ACCOUNT-PRINCIPALS | ($361.42) |
| 08/14 | 08/14 | F9356007200999990 | | CHARGE OFF ACCOUNT "FINANCE CHARGES" | ($644.43) |
| | | | | FEES | |
| | | | | TOTAL FEES FOR THIS PERIOD | $0.00 |
| | | | | INTEREST CHARGED | |
| 08/14 | 08/14 | | | INTEREST CHARGE ON PURCHASES | $0.00 |
| | | | | TOTAL INTEREST FOR THIS PERIOD | $0.00 |

| 2013 Totals Year-To-Date | |
|---|---|
| Total Fees charged in 2013 | $137.00 |
| Total Interest charged in 2013 | $127.33 |
| Total Interest Paid in 2013 | $5.09 |

### Interest Charge Calculation
Your Annual Percentage Rate (APR)is the annual interest rate on your account.

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|---|---|---|---|---|---|
| Current Transactions | | | | | |

(Continued on next page)

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**
**NOTICE:** We may convert your payment into an electronic debit. See reverse for details, Billing Rights and other important information.

6128      E2H      1      3  13  130814      2 X PAGE 1 of 3      9356  1500  B216  01BW6128

Detach and mail this portion with your check. Do not include any correspondence with your check.



Account Number ████ 4436

| Total Minimum Payment Due | Past Due Amount | Payment Due Date | Overlimit Amount | New Balance |
|---|---|---|---|---|
| $0.00 | $0.00 | 08/16/2013 | $0.00 | $0.00 |

**Payment Enclosed: $** ☐☐☐☐☐.☐☐

Now address or email? Print changes on back.



AMANDA C STANCIL
350 DEXTER LN APT 307
FAYETTEVILLE NC 28314-0467

Make Payment To:BELK/GECRB
PO BOX 530940
ATLANTA, GA 30353-0940

POUNDS EX 0576



**Interest Charge Calculation(Continued)**

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge | Balance Method |
|---|---|---|---|---|---|
| Regular Purchases | N/A | 24.49% | $0.00 | $0.00 | 2D |
| Transactions on or before 03/01/2011 | | | | | |
| Regular Purchases | N/A | 23.49% | $0.00 | $0.00 | 2D |

**Cardholder News and Information**

Please Note: Enclosed is the Privacy Policy for this account. Please take a moment to read it, then keep it with other financial documents. If you have previously opted-out, you do not need to do so again.

**Cardholder Benefits and Information**

Sign up for electronic statements - just go to www.belkcredit.com/ebill.

POUNDS EX 0577



**GE Capital**

## BILL of SALE

### PRA PLCC Fresh – September 2013

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Receivables Purchase Agreement (the "Agreement"), dated as of this 9th day of July, 2013 by and between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C. (collectively "Seller") and Portfolio Recovery Associates, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Receivables as set forth in the Notification Files (as defined in the Agreement), delivered by Seller to Buyer on September 19, 2013, and as further described in the Agreement.

GE Capital Retail Bank

By: _Ken Wojcik_
Ken Wojcik

Title: _EVP Collections & Recovery_

Date: _10·2·13_

General Electric Capital Corporation

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

GEMB Lending, Inc.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

Monogram Credit Services, L.L.C.

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

RFS Holding, L.L.C

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

GEM Holding, L.L.C

By: _Ken Wojcik_
Attorney in Fact Ken Wojcik

Date: _10·2·13_

Portfolio Recovery Associates, LLC

By: _Chris B. Graham_

Title: _Authorized Signer_



**EXHIBIT B**

POUNDS EX 0578

| | |
|---|---|
| ACCTNUM | ████████4436 |
| MKR_FN | AMANDA |
| MKR_LN | STANCIL |
| CMPNY_NAME | |
| MKR_TAXID | ████5158 |
| MKR_AD1 | 350 DEXTER LN APT 307 |
| MKR_AD2 | |
| MKR_AD3 | |
| MKR_CITY | FAYETTEVILLE |
| MKR_ST | NC |
| MKR_ZIP | 28314-0467 |
| MKR_HP | 9109225985 |
| MKR_WP | 0000000000 |
| MKR_BARDATE | 0 |
| MKR_BKCHAP | |
| MKR_CASENUM | |
| MKR_DISCHDTE | 0 |
| MKR_DISMSDTE | 0 |
| MKR_BKMEETDTE | 0 |
| MKR_BKCOURT | |
| MKR_BKFILEDT | 0 |
| ECOA | 1 |
| OPENDATE | 20071021 |
| CHGOFF_DATE | 20130814 |
| RMSLASTPMT | 20130110 |
| LASTPMTAMT | 170 |
| BRANCH | CB93 |
| DOFD | 20130213 |
| CHGOFFCODE | UNPY |
| LOSSAMT | 1005.85 |
| CURBAL | 1005.85 |
| RMSFILENUM | 70667937 |
| ACCTSTS | SF5 |
| STSDESC | Sales - Final - Primary Random Sale |
| JDGDATE | 0 |
| OFF_CODE | MPL467 |
| OFF_DESC | Belk Rewards Card |
| BCLE | 0181 |
| BCLE_DESC | Retail Bank |
| BUYERCODE | PR1S |
| INT_RATE | 24.49 |
| NET_COSTS | 0 |
| NT_INTEREST | 644.43 |
| NET_PRINCIPAL | 361.42 |
| PRINC_LOSS | 361.42 |

POUNDS EX 0579

ASSOC_COSTS      0
ACCRD_INT        644.43
LASTPURCHDT      20111004
CMKR_FN
CMKR_LN
CMKR_TAXID
CMKR_ADDR1
CMKR_ADDR2
CMKR_CITY
CMKR_STATE
CMKR_ZIP
CMKR_LIABLE
MKR_DOB          █████████████
LANG_IND         EN

Data printed by Portfolio Recovery Associates, LLC from electronic records
provided by GE CAPITAL RETAIL BANK pursuant to the sale of accounts from GE CAPITAL RETAIL BANK
to Portfolio Recovery Associates, LLC

POUNDS EX 0580

POUNDS EX 0581

# SESSOMS & ROGERS, P.A.
## ATTORNEYS AT LAW

MAILING ADDRESS:
P.O. BOX 110564
DURHAM, NC 27709

TELEPHONE (919) 688-1000
FACSIMILE (919) 688-9000

November 3, 2015

**FILED**
**2015 NOV 17 A 10: 50**
**CUMBERLAND CO., C.S.C.**
**BY**

Clerk of Superior Court
Cumberland County Courthouse
P.O. Box 363
Fayetteville, North Carolina 28302

Re: Portfolio Recovery Associates, LLC
  v.
  Amanda Stancil

Dear Sir or Madam:

Our firm represents Portfolio Recovery Associates, LLC, the Plaintiff in the above captioned matter. In that regard, we are enclosing the original and two (2) copies of the Complaint and Civil Summons in this case, along with our trust account check for the filing fee. Please file the Complaint, issue the summons, and forward the Defendant's copy along with the enclosed check for service, to the Cumberland County Sheriff's office. Please return the extra file-stamped copy of the Summons and Complaint to our office at the address above for our file.

Thank you very much for your assistance. If you have any questions with respect to this matter, or if you need any additional information, please contact our firm at the address above.

Sincerely yours,

SESSOMS & ROGERS, P.A.

S&R:mrg
Enclosures
246996.001

POUNDS EX 0582

POUNDS EX 0583

| | | |
|---|---|---|
| VCAP  Yes xxxx | | |

| | | | File Number: 15 CVD 8597 |
|---|---|---|---|
| A&P, Endorsement | 21455 | $ | **Payor:** |
| Attorney Fees | 26120 | $ | Sessoms & Rogers |
| Arbitration Appeal | 24310 | $ | |
| Assignment of Judgment | 21400 | $ | |
| Bond Forfeiture Judgment | 22800 | $ | **Payee:** |
| Bond Forfeiture Cost | 26115 | $ | Portfolio Recovery |
| Cash Bond | 26210 | $ | Assoc. LLC |
| Claim of Lien | 21435 | $ | |
| Complex Business Case | 21122 | $ | **Filing Fees:  CVSC $** |
| Condemnation | 26130 | $ | CVDC $ 150 |
| Confession of Judgment | 21400 | $ | Counterclaim    Cross claim    Third party complaint |
| Disputed Funds | 26600 | $ | |
| Execution | 21430 | $ | **LTD Driving Privilege:  24335  $** |
| Lis Pendens | 21435 | $ | |
| Misc | 21400 | $ | |
| Motion | 21450 | $ | |
| Pro Hac Vice  ($200) | 24625 | $ | **Judgment Payment:  26115  $** |
| Pro Hac Vice  ($25) | 24626 | $ | |
| Registrations | 21400 | $ | Full            Partial |
| Rent Bond | 26220 | $ | |
| Supplemental Proceeding | 21400 | $ | **Total:  $** |
| Surplus Funds | 26600 | $ | 150 |
| Transcript | 21440 | $ | **Date:** |
| Trust | 26310 | $ | 11-17-15 |
| Upset Bid | 26700 | $ | **Reviewed By:** |
| Writ | 21400 | $ | PM |

POUNDS EX 0584



CUMBERLAND COUNTY CLERK                    RT

7389012                  11/10/15  09:57 AM

PAYOR: SESSOMS & ROGERS
PAYEE: PORTFOLIO RECOVERY ASSOC LLC
CASE#: 15CV008971 COPY 1Y
CITAH

21220 DC CIVIL FEES              177.00
21221 DC CV LAW FEES               9.00
24981 JUD/TECH & FAC              16.00
22220 DC FAC FEE 0.00             18.00

          TOTAL PAID             150.00
          DO YENDERED           151193.
          CHANGE                    .00

6167   TH C25R309

POUNDS EX 0585

Case 1:16-cv-01395-WO-JEP   Document 1-15   Filed 12/09/16   Page 52 of 110

# STATE OF NORTH CAROLINA

_____ Wake _____ County FILED

| File No. |
| --- |
| 16-CVD-___ |

In The General Court Of Justice
☒ District ☐ Superior Court Division

| Name And Address Of Plaintiff 1 |
| --- |
| Reba Palmer |
| c/o Carlene McNulty, Esq. |
| North Carolina Justice Center, 224 South Dawson St. (27601) |
| P.O. Box 28068, Raleigh, NC 27611 |

2016 JUN 23  P 3: 34

WAKE CO. C.S.C.

BY _____

# GENERAL

## CIVIL ACTION COVER SHEET

☒ INITIAL FILING       ☐ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

| Name And Address Of Plaintiff 2 |
| --- |

**VERSUS**

| Name Of Defendant 1 |
| --- |
| Portfolio Recovery Associates, LLC |

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)

Carlene McNulty, Esq.
North Carolina Justice Center
224 South Dawson St. (27601)
P.O. Box 28068, Raleigh, NC 27611

| Telephone No. | Cellular Telephone No. |
| --- | --- |
| 919-856-2161 | 919-451-8811 |

| NC Attorney Bar No. | Attorney E-Mail Address |
| --- | --- |
| 12488 | carlene@ncjustice.org |

| Summons Submitted ☒ Yes ☐ No | ☒ Initial Appearance in Case | ☐ Change of Address |
| --- | --- | --- |

| Name Of Defendant 2 | Name Of Firm |
| --- | --- |
|  | North Carolina Justice Center |

| FAX No. |
| --- |
| 919-856-2175 |

Counsel for

☒ All Plaintiffs   ☐ All Defendants   ☐ Only (list party(ies) represented)

| Summons Submitted ☐ Yes ☐ No |
| --- |

☒ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

☐ Jury Demanded In Pleading
☐ Complex Litigation

## TYPE OF PLEADING

(check all that apply)

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) (see Note)
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNJF)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) Assess Court Costs
☐ Crossclaim (list on back) (CRSS) Assess Court Costs
☐ Dismiss (DISM) Assess Court Costs
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

(check all that apply)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint (list Third Party Defendants on back) (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other (specify and list each separately)

NOTE: All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Office of the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

**EXHIBIT**

**42**

POUNDS EX 0586

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-of-State | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | Convictions (PLDP) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☒ Other (specify and list each separately) |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | *Unfair debt collectn* |
| ☐ Condemnation (CNDM) | ☐ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

| Date | Signature Of Attorney/Party |
|---|---|
| 06/23/2016 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

Plaintiff(s) Against Whom Counterclaim Asserted

| |
|---|
| |
| |
| |

Defendant(s) Against Whom Crossclaim Asserted

| |
|---|
| |
| |
| |

# STATE OF NORTH CAROLINA

16-CVD

_____ Wake _____ County

In The General Court Of Justice
[x] District    ☐ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Reba Palmer<br>*Address*<br>c/o Cairene McNulty, Esq., North Carolina Justice Center<br>*City, State, Zip*<br>P.O. Box 28068, Raleigh, NC 27611 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**<br><br>G.S. 1A-1, Rules 3, 4 |

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)*<br>Portfolio Recovery Associates, LLC | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| | |
|---|---|
| *Name And Address Of Defendant 1*<br>Portfolio Recovery Associates, LLC<br>c/o Corporation Service Company, its Registered Agent<br>375 Hillsborough Street<br>Raleigh, North Carolina 27603-1725 | *Name And Address Of Defendant 2* |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| | | |
|---|---|---|
| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Carlene McNulty, Esq.<br>North Carolina Justice Center<br>224 South Dawson Street (27601)<br>P.O. Box 28068, Raleigh, NC 27611 | *Date Issued*<br>6/23/16<br>*Signature* | *Time*<br>3<br>☐ AM<br>☑ PM |
| | ☐ Deputy CSC | ☐ Assistant CSC    ☐ Clerk Of Superior Court |

| | | |
|---|---|---|
| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement*<br><br>*Signature* | *Time*<br>☐ AM<br>☐ PM |
| | ☐ Deputy CSC | ☐ Assistant CSC    ☐ Clerk Of Superior Court |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

POUNDS EX 0588

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff. |

AOC-CV-100, Side Two, Rev. 6/11
© 2011 Administrative Office of the Courts

POUNDS EX 0589

NORTH CAROLINA
WAKE COUNTY

FILED

2016 JUN 23 P 3: 34

WAKE CO., C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16-CVD-_____

REBA PALMER,

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

    Plaintiff complains of defendant Portfolio Recovery Associates, LLC ("PRA") as follows:

    1.  Plaintiff Reba Palmer, formerly known as Reba Peach, is a citizen and resident of Wake County.

    2.  Defendant PRA is a "collection agency" and a "debt buyer" within the meaning of those terms as used in N.C.G.S. §§ 58-70-15 and 58-70-155. Defendant is engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means. At all times relevant to the subject matter of this Complaint, Defendant was engaged in commerce in North Carolina.

    3.  PRA instituted a civil action against plaintiff, Wake County case no. 15-CVD-4745, *Portfolio Recovery Associates, LLC v. Peach.* As shown by the file in that action, PRA obtained a default judgment against plaintiff. The default judgment was thereafter vacated by order of this court. Following the order setting aside the default judgment, PRA voluntarily dismissed the case.

POUNDS EX 0590

4. A copy of the Order entered by this court vacating PRA's default judgment is attached to this Complaint as Exhibit 1 and is incorporated here by reference, in its entirety. Plaintiff alleges PRA violated N.C.G.S. § 58-70-155 and, consequently, violated N.C.G.S. § 58-70-115(7), in the manner described in the Order.

5. Specifically, plaintiff contends PRA violated section 58-70-115(7) by requesting and obtaining a default judgment in a manner contrary to section 58-70-155: by obtaining the default judgment without filing authenticated business records with the court that provided "[a]n itemization of charges and fees claimed to be owed." Plaintiff alleges the same thing as this court found at paragraph 27 of its Order: "There is nothing in any of PRA's filings that satisfies the 'itemization' requirement other than those charges in the purported account statement referenced in finding of fact 2(a) above [totaling $527.32]; and, as noted above, this account statement has not been 'properly authenticated.'"

6. As a direct consequence of PRA's violations of North Carolina law as alleged above, defendant has suffered actual injury in that PRA obtained a judgment against her that was obtained in violation of PRA's obligations to defendant under North Carolina law.

7. Because of PRA's violations of North Carolina law as alleged above, defendant is entitled to recover, pursuant to N.C.G.S. § 58-70-130(b), "a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation."

8. In connection with determining the amount of the penalty, plaintiff alleges that PRA's violations as hereinabove alleged were done willfully and knowingly.

9. In connection with determining the amount of the penalty, plaintiff alleges that PRA not only committed the violations alleged above but also submitted documents to the court in

-2-

POUNDS EX 0591

connection with the default judgment process that violated proper affidavit practice and constituted violations of law. Specifically, the Affidavit and Motion for Entry of Default and Judgment by Default was an affidavit by counsel concerning matters of substance; was by a person who had no personal knowledge of certain matters stated in the affidavit; and stated inaccurately that an itemization had been filed with PRA's complaint.

**WHEREFORE**, plaintiff prays:

1. That plaintiff be granted recovery of the statutory penalty prescribed by N.C.G.S. § 58-70-130(b) in the amount of $4,000;

2. That plaintiff be awarded attorney fees pursuant to N.C.G.S. sec. 75-16.1; and

3. That the costs of this action be taxed against PRA.

This, the 23rd day of June, 2016.

NORTH CAROLINA JUSTICE CENTER

Carlene McNulty
NC State Bar No. 12488
Jason Pikler
NC State Bar No. 47128
Post Office Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
         jason.pikler@ncjustice.org

J. Jerome Hartzell
N.C. State Bar No. 7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

-3-

POUNDS EX 0592

NORTH CAROLINA
WAKE COUNTY

GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Plaintiff

    v.

REBA PEACH,

    Defendant

)
)
)
)
)
)
)
)
)
)

ORDER

THIS MATTER came on to be heard and was heard by the undersigned district court judge presiding at the January 7, 2016 Session of Wake County Civil District Court upon defendant Reba Peach's Motion to Set Aside Default Judgment ("Defendant's Motion") filed November 25, 2015, and on Ms. Peach's Motion to Set Aside Entry of Default filed December 15, 2015.

IT APPEARING that attorney Andrew E. Hoke, Sessoms and Rogers, P.A., appeared on behalf of Plaintiff, and that attorneys Carlene McNulty, North Carolina Justice Center, and J. Jerome Hartzell appeared on behalf of Defendant.

After considering the record and the arguments of counsel, reviewing applicable law, and complying with defendant's request for findings of fact and conclusions of law, the Court makes the following:

FINDINGS OF FACT

1.    On April 10, 2015, Portfolio Recovery Associates, LLC ("PRA") filed an unverified Complaint in the instant action alleging that defendant ("Ms. Peach") had a credit

<div style="border:1px solid black; display:inline-block; padding:4px 20px; text-align:center;">
EXHIBIT
1
</div>

POUNDS EX 0593

account with GE Capital Retail Bank f/k/a GE Money Bank, that Ms. Peach defaulted in her payment obligations on the account, and that the account was acquired by PRA.

2.  The following documents were attached to the **unverified** Complaint:

a.  Lowe's Visa Rewards Card Account Statement with Ms. Peach's name and an address of "1225 Fedex Dr. SW #404, Conover, NC 28613-7426," along with a redacted account number (last four digits "7944"). This statement had a payment due date of April 2, 2013, and showed: a previous balance of $2,716.76, one payment of $500, a detailed list of purchases/debits totaling $479.29, interest charges of $48.03, and a new balance of **$2,742.08**;

b.  Lowe's Visa Rewards Card Account Statement with Ms. Peach's name and an address of "1225 Fedex Dr. SW #404, Conover, NC 28613-7426," along with a redacted account number (last four digits "7944"). This statement had a payment due date of October 10, 2013, and showed a previous balance of **$3,188.93**, no payments, and no charges, but two "charge off" entries totaling **$3,188.93**, and a current balance of $0.

c.  Bill of Sale dated December 12, 2013, between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C., collectively as "Seller" and PRA, as "Buyer", that included a one-page computer printout for account number (last 4 digits) 7944 reflecting "Lowe's Visa Rewards", and with Ms. Peach's name and the address that was on the account statements. In bold print at the bottom of this printout is the following: "**Data printed by Portfolio Recovery Associates, LLC from electronic records provided by GE CAPITAL RETAIL BANK pursuant to the sale of accounts from GE CAPITAL RETAIL BANK to Portfolio Recovery Associates, LLC**".

3.  Ms. Peach was served with the Summons that issued on April 13, 2015 and the Complaint by the Wake County Sheriff at 809 Silver Linden Lane, Wake Forest NC 27587 on April 16, 2015.

4.  No motion for extension of time or answer was filed with the Clerk within the time allowed by law, and on May 28, 2015, PRA filed an Affidavit and Motion for Entry of Default and Judgment by Default.

2

POUNDS EX 0594

5.    The Affidavit and Motion for Entry of Default and Judgment by Default includes numerous factual allegations and was sworn to by PRA's attorney, Chelsea E. Uhlman. This motion/affidavit incorporates by reference certain attachments from the Complaint (specifically the two purported account statements and the purported chain of ownership) and it incorporates by reference one page of the Lowe's VISA Rewards Card Account Statement with a payment due date of October 10, 2013 that was included as an attachment to the Affidavit/Motion.

6.    The Affidavit and Motion also references an "attached Affidavit of Account", which is an Affidavit signed by Dianna D. Williams and dated December 15, 2014. This Affidavit was included as part of the Affidavit and Motion. Ms. Williams' Affidavit attests, *inter alia*, that Ms. Williams is an employee of PRA and that she reviewed both PRA's records and the "business records of the Original Creditor GE CAPITAL RETAIL BANK/LOWE'S and those records transferred to [PRA] from GE CAPITAL RETAIL BANK, which have become a part of and have integrated into [PRA's] business records in the ordinary course of business." This Affidavit makes further attestations regarding what the records from the GE Capital Retail Bank ("Account Seller") reflect.

7.    Ms. Uhlman's Affidavit and Motion for Entry of Default and Default Judgment (including the attachments outlined above) were presented to Assistant Clerk of Superior Court, Hope Satterfield, on or about May 28, 2015. That same day, Ms. Satterfield entered default and default judgment against Ms. Peach in the amount of $3,188.93.

8.    PRA is engaged in the business of purchasing delinquent or charged off consumer credit accounts and is, therefore, a "debt buyer" as that term is defined in North Carolina General Statutes Section 58-70-15(b)(4).

3

POUNDS EX 0595

9.    The Consumer Economic Protection Act of 2009 (the "Act") became effective in North Carolina on October 1, 2009. The Act heightened the prerequisites[1] for proper entry of default[2] judgment in a debt buyer action. These additional prerequisites are outlined in N.C. Gen. Stat. §58-70-155 and require that the Plaintiff have filed with the court evidence to establish the amount and nature of the debt, N.C. Gen. Stat. §58-70-155(a), specifically including the following:

a.    The original account number;
b.    The original creditor;
c.    The amount of the original debt;
d.    An itemization of charges and fees claimed to be owed;
e.    The original charge-off balance, or, if the balance has not been charged off, an explanation of the balance was calculated;
f.    An itemization of post charge-off additions, where applicable;
g.    The date of the last payment; and
h.    The amount of interest claimed and the basis for the interest charged.

N.C. Gen. Stat. §58-70-155(b)

10.    The Act further provides that the "only evidence sufficient to establish the amount and nature of the debt shall be properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence." *Id.* In other words, the heightened evidentiary showing as outlined in finding of fact 9 above can be established **only by properly authenticated business records.**

11.    Section 58-70-155(b)'s heightened evidentiary prerequisites in debt buyer cases clearly signal a legislative intent that "something more" is required prior to entry of a default judgment in a debt buyer action than would be required prior to the entry of a default judgment in a debt collection action brought by an original creditor.

---

[1] Use of the term "prerequisites" as it relates to the heightened evidentiary showing for debt buyers seeking default judgment is found in reference manuals for North Carolina Judges and Clerks of Court. *See e.g.,* The North Carolina Superior Court Judges' Benchbook and the North Carolina Clerk of Superior Court Procedures Manual.

[2] These additional prerequisites apply also to the entry of summary judgment.

4

POUNDS EX 0596

Case 1:16-cv-01395-WO-JEP   Document 1-15   Filed 12/09/16   Page 63 of 110

## Ms. Williams' Affidavit

12.     Ms. Williams' Affidavit lays a sufficient foundation to show that the PRA business records she reviewed are subject to the 803(6) hearsay exception, and therefore the knowledge she obtained from the review of such records constitutes 'personal knowledge'. However, as it relates to determining whether the heightened evidentiary prerequisites have been met, the court cannot consider the contents of an Affidavit in determining whether default judgment should be entered in a debt-buyer action. The evidentiary showing required by the Act is "properly authenticated business records." Ms. Williams' Affidavit cannot properly be considered by the court in determining whether the Act's prerequisites have been met other than to "properly authenticate" any business records filed with the court. Ms. Williams' Affidavit does not incorporate or otherwise mention any business records filed with the court.

13.     Even if Ms. Williams had stated in her Affidavit that the account statement attached to Ms. Uhlman's Motion/Affidavit and the account statements attached to the Complaint were part of the records Ms. Williams' reviewed and that these documents are true and accurate copies of the documents she reviewed, Ms. Williams' Affidavit does not lay a sufficient foundation for their admission under Rule 803(6) since it is likely that these documents came from the Account Seller or the Original Creditor.

14.     Hearsay, as defined by the North Carolina Rules of Evidence, is inadmissible unless it is subject to a hearsay exception. "Hearsay within hearsay" is admissible only if each part of the combined statement(s) conforms to an exception.

15.     Ms. Williams' Affidavit clearly reveals that PRA's business records include records transferred from the Account Seller. These other records are a second (and perhaps third)

5

POUNDS EX 0597

layer of hearsay. Absent a showing that these other records fall within a hearsay exception, these other records are inadmissible hearsay.

16.     Ms. Williams' Affidavit is silent as to any knowledge she might have regarding the records keeping system for either the Original Creditor or the Account Seller. *Cf. Moore v. Coachmen Indus.*, 129 N.C. 389, 395 (1998). Her Affidavit is insufficient to show that the Original Creditor's business records or the Account Seller's business records are also subject to Rule 803(6) hearsay exception.

### Ms. Uhlman's Affidavit

17.     Ms. Uhlman's Motion/Affidavit appears to attest to facts about the account at issue in this case. Yet there are no allegations in the Motion/Affidavit as to how she has first-hand knowledge of these facts. For example, in paragraph 13 of her affidavit she attests as follows: "As this was a credit card account, the origination balance was $0.00." Likewise, paragraphs 8 – 11 of her Motion/Affidavit make factual allegations from which there is no basis identified of her first-hand knowledge other than she is the attorney for Plaintiff. Without more, this is not sufficient to show that she has first-hand knowledge about the account.

18.     While Ms. Uhlman's Motion/Affidavit incorporates by reference the account statements and bill of sale that were attached to the Complaint, as well as the "Charge-off Statement" attached to her Motion, there is nothing in Ms. Uhlman's motion/affidavit from which the court could determine that she is a person who could lay the foundation for PRA's business records or for the business records of the Original Creditor or the Account Seller. Therefore, Ms. Uhlman's Motion/Affidavit (and documents incorporated therein) cannot properly be considered by the court in determining whether the Act's prerequisites have been met.

6

POUNDS EX 0598

## Itemization of Charges and Fees: G.S. 58-70-155(b)(4)

19.    Even if the account statements attached to the Complaint and to Ms. Uhlman's Motion/Affidavit could be considered, these documents are insufficient to satisfy the Act's prerequisite of an "itemization of charges and fees".

20.    While there are definitions of the term "itemization" in our General Statutes and case law involving other sections of the General Statutes, Chapter 58 does not define the "itemization of charges and fees claimed to be owed" that must be included in the filings of a plaintiff in a debt-buyer action who is seeking default judgment.

21.    Issues of statutory interpretation are questions of law. *Parkdale Am., LLC v. Hinton,* 200 N.C. App. 275, 278 (2009). The primary goal of statutory interpretation is to "'ascertain the intent of the legislature and to carry out such intention to the fullest extent.'" *Id.* (quoting *Brown v. Flowe,* 349 N.C. 520, 523 (1998)). The words used by the legislature are a primary factor to be considered in determining legislative intent. *Id.* If the language in the statute is clear and unambiguous, the Court must apply the plain meaning of the words. *Id.* However, when ambiguities exist, the Court then must attempt to interpret the statute in such a way as to give effect to the legislative intent. *Union v. Branch Banking & Trust Co.,* 176 N.C. App. 711, 717 (2006) (citation omitted). Absent a statutory definition of a word, it is presumed that the legislature intended to give words within a statute their ordinary meaning as determined according to the context in which those words ordinarily are used. *Parkdale,* 200 N.C. App. at 278. However, if giving effect to the plain meaning of the language of a statute will lead to absurd results, or will contravene the purpose of the legislature, the reason and purpose of the law shall control. *Union,* 176 N.C. App. at 717.

7

POUNDS EX 0599

22.    "Itemize" means "to create a detailed list of things; to set down in detail or by particulars."[3]

23.    In a non-debt buyer case, an affidavit of the amount due and charge-off statement may be sufficient evidence to support entry of default judgment. Given the purpose of the Act, this is clearly not so in a debt buyer action.

24.    To construe an "itemization of charges and fees" to be satisfied by the production of a "charge-off" statement and/or an affidavit of the amount alleged to be due is not consistent with the legislative intent behind the Act.

25.    To require a debt-buyer to file with the Court the detail of every specific charge ever made or fee assessed over the life a credit card account might, in some instances, be unduly burdensome to the debt-buyer as well as an unnecessary burden on the court to review such documentation.

26.    Consistent with the legislative intent behind the Act, the itemization of charges and fees presented in support of a motion for default (or summary) judgment must be detailed and include the particulars of each charge and fee claimed to be unpaid/owed, and this itemization must be the "properly authenticated business records" tendered in support of the motion for default judgment. In other words, there should be business records containing the specific details of individual charges and fees that total at a minimum the amount of the judgment Plaintiff seeks to obtain.

27.    There is nothing in any of PRA's filings that satisfies the "itemization" requirement other than those charges in the purported account statement referenced in finding of

---

[3]"Itemize." *Merriam-Webster.com* Merriam-Webster, n.d. Web. 10 Feb. 2016.

POUNDS EX 0600

fact 2(a) above; and, as noted above, this account statement has not been "properly authenticated."

<center>Amount of the Original Debt: G.S. 58-70-155(b)(3)</center>

28.     Even if the account statements attached to the Complaint and to Ms. Uhlman's Motion/Affidavit could be considered, they are insufficient to satisfy the Act's prerequisite of "the amount of the original debt."

29.     Ms. Uhlman's affidavit was the only submission before the Clerk concerning the "original debt balance." Yet there is nothing in Ms. Uhlman's verified motion that states how she knows the origination balance was zero other than the assumption that: "As this was a credit card account, the origination balance was $0.00."

30.     Hearsay contained in an affidavit and portions of an affidavit that are not based on an affiant's personal knowledge must be ignored by the court. *See, e.g., Moore v. Coachmen Indus.,* 129 N.C. App. 389, 499 S.E. 2d, 772 (1998); *Fuller v. Southland Corp.,* 57 N.C. App. 1, 290 S.E. 2d 754 (1982). While it is not necessary for the affidavit to state that it is based on first-hand knowledge, if it is not apparent from the affidavit that the affiant has first-hand knowledge, then that portion of the affidavit cannot be considered. Certainly assumptions and speculation must be ignored.

31.     The purpose of the Act is to protect consumers. In this case, plaintiff failed to tender any "properly authenticated business records" to the court in support of its motion for default judgment. This utter failure to comply with the heightened evidentiary burden when seeking default judgment is good cause to set aside the entry of default.

32.     Any finding of fact erroneously denominated as a conclusion of law below is incorporated herein by reference.

<center>9</center>

POUNDS EX 0601

CONCLUSIONS OF LAW

1.　This Court has jurisdiction over the parties and the subject matter of this action.

2.　The proper procedure for a defendant to challenge a default judgment is to first seek relief from the judgment at the trial level. If the trial court denies the relief requested, then the order denying relief is the proper subject of an appeal. *See e.g., Golmon v. Latham*, 183 N.C. App. 150 (2007). Therefore, defendant herein could not have appealed the default judgment to the Court of Appeals without doing that which she did – file a motion seeking to have it set aside in the trial court.

3.　The Clerk of Court possesses only such jurisdiction as is prescribed by statute. Rule 55(b)(1) authorizes clerks of court to enter default judgments only "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . ."

4.　In order for the amount sought in a debt-buyer's complaint to be a "sum certain," the Clerk must be able to ascertain the sum by referring to only "properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence." (quoting N.C. Gen. Stat 58-70-155(b)).

5.　As outlined above, no properly authenticated business records that satisfy the requirement of Rule 803(6) were tendered to the Court.

6.　PRA is a "debt buyer" within the meaning of that term as used in N.C.G.S. § 58-70-155. The instant case is "against a debtor" and involves "a complaint initiated by a debt buyer" within the meaning of the language of N.C.G.S. § 58-70-155(a).

7.　N.C.G.S. § 58-70-155 requires, as a "prerequisite" to the entry of a default judgment in a debt buyer case against a debtor, that the debt buyer plaintiff file authenticated

10

POUNDS EX 0602

business records containing, among other things, an itemization of the charges and fees claimed to be owed and the amount and basis for claimed interest.

8.     PRA failed to comply with all the "prerequisites" of N.C.G.S. § 58-70-155.

9.     PRA's filings, including the Complaint, Affidavit and Motion for Entry of Default and Judgment by Default, failed to meet the requirements of Rule 55(b)(1) of a "sum certain or for a sum which can by computation be made," which is a prerequisite to the Clerk having jurisdiction to enter a Default Judgment in this matter.

10.     Defendant's Motion has been made within a reasonable time. The allowance of Defendant's Motion would be consistent with the interests of justice because allowing Defendant's Motion would help effectuate legislative intent in N.C.G.S. § 58-70-155, and would insure a judicial process in compliance with those provisions. Ms. Peach's [Proposed] Answer and Counterclaim filed in advance of the hearing on Defendant's Motion appears to present colorable and valid legal defenses to PRA's Complaint. However no findings or conclusions are entered on that issue.

11.     As set forth herein, good cause exists for setting aside the Entry of Default.

12.     As set forth herein, grounds exist pursuant to Rule 60(b) to set aside the Default Judgment.

13.     Any conclusion of law erroneously denominated as a finding of fact above is incorporated herein by reference.

11

POUNDS EX 0603

NOW, THEREFORE, it is hereby ORDERED that the Judgment by Default is hereby vacated and set aside pursuant to Rule 60(b), and that the Entry of Default is likewise vacated and set aside.

This, the 29th day of March, 2016.

_____
Debra Sasser, Judge Presiding

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing Order was served on counsel of record for Plaintiff and for Defendant by mailing a copy thereof first class mail, postage prepaid, addressed as follows:

Mr. Andrew E. Hoke
Sessoms & Rogers, P.A.
1822 East NC Highway 54, Suite 200
PO Box 110564
Durham, NC 27709

Ms. Carlene McNulty
North Carolina Justice Center
PO Box 28068
Raleigh, NC 27611

Mr. J. Jerome Hartzell
PO Box 10246
Raleigh, NC 27605

This the 29th day of March, 2016.

_____
Ass't/Deputy Clerk of Court

12

POUNDS EX 0604

NORTH CAROLINA
WAKE COUNTY

FILED

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16-CVD-8165

REBA PALMER,

2016 JUN 30 P 4: 48

Plaintiff,

WAKE CO., C.S.C.

BY _____

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF
SERVICE OF PROCESS**

I, Carlene McNulty, hereby certify that, pursuant to Rule 4(j)(6)(d) of the North

Carolina Rules of Civil Procedure, I served a copy of the summons and complaint in this

matter upon Defendant Portfolio Recovery Associates, LLC, by designated delivery

service, as follows:

1. On June 23, 2016, I deposited a true and correct copy of the Summons and

Complaint in a properly addressed envelope to Federal Express, as a designated delivery

service authorized under G.S. 1A-1, Rule 4(j)(1)(d), and 26 U.S.C. § 7502(f)(2), delivery

receipt and direct signature requested, for delivery to addressee: Corporation Service

Company, as Registered Agent for Defendant PRA. A copy of the North Carolina

Secretary of State's company information sheet listing Corporation Service Company as

the authorized Register Agent for PRA is attached hereto as Exhibit A

2. On June 24, 2016 said Summons and Complaint was delivered to Corporation

Service Company, as Registered Agent for Defendant PRA, by Federal Express Standard

Overnight Delivery. A copy of the Federal Express proof-of-delivery receipt evidencing

POUNDS EX 0605

delivery to, and signature confirming receipt by, PRA's authorized Registered Agent is attached hereto as Exhibit B.

This the ___29ᵗ___ day of June, 2016.

<div align="right">

Respectfully submitted,

*Carlene McNulty*

**Carlene McNulty**
NC State Bar No. 12488
*NORTH CAROLINA JUSTICE CENTER*
224 South Dawson Street, P.O. Box 28068
Raleigh, NC 27611
Telephone No.: (919) 856-2161
Facsimile No.: (919) 856-2175
Email: carlene@ncjustice.org

</div>

**STATE OF NORTH CAROLINA**
**COUNTY OF WAKE**

The foregoing Affidavit of Service of Process was acknowledged before me this the ___29___ day of June, 2016, by Carlene McNulty, Esq., who is personally known to me.

_____
Notary Public

MINDY LEMUS
NOTARY PUBLIC
NORTH CAROLINA
DURHAM COUNTY
MY COMM. EXP. 2|17|21

Mindy Lemus
Notary Public Printed Name

My Commission Expires: 2|17|21

[NOTARY SEAL]

-2-

POUNDS EX 0606

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff hereby certifies that on this _____29ᵗʰ_____ day of June, 2016, a true and correct copy of the foregoing Affidavit of Service of Process was filed with the Wake County Clerk of Courts Office, with copies served upon the Registered Agent for Defendant PRA by U.S. Mail, postage prepaid, addressed as follows:

Corporation Service Company, as Registered Agent for
Portfolio Recovery Associates, LLC
327 Hillsborough Street
Raleigh, NC 27603-1725

Respectfully submitted,

Carlene McNulty

-3-

POUNDS EX 0607



Elaine F. Marshall
Secretary

North Carolina
DEPARTMENT OF THE
SECRETARY OF STATE
PO Box 29622  Raleigh, NC 27626-0622  (919)807-2000

Account
Login
Register

## Click Here To:

View Document Filings   File an Annual Report   Amend a Previous Annual Report
Print a Pre-Populated Annual Report form

## Corporate Names

Legal:   Portfolio Recovery Associates, L.L.C

## Limited Liability Company Information

| | |
|---|---|
| Sosid: | 0612016 |
| Status: | Current-Active |
| Annual Report Status: | Current |
| Citizenship: | Foreign |
| Date Formed: | 12/4/2001 |
| Fiscal Month: | December |
| State of Incorporation: | DE |
| Registered Agent: | Corporation Service Company |

## Corporate Addresses

Principal Office:   120 Corporate Boulevard, Suite 100
                    Norfolk, VA 23502-4962

Mailing:            140 Corporate Blvd
                    Norfolk, VA 23502-4952

Reg Office:         327 Hillsborough Street
                    Raleigh, NC 27603-1725

Reg Mailing:        327 Hillsborough Street
                    Raleigh, NC 27603-1725

## Company Officials

All LLCs are managed by their managers pursuant to N.C.G.S. 57D-3-20.

Member:   PRA Group, Inc.
          120 CORPORATE BOULEVARD, SUITE 100
          Norfolk VA 23502

> EXHIBIT
> A



June 27, 2016

Dear Customer:

The following is the proof-of-delivery for tracking number 807599066650.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | H.HUGHES | Delivery location: | 327 HILLSBOROUGH ST. |
| | | | NC 27603 |
| Service type: | FedEx Standard Overnight | Delivery date: | |
| Special Handling: | Deliver Weekday | | Jun 24, 2016 09:35 |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 807599066650 | Ship date: | Jun 23, 2016 |

Recipient:
CORPORATION SQUIRE COMPANY
AGENT FOR PORTFOLIO RECOVERY A
327 HILLSBOROUGH ST
NC 27603 US

Reference

Shipper:
CAILONE MCDUTTY ESQ S
NC JUSTICE CENTER
224 S DAWSON ST
RALEIGH, NC 276011306 US

K 16E-4002316

Thank you for choosing FedEx.

```
┌─────────────────┐
│    EXHIBIT      │
│       B         │
└─────────────────┘
```

POUNDS EX 0609

NORTH CAROLINA
WAKE COUNTY

FILED

2016 JUL 11 P 2: 39

WAKE CO. C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16-CVD-8165

REBA PALMER,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FIRST AMENDED
COMPLAINT**

    NOW COMES Plaintiff Reba Palmer pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure and amends her Complaint against defendant Portfolio Recovery Associates, LLC ("PRA") and alleges as follows:

    1.  Plaintiff Reba Palmer, formerly known as Reba Peach, is a citizen and resident of Wake County.

    2.  Defendant PRA is a "collection agency" and a "debt buyer" within the meaning of those terms as used in N.C.G.S. §§ 58-70-15 and 58-70-155. PRA is engaged in the collection of debts from North Carolina consumers using the mail, internet and the telephone among other means. At all times relevant to the subject matter of this Complaint, PRA was engaged in commerce in North Carolina.

    3.  PRA instituted a civil action against plaintiff, Wake County case no. 15-CVD-4745, *Portfolio Recovery Associates, LLC v. Peach*. As shown by the file in that action, PRA obtained a default judgment against plaintiff. The default judgment was thereafter vacated by order of this court. Following the order setting aside the default judgment, PRA voluntarily dismissed the case.

POUNDS EX 0610

4. A copy of the Order entered by this court vacating PRA's default judgment is attached to this Complaint as Exhibit 1 and is incorporated here by reference, in its entirety. Plaintiff alleges PRA violated N.C.G.S. § 58-70-155 and, consequently, violated N.C.G.S. § 58-70-115(7), in the manner described in the Order.

5. Specifically, plaintiff contends PRA violated section 58-70-115(7) by requesting and obtaining a default judgment in a manner contrary to section 58-70-155: by obtaining the default judgment without filing authenticated business records with the court that provided "[a]n itemization of charges and fees claimed to be owed." Plaintiff alleges the same thing as this court found at paragraph 27 of its Order: "There is nothing in any of PRA's filings that satisfies the 'itemization' requirement other than those charges in the purported account statement referenced in finding of fact 2(a) above [totaling $527.32]; and, as noted above, this account statement has not been 'properly authenticated.'"

6. As a direct consequence of PRA's violations of North Carolina law as alleged above, plaintiff has suffered actual injury in that PRA obtained a judgment against her that was obtained in violation of PRA's obligations to plaintiff under North Carolina law.

7. Because of PRA's violations of North Carolina law as alleged above, plaintiff is entitled to recover, pursuant to N.C.G.S. § 58-70-130(b), "a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation."

8. In connection with determining the amount of the penalty, plaintiff alleges that PRA's violations as hereinabove alleged were done willfully and knowingly.

9. In connection with determining the amount of the penalty, plaintiff alleges that PRA not only committed the violations alleged above but also submitted documents to the court in

POUNDS EX 0611

connection with the default judgment process that violated proper affidavit practice and constituted violations of law. Specifically, the Affidavit and Motion for Entry of Default and Judgment by Default was an affidavit by counsel concerning matters of substance; was by a person who had no personal knowledge of certain matters stated in the affidavit; and stated inaccurately that an itemization had been filed with PRA's complaint.

**WHEREFORE**, plaintiff prays:

1. That plaintiff be granted recovery of the statutory penalty prescribed by N.C.G.S. § 58-70-130(b) in the amount of $4,000;

2. That plaintiff be awarded attorney fees pursuant to N.C.G.S. sec. 75-16.1; and

3. That the costs of this action be taxed against PRA.

This, the 11th day of July, 2016.

NORTH CAROLINA JUSTICE CENTER

Carlene McNulty /JP
Carlene McNulty
NC State Bar No. 12488
Jason Pikler
NC State Bar No. 47128
Post Office Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
        jason.pikler@ncjustice.org

J. Jerome Hartzell /JP
W Jerome Hartzell
N.C. State Bar No. 7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

-3-

POUNDS EX 0612

# CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff hereby certifies that on this ___11th___ day of July, 2016, a true and correct copy of the foregoing First Amended Complaint was served upon the Registered Agent for Defendant PRA by Certified Mail/Return Receipt Requested, postage prepaid, addressed as follows:

> Corporation Service Company, as Registered Agent for
> Portfolio Recovery Associates, LLC
> 327 Hillsborough Street
> Raleigh, NC 27603-1725

Respectfully submitted,

_Jason Pikler_
Jason Pikler

-4-

POUNDS EX 0613

NORTH CAROLINA
WAKE COUNTY

FILED

2016 MAR 29  A II: 37

WAKE COUNTY C.S.C.

GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
15 CVD 4745

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Plaintiff

    v.

REBA PEACH,

    Defendant

)
)
)
)
)
)
)
)
)
)
)

ORDER

THIS MATTER came on to be heard and was heard by the undersigned district court judge presiding at the January 7, 2016 Session of Wake County Civil District Court upon defendant Reba Peach's Motion to Set Aside Default Judgment ("Defendant's Motion") filed November 25, 2015, and on Ms. Peach's Motion to Set Aside Entry of Default filed December 15, 2015.

IT APPEARING that attorney Andrew E. Hoke, Sessoms and Rogers, P.A., appeared on behalf of Plaintiff, and that attorneys Carlene McNulty, North Carolina Justice Center, and J. Jerome Hartzell appeared on behalf of Defendant.

After considering the record and the arguments of counsel, reviewing applicable law, and complying with defendant's request for findings of fact and conclusions of law, the Court makes the following:

<u>FINDINGS OF FACT</u>

1.    On April 10, 2015, Portfolio Recovery Associates, LLC ("PRA") filed an unverified Complaint in the instant action alleging that defendant ("Ms. Peach") had a credit



EXHIBIT

1

POUNDS EX 0614

account with GE Capital Retail Bank f/k/a GE Money Bank, that Ms. Peach defaulted in her

payment obligations on the account, and that the account was acquired by PRA.

    2.    The following documents were attached to the **unverified** Complaint:

        a.    Lowe's Visa Rewards Card Account Statement with Ms. Peach's name and an address of "1225 Fedex Dr. SW #404, Conover, NC 28613-7426," along with a redacted account number (last four digits "7944"). This statement had a payment due date of April 2, 2013, and showed: a previous balance of $2,716.76, one payment of $500, a detailed list of purchases/debits totaling **$479.29**, interest charges of **$48.03**, and a new balance of **$2,742.08**;

        b.    Lowe's Visa Rewards Card Account Statement with Ms. Peach's name and an address of "1225 Fedex Dr. SW #404, Conover, NC 28613-7426," along with a redacted account number (last four digits "7944"). This statement had a payment due date of October 10, 2013, and showed a previous balance of **$3,188.93**, no payments, and no charges, but two "charge off" entries totaling $3,188.93, and a current balance of $0.

        c.    Bill of Sale dated December 12, 2013, between General Electric Capital Corporation, GE Capital Retail Bank, GEMB Lending, Inc., Monogram Credit Services, L.L.C., RFS Holding, L.L.C., and GEM Holding, L.L.C., collectively as "Seller" and PRA, as "Buyer", that included a one-page computer printout for account number (last 4 digits) 7944 reflecting "Lowe's Visa Rewards", and with Ms. Peach's name and the address that was on the account statements. In bold print at the bottom of this printout is the following: "**Data printed by Portfolio Recovery Associates, LLC from electronic records provided by GE CAPITAL RETAIL BANK pursuant to the sale of accounts from GE CAPITAL RETAIL BANK to Portfolio Recovery Associates, LLC**".

    3.    Ms. Peach was served with the Summons that issued on April 13, 2015 and the Complaint by the Wake County Sheriff at 809 Silver Linden Lane, Wake Forest NC 27587 on April 16, 2015.

    4.    No motion for extension of time or answer was filed with the Clerk within the time allowed by law, and on May 28, 2015, PRA filed an Affidavit and Motion for Entry of Default and Judgment by Default.

<div align="center">2</div>

POUNDS EX 0615

5.     The Affidavit and Motion for Entry of Default and Judgment by Default includes numerous factual allegations and was sworn to by PRA's attorney, Chelsea E. Uhlman. This motion/affidavit incorporates by reference certain attachments from the Complaint (specifically the two purported account statements and the purported chain of ownership) and it incorporates by reference one page of the Lowe's VISA Rewards Card Account Statement with a payment due date of October 10, 2013 that was included as an attachment to the Affidavit/Motion.

6.     The Affidavit and Motion also references an "attached Affidavit of Account", which is an Affidavit signed by Dianna D. Williams and dated December 15, 2014. This Affidavit was included as part of the Affidavit and Motion. Ms. Williams' Affidavit attests, *inter alia*, that Ms. Williams is an employee of PRA and that she reviewed both PRA's records and the "business records of the Original Creditor GE CAPITAL RETAIL BANK/LOWE'S and those records transferred to [PRA] from GE CAPITAL RETAIL BANK, which have become a part of and have integrated into [PRA's] business records in the ordinary course of business." This Affidavit makes further attestations regarding what the records from the GE Capital Retail Bank ("Account Seller") reflect.

7.     Ms. Uhlman's Affidavit and Motion for Entry of Default and Default Judgment (including the attachments outlined above) were presented to Assistant Clerk of Superior Court, Hope Satterfield, on or about May 28, 2015. That same day, Ms. Satterfield entered default and default judgment against Ms. Peach in the amount of $3,188.93.

8.     PRA is engaged in the business of purchasing delinquent or charged off consumer credit accounts and is, therefore, a "debt buyer" as that term is defined in North Carolina General Statutes Section 58-70-15(b)(4).

3

POUNDS EX 0616

9.    The Consumer Economic Protection Act of 2009 (the "Act") became effective in North Carolina on October 1, 2009. The Act heightened the prerequisites[1] for proper entry of default[2] judgment in a debt buyer action. These additional prerequisites are outlined in N.C. Gen. Stat. §58-70-155 and require that the Plaintiff have filed with the court evidence to establish the amount and nature of the debt, N.C. Gen. Stat. §58-70-155(a), specifically including the following:

a.    The original account number;
b.    The original creditor;
c.    The amount of the original debt;
d.    An itemization of charges and fees claimed to be owed;
e.    The original charge-off balance, or, if the balance has not been charged off, an explanation of the balance was calculated;
f.    An itemization of post charge-off additions, where applicable;
g.    The date of the last payment; and
h.    The amount of interest claimed and the basis for the interest charged.

N.C. Gen. Stat. §58-70-155(b)

10.   The Act further provides that the "only evidence sufficient to establish the amount and nature of the debt shall be properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence." *Id.* In other words, the heightened evidentiary showing as outlined in finding of fact 9 above can be established **only by properly authenticated business records.**

11.   Section 58-70-155(b)'s heightened evidentiary prerequisites in debt buyer cases clearly signal a legislative intent that "something more" is required prior to entry of a default judgment in a debt buyer action than would be required prior to the entry of a default judgment in a debt collection action brought by an original creditor.

---

[1] Use of the term "prerequisites" as it relates to the heightened evidentiary showing for debt buyers seeking default judgment is found in reference manuals for North Carolina Judges and Clerks of Court. *See, e.g.,* The North Carolina Superior Court Judges' Benchbook and the North Carolina Clerk of Superior Court Procedures Manual.

[2] These additional prerequisites apply also to the entry of summary judgment.

4

POUNDS EX 0617

## Ms. Williams' Affidavit

12.    Ms. Williams' Affidavit lays a sufficient foundation to show that the PRA business records she reviewed are subject to the 803(6) hearsay exception, and therefore the knowledge she obtained from the review of such records constitutes 'personal knowledge'. However, as it relates to determining whether the heightened evidentiary prerequisites have been met, the court cannot consider the contents of an Affidavit in determining whether default judgment should be entered in a debt-buyer action. The evidentiary showing required by the Act is "properly authenticated business records." Ms. Williams' Affidavit cannot properly be considered by the court in determining whether the Act's prerequisites have been met other than to "properly authenticate" any business records filed with the court. Ms. Williams' Affidavit does not incorporate or otherwise mention any business records filed with the court.

13.    Even if Ms. Williams had stated in her Affidavit that the account statement attached to Ms. Uhlman's Motion/Affidavit and the account statements attached to the Complaint were part of the records Ms. Williams' reviewed and that these documents are true and accurate copies of the documents she reviewed, Ms. Williams' Affidavit does not lay a sufficient foundation for their admission under Rule 803(6) since it is likely that these documents came from the Account Seller or the Original Creditor.

14.    Hearsay, as defined by the North Carolina Rules of Evidence, is inadmissible unless it is subject to a hearsay exception. "Hearsay within hearsay" is admissible only if each part of the combined statement(s) conforms to an exception.

15.    Ms. Williams' Affidavit clearly reveals that PRA's business records include records transferred from the Account Seller. These other records are a second (and perhaps third)

.5

POUNDS EX 0618

layer of hearsay. Absent a showing that these other records fall within a hearsay exception, these other records are inadmissible hearsay.

16.    Ms. Williams' Affidavit is silent as to any knowledge she might have regarding the records keeping system for either the Original Creditor or the Account Seller. *Cf. Moore v. Coachmen Indus.*, 129 N.C. 389, 395 (1998). Her Affidavit is insufficient to show that the Original Creditor's business records or the Account Seller's business records are also subject to Rule 803(6) hearsay exception.

### Ms. Uhlman's Affidavit

17.    Ms. Uhlman's Motion/Affidavit appears to attest to facts about the account at issue in this case. Yet there are no allegations in the Motion/Affidavit as to how she has first-hand knowledge of these facts. For example, in paragraph 13 of her affidavit she attests as follows: "As this was a credit card account, the origination balance was $0.00." Likewise, paragraphs 8 – 11 of her Motion/Affidavit make factual allegations from which there is no basis identified of her first-hand knowledge other than she is the attorney for Plaintiff. Without more, this is not sufficient to show that she has first-hand knowledge about the account.

18.    While Ms. Uhlman's Motion/Affidavit incorporates by reference the account statements and bill of sale that were attached to the Complaint, as well as the "Charge-off Statement" attached to her Motion, there is nothing in Ms. Uhlman's motion/affidavit from which the court could determine that she is a person who could lay the foundation for PRA's business records or for the business records of the Original Creditor or the Account Seller. Therefore, Ms. Uhlman's Motion/Affidavit (and documents incorporated therein) cannot properly be considered by the court in determining whether the Act's prerequisites have been met.

6

POUNDS EX 0619

## Itemization of Charges and Fees: G.S. 58-70-155(b)(4)

19.     Even if the account statements attached to the Complaint and to Ms. Uhlman's Motion/Affidavit could be considered, these documents are insufficient to satisfy the Act's prerequisite of an "itemization of charges and fees".

20.     While there are definitions of the term "itemization" in our General Statutes and case law involving other sections of the General Statutes, Chapter 58 does not define the "itemization of charges and fees claimed to be owed" that must be included in the filings of a plaintiff in a debt-buyer action who is seeking default judgment.

21.     Issues of statutory interpretation are questions of law. *Parkdale Am., LLC v. Hinton*, 200 N.C. App. 275, 278 (2009). The primary goal of statutory interpretation is to "'ascertain the intent of the legislature and to carry out such intention to the fullest extent.'" *Id.* (quoting *Brown v. Flowe*, 349 N.C. 520, 523 (1998)). The words used by the legislature are a primary factor to be considered in determining legislative intent. *Id.* If the language in the statute is clear and unambiguous, the Court must apply the plain meaning of the words. *Id.* However, when ambiguities exist, the Court then must attempt to interpret the statute in such a way as to give effect to the legislative intent. *Union v. Branch Banking & Trust Co.*, 176 N.C. App. 711, 717 (2006) (citation omitted). Absent a statutory definition of a word, it is presumed that the legislature intended to give words within a statute their ordinary meaning as determined according to the context in which those words ordinarily are used. *Parkdale*, 200 N.C. App. at 278. However, if giving effect to the plain meaning of the language of a statute will lead to absurd results, or will contravene the purpose of the legislature, the reason and purpose of the law shall control. *Union*, 176 N.C. App. at 717.

7

POUNDS EX 0620

22.    "Itemize" means "to create a detailed list of things; to set down in detail or by particulars."[3]

23.    In a non-debt buyer case, an affidavit of the amount due and charge-off statement may be sufficient evidence to support entry of default judgment. Given the purpose of the Act, this is clearly not so in a debt buyer action.

24.    To construe an "itemization of charges and fees" to be satisfied by the production of a "charge-off" statement and/or an affidavit of the amount alleged to be due is not consistent with the legislative intent behind the Act.

25.    To require a debt-buyer to file with the Court the detail of every specific charge ever made or fee assessed over the life a credit card account might, in some instances, be unduly burdensome to the debt-buyer as well as an unnecessary burden on the court to review such documentation.

26.    Consistent with the legislative intent behind the Act, the itemization of charges and fees presented in support of a motion for default (or summary) judgment must be detailed and include the particulars of each charge and fee claimed to be unpaid/owed, and this itemization must be the "properly authenticated business records" tendered in support of the motion for default judgment. In other words, there should be business records containing the specific details of individual charges and fees that total at a minimum the amount of the judgment Plaintiff seeks to obtain.

27.    There is nothing in any of PRA's filings that satisfies the "itemization" requirement other than those charges in the purported account statement referenced in finding of

---

[3]"Itemize." *Merriam-Webster.com* Merriam-Webster, n.d. Web. 10 Feb. 2016.

8

POUNDS EX 0621

fact 2(a) above; and, as noted above, this account statement has not been "properly authenticated."

## Amount of the Original Debt: G.S. 58-70-155(b)(3)

28.    Even if the account statements attached to the Complaint and to Ms. Uhlman's Motion/Affidavit could be considered, they are insufficient to satisfy the Act's prerequisite of "the amount of the original debt."

29.    Ms. Uhlman's affidavit was the only submission before the Clerk concerning the "original debt balance." Yet there is nothing in Ms. Uhlman's verified motion that states how she knows the origination balance was zero other than the assumption that: "As this was a credit card account, the origination balance was $0.00."

30.    Hearsay contained in an affidavit and portions of an affidavit that are not based on an affiant's personal knowledge must be ignored by the court. *See, e.g., Moore v. Coachmen Indus.*, 129 N.C. App. 389, 499 S.E. 2d, 772 (1998); *Fuller v. Southland Corp.*, 57 N.C. App. 1, 290 S.E. 2d 754 (1982). While it is not necessary for the affidavit to state that it is based on first-hand knowledge, if it is not apparent from the affidavit that the affiant has first-hand knowledge, then that portion of the affidavit cannot be considered. Certainly assumptions and speculation must be ignored.

31.    The purpose of the Act is to protect consumers. In this case, plaintiff failed to tender any "properly authenticated business records" to the court in support of its motion for default judgment. This utter failure to comply with the heightened evidentiary burden when seeking default judgment is good cause to set aside the entry of default.

32.    Any finding of fact erroneously denominated as a conclusion of law below is incorporated herein by reference.

9

POUNDS EX 0622

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     The proper procedure for a defendant to challenge a default judgment is to first seek relief from the judgment at the trial level. If the trial court denies the relief requested, then the order denying relief is the proper subject of an appeal. *See e.g., Golmon v. Latham*, 183 N.C. App. 150 (2007). Therefore, defendant herein could not have appealed the default judgment to the Court of Appeals without doing that which she did – file a motion seeking to have it set aside in the trial court.

3.     The Clerk of Court possesses only such jurisdiction as is prescribed by statute. Rule 55(b)(1) authorizes clerks of court to enter default judgments only "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . ."

4.     In order for the amount sought in a debt-buyer's complaint to be a "sum certain," the Clerk must be able to ascertain the sum by referring to only "properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence." (quoting N.C. Gen. Stat 58-70-155(b)).

5.     As outlined above, no properly authenticated business records that satisfy the requirement of Rule 803(6) were tendered to the Court.

6.     PRA is a "debt buyer" within the meaning of that term as used in N.C.G.S. § 58-70-155. The instant case is "against a debtor" and involves "a complaint initiated by a debt buyer" within the meaning of the language of N.C.G.S. § 58-70-155(a).

7.     N.C.G.S. § 58-70-155 requires, as a "prerequisite" to the entry of a default judgment in a debt buyer case against a debtor, that the debt buyer plaintiff file authenticated

10

POUNDS EX 0623

business records containing, among other things, an itemization of the charges and fees claimed to be owed and the amount and basis for claimed interest.

8.     PRA failed to comply with all the "prerequisites" of N.C.G.S. § 58-70-155.

9.     PRA's filings, including the Complaint, Affidavit and Motion for Entry of Default and Judgment by Default, failed to meet the requirements of Rule 55(b)(1) of a "sum certain or for a sum which can by computation be made," which is a prerequisite to the Clerk having jurisdiction to enter a Default Judgment in this matter.

10.    Defendant's Motion has been made within a reasonable time. The allowance of Defendant's Motion would be consistent with the interests of justice because allowing Defendant's Motion would help effectuate legislative intent in N.C.G.S. § 58-70-155, and would insure a judicial process in compliance with those provisions. Ms. Peach's [Proposed] Answer and Counterclaim filed in advance of the hearing on Defendant's Motion appears to present colorable and valid legal defenses to PRA's Complaint. However no findings or conclusions are entered on that issue.

11.    As set forth herein, good cause exists for setting aside the Entry of Default.

12.    As set forth herein, grounds exist pursuant to Rule 60(b) to set aside the Default Judgment.

13.    Any conclusion of law erroneously denominated as a finding of fact above is incorporated herein by reference.

POUNDS EX 0624

NOW, THEREFORE, it is hereby ORDERED that the Judgment by Default is hereby vacated and set aside pursuant to Rule 60(b), and that the Entry of Default is likewise vacated and set aside.

This, the 29th day of March, 2016.

_____
Debra Sasser, Judge Presiding

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing Order was served on counsel of record for Plaintiff and for Defendant by mailing a copy thereof first class mail, postage prepaid, addressed as follows:

Mr. Andrew E. Hoke
Sessoms & Rogers, P.A.
1822 East NC Highway 54, Suite 200
PO Box 110564
Durham, NC 27709

Ms. Carlene McNulty
North Carolina Justice Center
PO Box 28068
Raleigh, NC 27611

Mr. J. Jerome Hartzell
PO Box 10246
Raleigh, NC 27605

This the 29th day of March, 2016.

_____
Ass't/Deputy Clerk of Court

12

POUNDS EX 0625

NORTH CAROLINA
WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16-CVD-8165

REBA PALMER,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF
SERVICE OF PROCESS
BY CERTIFIED MAIL**

I, Jason Pikler, hereby certify that, pursuant to Rule 4(j)( c) of the North Carolina Rules of Civil Procedure, I served a copy of the Amended Complaint in this matter upon Defendant Portfolio Recovery Associates, LLC, by certified mail/return receipt requested, as follows:

1. On July 11, 2016, I deposited a true and correct copy of the Amended Complaint in a properly addressed envelope to United States Postal Service, Certified Mail/Return Receipt Requested, for delivery to addressee: Corporation Service Company, as Registered Agent for Defendant PRA.

2. On July 14, 2016 said Amended Complaint was delivered to Corporation Service Company, as Registered Agent for Defendant PRA, by Certified Mail/Return Receipt Requested. The original United States Postal Service proof-of-delivery receipt evidencing delivery to, and signature confirming receipt by, PRA's authorized Registered Agent is attached hereto as Exhibit A.

POUNDS EX 0626

This the 20th day of July, 2016.

Respectfully submitted,



**Jason Pikler**
NC State Bar No. 47128
*NORTH CAROLINA JUSTICE CENTER*
224 South Dawson Street, P.O. Box 28068
Raleigh, NC 27611
Telephone No.: (919) 863-2304
Facsimile No.: (919) 856-2175
Email: jason.pikler@ncjustice.org

**STATE OF NORTH CAROLINA**
**COUNTY OF WAKE**

The foregoing Affidavit of Service of Process was acknowledged before me this the _____ 20th _____ day of July, 2016, by Jason Pikler, Esq., who is personally known to me.

_____
Notary Public

_Mindy Lemus_
Notary Public Printed Name

My Commission Expires: 2|17|2021

MINDY LEMUS
NOTARY PUBLIC
NORTH CAROLINA
DURHAM COUNTY
MY COMM. EXP. 2|17|21

[NOTARY SEAL]

-2-

POUNDS EX 0627

## CERTIFICATE OF SERVICE

Undersigned counsel for Plaintiff hereby certifies that on this ___20th___ day of July, 2016, a true and correct copy of the foregoing Affidavit of Service of Process was filed with the Wake County Clerk of Courts Office, with copies served upon the Registered Agent for Defendant PRA by U.S. Mail, postage prepaid, addressed as follows:

      Corporation Service Company, as Registered Agent for
      Portfolio Recovery Associates, LLC
      327 Hillsborough Street
      Raleigh, NC 27603-1725

                    Respectfully submitted,


                    Jason Pikler

-3-

POUNDS EX 0628

# EXHIBIT "A"

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.10 |
| Certified Fee | 3.30 |
| Return Receipt Fee (Endorsement Required) | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.10 |

Postmark Here

RALEIGH, 27602

Sent To: Corporation Service Company as RA for PRA
Street, Apt. No.; or PO Box No. 327 Hillsborough St.
City, State, ZIP+4 Raleigh, NC 27603-1725

PS Form 3800, August 2006    See Reverse for Instructions

7010 1670 0000 4941 2051

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
as Registered Agent for
Portfolio Recovery Assoc. LLC
327 Hillsborough Street
Raleigh, NC 27603-1725

9590 9402 1793 6074 4290 73

2. Article Number (Transfer from service label)

7010 1670 0000 4941 2051

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
HGaines    7/14

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

POUNDS EX 0629

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16 CvD 8165

REBA PALMER,

      Plaintiff,

      v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant.

)
)
)
)
)
)
)
)
)

**DEFENDANT'S MOTION FOR
EXTENSTION OF TIME**

Pursuant to Rule 6 of the North Carolina Rules of Civil Procedure, defendant Portfolio Recovery Associates, LLC respectfully moves the Court for an order extending for thirty (30) days the time for defendant Portfolio Recovery Associates, LLC to serve its answer or other responsive pleading to Plaintiff's Amended Complaint. In support of the motion, defendant Portfolio Recovery Associates, LLC shows unto the Court that it was served with a copy of the Complaint on July 14, 2016, as evidenced by the attached Exhibit A; that the time within which to respond to Plaintiff's Amended Complaint has not expired; that no prior extensions of time have been granted; and that defendant Portfolio Recovery Associates, LLC needs additional time to prepare its answer or other responsive pleading to the Amended Complaint.

WHEREFORE, defendant Portfolio Recovery Associates, LLC requests that its Motion for Extension of Time be granted and that it have an additional thirty (30) days to and including September 14, 2016, within which to serve its answer or other responsive pleading to Plaintiff's Amended Complaint.

POUNDS EX 0630

This the _10th_ day of August, 2016.

Jon Berkelhammer
N.C. State Bar No. 10246
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Telephone: (336) 389-5683
Facsimile: (336) 217-4198
jon.berkelhammer@elliswinters.com

*Attorney for Defendant*

POUNDS EX 0631

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been duly served by depositing a copy thereof in the United States mail, first class, postage pre-paid addressed to the following counsel of record:

Carlene McNulty
Jason Pikler
North Carolina Justice Center
Post Office Box 28068
Raleigh, NC 27611
*Attorney for Plaintiff*

J. Jerome Hartzell
Post Office Box 10246
Raleigh, NC 27605

This the *10th* day of August, 2016.

Jon Berkelhammer
N.C. State Bar No. 10246
*Attorney for Defendant*

3

POUNDS EX 0632

# Exhibit A

4

POUNDS EX 0633



CORPORATION SERVICE COMPANY'

# Notice of Service of Process

NJH / ALL
Transmittal Number: 15387147
Date Processed: 07/14/2016

| Primary Contact: | Shannan R. Powell<br>Portfolio Recovery Associates, Inc.<br>140 Corporate Boulevard<br>Norfolk, VA 23502 |
|---|---|

| Entity: | Portfolio Recovery Associates, LLC<br>Entity ID Number 1653471 |
|---|---|
| Entity Served: | Portfolio Recovery Associates LLC |
| Title of Action: | Reba Palmer vs. Portfolio Recovery Associates, LLC |
| Document(s) Type: | Amended Counterclaim |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Wake County District Court, North Carolina |
| Case/Reference No: | 16-CVD-8165 |
| Jurisdiction Served: | North Carolina |
| Date Served on CSC: | 07/14/2016 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | North Carolina Justice Center<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

POUNDS EX 0634

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16 CvD 8165

REBA PALMER,

     Plaintiff,

     v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

     Defendant.

)
)
)
)
)
)
)
)
)

**ORDER**

THIS CAUSE COMING ON TO BE HEARD and being heard before the Undersigned Clerk of Court of Wake County on defendant Portfolio Recovery Associates, LLC's Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, and it appearing to the Court that the time for responding to Plaintiff's Amended Complaint, has not expired, that no prior extensions of time have been obtained, and the motion is well-taken and should be ALLOWED;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Portfolio Recovery Associates, LLC's Motion for Extension of Time is GRANTED, and defendant Portfolio Recovery Associates, LLC shall have an additional thirty (30) days to and including September 14, 2016, within which to serve its answer or other responsive pleading to Plaintiff's Amended Complaint.

This the _____ day of August, 2016.

_____
Deputy/Clerk of Superior Court

POUNDS EX 0635

NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
16 CvD 8165

REBA PALMER,

    Plaintiff,

    v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)

## CONFESSION OF JUDGMENT

Pursuant to Rule 68.1 of the North Carolina Rules of Civil Procedure, defendant Portfolio Recovery Associates, LLC ("PRA"), shows the court:

1.     Plaintiff Reba Palmer resides in Wake County, North Carolina.

2.     Defendant PRA is a limited liability company organized under the laws of the state of Delaware, with a principal office and place of business in Norfolk, Virginia.

3.     On July 11, 2016, plaintiff filed her amended complaint against PRA. Plaintiff contends that PRA violated North Carolina law when it requested and obtained a default judgment against plaintiff in a separate debt collection case denominated as Wake County case no. 15-CVD-4745, Portfolio Recovery Associates. LLC v. Peach.

4.     Plaintiff alleges one purported violation: that PRA violated N.C. Gen. Stat. § 58-70-115(7) by requesting and obtaining a default judgment in a manner contrary to N.C. Gen. Stat. § 58-70-155. Specifically, plaintiff contends that PRA obtained "the default judgment without filing authenticated business records with the court that provided 'a[n] itemization of charges and fees claimed to be owed.'" Am. Compl. ¶ 5 (quoting N.C. Gen. Stat. § 58-70-155).

POUNDS EX 0636

5. Plaintiff prays that she be granted recovery of the statutory penalty prescribed by N.C.G.S. § 58-70-130(b) in the amount of $4,000. Am. Compl. prayer for relief ¶ 1.

6. PRA may (or may not) be liable to Plaintiff in the amount prayed for in the Complaint or for any amount.

7. PRA nevertheless authorizes the entry of judgment in favor of plaintiff Reba Palmer in the sum of $4,000.

This the 12th day of September, 2016.

_Lu Tisha S. Dun_
Portfolio Recovery Associates, LLC,
Defendant

*This the 14th day of September, 2016.*

_Jon Berkelhammer_ *by*
Jon Berkelhammer                    *Dixie J. Nelly*
N.C. State Bar No. 10246            *# 26816*
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Telephone: (336) 389-5683
Facsimile: (336) 217-4198
jon.berkelhammer@elliswinters.com

Attorney for Defendant

Upon the foregoing confession of judgment, it is therefore ordered, adjudged and decreed that plaintiff have and recover of defendant the sum of $4,000 and costs.

This ___ day of September, 2016.

_____
Clerk

2

POUNDS EX 0637

## VERIFICATION

Commonwealth
~~STATE~~ OF Virginia
City
~~COUNTY~~ OF Norfolk

LaTisha Owens _____, first being duly sworn, deposes and says that he/she is the Deputy General Counsel of Portfolio Recovery Associates, LLC and has the authority to make this verification on its behalf, that the statements contained in the foregoing Judgment are true and correct to the best of his/her knowledge, except where it is stated upon information and belief, in which case he/she believes the response to be true.

This the 12th day of September, 2016.

_La Tisha S. Ow___

Sworn to and subscribed before me
this the 12th day of September, 2016.

_Nancy J. Mahlmann_
Notary Public

My Commission Expires: _February 28, 2019_

*[Notary Seal: NANCY J. MAHLMANN, COMMONWEALTH, REGISTRATION NO. 7512859, MY COMM. EXPIRES 02/28/2019, OF VIRGINIA, NOTARY PUBLIC]*

3

POUNDS EX 0638

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been duly served by depositing a copy thereof in

the United States mail, first class, postage pre-paid addressed to the following counsel of record:

Carlene McNulty
Jason Pikler
North Carolina Justice Center
Post Office Box 28068
Raleigh, NC 27611
*Attorney for Plaintiff*

J. Jerome Hartzell
Post Office Box 10246
Raleigh, NC 27605

This the 14th day of September, 2016.

Jon Berkelhammer by Alice
Jon Berkelhammer          J. Wily
N.C. State Bar No. 10246   # 26816
*Attorney for Defendant*

4

POUNDS EX 0639

# AUTHENTICATING AFFIDAVITS



EXHIBIT
43

POUNDS EX 0640

NORTH CAROLINA
WAKE COUNTY

## **AFFIDAVIT OF SEONAID A. RIJO**
## **AUTHENTICATING CASE FILES**

Seonaid A. Rijo, being duly sworn, deposes and says:

1. I am a senior litigation paralegal at the North Carolina Justice Center. I give this affidavit in the belief that it presents matters that are undisputed, as it concerns solely the contents of court file copied at the Cumberland County Clerk of Court's Office.

2. On August 30, 2016, I visited the office of the Cumberland County Clerk of Court where I retrieved and scanned the contents of the case file *Portfolio Recovery Associates, LLC v. Amanda Stancil* (15-CVD-8597).

3. The file described above was copied into an electronic file using a Fujitsu Scansnap iX-500 portable document scanner. I scanned the complete file as of the date of copying.

4. I saved the contents of the scanned court file in pdf. format onto a computer provided to me by the North Carolina Justice Center.

5. The court file referenced above appears as Exhibit 41 to the Exhibits in Support of Plaintiffs' Motion for Class Certification, and is a true, accurate, and complete copy of the file as maintained by the Cumberland County Clerk of Court's Office as of the date set out above.

[Intentionally left blank]

POUNDS EX 0641

FURTHER AFFIANT SAYETH NAUGHT.

This the 9th day of _November_, 2016.

_Seonaid A. Rijo_
SEONAID A. RIJO

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Subscribed and sworn to (or affirmed) before me,
this the __9__ day of _November_, 2016.

_Melissa Wiggins_ _____ (SEAL)
NOTARY PUBLIC

My Commission Expires: _10/7/17_.

Melissa Wiggins
Notary Public
Wake County
North Carolina
My Commission Expires 10/7/17

POUNDS EX 0642

NORTH CAROLINA
WAKE COUNTY

## **AFFIDAVIT OF COUNSEL (McNULTY)**
## **AUTHENTICATING COURT DOCUMENTS**

Carlene McNulty being duly sworn, deposes and says:

1. I am an attorney at the North Carolina Justice Center. I give this affidavit in the belief that it presents matters that are undisputed, as it concerns solely copies of court documents that I filed and/or were served by the opposing party in a case filed at the Wake County Clerk of Court's Office.

2. I represent Reba Palmer in a case filed in Wake County District Court against Portfolio Recovery Associates, LLC (Wake 16-CVD-8165). All of the documents that comprise Exhibit 42 of the Exhibits in Support of Plaintiffs' Motions for Preliminary Injunction and Class Certification are true and accurate copies of documents that were either filed by me or served on me by Portfolio Recovery Associates, LLC, in the above-described case.

3. FURTHER AFFIANT SAYETH NAUGHT.

This the 3rd day of November, 2016.

_Carlene McNulty_
Carlene McNulty

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Subscribed and sworn to (or affirmed) before me,
this the 3rd day of November, 2016.

_Leonard A. Rijo_ (SEAL)
NOTARY PUBLIC

My Commission Expires: 9·17·21

SEONAID A RIJO
Notary Public
Wake
County
My Comm. Exp.
07-17-2021
NORTH CAROLINA

POUNDS EX 0643