# EXHIBIT P

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
IREDELL COUNTY    CASE NO.: 12-CVS-642

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
)
)
Plaintiff, )
)
v. )
)
CAROLINE L. HOUSTON, )
)
Defendant. )
)
_____ )
)
CAROLINE L. HOUSTON, )
on behalf of herself and all others similarly situated, )
)
Counterclaimant, )
)
v. )
)
PORTFOLIO RECOVERY ASSOCIATES, LLC, )
)
Defendant to Counterclaim. )
)

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES defendant, Caroline L. Houston, by and through undersigned counsel, and moves the Court, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, for Summary Judgment on her counterclaims against plaintiff Portfolio Recovery Associates, LLC on the grounds that there are no genuine issues as to any material facts and the defendant is entitled to judgment as a matter of law as more particularly set out in the brief filed contemporaneously herewith.



EXHIBIT 44

POUNDS EX 0644

WHEREFORE, Defendant moves the Court to enter judgment in her favor as follows:

1. Plaintiff has failed to attach to its Complaint any contract or other writing evidencing the original alleged debt that contains a signature of Ms. Houston, in violation of N.C. Gen. Stat. § 58-70-150(1).

2. Plaintiff has failed to allege in its Complaint, and failed to establish, that no signed contract ever existed, in violation of N.C. Gen. Stat. § 58-70-150(1).

3. Plaintiff has failed to attach to its Complaint a copy of any document showing a credit card was actually used, in violation of N.C. Gen. Stat. §58-70-150(1).

4. Plaintiff has failed to attach to its Complaint a copy of an assignment or other writing establishing that it is the owner of the alleged debt, in violation of N.C. Gen. Stat. § 58-70-150(2).

5. Plaintiff has failed to provide Ms. Houston with an itemization of the alleged debt prior to initiating the lawsuit, in violation of N.C. Gen. Stat. § 58-70-115(5).

6. Plaintiff has willfully engaged in these acts or practices.

7. These practices constitute unfair trade practices pursuant to N.C. Gen. Stat. § 75-1.1.

8. Ms. Houston is entitled to civil penalties pursuant to N.C. Gen. Stat. § 58-70-130(b).

POUNDS EX 0645

This the 25th day of November, 2013

          Respectfully Submitted,

          NORTH CAROLINA JUSTICE CENTER

          */s/ Carlene McNulty*

          Carlene McNulty
          N.C. State Bar No. 12488
          Post Office Box 28068
          Raleigh, NC 27611
          Telephone: (919) 856-2161
          N.C. State Bar No.: 12488
          Email: carlene@ncjustice.org


          Travis E. Collum
          COLLUM & PERRY, PLLC
          Post Office Box 1739
          Mooresville, NC 28115
          Telephone: (704) 663-4187
          N.C. State Bar No.: 29158
          Email: travis@collumperry.com

          Suzanne Begnoche
          BEGNOCHE LAW OFFICE
          312 W. Franklin Street
          Chapel Hill, NC 27516
          Telephone: (919) 960-6108
          N.C. State Bar No.: 35158
          Email: suzanne.begnoche@begnochelaw.com

          Adrian M. Lapas
          ADRIAN M. LAPAS, P.A.
          Post Office Box 46
          Goldsboro, NC 27533
          Telephone: (919) 735-0098
          Facsimile: (919) 735-0568
          N.C. State Bar No.: 20022
          Email: adrianlapas@goldsborobankruptcylawyer.com
          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that of the 25th day of November, 2013, a true and correct copy of the foregoing was served upon all counsel and parties of record by electronic transmission and/or U.S. Mail, postage prepaid, addressed as follows:

Jon Berkelhammer, Esq.
Manning A. Connors, Esq.
Laura J. Dildine, Esq.
Smith Moore Leatherwood, LLP
300 North Greene Street
Suite 1400
Greensboro, NC 27401
Email: jon.berkelhammer@smithmoorelaw.com
manning.connors@smithmoorelaw.com

Mitchell A. Meyers, Esq.
Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, NC 27709
Email: mmeyers@sessomslaw.com

*Counsel for Plaintiff Portfolio Recovery Associates, LLC*

Hon. Roy A. Cooper, North Carolina Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
Email: Plehman@ncdoj.gov

*/s/ Carlene McNulty*
Carlene McNulty

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
                                                         SUPERIOR COURT DIVISION
IREDELL COUNTY                              12 CVS 642

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Plaintiff,

v.

CAROLINE L. HOUSTON,

    Defendant.



**ORDER**

---

CAROLINE L. HOUSTON,
on behalf of herself and all others similarly situated,

    Counterclaimant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant to Counterclaim

THIS CAUSE COMING ON TO BE HEARD AND BEING HEARD before the undersigned, who has been appointed by the Chief Justice to hear this matter pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure, at the March 24, 2014, session of the General Court of Justice, Superior Court Division, Alleghany County, North Carolina, on plaintiff Portfolio Recovery Associates, LLC's motion for summary judgment, plaintiff Portfolio Recovery Associates, LLC's motion for summary judgment with respect to the counterclaims of defendant Caroline L. Houston, and defendant Caroline L. Houston's cross-motion for summary judgment with respect



EXHIBIT 45

POUNDS EX 0648

to the counterclaims of defendant Caroline L. Houston; and after reviewing the material submitted in support of and in opposition to the motions, and after hearing the arguments of counsel in support of and in opposition to the motions, the Court is of the opinion that there are no genuine issues of material fact, that Caroline L. Houston is entitled to judgment as a matter of law with respect to her claims of liability asserted in her counterclaims, that the motion for summary judgment of defendant Caroline L. Houston on the issue of liability only should be ALLOWED, that the motion for summary judgment of plaintiff Portfolio Recovery Associates, LLC with respect to the counterclaims of defendant Caroline L. Houston should be denied; and that the motion for summary judgment with respect to the claims of Portfolio Recovery Associates, LLC should be denied.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Caroline L. Houston's motion for summary judgment with respect to her counterclaims on the issue of liability only is GRANTED;

IT IS FURTHER ORDER, ADJUDGED AND DECREED that Portfolio Recovery Associates, LLC's motion for summary judgment with respect to its claims and motion for summary judgment with respect to the counterclaims of defendant Caroline L. Houston are DENIED;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, pursuant to the agreement of the parties, that this judgment can be entered out of session, out of term, and out of

county.

This the 2 day of ~~May~~ June, 2014.

_____
Honorable Richard L. Doughton
Superior Court Judge Presiding

STATE OF NORTH CAROLINA         IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF IREDELL                  12-CVS-642

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Plaintiff,

v.

CAROLINE L. HOUSTON,

    Defendant;

---

CAROLINE L. HOUSTON,

on behalf of herself
and all others similarly situated,

    Counterclaimant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant to Counterclaim.

**PLAINTIFF PORTFOLIO RECOVERY ASSOCIATES, LLC'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND AND/OR INTERVENE**

Plaintiff Portfolio Recovery Associates, LLC ("PRA") submits this Brief in Opposition to Defendant's Motion to Amend and/or Intervene to add new counterclaim-plaintiffs and to assert additional subclasses apparently based on the additional counterclaim-plaintiffs against whom default judgments previously have been entered. As set forth more fully below, the motion should be denied because it is futile and unduly prejudicial to PRA. The proposed claims of the additional counterclaim-plaintiffs constitute an impermissible collateral attack on judgments previously entered by the Wake County District Court. Additionally, the proposed claims are



EXHIBIT 46

POUNDS EX 0651

favor of PRA apparently pursuant to statute. If their Motion is allowed, Movants will then call upon this Court to upset final judgments entered by other courts throughout the state. Movants cannot avoid the judgments of courts in this manner. Rather, Movants' recourse was to appeal the judgment entered against them or to seek relief in the court that entered the judgments.

"North Carolina law does not allow collateral attacks." *Reg'l Acceptance Corp.*, 156 N.C. App. at 682, 577 S.E.2d at 392. Subject to two limited exceptions,[2] which are inapplicable in this case, all other judgments must be attacked "by way of a motion in the cause" under Rule 60 or, for default judgments, Rule 55(d). *See id.* For example, a judgment that is the result of an error of fact or law may be "voidable" by the Court that issued it, but it is not "void" and therefore not subject to collateral attack. *Webber*, 201 N.C. App. at 221, 689 S.E.2d at 475 (2009). Similarly, even if a judgment is procured by "intrinsic fraud"—i.e., fraud "arising within the proceeding itself and concerning some matter necessarily under the consideration of the court upon the merits"—"relief is possible only through a motion in the cause." *Whitworth*, 731 S.E.2d at *8. Where "there is no dispute that the trial court had authority to adjudicate the issues in dispute and had jurisdiction over the parties, [the judgment] is not void, even if contrary to law" and not susceptible to collateral attack. *Webber*, 201 N.C. App. at 221, 689 S.E.2d at 475.

Here, Movants do not contend that the judgments issued by the Wake County District Court are void; nor could they. That court had jurisdiction over the subject matter of the litigation and over the parties. Nor is there any allegation that the judgments by the Wake

---

[2] First, judgments that are "void" because the issuing court lacked jurisdiction may be undone by collateral attack. *Webber*, 201 N.C. App. at 220, 689 S.E.2d at 474-75. Second, judgments procured by "extrinsic fraud"—that is, fraud that "deprive[d] the unsuccessful party of an opportunity to present his case to the court"—may also be attacked collaterally. *Whitworth*, 731 S.E.2d at *8.

7

POUNDS EX 0652

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF IREDELL | SUPERIOR COURT DIVISION |
| | 12-CVS-642 |

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Plaintiff,

v.

CAROLINE L. HOUSTON,

    Defendant;

---

CAROLINE L. HOUSTON,

on behalf of herself
and all others similarly situated,

    Counterclaimant,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant to Counterclaim.

**ORDER**

THIS CAUSE COMING ON TO BE HEARD and being heard on May 6, 2015, during the session of the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, before the Honorable Richard L. Doughton, Special Superior Court Judge Presiding, who was appointed by the Chief Justice to handle this matter pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure, on Plaintiff's Motion to Amend and/or Intervene, and after reviewing the file in this matter, and after reviewing the materials submitted in support of and in opposition to the Motion.



EXHIBIT 47

POUNDS EX 0653

Case 1:16-cv-01395-WO-JEP Document 1-16 Filed 12/09/16 Page 11 of 19

and after hearing the arguments of counsel in support of and in opposition to the Motion, the Court is of the opinion that the Motion to Amend and/or Intervene should be DENIED, and enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Portfolio Recovery Associates, Inc. ("PRA") originally brought this action on March 14, 2012, seeking to recover on a credit card debt of defendant Caroline L. Houston.

2. On May 14, 2012, Defendant counterclaimed, asserting claims under the North Carolina Prohibited Practices by Collection Agencies Act, N.C. Gen. Stat. §§ 58-70-115 through 58-70-150. Defendant also asserted a putative class action on behalf of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and all people to whom PRA sent a 'Notice of Intent to File Legal Action' on or after October 1, 2009."

3. Defendant and proposed additional counter-claim plaintiffs Danny Wamsley and Omar Welch (together, "Movants") now seek (1) to add two counterclaim-plaintiffs against whom default judgments already have been entered and (2) to add two subclasses. One of the subclasses would consist of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the filing of the amended answer and class counterclaim" (the "Default Judgment" subclass). The other subclass would consist of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, where PRA failed to attach either (1) a copy of the contract or other writing evidencing the original debt,

POUNDS EX 0654

signed by the defendant, or (2) copies of documents generated when the credit card was actually used, when no signed writing evidencing the debt ever existed."

4. The Motion seeks to assert counterclaims on behalf of these sub-classes for violations of N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155.

5. N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155 set forth requirements to verify the validity of the debt and various prerequisites and procedural requirements applicable to the collection of debt by debt buyers, as that term is defined in those statutes. During oral argument counsel for Movants conceded that the statutes at issue were prerequisites to the entry of judgment.

6. PRA previously filed separate suits against proposed additional counterclaim-plaintiffs Wamsley (14 CVD 61, Wake County District Court) and Welch (12 CVD 5012, Wake County District Court). In their affidavits attesting to their ability to become a class representative, Wamsley and Welch concede that each was served with the summons and complaint brought by PRA but that each "did not file an answer to the complaint." Each of these individuals, therefore, had actual notice of the litigation against them and knowingly permitted the litigation against them to go unanswered. Moreover, Movants do not contend that the final judgments are void or were procured by fraud. Nor do they challenge the subject matter jurisdiction of the courts that entered the default judgments or assert that the courts lacked personal jurisdiction over them.

7. Based on the Affidavit and Motion for Entry of Default and Judgment by Default filed in the action against movant Danny Wamsley, the Wake County District Court entered default judgment against Wamsley on February 27, 2014. Based on the Affidavit and Motion for Entry of Default and Judgment by Default filed in the action against movant Omar Welch, the

3

POUNDS EX 0655

Case 1:16-cv-01395-WO-JEP Document 1-16 Filed 12/09/16 Page 13 of 19

Wake County District Court entered default judgment against Welch on June 21, 2012. There is no indication that either Wamsley or Welch has appealed or has otherwise challenged the judgment entered against them, and the judgments, therefore, are on the merits and in all respects final.

8. The Motion is futile. Movants Danny Wamsley and Omar Welch, and every member of the proposed Default Judgment subclass, have had final judgments entered against them by other courts. These final judgments resolve whether PRA can enforce the debt owed. By entering final judgments in those actions, the courts that issued those final judgments determined the sufficiency of the showing to support the entry of default judgment and that the prerequisites and procedural requirements for the entry of default judgment had been met.

9. Movants would have this Court go behind each of the judgments entered by other courts and determine whether the evidence submitted is sufficient and whether the requirements and prerequisites of suit had been satisfied. Movants' request, therefore, asks this Court to sit as an appellate court and review the judgments entered by other courts, to find that those judgments were entered improperly, and to award them damages based on that finding. If the judgments can be set aside, it is only by motion in the original cause in the court in which the judgments were rendered. The Motion, therefore, is an improper attempt to collaterally attack final judgments and is futile.

10. The Motion is also futile based on the doctrine of *res judicata*. The proposed counterclaims involve the same parties as were involved in the litigation resulting in the entry of the default judgments. The default judgments are final and were issued on the merits. Movants not only challenge the verification and the validity of the debt in the collection actions in which default judgments have been entered, they also challenge the notifications to suit, the required

4

POUNDS EX 0656

Case 1:16-cv-01395-WO-JEP Document 1-16 Filed 12/09/16 Page 14 of 19

pleadings to bring suit, and the evidence used to support the default judgment. Movants' claims, therefore, arise out of the pleadings in the prior suits as well as the same transactions or series of transactions to establish and collect on the debt. Movant's claims involve the same cause of action as the prior suits. All of the issues and claims Movants seek to assert were available to each of them before the entry of default judgment and are barred by the doctrine of *res judicata*.

11. Similarly, Rule 13(a) of the North Carolina Rules of Civil Procedure bars the proposed counterclaims and Default Judgment subclass. As noted above, the proposed claims concern the pleadings and prerequisites to suit, attack the verification of the validity of the debt, and challenge the sufficiency of the evidence used to obtain the default judgments. The proposed counterclaims not only arise out of the pleadings in the prior litigation between the parties but also involve the same transaction or occurrence as PRA's attempt to collect on the debt. The issues of fact and law raised by PRA's debt-collection action and the proposed counterclaims are largely the same, turn on substantially the same evidence, and are logically connected. Those claims were available to Movants and should have been brought in that litigation. The compulsory counterclaim requirements of Rule 13(a) of the North Carolina Rules of Civil Procedure, therefore, bars Movants' claims.

12. Collateral estoppel also renders the Motion futile. As noted above, the litigation in which the defaults were entered and this litigation involve the same parties. In addition, the default judgments constitute a judgment on the merits. Collateral estoppel bars the proposed counterclaims and Default Judgment subclass because the final judgments entered in the debt collection actions constitute judicial determinations that PRA had satisfied the prerequisites and procedural requirements, including any applicable statutory prerequisites, for entry of default judgment in its favor. The issue whether PRA satisfied the requirements for a default judgment

POUNDS EX 0657

Case 1:16-cv-01395-WO-JEP Document 1-16 Filed 12/09/16 Page 15 of 19

was (1) involved in the prior action; (2) necessarily raised and actually litigated in the underlying debt collection actions, (3) material and relevant to the disposition of the underlying debt collection actions, and (4) necessary and essential to the resulting judgment.

13. By seeking to add parties against whom default judgments have been entered and add claims applicable to those parties, the scope of the litigation would be expanded considerably in violation of Rule 24 of the North Carolina Rules of Civil Procedure.

14. In addition, and both independently of and in the alternative to the findings set forth above, the Court finds that granting the Motion will unduly delay and prejudice the rights of the original parties because it will introduce new parties, who are raising claims not currently involved in the litigation as it presently stands, specifically the claims of whether the evidence was sufficient to enter the default judgments. The Court also finds that a similar motion could have been filed when the answer and counterclaim of defendant and counterclaim plaintiff Caroline L. Houston was filed in 2012 and that there was no just reason for delay in failing to do so.

15. Counsel for Movants conceded at the hearing on the Motion that the determination of this motion was addressed to the discretion of the Court.

## CONCLUSIONS OF LAW

1. Whether to grant or deny a motion to amend and/or intervene is addressed to the discretion of the trial court.

2. The Court, in the exercise of its discretion, determines that Plaintiffs' Motion should be denied on the grounds that it is futile. First, the Motion seeks to improperly collaterally attack final judgments issued by other courts in other actions involving the same parties. The claims asserted would require this Court to look behind the judgments and

6

POUNDS EX 0658

determine their validity and the sufficiency of the evidence supporting them. This Court does not sit as an appellate court to review the judgments entered by other courts. The proper place to challenge those judgments and to assert the claims sought to be added is in the court that entered the judgment.

3. The proposed counterclaims of Movants are also futile because they are barred by the doctrine of *res judicata*. The prior actions against Movants in which final judgments were entered and this action involve the same parties. Movants' claims arise out of the pleadings in the prior suit as well as the same transactions or series of transactions to establish and collect on the debt. Movant's claims and the prior suit involve the same causes of action. All of the issues and claims Movants seek to assert were available to each of them before the entry of default judgment and with reasonable diligence could have been asserted in the prior actions. *Res judicata* applies to judgments entered by default. Under the doctrine of *res judicata*, a prior judgment bars not only all matters actually determined or litigated in the proceeding, but also all relevant and material matters within the scope of the action that the parties in the exercise of reasonable diligence could and should have brought forward for resolution. *Res judicata* requires that a defendant assert any defense he has available and prevents a party from asserting as an affirmative claim a defense which if asserted and proved as a defense in the former action would have barred the judgment entered in the plaintiff's favor.

4. Pursuant to Rule 13(a) of the North Carolina Rules of Civil Procedure, the Movants and members of the Default Judgment subclass should have brought any counterclaims for violations of N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155 in the action by PRA to collect on the debt. Those claims involve the same parties and arise out of the pleadings and the same transaction or occurrence or series of transactions or occurrences. Accordingly, the

7

POUNDS EX 0659

Motion is futile because the issues involved are barred by Rule 13 of the North Carolina Rules of Civil Procedure.

5. The Motion of Movants also is futile under the doctrine of collateral estoppel. Collateral estoppel applies to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment. This is true even though no specific findings may have been made with reference thereto because the absence of specific findings of fact or conclusions of law on the issues sought to be raised is not determinative. The issue whether PRA satisfied the requirements for a default judgment was (a) involved in the prior default judgment actions, (b) necessarily raised and actually litigated in the underlying debt collection actions, (c) material and relevant to the disposition of the underlying debt collection actions, and (d) necessary and essential to the resulting judgment.

6. The claims Movants seek to add would expand the pleadings. Intervention therefore is improper under Rule 24 of the North Carolina Rules of Civil Procedure.

7. The Court independently and alternatively determines that the Motion should be denied in the Court's discretion because it would open this litigation to entirely new claims, issues, and parties, there was undue delay in filing the Motion, and it would prejudice the rights of the original parties.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion to Amend and/or Intervene is DENIED.

This the 3 day of ~~May~~ June, 2015.

_____
Honorable Richard L. Doughton,
Superior Court Judge Presiding

8

POUNDS EX 0660

Case 1:16-cv-01395-WO-JEP Document 1-16 Filed 12/09/16 Page 18 of 19

NORTH CAROLINA
WAKE COUNTY

## AFFIDAVIT OF COUNSEL (McNULTY)
## AUTHENTICATING COURT DOCUMENTS

Carlene McNulty being duly sworn, deposes and says:

1. I am an attorney at the North Carolina Justice Center. I give this affidavit in the belief that it presents matters that are undisputed, as it concerns solely copies of court documents that were filed by me, served on me by the opposing party, or issued by the court in a case pending in Iredell County Superior Court.

2. I represent Caroline Houston as the defendant and class counterclaim plaintiff in a case styled as *Portfolio Recovery Associates, LLC, v. Caroline Houston* (Iredell 12-CVS-642).

3. The documents that appear as Exhibits 44-47 being filed in support of Plaintiffs' Motions for Preliminary Injunction and Class Certification are true and accurate copies of documents that were either filed by me, served on me by the opposing party, or issued by the court in that case.

FURTHER AFFIANT SAYETH NAUGHT.

This the 3rd day of November, 2016.

Carlene McNulty

STATE OF NORTH CAROLINA
COUNTY OF WAKE

Subscribed and sworn to (or affirmed) before me, this the 3rd day of November, 2016.

_____ (SEAL)
NOTARY PUBLIC

My Commission Expires: 7·17·21.



POUNDS EX 0661