UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:16-cv-01395-WO-JEP

IRIS POUNDS, CARLTON MILLER, )
VILAYUAN SAYAPHET-TYLER, )
RHONDA HALL, and PIA TOWNES, on )
behalf of themselves and all others )
similarly situated, )
)
    Plaintiff, )  **BRIEF IN SUPPORT OF**
) **MOTION TO DISMISS**
v. )
)
PORTFOLIO RECOVERY )
ASSOCIATES, LLC )
)
    Defendant. )
)

  Defendant Portfolio Recovery Associates, LLC ("PRA"), submits this brief in support of its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE MATTER BEFORE THE COURT

  Plaintiffs have filed an independent action seeking a declaration that default judgments entered against them are void for lack of subject-matter jurisdiction based on alleged violations of N.C. Gen. Stat. § 55-70-155. Plaintiffs also seek monetary damages and statutory penalties.

  PRA disagrees with Plaintiffs' contention that N.C. Gen. Stat. § 58-70-155 is jurisdictional, but that issue is not presently before the Court on this motion. Rather, Plaintiffs' Complaint should be dismissed because Plaintiffs have not and cannot plead a

basis to bring an independent action to attack the judgments entered against them. Instead, that attack must occur in the court that rendered the judgment.

A North Carolina Superior Court previously denied a motion to intervene to assert these identical class claims in a putative class action currently pending in State Court. The denial of the motion to intervene in the State Court action fully supports the position of PRA that an independent action is not appropriate and further supports dismissal.

Therefore, for the reasons set forth more fully below, PRA's Motion to Dismiss should be granted, and Plaintiffs' Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

North Carolina General Statute Section 58-70-155 became effective October 1, 2009. In relevant part, it required debt buyers such as PRA "to file evidence with the court to establish the nature and amount of the debt." N.C. Gen. Stat. § 58-70-155(a). Section 58-70-155(b) sets forth the types of "evidence sufficient to establish the amount and nature of the debt." *Id.*, § 58-70-155(b).

PRA subsequently filed lawsuits against each of the named Plaintiffs in this action. Rather than answer those suits, each Plaintiff allowed the suit to go into default, and PRA obtained default judgments. Thus, a default judgment was entered against Iris Pounds on October 6, 2015, Compl. ¶ 27; a default judgment was entered against Carlton Miller on May 2, 2014, *id.*, ¶ 28; a default judgment was entered against Vilayuan Sayaphet-Tyler on January 8, 2016, *id.*, ¶ 29; a default judgment was entered against

Rhonda Hill on July 8, 2015, *id.*, ¶ 30; and a default judgment was entered against Pia Townes on April 1, 2015. *Id.*, ¶ 31.

On November 21, 2016, Plaintiffs filed this putative class action on behalf of "[a]ll persons against whom PRA obtained a default judgment entered by a North Carolina court in a case filed on or after October 1, 2009." *Id*., ¶ 15. Plaintiffs seek class relief, requesting a declaration that their default judgments are void. *Id.*, ¶ 56. Plaintiffs also seek the imposition of a statutory penalty, *id.*, ¶ 61, and damages. *See id.*, ¶ 65.

The action is now before the Court on PRA's motion to dismiss for failure to state a claim upon which relief can be granted.

## QUESTION PRESENTED

1. Does Plaintiffs' Complaint adequately plead a basis for an independent action attacking the judgments entered?

As set forth more fully below, Plaintiffs have failed to plead all of the necessary elements to assert an independent action attacking a judgment. Moreover, one State Superior Court Judge has refused to allow the assertion of these claims in an independent action. *Portfolio Recovery Assoc., LLC v. Houston*, 12 CvS 642, slip op. (June 3, 2015) [hereinafter *Houston* Intervention Order] [attached as Exhibit 1]. Accordingly, dismissal is appropriate.

## GOVERNING STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)) (internal quotation marks omitted). To withstand a motion to dismiss, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief[,]' [which] requires more than labels and conclusions[;] a formulaic recitation of the elements of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 585 (4th Cir. 2015). "'[U]nadorned conclusory allegations' . . . are akin to no allegations at all," and as such they are not entitled to the assumption of truth. *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 423 (4th Cir. 2015) (quoting *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013)).

## ARGUMENT

### I. Plaintiffs Cannot Bring an Independent Action to Challenge the Default Judgments.

Plaintiffs have brought an "independent action" to set aside previously entered default judgments. (Compl. ¶ 55 (alleging that "[b]ecause of the lack of subject matter jurisdiction, the default judgments are void and may be attacked by independent action").) Plaintiffs, however, have failed to plead a valid independent action under federal or North Carolina law. PRA's motion to dismiss, therefore, should be granted, and this action should be dismissed.

#### A. Plaintiffs have not met the requirements to bring an independent action under federal law.

The power to hear an independent action is an equitable power. 11 Charles A. Wright, et al., *Federal Practice and Procedure* § 2868. The independent action provision

4

in Rule 60 of the Federal Rules of Civil Procedure preserves the "equitable power the court had to hear an independent action prior to the adoption of Rule 60." Wright, *supra*, § 2868. "This power had been historically known as an independent action in equity to obtain relief from a judgment." *Id.* (internal quotation marks omitted).

An independent action to avoid a prior judgment can be brought only in very limited circumstances, and is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). To bring an independent action, a plaintiff must show five elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir. 1982). Plaintiffs have failed to plead facts to satisfy *any* of these elements.

First, Plaintiffs have alleged no facts showing that the judgments ought not, in equity and good conscience, be enforced. For example, Plaintiffs have not alleged that they lacked notice of the claims brought against them. Nor do Plaintiffs allege that the courts that entered the judgments were in some fashion biased or otherwise lacked impartiality. Plaintiffs do not allege, nor could they, that the courts that entered the judgments were unaware of the evidentiary requirements necessary for the entry of a

5

Case 1:16-cv-01395-WO-JEP   Document 15   Filed 01/17/17   Page 5 of 16

default in these circumstances.[1] Plaintiffs likewise do not allege that they were incompetent, too ill to handle their affairs, or overseas in the military. Instead, all that appears from Plaintiffs' Complaint is that a default judgment was entered against them, which they now want to challenge. This is insufficient to show that equity and good conscience permit an independent action to attack these facially valid judgments.

Second, equally absent from Plaintiffs' Complaint is any assertion that there is a good faith defense to the debts. Although Plaintiffs claim that, based on the evidence presented, the courts lacked subject-matter jurisdiction to enter a default judgment, they do not allege that the courts lacked jurisdiction to try the matter either with or without a jury, that they are not the debtor, or that the debt had been satisfied or was not otherwise owed.

Third, Plaintiffs fail to allege the existence of fraud, accident, or mistake that prevented them from obtaining their defense. The type of fraud necessary to justify an independent action must be "extrinsic" to the judgment, meaning that the fraud "actually prevented an issue from being joined or a party from making a valid claim or defense." *Id.* (internal quotation marks omitted). Plaintiffs make no allegations that they were precluded from arguing against the application of section 58-70-155 when their actions

---

[1] The Administrative Office of the Courts issued a memorandum to all clerks of court advising them of the newly enacted statute and of the requirements for the entry of a default judgment. Memorandum from Peter E. Powell, Legal & Legislative Adm'r, N.C. Admin, Office of the Courts, to Clerks of Superior Court and Assistant Clerks (Sept. 25, 2009) [attached as Exhibit 2].

6

were pending. Indeed, they offer no explanation whatsoever for why they ignored the summons to appear and defend the claims brought against them.

Fourth, the presence of the default judgments establishes fault and negligence on the part of the Plaintiffs and forecloses the use of an independent action. Under North Carolina law, a default can be entered only when the "party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by the [North Carolina Rules of Civil Procedure] or statute and that fact is made to appear." N.C. R. Civ. P. 55(a). Failing to plead or otherwise respond to a complaint constitutes fault and negligence when it results in a default judgment: A plaintiff's "own dilatoriness in allowing a prior action to result in default judgment" bars the use of an independent action. *Porter v. Frank*, No. 90-2713, 1991 WL 19986757, at *1 (4th Cir., Oct. 8, 1991) (unpublished)[2]. Similarly, default judgments cannot be set aside through an independent action for a defendant's failure to obtain legal representation, contest claims, or stay informed about the legal proceedings. *Jae-Young Lee v. Tae Shin*, 231 F. App'x 225, 226 (4th Cir. 2007) (per curiam) (unpublished).

Plaintiffs acknowledge the entry of default judgments in their allegations; thus, they acknowledge their failures to contest the actions against them. Compl. ¶¶ 27-31. The Complaint, however, provides no facts to justify the failure to contest these claims.

Finally, Plaintiffs have alleged no facts to satisfy the fifth element -- that there is no adequate remedy at law. To the contrary, Rule 60 of the North Carolina Rules of Civil

---

[2] Pursuant to the Local Rules, copies of the unpublished opinions cited in this brief are attached as Exhibit 3.

Procedure provides each Plaintiff the opportunity to return to the court that entered the judgment and make all the arguments each seeks to make here. In fact, Plaintiff's Complaint shows that others successfully have done so. Compl. ¶¶ 36-39.

In short, Plaintiffs have failed to plead the elements required to bring an independent action under federal law. *See Porter*, 1991 WL 19986757, at *1; *Cureton v. Radio Shack Corp*, No. CIV.3:10CV56-GCM, 2010 WL 2245612, at *2 (W.D.N.C. June 2, 2010) (unpublished). Dismissal, therefore, is appropriate.

**B. Plaintiffs' attempt to bring an independent action is also foreclosed under North Carolina law.**

When a party challenges a judgment through an independent action,

> relief will not be granted to a party against a judgment because of a good ground (even) of defense of which he was ignorant till after judgment rendered, unless he shows that [1] by exercise of reasonable diligence he could not have discovered such defense in time for the trial, or [2] that he was prevented from the exercise of such diligence by fraud or surprise on the part of the opposing party, or [3] by accident or mistake unmixed with negligence on his part.

*Carolina Disc. Corp. v. Butler*, 200 N.C. 709, 713, 158 S.E. 249, 252 (1931) (quoting *Mut. Reserve Fund Life Ass'n v. Scott*, 136 N.C. 157, 159, 48 S.E. 581, 582 (1904)).[3] *Carolina Discount* and *Scott* require Plaintiffs to have a good defense of which they were ignorant while the action was pending and also to satisfy one of three possible justifications for not raising the defense in the original action.

---

[3] This was the independent action power preserved in North Carolina Rule 60. Therefore, the fact that the court announced this standard prior to the creation of that rule is irrelevant inasmuch as Plaintiffs claims to bring such an independent action. *See* Compl. ¶ 55.

Plaintiffs do not allege a good defense to the underlying debt. While a good ground of defense is not defined under the *Carolina Discount* test, a good defense to a default judgment is a "real or substantial defense on the merits." *Moore v. Deal*, 239 N.C. 224, 227, 79 S.E.2d 507, 510 (1954). As noted above, Plaintiffs do not assert that they were not the debtor, that they did not incur the debt, or that they had paid or satisfied the debt or did not otherwise owe it. To the contrary, Plaintiffs voluntarily allowed the suit to go into default, which constitutes an admission that the factual allegations of owing the debt are true. *Emick v. Sunset Beach & Twin Lakes, Inc.*, 180 N.C. App. 582, 591, 638 S.E.2d 490, 496 (2006).

The only purported defense Plaintiffs seek to raise now is based on section 58-70-155, which specifies the type of evidence to be filed "[p]rior to the entry of a default judgment." Assuming for purposes of this motion only that this is a valid defense to the underlying debt[4], Plaintiffs have failed to allege any facts to support the three remaining *Carolina Discount* requirements to bring an independent action under North Carolina Law.

First, Plaintiffs cannot and did not plead that they could not have discovered this defense through reasonable diligence prior to trial. As grounds for their Complaint, Plaintiffs rely on a publicly available statute in North Carolina.; one that had been in effect for almost five to six years before each Plaintiffs' default judgment had been

---

[4] PRA does not believe section 58-70-155 is jurisdictional, but that issue is not presented by this motion.

9

entered. Plaintiffs provide no facts explaining why this statute could not have been discovered through reasonable diligence.

There is no good faith justification for not taking action to protect one's legal rights when confronted with litigation. The failure to seek counsel does not constitute the type of good faith necessary to set aside a default judgment. *JMM Plumbing & Utils., Inc. v. Basnight Constr. Co.*, 169 N.C. App. 199, 202, 609 S.E.2d 487, 490 (2005).

Second, Plaintiffs do not allege that PRA committed fraud or unfairly surprised the Plaintiffs. There is no allegation that PRA tricked the courts. The Complaint is similarly devoid of any allegations that Plaintiffs did not receive the suits or were the wrong parties. Rather, from all that appears from Plaintiffs' Complaint, Plaintiffs received the lawsuits filed against them and voluntarily allowed the suits to go into default.

Finally, Plaintiffs do not and cannot allege an accident or mistake unmixed with negligence on their part. Plaintiffs do not contest service, and they allowed the lawsuits against them to result in default judgments. They had the opportunity to contest the claims but simply did not do so. Failing to respond to a duly served summons with the "attention to which a person of ordinary prudence usually gives his or her important business" is inexcusable neglect, as are ignorance of the judicial process and failure to obtain counsel. *Id.* at 202, 609 S.E.2d at 490.

Plaintiffs have failed to meet the requirements of an independent action under either state or federal law. Plaintiffs may be able to raise their jurisdictional argument

with the courts that initially entered judgment against them, but they may not bring a class of independent actions against PRA to contest their default judgments. Dismissal, therefore, is appropriate.

## II. The Decision of the Court in *Portfolio Recovery Assoc., LLC v. Houston* Further Supports Dismissal.

On March 14, 2012, PRA filed an action to recover the credit card debt owed by Caroline L. Houston. Ms. Houston answered the complaint and counterclaimed. As part of her counterclaim, Ms. Houston asserted a putative class action on behalf of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in North Carolina courts on or after October 1, 2009, and all people to whom PRA sent a 'Notice of Intent to File Legal Action' on or after October 1, 2009." *Houston* Intervention Order ¶ 2.

On January 5, 2015, Ms. Houston and two proposed additional counterclaim plaintiffs brought a Motion to Amend and/or Intervene (the "Motion to Intervene") in which they sought, among other things, to add (1) two counter-claim plaintiffs against whom default judgments had been entered and (2) class claims for relief based on alleged violations of section 58-70-155. *Id.* at 2-3. Relevant here, one of the subclasses would have consisted of

> All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the filing of the amended answer and class counterclaim.

*Id.* ¶ 3.

11

The trial court denied the Motion to Intervene on June 3, 2015. *Id.* The court gave multiple reasons for its decision:

- The Motion to Intervene was an impermissible collateral attack on judgments entered by another court. *Id.* at 6-7. Those judgments could be attacked, if at all, "only by motion in the original cause in the court in which the judgments were rendered." *Id.* at 4.

- The Motion to Intervene was precluded by *res judicata*. *Id.* at 7. The intervenors' claims were all compulsory counterclaims. *Id.* at 7-8.

- The Motion to Intervene was precluded by collateral estoppel. *Id.* at 8.

- The Motion to Intervene would also have improperly expanded the pleadings under Rule 24 of the North Carolina Rules of Civil Procedure. *Id.*

The same result should obtain here.

First, the Motion to Intervene attempted to establish a subclass consisting of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the date of filing of the amended answer and class counterclaim." *See* Motion to Amend and/or Intervene, *Portfolio Recovery Assocs., LLC v. Houston*, 12-CVS-642 [cited hereinafter as *Houston* Motion to Intervene] [attached as Exhibit 4] at 2. Here, Plaintiffs' proposed class is "[a]ll persons against whom PRA obtained a default judgment entered by a North

12

Carolina court in a case filed on or after October 1, 2009. Compl. ¶ 15. The proposed class in this action, therefore, is substantially identical to the proposed subclass in the *Houston* Motion to Intervene.

In addition, both the Motion to Intervene and Plaintiffs' Complaint in this action assert claims for relief for alleged violations of the evidentiary requirements contained in N.C. Gen. Stat. § 58-70-155. The Motion to Intervene sought to add "one additional claim for relief on behalf of . . . the Default Judgment Subclass, contending that PRA . . . violated § 58-70-155 by failing to file authenticated evidence . . . prior to the entry of the default judgment. *Houston* Motion to Intervene at 2. Plaintiffs' Complaint alleges that the default judgments PRA obtained against the putative class "have been obtained in violation of G.S. 58-70-155." Compl. ¶ 2.

As noted above, the *Houston* court held, among other things, that the proposed claims raised in the Motion to Intervene constituted an improper collateral attack because they could be brought "only by motion in the original cause in the court in which the judgments were rendered." *Houston* Intervention Order at 4, 6-7. The *Houston* court also held that the claims were barred by the doctrines of *res judicata, id.* at 4-5, 7, and collateral estoppel. *Id.* at 5-6, 8.

Given the virtually identical allegations and relief sought, the reasoning of the *Houston* Court should apply with equal force here. Plaintiffs had every opportunity to assert the current claims as counterclaims in their original actions. They failed to do so, instead permitting default judgments to be entered against them and admitting that they

owed the debt. To the extent Plaintiffs now seek a "do-over," the proper place to start that process is with the court that entered the judgment. *Houston* Intervention Order at 4.

## CONCLUSION

Plaintiffs failed to plead facts sufficient to bring an independent action to upset the default judgments obtained by PRA. Rather, as the *Houston* Court held, the appropriate forum to raise these issues is the forum that entered the judgments from which Plaintiffs seek relief. Therefore, for the reasons set forth in detail above, PRA requests that its motion to dismiss be granted and that Plaintiffs' complaint be dismissed.

This the 17th day of January, 2017.

ELLIS & WINTERS LLP

/s Jon Berkelhammer
Jon Berkelhammer
N.C. State Bar No. 10246
Email: jon.berkelhammer@elliswinters.com
Joseph Hammond
N.C. State Bar No. 45657
Email: joe.hammond@elliswinters.com
300 N. Greene Street, Ste. 800
Greensboro, NC 27401
Tel. (336) 217-4193
Fax (336) 217-4198

Sean Fernandes
N.C. Bar No. 50699
Email: sean.fernandes@elliswinters.com
Troy D. Shelton
N.C. Bar No. 48070
Email: troy.shelton@elliswinters.com\
Post Office Box 33550
Raleigh, NC 27636
Tel. (919) 865-7000
Fax (919) 865-7010

14

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record as follows:

Carlene McNulty, Esq.
James A. Pikler, Esq.
Emily P. Turner, Esq.
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611

J. Jerome Hartzell, Esq.
P.O. Box 10246
Raleigh, NC 27605

Travis E. Collum, Esq.
Collum & Perry, PLLC
P.O. Box 1739
Mooresville, NC 28115

Adrian M. Lapas, Esq.
Lapas Law Offices, PLLC
P.O. Box 10688
Goldsboro, NC 27532

This the 17th day of January, 2017.

/s Jon Berkelhammer
Jon Berkelhammer

*Attorney for Defendant Portfolio Recovery Associates, LLC*