STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF IREDELL                      12-CVS-642

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CAROLINE L. HOUSTON, <br><br> Defendant; | |
| CAROLINE L. HOUSTON, <br><br> on behalf of herself <br> and all others similarly situated, <br><br> Counterclaimant, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant to Counterclaim. | **ORDER** |

THIS CAUSE COMING ON TO BE HEARD and being heard on May 6, 2015, during the session of the General Court of Justice, Superior Court Division, Buncombe County, North Carolina, before the Honorable Richard L. Doughton, Special Superior Court Judge Presiding, who was appointed by the Chief Justice to handle this matter pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure, on Plaintiff's Motion to Amend and/or Intervene, and after reviewing the file in this matter, and after reviewing the materials submitted in support of and in opposition to the Motion,

and after hearing the arguments of counsel in support of and in opposition to the Motion, the Court is of the opinion that the Motion to Amend and/or Intervene should be DENIED, and enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Portfolio Recovery Associates, Inc. ("PRA") originally brought this action on March 14, 2012, seeking to recover on a credit card debt of defendant Caroline L. Houston.

2. On May 14, 2012, Defendant counterclaimed, asserting claims under the North Carolina Prohibited Practices by Collection Agencies Act, N.C. Gen. Stat. §§ 58-70-115 through 58-70-150. Defendant also asserted a putative class action on behalf of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and all people to whom PRA sent a 'Notice of Intent to File Legal Action' on or after October 1, 2009."

3. Defendant and proposed additional counter-claim plaintiffs Danny Wamsley and Omar Welch (together, "Movants") now seek (1) to add two counterclaim-plaintiffs against whom default judgments already have been entered and (2) to add two subclasses. One of the subclasses would consist of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the filing of the amended answer and class counterclaim" (the "Default Judgment" subclass). The other subclass would consist of "[a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, where PRA failed to attach either (1) a copy of the contract or other writing evidencing the original debt,

2

signed by the defendant, or (2) copies of documents generated when the credit card was actually used, when no signed writing evidencing the debt ever existed."

4. The Motion seeks to assert counterclaims on behalf of these sub-classes for violations of N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155.

5. N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155 set forth requirements to verify the validity of the debt and various prerequisites and procedural requirements applicable to the collection of debt by debt buyers, as that term is defined in those statutes. During oral argument counsel for Movants conceded that the statutes at issue were prerequisites to the entry of judgment.

6. PRA previously filed separate suits against proposed additional counterclaim-plaintiffs Wamsley (14 CVD 61, Wake County District Court) and Welch (12 CVD 5012, Wake County District Court). In their affidavits attesting to their ability to become a class representative, Wamsley and Welch concede that each was served with the summons and complaint brought by PRA but that each "did not file an answer to the complaint." Each of these individuals, therefore, had actual notice of the litigation against them and knowingly permitted the litigation against them to go unanswered. Moreover, Movants do not contend that the final judgments are void or were procured by fraud. Nor do they challenge the subject matter jurisdiction of the courts that entered the default judgments or assert that the courts lacked personal jurisdiction over them.

7. Based on the Affidavit and Motion for Entry of Default and Judgment by Default filed in the action against movant Danny Wamsley, the Wake County District Court entered default judgment against Wamsley on February 27, 2014. Based on the Affidavit and Motion for Entry of Default and Judgment by Default filed in the action against movant Omar Welch, the

Wake County District Court entered default judgment against Welch on June 21, 2012. There is no indication that either Wamsley or Welch has appealed or has otherwise challenged the judgment entered against them, and the judgments, therefore, are on the merits and in all respects final.

8. The Motion is futile. Movants Danny Wamsley and Omar Welch, and every member of the proposed Default Judgment subclass, have had final judgments entered against them by other courts. These final judgments resolve whether PRA can enforce the debt owed. By entering final judgments in those actions, the courts that issued those final judgments determined the sufficiency of the showing to support the entry of default judgment and that the prerequisites and procedural requirements for the entry of default judgment had been met.

9. Movants would have this Court go behind each of the judgments entered by other courts and determine whether the evidence submitted is sufficient and whether the requirements and prerequisites of suit had been satisfied. Movants' request, therefore, asks this Court to sit as an appellate court and review the judgments entered by other courts, to find that those judgments were entered improperly, and to award them damages based on that finding. If the judgments can be set aside, it is only by motion in the original cause in the court in which the judgments were rendered. The Motion, therefore, is an improper attempt to collaterally attack final judgments and is futile.

10. The Motion is also futile based on the doctrine of *res judicata*. The proposed counterclaims involve the same parties as were involved in the litigation resulting in the entry of the default judgments. The default judgments are final and were issued on the merits. Movants not only challenge the verification and the validity of the debt in the collection actions in which default judgments have been entered, they also challenge the notifications to suit, the required

4

pleadings to bring suit, and the evidence used to support the default judgment. Movants' claims, therefore, arise out of the pleadings in the prior suits as well as the same transactions or series of transactions to establish and collect on the debt. Movant's claims involve the same cause of action as the prior suits. All of the issues and claims Movants seek to assert were available to each of them before the entry of default judgment and are barred by the doctrine of *res judicata.*

11. Similarly, Rule 13(a) of the North Carolina Rules of Civil Procedure bars the proposed counterclaims and Default Judgment subclass. As noted above, the proposed claims concern the pleadings and prerequisites to suit, attack the verification of the validity of the debt, and challenge the sufficiency of the evidence used to obtain the default judgments. The proposed counterclaims not only arise out of the pleadings in the prior litigation between the parties but also involve the same transaction or occurrence as PRA's attempt to collect on the debt. The issues of fact and law raised by PRA's debt-collection action and the proposed counterclaims are largely the same, turn on substantially the same evidence, and are logically connected. Those claims were available to Movants and should have been brought in that litigation. The compulsory counterclaim requirements of Rule 13(a) of the North Carolina Rules of Civil Procedure, therefore, bars Movants' claims.

12. Collateral estoppel also renders the Motion futile. As noted above, the litigation in which the defaults were entered and this litigation involve the same parties. In addition, the default judgments constitute a judgment on the merits. Collateral estoppel bars the proposed counterclaims and Default Judgment subclass because the final judgments entered in the debt collection actions constitute judicial determinations that PRA had satisfied the prerequisites and procedural requirements, including any applicable statutory prerequisites, for entry of default judgment in its favor. The issue whether PRA satisfied the requirements for a default judgment

was (1) involved in the prior action; (2) necessarily raised and actually litigated in the underlying debt collection actions, (3) material and relevant to the disposition of the underlying debt collection actions, and (4) necessary and essential to the resulting judgment.

13. By seeking to add parties against whom default judgments have been entered and add claims applicable to those parties, the scope of the litigation would be expanded considerably in violation of Rule 24 of the North Carolina Rules of Civil Procedure.

14. In addition, and both independently of and in the alternative to the findings set forth above, the Court finds that granting the Motion will unduly delay and prejudice the rights of the original parties because it will introduce new parties, who are raising claims not currently involved in the litigation as it presently stands, specifically the claims of whether the evidence was sufficient to enter the default judgments. The Court also finds that a similar motion could have been filed when the answer and counterclaim of defendant and counterclaim plaintiff Caroline L. Houston was filed in 2012 and that there was no just reason for delay in failing to do so.

15. Counsel for Movants conceded at the hearing on the Motion that the determination of this motion was addressed to the discretion of the Court.

## **CONCLUSIONS OF LAW**

1. Whether to grant or deny a motion to amend and/or intervene is addressed to the discretion of the trial court.

2. The Court, in the exercise of its discretion, determines that Plaintiffs' Motion should be denied on the grounds that it is futile. First, the Motion seeks to improperly collaterally attack final judgments issued by other courts in other actions involving the same parties. The claims asserted would require this Court to look behind the judgments and

6

determine their validity and the sufficiency of the evidence supporting them. This Court does not sit as an appellate court to review the judgments entered by other courts. The proper place to challenge those judgments and to assert the claims sought to be added is in the court that entered the judgment.

3. The proposed counterclaims of Movants are also futile because they are barred by the doctrine of *res judicata*. The prior actions against Movants in which final judgments were entered and this action involve the same parties. Movants' claims arise out of the pleadings in the prior suit as well as the same transactions or series of transactions to establish and collect on the debt. Movant's claims and the prior suit involve the same causes of action. All of the issues and claims Movants seek to assert were available to each of them before the entry of default judgment and with reasonable diligence could have been asserted in the prior actions. *Res judicata* applies to judgments entered by default. Under the doctrine of *res judicata*, a prior judgment bars not only all matters actually determined or litigated in the proceeding, but also all relevant and material matters within the scope of the action that the parties in the exercise of reasonable diligence could and should have brought forward for resolution. *Res judicata* requires that a defendant assert any defense he has available and prevents a party from asserting as an affirmative claim a defense which if asserted and proved as a defense in the former action would have barred the judgment entered in the plaintiff's favor.

4. Pursuant to Rule 13(a) of the North Carolina Rules of Civil Procedure, the Movants and members of the Default Judgment subclass should have brought any counterclaims for violations of N.C. Gen. Stat. §§ 58-70-115, 58-70-150, and 58-70-155 in the action by PRA to collect on the debt. Those claims involve the same parties and arise out of the pleadings and the same transaction or occurrence or series of transactions or occurrences. Accordingly, the

Motion is futile because the issues involved are barred by Rule 13 of the North Carolina Rules of Civil Procedure.

5. The Motion of Movants also is futile under the doctrine of collateral estoppel. Collateral estoppel applies to matters essentially connected with the subject matter of the litigation and necessarily implied in the final judgment. This is true even though no specific findings may have been made with reference thereto because the absence of specific findings of fact or conclusions of law on the issues sought to be raised is not determinative. The issue whether PRA satisfied the requirements for a default judgment was (a) involved in the prior default judgment actions, (b) necessarily raised and actually litigated in the underlying debt collection actions, (c) material and relevant to the disposition of the underlying debt collection actions, and (d) necessary and essential to the resulting judgment.

6. The claims Movants seek to add would expand the pleadings. Intervention therefore is improper under Rule 24 of the North Carolina Rules of Civil Procedure.

7. The Court independently and alternatively determines that the Motion should be denied in the Court's discretion because it would open this litigation to entirely new claims, issues, and parties, there was undue delay in filing the Motion, and it would prejudice the rights of the original parties.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion to Amend and/or Intervene is DENIED.

This the 3 day of ~~May~~ June, 2015.

_____
Honorable Richard L. Doughton.
Superior Court Judge Presiding