



NORTH CAROLINA
ADMINISTRATIVE OFFICE
*of the* COURTS

Legal and Legislative
Services Division

**Peter E. Powell**
Legal and Legislative Administrator

PO Box 2448, Raleigh, NC 27602
T 919 890-1300  F 919 890-1914

September 25, 2009

**MEMORANDUM**

**TO:** Clerks of Superior Court and Assistant Clerks

**FROM:** Peter E. Powell

**SUBJECT:** New Debt Collection and Default Judgment Legislation effective 10/1/09

      The 2009 General Assembly considered and passed a number of bills affecting a wide range of topics within the court system. A portion of one of those bills dealt with foreclosures, and is the subject of a separate memorandum. The other portion of that bill involves debt collection activities and civil actions to collect debts filed by "debt buyers".

<u>**S-974 (SL 2009-573)** – **Consumer Economic Protection Act,** Applies to debt collection activities undertaken and actions filed on or after October 1, 2009.</u> To see the text of the enacted bill click on this link:
http://www.ncga.state.nc.us/Sessions/2009/Bills/Senate/PDF/S974v5.pdf

      The bill defines a "debt buyer" as a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third party for collection or an attorney-at-law for litigation in order to collect such debt." A debt buyer is, in essence, one type of collection agency. The bill prohibits certain unfair practices by a collection agency and provides for civil penalties. In addition, it sets forth various requirements for language to be in a complaint filed by a debt buyer, and prerequisites for a default judgment and for the recovery of attorney fees by a debt buyer.

### New requirements for complaints

The act requires that the complaint filed by a debt buyer include information not required in other collection actions. A debt buyer must attach to its complaint evidence of the debt and a complete chain of title. Specifically, the plaintiff must attach to the complaint:

(1)   (a)   A copy of the contract or other writing evidencing the original debt, which must contain a signature of the defendant, or

      (b)   If a claim is based on credit card debt, then copies of documents generated when the credit card was actually used (such as an account statement) must be attached.

(2)   A copy of the assignment or other writing establishing that the plaintiff is the owner of the debt. If the debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain the original account number of the debt purchased and must clearly show the debtor's name associated with that account number. We would advise that the account number be partially redacted.

(3)   The complaint must indicate that the plaintiff is licensed as a collection agency and must indicate the entity's permit number.

(4)   If the debt purchaser plaintiff seeks to recover attorneys fees, the Act requires that a copy of the contract, signed by the defendant, be attached. If the action is based on a credit card account, the plaintiff must attach the terms and conditions and a statement of account sent to the defendant during the time the card was actually used. (Note that if the plaintiff is not seeking to recover attorneys fees, it is not necessary to include the terms and conditions of the credit card agreement if other evidence of the debt, such as a statement of account from the original creditor is included.)

### New requirements for default judgments

In order to obtain a default judgment in North Carolina in actions filed after October 1, 2009, a debt buyer must provide the following evidence:

(1)   The original account number. Again, we might suggest partial redaction.
(2)   The original creditor
(3)   The amount of the original debt
(4)   An itemization of charges and fees claimed to be owed.
(5)   The original charge-off balance, or, if the balance has not been charged off, an explanation of how the balance was calculated.
(6)   An itemization of post charge-off additions, where applicable.
(7)   The date of last payment.
(8)   The amount of interest claimed and the basis for the interest charged.

The information required for a debt purchaser to obtain a default judgment may be set forth in the complaint, in the motion for default judgment, or in attachments to either. An itemization of the charges and fees claimed to be owed and an explanation of the method by which those calculations are made must be provided.

Please note that while the Act requires an indication of the charge-off balance, there is practically no way to tell from lender's account statements that a particular statement shows the charge-off balance. That information will most likely be found in the complaint, affidavit of account, or other document. (Charge-off is an accounting term and refers to the requirement that lenders must recognize a loss on those accounts where no payment has been received within a certain time frame.)

**Note: The Act does not apply to actions filed prior to October 1, 2009.**


cc: John W. Smith, Director
    Gregg Stahl
    Barbara Moore
    Basil McVey
    Cynthia Easterling
    CSAs
    FMAs
    Legal & Legislative Services