2010 WL 2245612
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court, W.D. North Carolina,
Charlotte Division.

Antoine O. CURETON, Plaintiff,
v.
RADIO SHACK CORP., Defendant.

Civil No. 3:10CV56–GCM.
|
June 2, 2010.

**Attorneys and Law Firms**

Antoine Cureton, Charlotte, NC, pro se.

James B. Spears, Jr., John Andrew Shedden, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Charlotte, NC, for Defendant.

### ORDER

GRAHAM MULLEN, District Judge.

**\*1** THIS MATTER is before the Court upon Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed February 11, 2010; the Plaintiff's Response to Defendant's Motion to Dismiss, filed April 5, 2010; and Defendant's Reply to Plaintiff's Response, filed April 2, 2010. For the reasons stated below, the Motion to Dismiss is GRANTED.

On January 11, 2010, Plaintiff filed a state court complaint indicating that he seeks review of this Court's December 13, 2001 Order dismissing with prejudice his claim for failure to prosecute. Thereafter, Defendant removed the case to this Court. In the original action, Plaintiff appeared *pro se* to allege violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., by Tandy Corp. (currently Radio Shack) and three other individual defendants. The presiding United States District Court Judge dismissed the Complaint, finding that the Plaintiff "[had] not made a good faith attempt to fulfill his obligations as a litigant" by repeatedly failing to comply with discovery requests and ignoring the Court's order compelling him to provide discovery. *Cureton v. Tandy Corp., et al.,* 3:00–CV–190 (WDNC 2001).

### I. *Standard of Review*

"A motion to dismiss under [Fed.R.Civ.P. 12(b)(6) ] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1993) *citing* 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 550 (2007)) The facial plausibility standard requires "the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis v. Giacomelli,* No. 08–1908 (4th Cir. Dec. 2, 2009) (quoting *Iqbal,* 129 S.Ct. at 1950). "The Supreme Court has held that a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 9 (quoting *Iqbal,* 129 S.Ct. at 1949).

### II. *Discussion*

The Plaintiff's current complaint will be considered as requesting relief from this Court's December 13, 2001 judgment based upon Federal Rule of Civil Procedure 60(b). Under that rule, the Court may treat an independent action for relief from judgment as a motion for relief, and conversely a motion for relief may be treated as an independent action. 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d § 2868*

(1995). Plaintiff's prayer for relief fails under either formula.

Motions under Rule 60(b) must be filed within a "reasonable time ." Fed.R.Civ.P. 60(b). Moreover, Rule 60(b) specifies that any motion based on mistake, inadvertence, surprise, or excusable neglect must be made "within one year after the order was entered." Fed.R.Civ.P. 60(b). Here, Plaintiff blames his lack of resources for his failure to appeal the original suit and for his delay in submitting this motion. However, even if this can be characterized as excusable neglect, Plaintiff's motion here is eight years after the original order was entered. This delay is beyond the one-year limit contained in Rule 60(b) for motions based on excusable neglect and beyond any possible characterization as "reasonable."

*2 In the alternative, to succeed as an independent action under Rule 60(b) the party seeking relief must show the following essential elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.,* 675 F.2d 1349, 1358 (4th Cir.1982), *cert. denied,* 459 U.S. 1128 (1983).

It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect, or carelessness. *Porter v. Frank,* 1991 U.S.App. LEXIS 23285 (4th Cir.1991) *(per curiam)* (citing *Winfield Assoc., Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir.Kan.1970)). Further, an independent action in equity pursuant to Rule 60(b) is appropriate only in highly exceptional cases to prevent a miscarriage of justice. *Holub v. United States,* 2009 U.S. Dist. LEXIS 125923 *5 (N.D.W .Va. July 2, 2009) (citing *United States v. Beggerly,* 524 U.S. 38, 46 (1998)). The plaintiff provides no information to suggest that any of these requirements have been satisfied and points only to his lack of resources and subsequent personal difficulties as support for his claim. While this Court is sympathetic to the Plaintiff's plight, these circumstances cannot form the basis of a cause of action to set aside a valid judgment.

Accordingly, the Defendant's Motion to Dismiss is hereby GRANTED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2245612

**231 Fed.Appx. 225**
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fourth Circuit Rule 32.1 (Find CTA4 Rule 32.1)
United States Court of Appeals, Fourth Circuit.

JAE–YOUNG LEE, Plaintiff–Appellee,
v.
TAE SHIN; S & K Trading & Consulting, Incorporated, t/a SK Trading, Defendants–Appellants,
and
Carol Kaye Garcia; Carlos Garcia, Defendants.
Jae–Young Lee, Plaintiff–Appellee,
v.
Tae Shin; S & K Trading & Consulting, Incorporated, t/a SK Trading, Defendants–Appellants,
and
Carol Kaye Garcia; Carlos Garcia, Defendants.

Nos. 05–2376, 06–1517.
|
Submitted: March 7, 2007.
|
Decided: April 24, 2007.

**Synopsis**
**Background:** Pro se defendant moved for relief from default judgment. The United States District Court for the District of Maryland, Andre M. Davis, J., denied motion. Defendant appealed.

**Holding:** The Court of Appeals held that defendant was not entitled to relief from default judgment on ground of excusable neglect.

Affirmed.

West Headnotes (1)

[1]    **Federal Civil Procedure**
       🔑 Excusable neglect

       Pro se defendant was not entitled to relief from default judgment on ground of excusable neglect; defendant knowingly failed to obtain meaningful legal representation, he declined to address the claims made against him, and he neglected to apprise himself of the developments in the litigation, despite being served with the summons and complaint and receiving correspondence from opposing counsel admonishing him to respond. Fed.Rules Civ.Proc.Rule 60(b)(1), 28 U.S.C.A.

       2 Cases that cite this headnote

**\*225** Appeals from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (CA–04–1920–AMD; 1:04–cv–01920–AMD).

**Attorneys and Law Firms**

Jack L.B. Gohn, Gohn, Hankey & Stichel, L.L.P., Baltimore, Maryland, for Appellants. JoAnne Zawitoski, Jonathan I. Ahn, Alexander M. Giles, Marisa A. Trasatti, Semmes, Bowen & Semmes, Baltimore, Maryland, for Appellee.

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

**Opinion**

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

**\*226** PER CURIAM:

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.   1

**\*\*1** This consolidated appeal arises from a default judgment entered in favor of Jae–Young Lee ("Lee") against Tae Shin ("Shin"). Shin appeals several of the district court's rulings on motions filed after the default judgment was granted. For the reasons that follow, we affirm.

In June 2004, Lee filed suit against Shin. Shin was personally served with a copy of the summons and complaint. Over the next few months, Shin contacted several lawyers but ultimately decided to proceed *pro se.* Shin asserts that because of an incorrect mailing address specified in the complaint he did not receive correspondence from the district court relating to the action. Nevertheless, at least two weeks before Lee moved for entry of default, Shin received a letter from Lee's counsel informing him that his *pro se* motion for extension, which was filed on July 16, 2004, had been rejected by the district court and his answer was past due.[1] The letter also informed Shin of the imminent possibility of a default judgment and encouraged Shin to contact Lee's counsel with any questions. The district court ultimately granted Lee's motion for default judgment on October 27, 2004. On September 30, 2005, Shin filed a motion to set aside the default judgment, which the district court denied.

In No. 05–2376, Shin appeals the order of the district court denying his motion to set aside the default judgment.[2] We review the denial of a motion to set aside default judgment under Rule 60 of the Federal Rules of Civil Procedure for an abuse of discretion. *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 895–96 (4th Cir.1987). We have reviewed the record and find that the district court did not abuse its discretion. Specifically, Shin's actions did not constitute "excusable neglect" under Rule 60(b)(1) because he knowingly failed to obtain meaningful legal representation, declined to address the claims made against him, and neglected to apprise himself of the developments in the litigation, despite being served with the summons and complaint and receiving correspondence from opposing counsel admonishing him to respond. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 811 (4th Cir.1988) (discussing excusable neglect when the litigant himself is at fault). Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED.*

**All Citations**

231 Fed.Appx. 225, 2007 WL 1203590

## Footnotes

1. After some delay, but prior to the district court granting the default judgment, Shin also received a notice from the district court informing him that his motion for extension had been rejected.

2. In No. 06–1517, Shin appeals the decisions of the district court denying his motions for reconsideration. The briefs filed in No. 06–1517 are substantially the same as the briefs filed in No. 05–2376. In light of our determination in No. 05–2376, we also affirm the decisions of the district court in No. 06–1517.

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.

946 F.2d 886
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. See CTA4 Rule 32.1.
United States Court of Appeals, Fourth Circuit.

Emerson PORTER, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.

No. 90-2713.
|
Submitted Jan. 28, 1991.
|
Decided Oct. 8, 1991.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-89-735-5-CIV)

**Attorneys and Law Firms**

Romallus O. Murphy, Greensboro, for appellant.

Margaret P. Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Jesse L. Butler, Assistant General Counsel, David G. Karro, Michael Propst, United States Postal Service, Washington, D.C., for appellee.

F.D.N.C.

AFFIRMED.

Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.

OPINION

PER CURIAM:

**\*1** Emerson Porter, an ex-employee of the United States Postal Service (USPS), is seeking relief from actions of his former employer which he claims were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2002 *et. seq.* and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791.

Porter filed his initial administrative complaint with USPS on February 21, 1986. The USPS dismissed the case, concluding that it was untimely filed. He then filed a complaint with the Equal Employment Opportunity Commission (EEOC) which affirmed USPS's decision and issued a right to sue letter. Porter then made a request to the Office of Review and Appeals (ORA) to reopen the case. While that request was pending, Porter filed his first civil action, *pro se,* in the district court. Thereafter, Porter's request to reopen was granted by ORA. The civil action was subsequently dismissed, with prejudice, for failure to prosecute after Porter was ordered to show cause why the court should not so rule.

The day after the civil action was dismissed, USPS notified ORA that Porter had filed a civil action. Thereafter, ORA issued a letter to the EEOC indicating that, pursuant to the provisions of 29 C.F.R. § 1613.283 as amended, effective November 31, 1987, the request to reopen should not be given effect since the civil action had been filed. The investigation that had been initiated by USPS was ceased at the direction of the EEOC.

Porter filed the instant civil action on September 20, 1989, seeking the same relief and alleging the same facts as in his first complaint. The defendant, USPS, responded with a motion to dismiss or, in the alternative, for summary judgment, arguing that res judicata barred Porter from relitigating the facts in the case since the dismissal in the prior suit was with prejudice, and therefore acted as a decision on the merits. Porter responded to the motion with a request for relief under Fed.R.Civ.P. 60(b), thereby requesting the district court to treat his complaint as an independent action seeking relief from a prior judgment. The district court ruled in favor of defendants and Porter appeals.

Porter has cited the change in the provisions of 29 C.F.R. § 1613.283 as being relevant to this appeal. The change, effective November 30, 1987, sets

forth the rule that the filing of a civil action terminates processing of the complaint with the EEOC. Prior to this change, the C.F.R. provision stated exactly the opposite: that the filing of a civil action would not terminate processing of a complaint with the EEOC. Porter argues that his EEOC complaint should not have been terminated after he filed his first civil complaint since the civil action was filed before the C.F.R. change took effect. *See* 52 Fed.Reg. 41,920 (1987).

Porter's argument with respect to the C.F.R. change is irrelevant to the district court's dismissal of his complaint in the instant action. The case might have been different had he taken a voluntary dismissal (which would have been without prejudice) in the first action and then attempted to refile in federal court later, basing his argument on the C.F.R. change. However, the first dismissal had nothing to do with the procedural posture of the complaint with the EEOC. Rather, it was the direct result of Porter's own dilatoriness in not responding to the district court's orders to show cause why the case should not be dismissed with prejudice for failure to prosecute. Porter cannot rely on his *pro se* status since, although he filed his initial complaint without counsel, he had retained counsel at the time the court was considering dismissal and ordering him to respond. In fact, in a letter dated October 5, 1987, counsel for Porter indicated that voluntary dismissal would be appropriate and asked Porter for authorization to move the court for such dismissal at that point. There are no reasons in the record indicating why voluntary dismissal was not taken.

**\*2** Porter also offers no reason justifying relief pursuant to Fed.R.Civ.P. 60(b) other than "equitable considerations" and the fact that plaintiff never had "his day in court on the merits."

In order to bring an independent action for relief pursuant to Fed.R.Civ.P. 60(b), a plaintiff must show:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.,* 675 F.2d 1349, 1358 (4th Cir.1982), *cert. denied,* 459 U.S. 1128 (1983). Not only has plaintiff in this case failed to show any of the recognized grounds for relief, he has not demonstrated that he is free from fault or negligence. *See Winfield Assoc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir.1970). In fact, he acknowledges his own negligence in his response to the defendant's motion to dismiss or, in the alternative, for summary judgment by stating that, "plaintiff does exhibit some indecisiveness which tends to suggest fault."

Because Porter has not demonstrated any recognized ground for relief in the form of an independent action, and because he has not shown justification for his own dilatoriness in allowing the prior action to result in default judgment, the district court did not abuse its discretion in denying plaintiff's request for relief. *See Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987). The decision of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.

*AFFIRMED.*

**All Citations**

946 F.2d 886 (Table), 1991 WL 199867, 57 Fair Empl.Prac.Cas. (BNA) 688

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.