STATE OF NORTH CAROLINA

IREDELL COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO.: 12-CVS-642

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CAROLINE L. HOUSTON, | ) ) |
| Defendant. | ) ) |
| | ) |
| CAROLINE L. HOUSTON, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Counterclaimant, | ) ) |
| v. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) |
| Defendant to Counterclaim. | ) ) |

**MOTION TO AMEND
AND/OR INTERVENE**

NOW COME Defendant and Counterclaim Plaintiff Caroline Houston

("Houston") and proposed counterclaim plaintiffs/intervenors, Danny Wamsley

("Wamsley") and Omar Welch ("Welch") and hereby move this Honorable Court,

pursuant to Rules 15(a), 20(a), 21, and 24 of the North Carolina Rules of Civil Procedure,

for an Order permitting Wamsley and Welch to be added to and/or to intervene in this

action as named counterclaim plaintiffs, and for leave to amend the Answer and Class

Counterclaim as set forth herein at Exhibit 1.

The proposed amendment would change the class counterclaim against counterclaim Defendant Portfolio Recovery Associates, LLC ("PRA") in the following respects:

1. Add Danny Wamsley and Omar Welch as named counterclaim plaintiffs;

2. Add two subclasses to the proposed class definition, as follows:

    (i). The Default Judgment Subclass:

    All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the date of filing of the amended answer and class counterclaim.

    (ii). The Signed Writing/Actual Use Subclass:

    All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, where PRA failed to attach either (1) a copy of the contract or other writing evidencing the original debt, signed by the defendant, or (2) copies of documents generated when the credit card was actually used, when no signed writing evidencing the debt ever existed.

3. Add one additional claim for relief on behalf of Wamsley and Welch and the Default Judgment Subclass, contending that PRA, having already violated N.C. Gen. Stat. §§ 58-70-115 and 58-70-150 of the North Carolina Prohibited Practices by Collection Agencies Act ("PPCA"), subsequently violated § 58-70-155 by failing to file authenticated evidence of the amount and nature of the alleged debt prior to the entry of default or summary judgment.

4. Add paragraphs relating to the new counterclaim plaintiffs, subclasses, and the added claim for relief.

5. Make edits throughout to clarify the counterclaim plaintiffs' allegations and claims.

In support of this Motion, movants respectfully show as follows:

1. Danny Wamsley and Omar Welch are members of the proposed class as defined in Houston's Answer and Class Counterclaim.

2. Specifically, PRA filed complaints against Wamsley and Welch seeking collection of a debt in the North Carolina courts after October 1, 2009. See Affidavits of Danny Wamsley and Omar Welch attached hereto as Exhibits 2-3, respectively.

3. Houston, Wamsley, and Welch assert a right to relief under N.C. Gen. Stat. § 58-70-115 and § 58-70-150, and their claims arise out of the same series of transactions and occurrences.

4. PRA brought suit against each of the proposed counterclaim plaintiffs/intervenors to collect on a debt without attaching valid documentation that PRA owned the specific debt instrument or account at issue and without having reasonable verification of the amount of the debt allegedly owed, in violation of N.C. Gen. Stat. § 58-70-150(2) and N.C. Gen. Stat. § 58-70-115(5).

5. Additionally, after October 1, 2009 and prior to filing suit against Wamsley and Welch, PRA did not mail Wamsley or Welch a "Notice of Intent to File Legal Action" that provided an itemized accounting of all amounts claimed to be owed, in violation of N.C. Gen. Stat. § 58-70-115(6).

6. Houston seeks permission of this Court to bring Wamsley and Welch into this case as named counterclaim plaintiffs to assist her in representing the interests of the proposed class.

7. Adding Wamsley and Welch as counterclaim plaintiffs would enable them to assert a claim for relief on behalf of a subclass of putative class members who were not

only harmed by PRA's conduct in filing debt-collection actions in violation of N.C. Gen. Stat. § 58-70-115 and § 58-70-150, but who were also subsequently harmed when PRA moved for and obtained entry of default judgment in violation of N.C. Gen. Stat. § 58-70-155.

8.  Wamsley and Welch are aware of the responsibilities of a class representative in a class action and are willing to assume those responsibilities. (Aff. of Wamsley at Ex. 2, ¶¶ 5-6; Aff. of Welch at Ex. 3, ¶¶ 5-6.)

9.  Rule 15(a), N.C. Rules of Civ. Proc., provides that leave to amend pleadings "shall be freely given when justice so requires."

10. The grant or denial of a motion to amend pleadings is within the discretion of the trial court; however, "amendments should be freely allowed unless some *material prejudice* to the other party is demonstrated." *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986) (reversing Court of Appeals and finding that motion to amend should have been granted by trial court) [Emphasis added].

11. That the amendment may require the parties to conduct additional discovery does not amount to "prejudice" or constitute "undue delay." *Coffey v. Coffey*, 94 N.C. App. 717, 723, 381 S.E.2d 467, 471 (1989).

12. As with Rule 15(a), whether to grant or deny intervention under Rule 24(b)(2) is within the discretion of the trial court. In exercising its discretion, the Court considers whether the intervention will "unduly delay or prejudice the adjudication of the rights of the original parties."

13. In the present case, no material prejudice or other reason to deny the motion to grant leave to amend is apparent. First, this motion is brought within the deadline agreed to

-4-

by the parties and set by the Court for the filing of motions for leave to amend the pleadings. Second, the rights and liabilities of the original parties have already been resolved through cross-motions for summary judgment. Thus, the proposed changes to the class counterclaim will not unduly delay or prejudice the adjudication of the rights of the original parties. Furthermore, the timing of these amendments to the class counterclaim is appropriate, as pursuant to the Court's scheduling order, class discovery has not yet commenced.

WHEREFORE, Defendant Houston respectfully moves this Court to:

(a) Grant Caroline Houston leave to amend the answer and class counterclaim;

(b) Permit Danny Wamsley and Omar Welch to be added as counterclaim plaintiffs and/or to permit them to intervene as counterclaim plaintiffs;

(c) Order that the Amended Answer and Class Counterclaim, as set forth in Exhibit 1, be filed.

This the __5__ day of January, 2015.

Respectfully Submitted,

Travis E. Collum (NCSB 29158)
COLLUM & PERRY, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com

Carlene McNulty (NCSB 12488)
Jason Piker (NCSB # 47128)
NORTH CAROLINA JUSTICE CENTER
Post Office Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Email: carlene@ncjustice.org
jason.pikler@ncjustice.org


Suzanne Begnoche (NCSB 35158)
BEGNOCHE LAW OFFICE
312 W. Franklin Street
Chapel Hill, NC 27516
Telephone: (919) 960-6108
Email: suzanne.begnoche@begnochelaw.com


Adrian M. Lapas (NCSB 20022)
ADRIAN M. LAPAS, P.A.
642 N. Spence Avenue
Goldsboro, NC. 27534
Telephone: (919) 735-0098
Facsimile: (919) 735-0568
Email: adrianlapas@goldsborobankruptcylawyer.com


*Counsel for Defendant-Counterclaimant Caroline L.
Houston, and proposed counterclaim
plaintiffs/intervenors, Danny Wamsley and Omar
Welch*

-6-

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on the $\underline{5}$ day of January, 2015, a true

and correct copy of the foregoing was served upon all counsel and parties of record by

electronic transmission and/or U.S. Mail, postage prepaid, addressed as follows:


Jon Berkelhammer, Esq.
Ellis & Winters, LLP
333 North Greene Street, Suite 200
Greensboro, NC 27401
Email: jon.berkelhammer@elliswinters.com


Manning A. Connors, Esq.
Laura J. Dildine, Esq.
Smith Moore Leatherwood, LLP
300 North Greene Street
Suite 1400
Greensboro, NC 27401
Email: manning.connors@smithmoorelaw.com


Mitchell A. Meyers, Esq.
Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, NC 27709
Email: mmeyers@sessomslaw.com


*Counsel for Plaintiff Portfolio Recovery
Associates, LLC*

Hon. Roy A. Cooper, North Carolina Attorney General
Philip A. Lehman, Assistant Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

Travis Collum

-7-

# EXHIBIT 1

STATE OF NORTH CAROLINA

IREDELL COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO.: 12-CVS-642

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> CAROLINE L. HOUSTON, <br><br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) |
| CAROLINE L. HOUSTON, DANNY WAMSLEY, and OMAR WELCH; on behalf of themselves and all others similarly situated, <br><br>     Counterclaimants, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br>     Defendant to Counterclaim. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**AMENDED ANSWER
AND CLASS COUNTERCLAIM**
**(Jury Trial Demanded)**

Caroline L. Houston answers the Complaint filed in this action and asserts, with Danny

Wamsley and Omar Welch, a class counterclaim on behalf of themselves and all North Carolina

victims of the use by debt buyer and collection agency Portfolio Recovery Associates, LLC

("PRA") of lawsuits and motions for entry of default filed in violation of North Carolina's

Prohibited Practices by Collection Agencies Act (PPCA) at N.C. Gen. Stat. §58-70-90 *et seq.*

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant Caroline L. Houston, by and through counsel, and Answers the Complaint of the Plaintiff, Portfolio Recovery Associates, LLC and avers:

1. The allegations of paragraph 1 are admitted upon information and belief.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. That the allegations contained in Paragraph numbered 4 of the Plaintiff's Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

5. The allegations of Paragraph 5 are denied as there is no entity named merely "HSBC" and there is no account agreement attached to the Complaint which Defendant could use to verify the allegations of Plaintiff.

6. The allegations of Paragraph 6 are denied as there was not and is not an entity named merely "HSBC" to have extended credit to her.

7. Denied.

8. Defendant admits that the Complaint includes an attached "Exhibit A" and that her name and address appear on several sheets of "Exhibit A." Except as specifically admitted, the remaining allegations of Paragraph 8 of Plaintiff's Complaint are Denied.

9. Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint and specifically denies that the sheets attached to the Complaint as "Exhibit A" contain any itemization of charges.

10. Denied.

11. That the allegations contained in Paragraph numbered 11 of the Plaintiff's

-2-

Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

12. That the allegations contained in Paragraph numbered 12 of the Plaintiff's Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

13. It is admitted that Plaintiff's Complaint includes an "Exhibit B" but it is specifically denied that "Exhibit B" constitutes a "chain of ownership of the defendant's account." Except as specifically admitted, the remaining allegations of Paragraph 8 of Plaintiff's Complaint are Denied.

14. Denied.

FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS A FIRST FURTHER DEFENSE THERETO, THE DEFENDANT AVERS:

The Plaintiff has failed to state a claim upon which relief can be granted and the Defendant moves, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 58-70-150 that said action against her be dismissed with prejudice.

## CLASS COUNTERCLAIM
## Summary of Class Counterclaim

1.      By their class counterclaim, Houston, Wamsley, and Welch seek a judgment directing PRA to move to set aside or vacate judgments entered in favor of PRA and against North Carolina residents based upon pleadings and motions for entry of default judgment in clear violation of North Carolina's Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C. Gen Stat. 58-70-90 *et seq.* ("PPCA"); declaring that PRA's pleadings filed in clear violation of the PPCA and pursuit and entry of judgments based

-3-

thereon to be unfair practices in violation of North Carolina law; and awarding civil penalties, actual damages, and injunctive relief to all class members pursuant to N. C. Gen. Stat. § 58-70-130 and other North Carolina law.

2.    As grounds for their class counterclaim, Houston, Wamsley, and Welch allege, among other things, that PRA is a "collection agency" as defined by North Carolina's PPCA at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90 and is a "debt buyer" as defined in N.C. Gen. Stat. § 58-70-15(b)(4) as "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third party for collection or an attorney-at-law for litigation in order to collect such debt."

3.    As a debt buyer, PRA violated N.C. Gen. Stat. § 58-70-150(1) by filing complaints against Houston and Wamsley without attaching a copy of a contract or other writing evidencing the alleged debt signed by them, and, if no signed writing evidencing the original debt ever existed, copies of documents generated when their credit cards were actually used.

4.    As a debt buyer, PRA violated N.C. Gen. Stat. § 58-70-115(5) and N.C. Gen. Stat. § 58-70-150(2) by filing complaints against Houston, Wamsley, and Welch without having valid documentation that PRA owns the specific accounts at issue and without attaching an assignment or other writing evidencing transfer of ownership that contains the original account numbers of the debts purchased and that shows the debtor's name associated with that account number.

5.    As a debt buyer, PRA violated N.C. Gen. Stat. § 58-70-115(5) by filing complaints against Houston, Wamsley, and Welch without having "reasonable verification of the amount of the debt" allegedly owed by them, including an "itemized accounting of the amount claimed to be owed."

-4-

6.      As a debt buyer, PRA also violated N.C. Gen. Stat. § 58-70-115(6) by failing to mail Houston, Wamsley, and Welch a "Notice of Intent to File Legal Action" that included, among other things, an itemized accounting of all amounts claimed to be owed including all fees and charges.

7.      Additionally, PRA violated N.C. Gen. Stat. § 58-70-155 by moving for and obtaining entry of default judgment against Wamsley and Welch without filing evidence with the court of the amount and nature of the alleged debt that (a) satisfied the requirements of Rule 803(6) of the North Carolina Rules of Evidence for the authentication of business records and (b) that included "an itemization of charges and fees claimed to be owed."

8.      Based on information and belief and the investigation of their counsel, Houston, Wamsley, and Welch allege that these violations of N.C. Gen. Stat. § 58-70-115, N.C. Gen. Stat. § 58-70-150, and N.C. Gen. Stat. § 58-70-155 of the PPCA were based on PRA's common business practices and that thousands of other North Carolinians have been similarly victimized.

**PARTIES**

9.      PRA is a limited liability company organized under the laws of Delaware with its principal place of business in Norfolk, Virginia. PRA is, and at all relevant times has been, a "collection agency" within the meaning of that term as used in N.C. Gen. Stat. § 58-70-15 and § 58-70-90, and has at all relevant times been licensed by as a collection agency by the North Carolina Department of Insurance.

10.     Caroline L. Houston is, and at all relevant times has been, a citizen and resident of Iredell County, North Carolina. Danny Wamsley and Omar Welch are, and at all relevant times have been, citizens and residents of Wake County, North Carolina.

-5-

11.     Houston, Wamsley, and Welch seek to assert class counterclaims on behalf of a class of persons that consists of all individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and all people to whom PRA sent a "Notice of Intent to File Legal Action" on or after October 1, 2009.

12.     Houston, Wamsley, and Welch also seek to assert claims for relief on behalf of two subclasses.

13.     The first subclass, represented by Houston and Wamsley, consists of all members of the class against whom PRA filed complaints in court without attaching either (1) a contract or other writing evidencing the original debt, signed by the defendant or (2) copies of documents generated when the credit card was actually used, when no such signed writing evidencing the original debt ever existed.

14.     The second subclass, represented by Wamsley and Welch, includes all members of the proposed class against whom PRA moved for and obtained entry of default judgment.

## FACTUAL ALLEGATIONS

15.     PRA is the wholly owned operating subsidiary of Portfolio Recovery Associates, Inc. ("PRA, Inc."). PRA, Inc. is a publicly traded company trading on the NASDAQ Global Stock Market under the symbol "PRAA." Information concerning PRA and its parent company is therefore available through PRA, Inc.'s public filings with the Securities and Exchange Commission ("SEC").

16.     PRA is a "debt buyer." PRA is engaged in the business of purchasing indebtedness allegedly owed to credit card issuers and other creditors, and pursuing collection of such purchased indebtedness. According to the PRA, Inc. Form 10-K filed with the SEC on February 28, 2012: Our primary business is the purchase, collection and management of

-6-

portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants. PRA, Inc. 10-K, p. 4.

17.     PRA purchases enormous volumes of consumer debt for an average price of approximately three cents per dollar. According to the PRA, Inc. form 10-K, p. 4: "From our 1996 inception through December 31, 2011, we acquired 2,335 portfolios, representing more than 28 million customer accounts and aggregated into 132 pools for accounting purposes, with a face value of $64.6 billion for a total purchase price of $2.1 billion." As of December 31, 2011, PRA had acquired, or had purported to acquire, indebtedness allegedly owed by over one hundred thousand North Carolina residents.

18.     PRA makes extensive filings in court to collect indebtedness it has acquired. According to the PRA, Inc. 10-K, p. 12: "An important component of our collections effort involves our legal recovery department and the judicial collection of accounts of customers who we believe have the ability, but not the willingness, to resolve their obligations. . . .We use a combination of internal staff (attorney and support), as well as external attorneys, to pursue legal collections under certain circumstances. . . . ."

19.     PRA seeks to collect receivables in the most efficient and cost-effective way possible. According to the PRA, Inc. 10-K, p. 6: "The success of our business depends on our ability to purchase portfolios of defaulted consumer receivables at appropriate valuations and to collect on those receivables effectively and efficiently."

20.     In its effort to collect on consumer receivables "effectively and efficiently," PRA has sought to collect, and has collected, alleged indebtedness purportedly owed by North Carolina residents by filing lawsuits in clear violation of North Carolina's PPCA.

-7-

21.    The PPCA at N.C.G.S. § 58–70–150 provides the following with respect to

complaints filed by debt buyers to collection debts from consumers:

> *§ 58–70–150.  Complaint of a debt buyer plaintiff must be accompanied by certain materials.*
>
> *In addition to the requirements of G.S. 58–70–145, in any cause of action initiated by a debt buyer, as that term is defined in G.S. 58–70–15, all of the following materials shall be attached to the complaint or claim:*
>
> *(1)    A copy of the contract or other writing evidencing the original debt, which must contain a signature of the defendant. If a claim is based on credit card debt and no such signed writing evidencing the original debt ever existed, then copies of documents generated when the credit card was actually used must be attached.*
>
> *(2)    A copy of the assignment or other writing establishing that the plaintiff is the owner of the debt. If the debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain the original account number of the debt purchased and must clearly show the debtor's name associated with that account number.  (2009–573, s. 8.)*

22.    Additionally, the PPCA at N.C.G.S. § 58-70-115 provides the following with

respect to complaints filed by debt buyers to collection debts from consumers:

> *§ 58– 70– 115.  Unfair practices.*
>
> *No collection agency shall collect or attempt to collect any debt by use of any unfair practices. Such practices include, but are not limited to, the following:*
>
> *[...]*
>
> (5)    When the collection agency is a debt buyer or acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor, or otherwise attempting to collect on the debt without (i) valid documentation that the debt buyer is the owner of the specific debt instrument or account at issue and (ii) reasonable verification of the amount of the debt allegedly owed

-8-

by the debtor. For purposes of this subdivision, reasonable verification shall include documentation of the name of the original creditor, the name and address of the debtor as appearing on the original creditor's records, the original consumer account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of the amount claimed to be owed, including all fees and charges.

*(6)    When the collection agency is a debt buyer or acting on behalf of a debt buyer, bringing suit or initiating an arbitration proceeding against the debtor to collect on a debt without first giving the debtor written notice of the intent to file a legal action at least 30 days in advance of filing. The written notice shall include the name, address, and telephone number of the debt buyer, the name of the original creditor and the debtor's original account number, a copy of the contract or other document evidencing the consumer debt, and an itemized accounting of all amounts claimed to be owed.*

23.    Further, the PPCA at N.C.G.S. § 58-70-155 provides the following with respect to documents that debt buyers must file with the court prior to the entry of default judgment or summary judgment in actions to collect debts from consumers:

*§ 58‑70‑155. Prerequisites to entering a default or summary judgment against a debtor under this Part.*

*(a)    Prior to entry of a default judgment or summary judgment against a debtor in a complaint initiated by a debt buyer, the plaintiff shall file evidence with the court to establish the amount and nature of the debt.*

*(b)    The only evidence sufficient to establish the amount and nature of the debt shall be properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence. The authenticated business records shall include at least all of the following items:*

*(1)    The original account number.*

*(2)    The original creditor.*

*(3)     The amount of the original debt.*

*(4)    An itemization of charges and fees claimed to be owed.*

-9-

(5)     The original charge-off balance, or, if the balance has not been charged off, an explanation of how the balance was calculated.

(6)     An itemization of post charge-off additions, where applicable.

(7)     The date of last payment.

(8)     The amount of interest claimed and the basis for the interest charged.

## FACTUAL ALLEGATIONS PERTAINING TO THE COUNTERCLAIM PLAINTIFFS' CLAIMS

### Caroline Houston

24.     PRA filed the instant Complaint against Houston on March 14, 2012, seeking to collect an alleged debt in the amount of $1,261.75.

25.     The Complaint does not include as an attachment any contract or other writing evidencing the original debt that contains a signature of Caroline L. Houston.

26.     The Complaint does not allege that no contract signed by Caroline L. Houston ever existed nor does it include as an attachment copies of any documents generated when the credit card was actually used.

27.     None of the documents attached to the Complaint, including the two monthly statements attached as "Exhibit A," reflect an itemized accounting of the amount claimed to be owed.  PRA also failed to provide Houston with an itemized accounting of all amounts claimed to be owed in a written Notice of Intent to File Legal Action that PRA was required to send Houston at least 30 days prior to filing the complaint.

28.     The Complaint does not include as an attachment an assignment or other writing evidencing transfer of ownership to PRA of Houston's alleged debt that contains the original

-10-

account number of the debt purchased and that shows Houston's name associated with that account number.

### Danny Wamsley

29.    PRA filed a complaint against Wamsley on January 3, 2014, seeking to collect on an alleged debt in the amount of $1,008.58.

30.    The Complaint does not include as an attachment any contract or other writing evidencing the original debt that contains a signature of Danny Wamsley.

31.    The Complaint does not allege that no contract signed by Danny Wamsley ever existed nor does it include as an attachment copies of any documents generated when the credit card was actually used.

32.    None of the documents attached by PRA to the complaint against Wamsley, including the two monthly statements attached as Exhibit A, reflect an itemized accounting of the amount claimed to be owed.  Nor was such an itemized accounting provided to Wamsley as an attachment to the written Notice of Intent to File Legal Action that PRA was required to send at least 30 days prior to filing the complaint.

33.    PRA's complaint against Wamsley also does not include as an attachment an assignment or other writing evidencing transfer of ownership to PRA of Wamsley's alleged debt that contains the original account number of the debt purchased and that shows Wamsley's name associated with that account number.

34.    PRA filed a motion for entry of default and judgment of default on February 27, 2014, and obtained entry of default judgment on that date.   Prior to the entry of default judgment, PRA did not file authenticated business records sufficient to establish the amount and nature of the debt.

-11-

**Omar Welch**

35.     PRA filed a complaint against Welch on April 11, 2012, seeking to collect on an alleged debt in the amount of $2,926.71.

36.     None of the documents attached by PRA to the complaint against Welch, including the monthly statements attached as Exhibit B, reflect an itemized accounting of the amount claimed to be owed. Nor was such an itemized accounting provided to Welch as an attachment to the written Notice of Intent to File Legal Action that PRA was required to send at least 30 days prior to filing the complaint.

37.     PRA's complaint against Welch also does not include as an attachment an assignment or other writing evidencing transfer of ownership to PRA of Welch's alleged debt that contains the original account number of the debt purchased and that shows Welch's name associated with that account number.

38.     PRA filed a motion for entry of default and judgment by default on June 21, 2012, and obtained entry of default judgment against Welch on that date. Prior to the entry of default judgment, PRA did not file authenticated business records sufficient to establish the amount and nature of the debt.

39.     These violations of the North Carolina PPCA constitute unfair or deceptive acts or practices proscribed by the Act and by N.C. Gen. Stat. § 75-1.1 in the area of commerce regulated by these provisions, namely debt collection and collection agencies.

**CLASS ALLEGATIONS**

40.     Defendant and Counterclaim Plaintiff Caroline L. Houston, and Counterclaim Plaintiffs Danny Wamsley and Omar Welch, are three of numerous North Carolina residents who

-12-

have been the subject of a PRA lawsuit or lawsuit and judgment based on a Complaint that

violates North Carolina law.

41.      Houston, Wamsley, and Welch seek to maintain this Amended Answer and

Counterclaim as a class action, pursuant to Rule 23 of the North Carolina Rules of Civil

Procedure.

42.      The proposed class definition is as follows:

**All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, and all people to whom PRA sent a "Notice of Intent to File Legal Action" on or after October 1, 2009.**

43.      Counterclaim Plaintiffs Houston and Wamsley also seek to represent a subclass,

(the "Signed Writing/Actual Use Subclass") consisting of:

**All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, where PRA failed to attach either (1) a copy of the contract or other writing evidencing the original debt, signed by the defendant, or (2) copies of documents generated when the credit card was actually used, when no signed writing evidencing the debt ever existed.**

44.      Additionally, Counterclaim Plaintiffs Wamsley and Welch seek to represent a

subclass (the "Default Judgment Subclass"), consisting of:

**All individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, whom PRA subsequently sought and obtained entry of default judgment within four years from the filing of the Amended Answer and Class Counterclaim.**

45.      <u>Numerosity</u>: On information and belief, the members of the class and each

subclass are so numerous, with each class and subclass in excess of 1,000 persons, that joinder of

all members of either the class or subclasses is impractical.

46.      <u>Existence of Class</u>: Each member of the class, including Counterclaim Plaintiffs

Houston, Wamsley, and Welch, shares an interest in several issues of law or fact, and these

-13-

common issues predominate over issues affecting only individual members. Such questions of law and fact common to all members of the class include:

    (a) Whether an "itemized accounting," for purposes of N.C.G.S. § 58-70-90 *et seq.*, requires the debt buyer to delineate the fees, charges, interest, and principal that make up the total amount allegedly owed by the debtor?

    (b) Whether PRA's uniform practice of filing suit in court to collect debts from North Carolina consumers based on the "charged off" amount and without having documentation that delineates the fees, charges, interest, and principal allegedly owed by the debtor constitutes a violation of the PPCA?

    (c) Whether PRA's uniform practice of failing to include documentation that delineates the fees, charges, interest, and principal that make up the total amount allegedly owed by the debtor with the 30-day written notice required by N.C.G.S. § 58-70-115(6) constitutes a violation of that provision of the PPCA?

    (d) Whether PRA complies with N.C.G.S. § 58-70-150(2) through its uniform practice of attaching to the complaint a copy of an assignment and/or bill of sale with an unidentified two-columned table that does not explicitly indicate that the debtor's account was assigned/purchased by PRA?

    (e) Whether PRA's uniform practices addressed in (b)-(d) constitute unfair and deceptive practices under N.C. Gen Stat. § 58-70-90 *et seq.* and N.C. Gen Stat. §75-1.1?

47.    Each member of the Signed Writing/Actual Use Subclass, including named Plaintiffs Houston and Wamsley, shares an interest in issues of law or fact, and these common

-14-

issues predominate over issues affecting only individual members. Such questions of law and fact common to all members of the class include:

      (a) Whether "documents generated when the credit card was actually used," for purposes of N.C.G.S. § 58-70-150(1), means a document generated when the alleged debtor used his/her credit card to make purchases or receive cash advances and that thereby provides some detail about the alleged use (date of purchase, vendor, etc.)?

      (b) Whether PRA's common practice of attaching monthly statements that do not show any "actual use" of the credit card by the debtor, such as credit card purchases or cash advances, complies with N.C.G.S. § 58-70-150(1)?

      (c) Whether a debt buyer needs to allege that a signed contract or other writing evidencing the debt never existed before attaching copies of documents generated when the credit card was actually used?

48.     Likewise, each member of the Default Judgment Subclass, including named Plaintiffs Wamsley and Welch, shares an interest in issues of law or fact, and these common issues predominate over issues affecting only individual members. Such questions of law and fact common to all members of the class include:

      (a) Whether an "itemization of charges and fees claimed to be owed" for purposes of N.C.G.S. § 58-70-155, requires the debt buyer to delineate the fees and charges that make up the total amount allegedly owed by the debtor?

      (b) Whether PRA uniformly fails to file evidence with the court, prior to the entry of default judgment, that provides an "itemization of charges and fees claimed to be owed"?

-15-

(c) Whether PRA uniformly fails to file evidence with the court, prior to the entry of default judgment, sufficient to establish the amount and nature of the debt that consists of properly authenticated business records that satisfy the requirements of Rule 803(6) of the North Carolina Rules of Evidence?

49. Counterclaim Plaintiffs Houston, Wamsley, and Welch, along with their counsel, will adequately represent and protect the interests of the class and each subclass. Counterclaim Plaintiffs' counsel are experienced in handling class claims and claims alleging unlawful business practices. Neither the Counterclaim Plaintiffs, nor their counsel, have any interest that would cause them not to pursue this case vigorously and fairly on behalf of the class and subclasses.

50. A class action is superior to other available methods for the fair and effective adjudication of the controversy. PRA has acted or refused to act and will continue to do so on grounds generally applicable to the class and the subclasses thereby making injunctive or declaratory relief appropriate with respect to the class and the subclasses as a whole. Separate actions by individual members of the class and subclasses would create a risk of inconsistent adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for PRA.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment

51. All allegations set out elsewhere in this Answer and Class Counterclaim are incorporated herein by reference.

52. Houston, Wamsley, and Welch are entitled to, and request, a declaration on behalf of themselves and all members of the class that PRA fails to have "reasonable verification of the

-16-

amount of the debt allegedly owed by the debtor," for purposes of N.C. Gen. Stat. §58-70-115(5), when it does not have documentation that delineates the fees, charges, interest, and principal that make up the total amount allegedly owed by the debtor.

53.     Houston, Wamsley, and Welch are entitled to, and request, a declaration on behalf of themselves and all members of the class that PRA's failure to provide, as part of the written "Notice of Intent to File Legal Action," documentation that delineates the fees, charges, interest, and principal that make up the amount allegedly owed by the debtor is an unfair attempt to collect a debt in violation of N.C. Gen. Stat. §58-70-115(6).

54.     Houston, Wamsley, and Welch are entitled to, and request, a declaration on behalf of themselves and all members of the class that PRA's uniform practice of attaching to the complaint a copy of an assignment and/or bill of sale that does not explicitly indicate that the debtor's account was assigned to or purchased by PRA fails to satisfy N.C. Gen. Stat. §58-70-150(2).

55.     Houston and Wamsley are entitled to, and request, a declaration on behalf of themselves and the Signed Writing/Actual Use Subclass that a copy of a credit card statement showing only a "charge off" statement or "payment made" does not constitute a document generated when the credit card was "actually used" for purposes of N.C. Gen. Stat. §58-70-150(1).

56.     Wamsley and Welch are entitled to, and request, a declaration on behalf of themselves and the Default Judgment Subclass that PRA's failure to file evidence with the court that delineates each fee and charge that makes up the total amount of debt claimed to be owed constitutes a violation of N.C. Gen. Stat. § 58-70-155.

-17-

## SECOND CLAIM FOR RELIEF

### Violation of North Carolina Prohibited Practices by Collection Agencies Act
### N.C. Gen. Stat. § 58-70-115 and N.C. Gen. Stat. § 58-70-150

57.     The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth fully herein.

58.     Houston, Wamsley, and Welch, on behalf of themselves and all members of the class, assert a claim for relief based on PRA's violations of N.C. Gen. Stat. § 58-70-115 and N.C. Gen. Stat. § 58-70-150(2).

59.     Houston and Wamsley on behalf of themselves and all members of the Signed Writing/Actual Use Subclass, assert a claim for relief based on PRA's violation of N.C. Gen. Stat. § 58-70-150(1).

60.     PRA is a "collection agency" as defined by North Carolina's Prohibited Practices by Collection Agencies (PPCA) statute at N.C. Gen. Stat. §§ 58-70-15 and 58-70-90.

61.     PRA is also a "debt buyer" as defined in N.C. Gen. Stat. § 58-70-15(b)(4) as "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts, or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third party for collection or an attorney-at-law for litigation in order to collect such debt."

62.     Counterclaim Plaintiffs Houston, Wamsley, and Welch are "consumers" as defined by North Carolina's Prohibited Practices by Collection Agencies statute at N.C. Gen. Stat. § 58-70-90(2) as "an individual, aggregation of individuals, corporation, company, association, or partnership that has incurred a debt or alleged debt."

63.     Venue is proper in this District because the acts and transactions associated with Houston's claim occurred here, Houston resides here, and PRA transacts business here.

-18-

64. At all times relevant to the subject matter of this Complaint / Counterclaim, PRA was involved in business activities in this state including collecting or attempting to collect payments and was therefore engaged in commerce in North Carolina.

65. PRA filed actions against Houston, Wamsley, and Welch, and other similar actions throughout North Carolina, seeking to collect alleged debts.

66. PRA, as a debt buyer, has attempted to collect a debt by unfair means in violation of N.C. Gen. Stat. § 58-70-115(5) by filing Complaints in court without valid documentation that it is the owner of the specific account at issue and without reasonable verification of the amount of the debt allegedly owed by the defendant, including documentation that provides an itemized accounting of the amount claimed to be owed including all fees and charges.

67. PRA, as a debt buyer, has attempted to collect a debt by unfair means in violation of N.C. Gen. Stat. §58-70-115(6) by failing to send alleged debtors a "Notice of Intent to File Legal Action" that included an itemized accounting of all amounts claimed to be owed prior to filing suit.

68. PRA, as a debt buyer, has attempted to collect a debt in violation of N.C. Gen. Stat. § 58-70-150(1) by filing Complaints that failed to attach a copy of the contract or other writing evidencing the original debt, signed by the defendant, and failed to attach copies of documents generated when the credit card was actually used. Instead PRA routinely attaches monthly credit card statements, purporting to be generated when the credit card was actually used, but that do not reflect any actual purchases or other use of the card by the defendant.

69. PRA as a debt buyer has further attempted to collect a debt by unfair means in violation of N.C. Gen. Stat. § 58-70-150(2) and §58-70-115(5) by filing Complaints while lacking valid documentation of ownership of the specific accounts and failing to attach a valid

-19-

assignment or other writing evidencing transfer of ownership that contains the original account number of the debt purchased and shows the debtor's name associated with that account number.

70.     As a result of PRA's violations of N.C. Gen. Stat. § 58-70-115 and N.C. Gen. Stat. § 58-70-150, Houston, Wamsley, and Welch, and all members of the Class, are entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §58-70-130; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

71.     PRA is liable to Houston, Wamsley, and Welch and to all class members for:

  (a)   any actual damages, including all amounts paid to PRA on the alleged debts that are the subject of this class action lawsuit;

  (b)   "civil penalties" under N.G.S. 58-70-130 as prescribed by the Court, "which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation;"

  (c)   attorney fees pursuant to G.S. 58-70-130(c) and 75-16.1.

72.     As a result of PRA's violations of N.C. Gen. Stat. § 58-70-115 and N.C. Gen. Stat. § 58-70-150, Houston, Wamsley, and Welch, and all class members, are further entitled to injunctive relief.

73.     Counterclaim plaintiffs and class members are without adequate remedy at law, and there is substantial likelihood that irreparable injury will result to counterclaim plaintiffs and class members without injunctive relief from this Court.

74.     Counterclaim plaintiffs and class members are entitled to, and request, the following injunctive relief:

-20-

(1) Prohibiting PRA from filing lawsuits in North Carolina courts to collect debts and/or seeking entry of default on already filed lawsuits until PRA has complied with such provisions as the court deems necessary to protect the interests of the counterclaim plaintiffs and members of the Class and Subclasses.

(2) Directing PRA to move to set aside all judgments obtained by PRA against class members arising from complaints that violate the PPCA

## THIRD CLAIM FOR RELIEF
### Violation of North Carolina Prohibited Practices by Collection Agencies Act
### N.C. Gen. Stat. § 58-70-155

75. The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth fully herein.

76. Wamsley and Welch, on behalf of themselves and all members of the Default Judgment Subclass, assert a claim for relief based on PRA's violations of N.C. Gen. Stat. § 58-70-155.

77. PRA, as a debt buyer, has attempted to collect a debt in violation of N.C. Gen. Stat. §58-70-155 by moving for and obtaining entry of default judgment without filing with the court evidence sufficient to establish the amount and nature of the debt that consists of properly authenticated business records, satisfying the requirements of Rule 803(6) of the North Carolina Rules of Evidence.

78. PRA, as a debt buyer, has also violated N.C. Gen. Stat. §58-70-155 by moving for and obtaining entry of default judgment without filing properly authenticated evidence that provides an itemization of charges and fees claimed to be owed.

-21-

79.     As a result of PRA's violations of N.C. Gen. Stat. § 58-70-155, by moving and obtaining entry of default judgment without filing properly authenticated evidence that provides an itemization of charges and fees claimed to be owed, Wamsley and Welch, and all members of the Default Judgment Subclass, are entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

80.     As a result of PRA's violations of N.C. Gen. Stat. §58-70-155, Wamsley and Welch, and all members of the Default Judgment Subclass are further entitled to injunctive relief.

81.     Counterclaim plaintiffs and members of the Default Judgment Subclass are without adequate remedy at law, and there is substantial likelihood that irreparable injury will result to counterclaim plaintiffs and members of the Default Judgment Subclass without injunctive relief from this Court.

82.     Wamsley and Welch and all members of the Default Judgment Subclass are entitled to, and request, the following injunctive relief:

(1) Directing PRA to move to set aside all judgments against members of the Subclass obtained in violation of N.C. Gen. Stat. §58-70-155.

(2) Prohibit PRA from seeking judgments for default without complying with the law as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Houston and Counterclaim Plaintiffs Wamsley and Welch pray that this Court:

1.  Order that Plaintiff PRA have and recover nothing of Defendant Houston in this action and that this action by PRA against Houston be dismissed with prejudice.

-22-

2. Permit the counterclaim to proceed as a class action.

3. Award the declaratory, monetary, and injunctive relief requested herein.

4. Award attorney fees pursuant to G.S. 58-70-130(c) and 75-16.1.

5. Grant such other relief as the Court may deem appropriate.

6. Tax the costs of this action, to PRA.

7. As to any disputed issues of fact, grant plaintiff TRIAL BY JURY.

This the _____ day of January, 2015.

Respectfully Submitted,

_____
Travis E. Collum (NCSB 29158)
COLLUM & PERRY, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com

Carlene McNulty (NCSB 12488)
Jason Piker (NCSB # 47128)
NORTH CAROLINA JUSTICE CENTER
Post Office Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Email: carlene@ncjustice.org
jason.pikler@ncjustice.org

Suzanne Begnoche (NCSB 35158)
BEGNOCHE LAW OFFICE
312 W. Franklin Street
Chapel Hill, NC 27516
Telephone: (919) 960-6108
Email: suzanne.begnoche@begnochelaw.com

Adrian M. Lapas (NCSB 20022)
ADRIAN M. LAPAS, P.A.
642 North Spence Avenue
Goldsboro, NC 27534
Telephone: (919) 735-0098
Facsimile: (919) 735-0568
Email: adrianlapas@goldsborobankruptcylawyer.com

*Counsel for Defendant-Counterclaimant Caroline L. Houston,*
*and proposed counterclaim plaintiffs/intervenors, Danny Wamsley and Omar Welch*

-24-

# CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on the ___ day of January, 2015, a true and correct copy of the foregoing was served upon all counsel and parties of record by electronic transmission and/or U.S. Mail, postage prepaid, addressed as follows:

Jon Berkelhammer, Esq.
Ellis & Winters, LLP
333 North Greene Street, Suite 200
Greensboro, NC 27401
Email: jon.berkelhammer@elliswinters.com

Manning A. Connors, Esq.
Laura J. Dildine, Esq.
Smith Moore Leatherwood, LLP
300 North Greene Street
Suite 1400
Greensboro, NC 27401
Email: manning.connors@smithmoorelaw.com

Mitchell A. Meyers, Esq.
Sessoms & Rogers, P.A.
P.O. Box 110564
Durham, NC 27709
Email: mmeyers@sessomslaw.com

*Counsel for Plaintiff Portfolio Recovery
Associates, LLC*

Hon. Roy A. Cooper, North Carolina Attorney General
Philip A. Lehman, Assistant Attorney General
North Carolina Department of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001

_____
Travis Collum

# EXHIBIT 2

STATE OF NORTH CAROLINA

COUNTY OF IREDELL

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12-CVS-642

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Plaintiff,

v.

CAROLINE L. HOUSTON,

      Defendant.

_____

CAROLINE L. HOUSTON,
on behalf of herself and all others similarly
situated,

      Counterclaimant,

v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC,

      Defendant to Counterclaim.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## **AFFIDAVIT OF DANNY WAMSLEY**

      I, DANNY WAMSLEY, after being duly sworn, declare under penalty of perjury as
follows:

      1.  I have agreed to act as an intervenor class representative in this action if the Court
authorizes me to do so.

      2.  I live in Wake County, North Carolina.

      3.  On approximately January 9, 2014, I was served with a lawsuit brought against me by
Portfolio Recovery Associates. A copy of the complaint, with Wake County file number
14 CVD 61, is attached as Exhibit A. I did not file an answer to this complaint.

4. I later discovered that a judgment against me was showing up on my credit report. I learned that Portfolio Recovery Associates had obtained a default judgment against me in the amount of 1,008.58. A copy of the Affidavit and Motion for Entry of Default is attached as Exhibit B.

5. I understand that, if I am permitted to become a named counterclaim-plaintiff in this action, I will have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activities as named counterclaim-plaintiff. My lawyers have agreed to proceed with this case on a contingent fee basis and intend to ask the Court to award a fee if benefits for the class are obtained through or as a result of this lawsuit. My lawyers have also agreed to advance the expenses of this lawsuit. I understand that I personally may be ultimately liable for certain court costs.

6. I will participate actively in the case including appearing at necessary hearings and at the trial of the case, in the discovery process and in major decisions regarding the case.

I declare that the foregoing is true and accurate to the best of my knowledge and belief.

This the **23** day of December, 2014.

_____
Danny Wamsley

STATE OF NORTH CAROLINA
COUNTY OF WAKE

I, Seonaid A. Rijo, a Notary Public in and for the State and County aforesaid, do hereby certify that DANNY WAMSLEY, personally appeared before me this day and after being duly sworn did acknowledge that the foregoing statements were true and accurate to the best of his knowledge and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

WITNESS my hand and seal, this 23 day of December, 2014.

_____ [SEAL]
NOTARY PUBLIC Seonaid A Rijo

My Commission Expires: 6-15-16

-2-

14C 00061

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

13 CvD_____

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
                                     )
                Plaintiff            )
                                     )
                                     )
vs.                                  )        COMPLAINT
                                     )
                                     )
DANNY WAMSLEY,                       )
                                     )
                Defendant            )
                                     )
_____ )

The Plaintiff, complaining of the Defendant, alleges and says as follows:

1. The Plaintiff is a limited liability company organized under the laws of the state of Delaware, with a principal office and place of business in Norfolk, Virginia.

2. The Defendant is a resident of Wake County, North Carolina.

3. The Plaintiff is duly licensed as a collection agency in North Carolina by the Department of Insurance and has been issued permit number 4132.

4. The Plaintiff's predecessor in interest, HSBC, opened a credit account (hereinafter "Account") for the Defendant and extended credit to the Defendant through the Account.

5. The Plaintiff's predecessor in interest extended credit to the Defendant pursuant to the terms and conditions set forth in the account agreement (hereinafter "Agreement").

6. The Defendant accepted and used the credit extended by HSBC through the Account during the period that the Account was active.

7. The Defendant's use of the credit extended by HSBC ratified the Agreement thereby binding the Defendant to the terms and conditions set forth therein.

8. Account statements (hereinafter "Statements") reflecting the original account number and the credit issuer were mailed by the Plaintiff's predecessor in interest to the Defendant at the address provided by the Defendant while the Account was active. Copies of said Statements are attached hereto as Exhibit "A" and incorporated herein by this reference.

9. As this was a credit card account, the origination balance was $0.00. The Statements reflect an itemization of the charges and fees owed, along with an explanation of how the balance



EXHIBIT

A

owing on the Account was calculated. The last payment on the Defendant's Account was made on or about March 26, 2011. Pursuant to the provisions of G.S. § 24-5 (a), the Plaintiff is entitled to interest on the past due balance accruing at the legal rate of 8% per annum.

10. The Defendant defaulted under the terms of the Agreement because the Defendant failed to make the payments owing to HSBC when they became due.

11. Subsequent to the Defendant's default, the Account was charged-off by HSBC for non-payment.

12. Thereafter, the Defendant's Account was sold to and acquired by the Plaintiff herein, Portfolio Recovery Associates, LLC.

13. The chain of ownership of the Defendant's Account is attached hereto as Exhibit "B" and incorporated herein by this reference.

14. Pursuant to the terms and conditions of the Agreement, the Defendant is lawfully indebted to the Plaintiff in the amount of $1,008.58, together with interest thereon at the legal rate of 8% per annum from the date of judgment. Said amount includes any offsets and credits to which the Defendant is lawfully entitled.

WHEREFORE, the Plaintiff prays the Court as follows:

1. That the Plaintiff have and recover from the Defendant the amount of $1,008.58.

2. That the Plaintiff further have and recover from said Defendant interest on said amount at the legal rate of 8% per annum from and after the date of judgment, until paid in full.

3. That the Plaintiff further recover from said Defendant all costs of this action.

4. For such other and further relief as the Court may deem just and proper.

This the 31 day of December, 2013.

SESSOMS & ROGERS, P.A.

By: _____

Amber K. Kauffman
Attorney for Plaintiff
1822 East NC Highway 54, Suite 200
P.O. Box 110564
Durham, North Carolina 27709
Telephone: (919) 688-1000

 PROGRAM MASTERCARD

DANNY WAMSLEY

 issued by SBC

Reward Zone Program MasterCard Account Statement
Account Number █████████7948
From February 4, 2011 to March 8, 2011

Page 1 of 2

## Balance Information

| | |
|---|---|
| Previous Balance | $883.56 |
| Payments | -$10.00 |
| Other Credits | $0.00 |
| Purchases/Debits | $0.00 |
| Balance Transfers | $0.00 |
| Cash Advances | $0.00 |
| Past Due Amount | $103.00 |
| Fees Charged + | $35.00 |
| Interest Charged + | $23.58 |
| New Balance | $932.14 |

| | |
|---|---|
| Credit Limit | $320.00 |
| Credit Available | $0.00 |
| Cash Limit † | $80.00 |
| Cash Available | $0.00 |
| Statement Closing Date | March 8, 2011 |
| Days in Billing Cycle | 32 |
| †Cash Limit is a portion of Total Credit Limit. | |

## Payment Information

| | |
|---|---|
| New Balance | $932.14 |
| Minimum Payment Due | $143.00 |
| Payment Due Date | April 2, 2011 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 10 Years | $2,215 |
| $40 | 3 Years | $1,424 (Savings = $791) |

If you would like information about credit counseling services call 1-866-569-2227

**Questions?**

| | |
|---|---|
| 24-Hour Automated Account Information | 1-800-419-4959 |
| Lost or Stolen Card | 1-800-395-4500 |
| Outside USA Collect | 1-702-243-1475 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** Reward Zone Program MasterCard, PO Box 5222, Carol Stream, IL 60197-5222
**Billing Inquiries:** Reward Zone Program MasterCard, PO Box 80045, Salinas, CA 93912-0045
**Manage Your account online at www.rewardzonemastercard.com**

## Program Information

**IMPORTANT: Starting March 18, 2011, Accounts with recurring charges (for example, monthly membership fees or bill pays) now requires that the credit card be activated. After that date, recurring charges on Accounts that do not have the credit card activated will be declined. If you use your Account for recurring charges, please activate your credit card by calling the Customer Service number on the back of your card.**

| Purchase Summary | Amount |
|---|---|
| Best Buy Spend* (4% on eligible purchases) | $0.00 |
| Other MasterCard Spend* (up to 2% on eligible purchases) | $0.00 |

For reward and point detail, to update your profile, check out exclusive offers and more, visit **MyRewardZone.com** Use the card, earn the points, get the rewards.

*May include ineligible purchases.

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

Your account is over the credit limit. Please pay your total due of $692.14, which includes any additional over the credit limit amount and your Minimum Payment Due, minus any Past Due amount.

YOUR ACCOUNT IS NOW PAST DUE. PLEASE CALL TODAY TO MAKE YOUR PAYMENT OVER THE PHONE. CALL US AT 866-843-1978

## Transactions

| Trans Date | Post Date | Description of Transaction or Credit | Reference Number | Amount |
|---|---|---|---|---|
| MASTERCARD | | | | |

Detach and return bottom portion with your payment
502591 5 A 07 000000060# D STMF99 D K stn R001
See reverse side for important information

 PROGRAM MASTERCARD

| | |
|---|---|
| Account Number | ████████7948 |
| New Balance | $932.14 |
| Minimum Payment Due | $143.00 |
| Payment Due Date | 04/02/2011 |

Include account number on check to Reward Zone Program MasterCard. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

AMOUNT ENCLOSED $

#BWNHYTS
#105249897940#
DANNY WAMSLEY
1035 HOLLY HILL DR
DURHAM NC 27713-6057

REWARD ZONE PROGRAM MASTERCARD
PO BOX 5222
CAROL STREAM IL 60197-5222



EXHIBIT A



PROGRAM MASTERCARD

DANNY WAMSLEY



Issued by: SBC

| 02/19/11 | 02/19/11 | PAYMENT - THANK YOU | | 3021911A00127026125720I | -$10.00 |
|---|---|---|---|---|---|
| | | **Total Payment For This Period** | | | -$10.00 |

**Transactions/Debits**

| Trans Date | Post Date | Description of Transaction or Credit | Purchase Type | Reference Number | Amount |
|---|---|---|---|---|---|

**Fees**

| Trans Date | Post Date | Description of Fees | | Reference Number | Amount |
|---|---|---|---|---|---|
| 03/02/11 | 03/02/11 | LATE CHARGE ASSESSMENT | | 1000000606000999923410 | $35.00 |
| | | **Total Fees For This Period** | | | $35.00 |

**Interest Charged**

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $23.58 |
| INTEREST CHARGE ON BALANCE TRANSFERS | $0.00 |
| **Total Interest For This Period** | $23.58 |

**2011 Totals Year-to-Date**

| Total fees charged in 2011 | $119.50 |
|---|---|
| Total interest charged in 2011 | $63.94 |

**Interest Charge Calculation**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

**Interest Rate - MasterCard**

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 10001 | 29.99% (v) | $886.92 | $23.58 |
| CASH ADVANCES 20001 | 29.99% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 41111 | 29.99% (v) | $0.00 | $0.00 |

v=Variable Rate

**Customer News**

Future-Proof your next TV, Laptop, mobile phone or new tablet with the New Buy Back Program. Visit BestBuy.com/buyback or see a store specialist at any Best Buy location to learn more.

500003 5 A 07 0000000609 O STMT09 D K 8195 0002

 | rewardzone*

PROGRAM MASTERCARD

DANNY WAMSLEY

 Issued by SBC

Reward Zone Program MasterCard Account Statement
Account Number: 7948
Page 1 of 2
From June 7, 2011 to July 8, 2011

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $985.23 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Purchases/Debits | $0.00 |
| Balance Transfers | $0.00 |
| Cash Advances | $0.00 |
| Past Due Amount | $237.00 |
| Fees Charged | $0.00 |
| Interest Charged | $25.35 |
| New Balance | $1,008.58 |
| | |
| Credit Limit | $320.00 |
| Credit Available | $0.00 |
| Cash Limit † | $80.00 |
| Cash Available | $0.00 |
| Statement Closing Date | July 8, 2011 |
| Days in Billing Cycle | 31 |
| †Cash Limit is a portion of Total Credit Limit. | |

## Payment Information

| | |
|---|---|
| New Balance | $1,008.58 |
| Minimum Payment Due | $273.00 |
| Payment Due Date | August 2, 2011 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum Payment | 9 Years | $2,160 |
| $43 | 3 Years | $1,541 (Savings = $619 ) |

If you would like information about credit counseling services call 1-866-569-2227

**Questions?**

| | |
|---|---|
| 24-Hour Automated Account Information | 1-800-419-4959 |
| Lost or Stolen Card | 1-800-395-4500 |
| Outside USA Collect | 1-702-243-1575 |
| TDD/Hearing Impaired | 1-800-695-9392 |

**Payment Address:** Reward Zone Program MasterCard, PO Box 5222, Carol Stream, IL 60197-5222
**Billing Inquiries:** Reward Zone Program MasterCard, PO Box 80045, Salinas, CA 93912-0045
**Manage Your account online at www.rewardzonemastercard.com**

## Important Information

| Purchase Summary | Amount |
|---|---|
| Best Buy Spend* (4% on eligible purchases) | $0.00 |
| Other MasterCard Spend* (up to 2% on eligible purchases) | $0.00 |

For reward and point detail, to update your profile, check out exclusive offers and more, visit **MyRewardZone.com**. Use the card, earn the points, get the rewards.

*May include ineligible purchases.

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee.

Your account is over the credit limit. Please pay your total due of $724.58 which includes any additional over the credit limit amount and your Minimum Payment Due, (minus any Past Due amount.

## Fees

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|

## Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $25.35 |

---

Detach and return bottom portion with your payment          SEQ#: 51 07 0/00/00008     STMTYP: D Q 1142V35601          See reverse side for important information

 | rewardzone*

PROGRAM MASTERCARD

| | |
|---|---|
| Account Number: | 7948 |
| New Balance | $1,008.58 |
| Minimum Payment Due | $273.00 |
| Payment Due Date | 08/02/2011 |

Include account number on check to Reward Zone Program MasterCard. Do not send cash. Please send your payment 5 to 10 days prior to the payment due date to ensure timely delivery

AMOUNT ENCLOSED    $.00

#BWNHYTS
#105249897940#
DANNY WAMSLEY
1033 HOLLY HILL DR
DURHAM NC 27713-6057

REWARD ZONE PROGRAM MASTERCARD
PO BOX 5222
CAROL STREAM IL 60197-5222



PROGRAM MASTERCARD

DANNY WAMSLEY



| | | |
|---|---|---|
| INTEREST CHARGE ON BALANCE TRANSFERS | | $0.00 |
| Total Interest For This Period | | $25.35 |

| 2011 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2011 | $119.50 |
| Total interest charged in 2011 | $158.58 |

Your Annual Percentage Rate (APR) is the annual interest rate on your account

**MASTERCARD**

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 60001 | 29.99% (v) | $995.44 | $25.35 |
| CASH ADVANCES 80001 | 29.99% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 29.99% (v) | $0.00 | $0.00 |

v=Variable Rate

We'll help you UPGRADE the way you go back to school by matching you with exactly what you need for a successful school year

Who likes paper cuts? Electronic statements are here! Sign up now at rewardzonemastercard.com/register

50GM0 5 J 07 2X00X00699    5TM2V0 D Q 13829 R5R01

## ASSIGNMENT AND BILL OF SALE

HSBC Receivables Acquisition Company I, HSBC Receivables Acquisition Corporation (USA) III, HSBC Receivables Acquisition Corporation (USA) IV (hereinafter collectively called "Seller") has entered into a Purchase and Sale Agreement as of November 1, 2011 ("Agreement") for the sale of Receivables described therein to Portfolio Recovery Associates, LLC., (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Receivables described in the Agreement and in Exhibit A attached hereto.

Purchaser and Seller agree that the Purchase Price shall be as stated in Paragraph 3 of the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 20th day of January, 2012.

HSBC Receivables Acquisition
Company I

Signed By: _____
By: David Nauman
Title: Senior Vice President

HSBC Receivables Acquisition
Corporation (USA) III

HSBC Receivables Acquisition
Corporation (USA) IV

Signed By: _____
By: David Nauman
Title: Vice President

EXHIBIT
B

| Field | Value |
|---|---|
| ACCTNUM | ▬▬▬▬7948 |
| NAME1 | WAMSLEY.DANNY |
| NAME2 | |
| ADDRESS1 | 1033 HOLLY HILL DR |
| ADDRESS2 | |
| CITY | DURHAM |
| STATE | NC |
| ZIP | 27713-6057 |
| SSN | ▬▬6708 |
| HMPHONE1 | |
| WKPHONE1 | 0009999999 |
| HMPHONE2 | |
| WKPHONE2 | |
| LPA | 20.00 |
| LPD | 20110326 |
| OPENDATE | 20080507 |
| SSN2 | |
| LPURCH$ | 9.99 |
| LPURCHDT | 20090425 |
| BLK1 | Z |
| BLKDATE | 20110730 |
| BLK2 | I |
| USERCODE | TC |
| BALANCE | 1008.58 |
| CYCLE | 07 |
| LIABLE | |
| DEL AS OF | 20110707 |
| # DAYS DEL | 180 |
| DT 1ST DEL | 20110104 |
| PORTFOLIO | CO-B |
| ENTITY | 7007 |
| C1DOB | ▬▬ |
| CHGOFF $ | 303.93 |
| LOANTYPE | BEST |
| Column 34 | SUB |
| FILE | HCS2 |
| DebtorDOB | ▬▬ |

Data printed by Portfolio Recovery Associates, LLC from electronic records
provided by HSBC BANK NEVADA, N.A. pursuant to the sale of accounts from HSBC BANK NEVADA, N.A.
to Portfolio Recovery Associates, LLC

STATE OF NORTH CAROLINA

COUNTY OF WAKE

FILED

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

2014 FEB 27 P 4: 11  14 CvD 61

PORTFOLIO RECOVERY ASSOCIATES, LLC

WAKE COUNTY, C.S.C.

                Plaintiff

        BY

vs.

DANNY WAMSLEY,

                Defendant

AFFIDAVIT and MOTION

for

ENTRY OF DEFAULT and

JUDGMENT BY DEFAULT

[EODF & DEFJ]

Amber K. Kauffman, having sworn or affirmed, deposes and says as follows:

1. She is the attorney for the plaintiff in the above-captioned civil action.

2. The plaintiff is duly licensed as a collection agency in North Carolina by the Department of Insurance and has been issued permit number 4132.

3. The defendant is a resident of, or is domiciled within, the state of North Carolina, and is therefore subject to the jurisdiction of this Court pursuant to the provisions of G.S. § 1-75.4 (1).

4. Service of process in this case was obtained by serving copies of the summons and complaint upon said Defendant on or about January 9, 2014, as shown on the return of service filed herein, as required by G.S. § 1A-1, Rule 4(j)(1).

5. More than thirty (30) days have passed since service was had upon the Defendant, and the time allowed for the Defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

6. The plaintiff instituted this action against the Defendant for a sum certain or a sum which could by computation be made certain on or about January 3, 2014.



EXHIBIT

B

7. As evidenced by the attached Affidavit of Account, the defendant is in default under the provisions of the credit agreement entered into by said Defendant, and the defendant is still indebted to the plaintiff thereunder in the principal sum of $1,008.58 together with interest thereon at the legal rate of 8% per annum from and after the date of judgment, and the costs of this action. The amount due to the plaintiff from the Defendant as set forth herein and in the attached Affidavit of Account is correct in all respects to the best knowledge and belief of this affiant.

8. The plaintiff's predecessor in interest, HSBC, opened a credit account (hereinafter "Account") for the Defendant and extended credit to the Defendant through the Account.

9. The plaintiff's predecessor in interest extended credit to the Defendant pursuant to the terms and conditions set forth in the account agreement (hereinafter "Agreement").

10. The Defendant accepted and used the credit extended by HSBC through the Account during the period that the Account was active.

11. The defendant's use of the credit extended by HSBC ratified the Agreement thereby binding the Defendant to the terms and conditions set forth therein.

12. Account statements (hereinafter "Statements") reflecting the original account number and the credit issuer were mailed by the plaintiff's predecessor in interest to the Defendant at the address provided by the Defendant while the Account was active. Copies of said Statements, previously filed herein as an attachment to the plaintiff's complaint as Exhibit "A", are incorporated herein by this reference.

13. As this was a credit card account, the origination balance was $0.00. The Statements reflect an itemization of the charges and fees owed, along with an explanation of how the balance owing on the Account was calculated. The last payment on the defendant's Account was made on or about March 26, 2011.

14. The Defendant defaulted under the terms of the Agreement because the Defendant failed to make the payments owing to HSBC when they became due.

15. Subsequent to the defendant's default, the Account was charged-off by HSBC for non-payment in the amount of $1,008.58 as evidenced by the Charge-off Statement attached hereto as Exhibit "1" and incorporated herein by this reference.

16. Thereafter, the defendant's Account was sold to and acquired by the plaintiff herein, Portfolio Recovery Associates, LLC.

17. The chain of ownership of the defendant's Account, previously filed herein as an attachment to the plaintiff's complaint as Exhibit "B", is incorporated herein by this reference.

18. To this affiant's best knowledge and belief, the defendant is not an infant or incompetent person, nor in military service, nor under any other legal disability.

19. The plaintiff moves the Court to enter default against the Defendant, and to render judgment by default against said Defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55.

This the _____ day of February, 2014.

Amber K. Kauffman
Attorney for Plaintiff

Sworn to or affirmed and acknowledged before me,
this the ___ day of February, 2014.

Diana L. Conradt-Mullen, Notary Public
My commission expires: 6/4/17

DIANA L CONRADT-MULLEN
Notary Public - North Carolina
Durham County
My Commission Expires
6-4-17

## AFFIDAVIT

State of California
City of San Diego ss.

                                    Maria Marin
I, the undersigned, _____, Custodian of Records, for Portfolio Recovery Associates, LLC
hereby depose, affirm and state as follows:

1.      I am competent to testify to the matters contained herein.

2.      I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing
business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the
statements, representations and averments herein, and do so based upon a review of the business records of the Account
Assignee and those records transferred to Account Assignee from HSBC BANK NEVADA, N.A./BEST BUY ("Account
Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary
course of business.

3.      According to the business records, which are maintained in the ordinary course of business, the account, and all
proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account
having been sold, assigned and transferred by the Account Seller on 1/20/2012. Further, the Account Assignee has been
assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement,
satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest
in said account or the proceeds thereof, for any purpose whatsoever.

4.      According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary
course of business by the Account Assignee, there was due and payable from DANNY WAMSLEY ("Debtor and Co-
Debtor") to the Account Seller the sum of $1,008.58 with the respect to account number ending in 7948 as of the date of
7/30/2011 with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of
the sale.

5.      According to the account records of said Account Assignee, after all known payments, counterclaims, and/or
setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $1,008.58 as due and owing as of the
date of this affidavit.

6.      Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is
not on active military service of the United States.

Portfolio Recovery Associates, LLC

                Maria Marin
By: _____, Custodian of Records

STEPHEN P SENECA
Commission # 1989109
Notary Public - California
San Diego County
My ʔr︰ ⁿ ﹖﹖﹖ ﹖﹖ ﹖﹖25, 2﹖﹖﹖

Subscribed and sworn to before me on **6 · 1  3** of **2 0  1  3** ,
by_____ Maria Marin ____, proved to me on the basis of satisfactory evidence to be
the person(s) who appeared before me.

_____
Notary Public

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

224920.001

  HSBC

PROGRAM MASTERCARD

DANNY WAMSLEY

## Summary of Account Activity

| | | |
|---|---|---|
| Previous Balance | | $983.23 |
| Payments | - | $0.00 |
| Other Credits | - | $0.00 |
| Purchases/Debits | + | $0.00 |
| Balance Transfers | + | $0.00 |
| Cash Advances | + | $0.00 |
| Past Due Amount | + | $237.00 |
| Fees Charged | + | $0.00 |
| Interest Charged | + | $25.35 |
| New Balance | | $1,008.58 |

| | |
|---|---|
| Credit Limit | $720.00 |
| Credit Available | $0.00 |
| Cash Limit † | $80.00 |
| Cash Available | $0.00 |
| Statement Closing Date | July 8, 2011 |
| Days in Billing Cycle | 31 |

†Cash Limit is a portion of Total Credit Limit.

## Payment Information

| | |
|---|---|
| New Balance | $1,008.58 |
| Minimum Payment Due | $273.00 |
| Payment Due Date | August 2, 2011 |

**Late Payment Warning** : If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00 and your APRs may be increased to the Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay. | You will pay off the balance shown on this statement in about . | And you will end up paying an estimated total of . |
|---|---|---|
| Only the minimum Payment | 9 Years | $2,160 |
| $43 | 3 Years | $1,541 (Savings = $619 ) |

If you would like information about credit counseling services call 1-866-569-2227

**Questions?**

| | |
|---|---|
| 24-Hour Automated Account Information | 1-800-419-4969 |
| Lost or Stolen Card | 1-800-395-4500 |
| Outside USA Collect | 1-702-243-1375 |
| TDD/Hearing Impaired | 1-800-655-9392 |

**Payment Address:** Reward Zone Program MasterCard, PO Box 5222, Carol Stream, IL 60197 -5222
**Billing Inquiries:** Reward Zone Program MasterCard, PO Box 86045, Salinas, CA 93912 -0015
**Manage Your account online at www.rewardzonemastercard.com**

## Important Information

**Purchase Summary** — Amount

| | |
|---|---|
| Best Buy Spend* (4% on eligible purchases) | $0.00 |
| Other MasterCard Spend* (up to 2% on eligible purchases) | $0.00 |

For reward and point details, to update your profile, check out exclusive offers and more, visit **MyRewardZone.com**. Use the card, earn the points, get the rewards.

*May include ineligible purchases.

As a reminder, you may pay your credit card bill online or through our automated phone system for no fee

Your account is over the credit limit. Please pay your total due of $724.58, which includes any additional over the credit limit amount and your Minimum Payment Due, minus any Past Due amount.

## Transactions

## Fees Charged

| Trans Date | Post Date | Description of Fees | Reference Number | Amount |
|---|---|---|---|---|

## Interest Charged

| Description of Interest Charge | Amount |
|---|---|
| INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| INTEREST CHARGE ON PURCHASES | $25.35 |

---

Detach and return bottom portion with your payment            590191 S1 07  00X60X009    STMT98 D Q 15829 BBG1         See reverse side for important information

PROGRAM MASTERCARD

| | |
|---|---|
| Account Number: | 7948 |
| New Balance | $1,008.58 |
| Minimum Payment Due | $273.00 |
| Payment Due Date | 08/02/2011 |

Include account number on check to Reward Zone Program MasterCard. Do not send cash. Please send your payment 7 to 10 days prior to the payment due date to ensure timely delivery.

500   AMOUNT ENCLOSED

#BWN+YTS
#1052498979940#
DANNY WAMSLEY
1033 HOLLY HILL DR
DURHAM NC 27713-6057

REWARD ZONE PROGRAM MASTERCARD
PO BOX 5222
CAROL STREAM IL 60197-5222



EXHIBIT
1

 **rewardzon**
PROGRAM MASTERCARD
DANNY WAMSLEY

  **HSBC**
Reward Zone Program MasterCard Account Statement
Account Number ████████████2948
Page 2 of 2    From June 7, 2011 to July 8, 2011

| | | |
|---|---|---|
| INTEREST CHARGE ON BALANCE TRANSFERS | | $0.00 |
| Total Interest For This Period | | $25.35 |

| 2011 Totals Year to Date | |
|---|---|
| Total fees charged in 2011 | $119.50 |
| Total interest charged in 2011 | $158.38 |

**Your Annual Percentage Rate (APR) is the annual interest rate on your account.**

### MASTERCARD

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| PURCHASES 00001 | 29.99% (v) | $935.44 | $25.35 |
| CASH ADVANCES 80001 | 29.99% (v) | $0.00 | $0.00 |
| BALANCE TRANSFER 71111 | 29.99% (v) | $0.00 | $0.00 |

*v=Variable Rate*

### Customer News

We'll help you UPGRADE the way you go back to school by matching you with exactly what you need for a successful school year.

### Customer News

Who likes paper cuts? Electronic statements are here! Sign up now at rewardzonemastercard.com/register

500122 31 07 040000000    9736T99  D Q 15629 IIIG01

# EXHIBIT 3

STATE OF NORTH CAROLINA

COUNTY OF IREDELL

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12-CVS-642

PORTFOLIO RECOVERY ASSOCIATES, )
LLC, )
                                  )
        Plaintiff, )
                                  )
v. )
                                  )
CAROLINE L. HOUSTON, )
                                  )
        Defendant. )
_____ )
                                  )
CAROLINE L. HOUSTON, )
on behalf of herself and all others similarly )
situated, )
                                  )
        Counterclaimant, )
                                  )
v. )
                                  )
PORTFOLIO RECOVERY ASSOCIATES, )
LLC, )
                                  )
        Defendant to Counterclaim. )
_____ )

### **AFFIDAVIT OF OMAR WELCH**

I, OMAR WELCH, after being duly sworn, declare under penalty of perjury as follows:

1. I have agreed to act as an intervenor class representative in this action if the Court authorizes me to do so.

2. I live in Wake County, North Carolina.

3. On approximately April 17, 2012, I was served with a lawsuit brought against me by Portfolio Recovery Associates. A copy of the complaint, with Wake County file number 12 CVD 5012, is attached as Exhibit A. I did not file an answer to this complaint.

4. In November 2014, the Wake County Sheriff informed me that an execution had been issued against me. I learned that Portfolio Recovery Associates had obtained a default judgment against me in the amount of $2,926.71. A copy of the Affidavit and Motion for Entry of Default is attached as Exhibit B.

5. I understand that, if I am permitted to become a named counterclaim-plaintiff in this action, I will have a duty to the other proposed members of the class to act in the best interests of the entire class in monitoring the case, conferring with my lawyers, and participating in important decisions in the case. I believe I have a basic understanding of this case, and I will represent the best interests of all proposed class members in my activities as named counterclaim-plaintiff. My lawyers have agreed to proceed with this case on a contingent fee basis and intend to ask the Court to award a fee if benefits for the class are obtained through or as a result of this lawsuit. My lawyers have also agreed to advance the expenses of this lawsuit. I understand that I personally may be ultimately liable for certain court costs.

6. I will participate actively in the case including appearing at necessary hearings and at the trial of the case, in the discovery process and in major decisions regarding the case.

I declare that the foregoing is true and accurate to the best of my knowledge and belief.

This the ___22___ day of December, 2014.

Omar Welch

STATE OF NORTH CAROLINA
COUNTY OF WAKE

I, Seonaid A. Rijo _____, a Notary Public in and for the State and County aforesaid, do hereby certify that OMAR WELCH, personally appeared before me this day and after being duly sworn did acknowledge that the foregoing statements were true and accurate to the best of his knowledge and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

WITNESS my hand and seal, this 22 day of December, 2014.

NOTARY PUBLIC Seonaid A Rijo

My Commission Expires: 6·15·16

[SEAL]

-2-

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

12 CvD_____

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
                                    )
          Plaintiff                 )
                                    )
                                    )
vs.                                 )        COMPLAINT
                                    )
                                    )
OMAR WELCH,                         )
                                    )
          Defendant                 )
                                    )
_____)

The plaintiff, complaining of the defendant, alleges and says as follows:

1. The plaintiff is a limited liability company organized under the laws of the state of Delaware, with a principal office and place of business in Norfolk, Virginia.

2. The defendant is a resident of Wake County, North Carolina.

3. The plaintiff is duly licensed as a collection agency in North Carolina by the Department of Insurance and has been issued permit number 4132.

4. The defendant applied for a credit card from the plaintiff's predecessor in interest, HSBC, as evidenced by the copy of the signed application attached hereto as Exhibit "A" and incorporated by this reference.

5. The plaintiff's predecessor in interest, HSBC, opened a credit account (hereinafter "Account") for the defendant and extended credit to the defendant through the Account.

6. The plaintiff's predecessor in interest extended credit to the defendant pursuant to the terms and conditions set forth in the account agreement (hereinafter "Agreement").

7. The defendant accepted and used the credit extended by HSBC through the Account during the period that the Account was active.



**EXHIBIT**

tabbies'

A

8. The defendant's use of the credit extended by HSBC ratified the Agreement thereby binding the defendant to the terms and conditions set forth therein.

9. Account statements (hereinafter "Statements") reflecting the original account number and the credit issuer were mailed by the plaintiff's predecessor in interest to the defendant at the address provided by the defendant while the Account was active. Copies of said Statements are attached hereto as Exhibit "B" and incorporated herein by this reference.

10. As this was a credit card account, the origination balance was $0.00. The Statements reflect an itemization of the charges and fees owed, along with an explanation of how the balance owing on the Account was calculated. The last payment on the defendant's Account was made on or about June 26, 2009. Pursuant to the provisions of G.S. § 24-5 (a), the plaintiff is entitled to interest on the past due balance accruing at the legal rate of 8% per annum.

11. The defendant defaulted under the terms of the Agreement because the defendant failed to make the payments owing to HSBC when they became due.

12. Subsequent to the defendant's default, the Account was charged-off by HSBC for non-payment.

13. Thereafter, the defendant's Account was sold to and acquired by the plaintiff herein, Portfolio Recovery Associates, LLC.

14. The chain of ownership of the defendant's Account is attached hereto as Exhibit "C" and incorporated herein by this reference.

15. Pursuant to the terms and conditions of the Agreement, the defendant is lawfully indebted to the plaintiff in the amount of $2,926.71, together with interest thereon at the legal rate of 8% per annum from November 30, 2009. Said amount includes any offsets and credits to which the defendant is lawfully entitled.

WHEREFORE, the plaintiff prays the Court as follows:

1. That the plaintiff have and recover from the defendant the amount of $2,926.71.

2. That the plaintiff further have and recover from said defendant interest on said amount at the legal rate of 8% per annum from and after November 30, 2009 until paid in full.

3. That the plaintiff further recover from said defendant all costs of this action.

4. For such other and further relief as the Court may deem just and proper.

This the **10th** day of **April**, 2012.

SESSOMS & ROGERS, P.A.

By:

Lee C. Rogers
Attorney for Plaintiff
3326 Durham-Chapel Hill Blvd., Suite A-200
P.O. Box 52508
Durham, North Carolina 27717
Telephone: (919) 688-1000

EXHIBIT
A
tabbies

# Helzberg Diamonds Card Program

Application Type: A married person may apply for an individual account.
☐ JOINT CREDIT, with another person, complete entire application. ☐ INDIVIDUAL CREDIT, complete only applicant section.

## APPLICANT (Please Print)

| First Name | Middle Initial | Last Name |
|---|---|---|
| Joel | S | Cohen |

Address (include street) ... Social Security Number
4411 Clubview ... -151717

| City | State | Zip Code |
|---|---|---|
| 4411 Clubview Hill 203 | NC | 27612 |

Home Phone: (919) 325-7856 ... Apt. #
Field work phone (Optional) ...

Housing Status: ☐ Rent ☐ Own ☐ Buying ☐ Board ☐ Live w/ Relatives ☐ Other

Email: jcohen@bayview.com ... Gross Monthly Income $ 4650

Employer Name: Bayview ... Employment Date (MM/YYYY) 4/30/01
Villa Man Edwins ... 2002

## JOINT APPLICANT (or SPOUSE of applicant if married in resident)

| First Name | Middle Initial | Last Name |
|---|---|---|
| | | |

Social Security Number: _ _ _ - _ _ - _ _ _ _

Date of Birth (MM/DD/YYYY) ... Address

| City | State | Zip Code |
|---|---|---|

Home Phone ... Gross Monthly Income $ ... Work Phone

Employer Name ... Employment Date (MM/YYYY)

## PROTECT YOUR ACCOUNT WITH TAP PLUS (THE ACCOUNT PROTECTION PLUS), AN OPTIONAL MONTHLY DEBT CANCELLATION PROGRAM

[dense paragraph of terms and conditions - illegible]

## SEE HERE TO ENROLL

Date 5/3/07

## APPLICANT'S SIGNATURE REQUIRED BELOW

[dense paragraph of terms and conditions]

Applicant's Signature ... Date 05/03/07

Joint Applicant's Signature ... Date

Account Number: 2 0 2 6 - 0 1 - 0 0 - 2 9 3 - 1 0 5 2 4

---

STORE USE ONLY: Identification Required: a valid photo ID and a second form of ID from ALL applicants.

Applicant Photo ID (check one)
☑ Driver's License ☐ Military ID ☐ State ID ☐ Passport

| Photo ID# | Expiration Date of Photo ID |
|---|---|
| | |

| Photo ID State | Expiration Date of Photo ID |
|---|---|
| NC | 8-2005 |

ID Verified By: [signature]

If the address on the applicant's ID is NOT the same as the address listed above, record the address from the ID here:

Applicant Second ID (check one)
☐ MasterCard ☐ Visa
☐ AMEX ☐ Discover
☐ Retail or Oil card

| Photo ID# | Expiration Date of Photo ID |
|---|---|
| | |

Joint Applicant Photo ID (check one)
☐ Driver's License ☐ Military ID ☐ State ID ☐ Passport

| Photo ID# | Expiration Date of Photo ID |
|---|---|

If the address on the Joint applicant's ID is NOT the same as the address listed above, record the address from the ID here:

Joint Applicant Second ID (check one)
☐ MasterCard ☐ Visa
☐ AMEX ☐ Discover
☐ Retail or Oil card

| Retail Sale Amount | Credit Limit |
|---|---|
| | 2,750 |

| Reference Number | Associate 1 |
|---|---|
| | 43275 |

| Associate 2 | Associate 3 |
|---|---|
| | |

| Checks | Store Number |
|---|---|
| 4007 | 35-235 |

0024-HelzbergCC-01 (05-00)

Statement Date: 06/01/2009

## Account Summary
Account Number: 2026-0101-0293-1024

| PAYMENT DUE DATE | TOTAL MINIMUM PAYMENT DUE | NEW BALANCE | PAST DUE AMOUNT | AVAILABLE CREDIT |
|---|---|---|---|---|
| 06/24/2009 | $373.00 | $2,504.98 | $254.00 | $0.00 |

Please see reverse for important disclosures, including grace period information.
**FOR $15 YOU CAN TAKE ADVANTAGE OF OUR PAY BY PHONE PROGRAM. AVOID FURTHER COLLECTION ACTIVITY. CALL 1-800-420-5981**

## Transactions

| Transaction Date | Transaction Details | Promo. Type/Credit Plan | Amount |
|---|---|---|---|
| 05/02/2009 | Previous Balance | | $2,461.04 |
| 05/29/2009 | Direct Check Payment-Thank You | | ($50.00) |
| 05/24/2009 | Late Charge Assessment | | $39.00 |
| 06/01/2009 | Billed Finance Charges | | $54.94 |
| 06/01/2009 | New Balance | | $2,504.98 |

## Finance Charge Summary

| Promotion Type/ Credit Plan | Purchase Date | Promotion Expiration Date | Previous Balance | Average Daily Balance | Variable Daily Periodic Rate | Corresponding APR | ANNUAL PERCENTAGE RATE USED | FINANCE CHARGES at Periodic Rate | Deferred FINANCE CHARGES | New Balance | Minimum Payment Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Regular Purchase 06220-1 | N/A | N/A | $1,511.04 | $1,520.81 | 0.07112% | 25.96% | 25.96% | $33.53 | $0.00 | $1,494.57 | $87.26 |
| Regular Purchase 00528-2 | N/A | N/A | $829.04 | $837.95 | 0.07112% | 25.96% | 25.96% | $18.47 | $0.00 | $847.51 | $122.84 |
| Regular Purchase 00068-3 | N/A | N/A | $120.96 | $133.61 | 0.07112% | 25.96% | 25.96% | $2.94 | $0.00 | $162.90 | $162.90 |

Page 1 of 1          612248          Please return coupon below with your payment.

**HELZBERG DIAMONDS**          Customer Service (Servicio al Cliente): 1-800-420-5981

| ACCOUNT NUMBER | NEW BALANCE | PAYMENT DUE DATE | RECOMMENDED MAIL DATE | TOTAL MINIMUM PAYMENT DUE |
|---|---|---|---|---|
| 2026-0101-0293-1024 | $2,504.98 | 06/24/2009 | 06/15/2009 | $373.00 |

**AMOUNT ENCLOSED**

202

Please complete using black or blue ink only.
Make checks payable to HELZBERG CARD. Include
your account number on your check or money order.

OMAR S WELCH
4411 CLARKSON HALL APT 203
RALEIGH NC 27612 -4165

HELZBERG CARD
PO BOX 60107
CITY OF INDUSTRY CA 91716-0107



EXHIBIT
B

00250498000373000002026010102931024002029

Payment Address:        Helzberg Card PO Box 60107 City of I    y CA 91716-0107
Mail Billing Inquiries to:   PO Box 15521 Wilmington DE 19850--5521
Days in Billing Cycle:   31

Statement Date: 11/01/2009

## Finance Charge Summary (Continued)

| Promotion Type/ Credit Plan | Purchase Date | Promotion Expiration Date | Previous Balance | Average Daily Balance | Variable Daily Periodic Rate | Corres- ponding APR | ANNUAL PERCENTAGE RATE (APR) | FINANCE CHARGES at Periodic Rate | Deferred FINANCE CHARGES | New Balance | Minimum Payment Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Regular Purchase C0066-S | N/A | N/A | $339.83 | $354.83 | 0.07112% | 25.96% | 25.96% | $7.82 | $0.00 | $366.65 | $366.65 |

Payment Address:    Helzberg Card PO Box 60107 City of In[    ] CA 91716-0107
Mail Billing Inquiries to: PO Box 15521 Wilmington DE 19850-5521
Days In Billing Cycle:  31

Statement Date: 11/01/2009

| Account Summary | | | Account Number: 2026-0101-0293-1024 | |
|---|---|---|---|---|
| PAYMENT DUE DATE | TOTAL MINIMUM PAYMENT DUE | NEW BALANCE | PAST DUE AMOUNT | AVAILABLE CREDIT |
| 11/24/2009 | $893.00 | $2,887.71 | $762.00 | $0.00 |

Please see reverse for important disclosures, including grace period information.
**FOR $15 YOU CAN TAKE ADVANTAGE OF OUR PAY BY PHONE PROGRAM. AVOID FURTHER COLLECTION ACTIVITY. CALL 1-800-420-5981**

TDD/Hearing Impaired: 1-800-365-0196

**********Important Notice**********

This is a notification that a change of address has been processed on your account. Please be advised that a confirmation letter has been sent to your previous address. If you have not authorized a recent change of address, please contact us immediately at the phone number indicated on your statement.

| Transactions | | | |
|---|---|---|---|
| Transaction Date | Transaction Details | Promo. Type/Credit Plan | Amount |
| 10/02/2009 | Previous Balance ............................................................ | | $2,786.37 |
| 10/24/2009 | Late Charge Assessment ............................................... | | $39.00 |
| 11/01/2009 | Billed Finance Charges .................................................. | | $62.34 |
| 11/01/2009 | New Balance ................................................................... | | $2,887.71 |

| Finance Charge Summary | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Promotion Type/ Credit Plan | Purchase Date | Promotion Expiration Date | Previous Balance | Average Daily Balance | Variable Daily Periodic Rate | CORRESPONDING ANNUAL PERCENTAGE RATE (APR) | BILLED FINANCE CHARGES AT PERIODIC RATE | Deferred FINANCE CHARGES | New Balance | Minimum Payment Due |  |
| Regular Purchase 05220-1 | N/A | N/A | $1,535.69 | $1,552.39 | 0.07112% | 25.96% | 25.96% | $34.23 | $0.00 | $1,570.12 | $255.53 |
| Regular Purchase 00528-2 | N/A | N/A | $910.85 | $920.43 | 0.07112% | 25.96% | 25.96% | $20.20 | $0.00 | $930.94 | $250.82 |

Please return coupon below with your payment.

**HELZBERG DIAMONDS**          Customer Service (Servicio al Cliente): 1-800-420-5981

| ACCOUNT NUMBER | NEW BALANCE | PAYMENT DUE DATE | RECOMMENDED MAIL DATE | TOTAL MINIMUM PAYMENT DUE |
|---|---|---|---|---|
| 2026-0101-0293-1024 | $2,887.71 | 11/24/2009 | 11/13/2009 | $893.00 |

AMOUNT
ENCLOSED

OMAR S WELCH                     202
APT 203
8501 SUMMERSWEET LN APT 22
RALEIGH NC 27612 -7189
|.|.|||...|.||...|.||....||....|.||.|.|.|...|.|.|.|.||

Please complete using black or blue ink only.
Make checks payable to HELZBERG CARD. Include your account number on your check or money order.

HELZBERG CARD
PO BOX 60107
CITY OF INDUSTRY CA 91716-0107
||.|....|||..|..|.||.|.||....||||.....|||....|.||.|

0028877100089300000202601010293102400202023



**EXHIBIT A**

## ASSIGNMENT AND BILL OF SALE

HSBC Bank Nevada, N.A., (hereinafter called "Seller") has entered into a Purchase and Sale Agreement as of May 21st, 2010 ("Agreement") for the sale of Accounts and Account Documents described in Paragraph 1 thereof to Portfolio Recovery Associates, LLC., (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement and in Exhibit A attached hereto.

Purchaser and Seller agree that the Purchase Price shall be as stated in Paragraph 3 of the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 25th day of May, 2010.

HSBC Bank Nevada, N.A.

Susan Solomon
Senior Vice President

HSBC Card and Retail Services
1111 Town Center Drive, Las Vegas, NV 89144

EXHIBIT

*C*

| | |
|---|---|
| CHGOFF_DT | 2009-11-30 00:00:00.000 |
| ACCOUNT | 2026010102931024 |
| BALANCE | 2926.71 |
| LAST_NAME1 | WELCH |
| FIRST_NAM1 | OMAR |
| SUFFIX | |
| LAST_NAME2 | |
| FIRST_NAM2 | |
| SUFFIX2 | |
| SSN | ████5771 |
| SSN_2 | 000000000 |
| ADDRESS | 8501 SUMMERSWEET LN APT 22 |
| CITY | RALEIGH |
| STATE | NC |
| ZIP | 27612 |
| HOME_PHONE | 7043948773 |
| WORK_PHONE | 9807630800 |
| OPEN_DATE | 2007-05-03 00:00:00.000 |
| LSTPAY_DT | 2009-06-26 00:00:00.000 |
| LSTPAY_AMT | 50 |
| COLL_DATE | 2009-03-15 00:00:00.000 |
| LSTPUR_AMT | 758.16 |
| LSTPUR_DT | 2007-09-07 00:00:00.000 |
| HSBI20_xlsm.merchant | HELZBERG DIAMONDS * |
| USER_ACCT | 0000070503220186 |
| ORG | 202 |
| LOGO | 601 |
| PRINC_BAL | 2165.47 |
| HIBAL | 2926.71 |
| APR | 0.26 |
| CHG_OFF_AMT | 2926.71 |
| ADDRESS2 | APT 203 |
| Pool_id_tw_inv.merchant | HELZBERG DIAMONDS |

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

12 CvD 5012

PORTFOLIO RECOVERY ASSOCIATES, LLC, )
                                 )
         Plaintiff            )
                                 )
vs.                              )
                                 )
OMAR WELCH,             )
                                 )
        Defendant       )
                                 )

AFFIDAVIT and MOTION

for

ENTRY OF DEFAULT and

JUDGMENT BY DEFAULT

[EODF & DEFJ]

WAKE COUNTY C.S.C.

2012 JUN 21 PM 1: 59

FILED

Lee C. Rogers, being first duly sworn, deposes and says as follows:

1. He is the attorney for the plaintiff in the above-captioned civil action.

2. The plaintiff is duly licensed as a collection agency in North Carolina by the Department of Insurance and has been issued permit number 4132.

3. The defendant is a resident of, or is domiciled within, the state of North Carolina, and is therefore subject to the jurisdiction of this Court pursuant to the provisions of G.S. § 1-75.4 (1).

4. Service of process in this case was obtained by serving copies of the summons and complaint upon said defendant on or about April 17, 2012, as shown on the return of service filed herein, as required by G.S. § 1A-1, Rule 4(j)(1).

5. More than thirty (30) days have passed since service was had upon the defendant, and the time allowed for the defendant to respond to the complaint has expired. No answer or other pleading of any nature has been filed by the defendant, nor has the defendant made any appearance before the Court so as to be entitled to notice of this motion.

6. The plaintiff instituted this action against the defendant for a sum certain or a sum which could by computation be made certain on or about April 11, 2012.



EXHIBIT

B

7. As evidenced by the attached Affidavit of Account, the defendant is in default under the provisions of the credit agreement entered into by said defendant, and the defendant is still indebted to the plaintiff thereunder in the principal sum of $2,926.71 together with interest thereon at the legal rate of 8% per annum from and after November 30, 2009, and the costs of this action. The amount due to the plaintiff from the defendant as set forth herein and in the attached Affidavit of Account is correct in all respects to the best knowledge and belief of this affiant.

8. The defendant applied for a credit card from the plaintiff's predecessor in interest, HSBC, as evidenced by the copy of the signed application previously filed herein as an attachment to the plaintiff's complaint as Exhibit "A", are incorporated herein by this reference.

9. The plaintiff's predecessor in interest, HSBC, opened a credit account (hereinafter "Account") for the defendant and extended credit to the defendant through the Account.

10. The plaintiff's predecessor in interest extended credit to the defendant pursuant to the terms and conditions set forth in the account agreement (hereinafter "Agreement").

11. The defendant accepted and used the credit extended by HSBC through the Account during the period that the Account was active.

12. The defendant's use of the credit extended by HSBC ratified the Agreement thereby binding the defendant to the terms and conditions set forth therein.

13. Account statements (hereinafter "Statements") reflecting the original account number and the credit issuer were mailed by the plaintiff's predecessor in interest to the defendant at the address provided by the defendant while the Account was active. Copies of said Statements, previously filed herein as an attachment to the plaintiff's complaint as Exhibit "B", are incorporated herein by this reference.

14. As this was a credit card account, the origination balance was $0.00. The Statements reflect an itemization of the charges and fees owed, along with an explanation of how the balance owing on the Account was calculated. The last payment on the defendant's Account was made on

or about June 26, 2009. In accordance with the General Statutes of North Carolina, interest on the past due balance accrues at the legal rate of 8% per annum.

15. The defendant defaulted under the terms of the Agreement because the defendant failed to make the payments owing to HSBC when they became due.

16. Subsequent to the defendant's default, the Account was charged-off by HSBC for non-payment in the amount of $2,926.71 as evidenced by the Bill of Sale attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Thereafter, the defendant's Account was sold to and acquired by the plaintiff herein, Portfolio Recovery Associates, LLC.

18. The chain of ownership of the defendant's Account, previously filed herein as an attachment to the plaintiff's complaint as Exhibit "C", is incorporated herein by this reference.

19. To this affiant's best knowledge and belief, the defendant is not an infant or incompetent person, nor in military service, nor under any other legal disability.

20. The plaintiff moves the Court to enter default against the defendant, and to render judgment by default against said defendant, pursuant to the provisions of G.S. § 1A-1, Rule 55.

This the 16th day of June, 2012.

_____
Lee C. Rogers
Attorney for Plaintiff

Sworn to and subscribed before me,
this the 16th day of June, 2012.

_____
April H. Jacovitch, Notary Public
My commission expires: 9/10/16



State of Virginia
City of Norfolk ss.

I, the undersigned, _____**Tamara Bond**_____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1.  I am competent to testify to the matters contained herein.

2.  I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 140 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Account Assignee and those records transferred to Account Assignee from **HSBC BANK NEVADA, N.A./HELZBERG DIAMONDS** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3.  According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **5/25/2010**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4.  According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **OMAR WELCH** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,926.71** with the respect to account number **ending in 1024** as of the date of **11/30/2009** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5.  According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$2,926.71** as due and owing as of the date of this affidavit.

6.  Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

*Tamara Bond*

By: _____**Tamara Bond**_____, Custodian of Records

Subscribed and sworn to before me on _____ **MAY 1 2012**

Notary Public

> Tracy Nicole Parker
> Commonwealth of Virginia
> Notary Public
> Commission No. 7509731
> My Commission Expires 2/28/2015

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

156813



**EXHIBIT A**

### ASSIGNMENT AND BILL OF SALE

HSBC Bank Nevada, N.A., (hereinafter called "Seller") has entered into a Purchase and Sale Agreement as of May 21st, 2010 ("Agreement") for the sale of Accounts and Account Documents described in Paragraph 1 thereof to Portfolio Recovery Associates, LLC., (hereinafter called "Purchaser"), upon the terms and conditions set forth in that Agreement.

NOW THEREFORE, for good and valuable consideration, Seller hereby sells, assigns, and transfers to Purchaser, its successors and assigns, all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement and in Exhibit A attached hereto.

Purchaser and Seller agree that the Purchase Price shall be as stated in Paragraph 3 of the Agreement.

IN WITNESS WHEREOF, Seller has signed and delivered this instrument on the 25th day of May, 2010.

HSBC Bank Nevada, N.A.

Susan Solomon
Senior Vice President

HSBC Card and Retail Services
1111 Town Center Drive, Las Vegas, NV 89144

**EXHIBIT**

**1**

| | |
|---|---|
| CHGOFF_DT | 2009-11-30 00:00:00.000 |
| ACCOUNT | 2026010102931024 |
| BALANCE | 2926.71 |
| LAST_NAME1 | WELCH |
| FIRST_NAM1 | OMAR |
| SUFFIX | |
| LAST_NAME2 | |
| FIRST_NAM2 | |
| SUFFIX2 | |
| SSN | █████5771 |
| SSN_2 | 000000000 |
| ADDRESS | 8501 SUMMERSWEET LN APT 22 |
| CITY | RALEIGH |
| STATE | NC |
| ZIP | 27612 |
| HOME_PHONE | 7043948779 |
| WORK_PHONE | 9807680800 |
| OPEN_DATE | 2007-05-03 00:00:00.000 |
| LSTPAY_DT | 2009-06-26 00:00:00.000 |
| LSTPAY_AMT | 50 |
| COLL_DATE | 2009-03-15 00:00:00.000 |
| LSTPUR_AMT | 758.16 |
| LSTPUR_DT | 2007-09-07 00:00:00.000 |
| HSBI20_xlsm.merchant | HELZBERG DIAMONDS * |
| USER_ACCT | 0000070503220186 |
| ORG | 202 |
| LOGO | 601 |
| PRINC_BAL | 2165.47 |
| HIBAL | 2926.71 |
| APR | 0.25 |
| CHG_OFF_AMT | 2926.71 |
| ADDRESS2 | APT 203 |
| Pool_Id_tw_Inv.merchant | HELZBERG DIAMONDS |