UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IRIS POUNDS, CARLTON MILLER, VILAYUAN SAYAPHET-TYLER, RHONDA HALL and PIA TOWNES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:16-CV-1395 |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiffs submit this reply brief in support of their Motion to Remand and in reply to defendant Portfolio Recovery Associates, LLC's ("PRA's") Brief in Opposition to Plaintiffs' Motion to Remand ("PRA Brief").

## ARGUMENT

"[T]he *Rooker-Feldman* doctrine provides that courts do not have subject matter jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Foh v. Chase*, No. 1:14CV928, 2015 WL 5254312, at *2 (M.D.N.C. Sept. 9, 2015) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Because each of plaintiff's claims complain of injuries caused by prior state-court judgments and invite rejection of those judgments, the district court lacks jurisdiction and his case must be remanded.

I.    PRA's Voidness Argument.

PRA seizes on language in *Exxon* and *Rooker* to argue that *Rooker-Feldman* should not apply because the challenged state-court judgments are alleged to be void.  PRA Brief at 5-7.  PRA's reading would require the Court to ignore numerous post-*Exxon* cases in this circuit that have applied *Rooker-Feldman* where the state-court judgment was alleged to be void.  *See, e.g.*, *Nelson v. Levy Ctr.*, No. 9:11-1184-SB-BHH, 2016 WL 1276414, at *6 (D.S.C. Mar. 30, 2016), *aff'd*, No. 16-1484, 2016 WL 7131493 (4th Cir. Dec. 7, 2016) (considering action to "void" orders "issued by the state court" and finding them to "fall squarely within the ambit of the *Rooker-Feldman* doctrine"); *Bagwell v. Dimon*, No. 1:14–cv–495, 2015 WL 2374614, at *5 (M.D.N.C. May 18, 2015)("[T]he court lacked jurisdiction over plaintiff's federal claims under *Rooker–Feldman* because '[i]f the court accepted plaintiff's arguments that the state court decision was the result of conspiracy, trickery, and bad faith . . .  it would effectively declare the state court judgment fraudulently procured and thus void.'") (citing and quoting *Shaw v. Harris*, No. 5:12–CV–804–BR, 2013 WL 5371183, at *3 (E.D.N.C. Sept. 24, 2013)).

Tellingly, PRA does not cite any cases holding that voidness challenges to state-court judgments are exempt from *Rooker-Feldman*, and circuit courts have rejected creating the exception that PRA seeks to impose here.[1]

---

[1]  Although PRA does not cite to this line of cases, some circuits have addressed whether *Rooker-Feldman* applies where the plaintiff claims the underlying state judgment is "void for lack of subject matter jurisdiction."  Some circuits have held that no such exception exists, while others have adopted a "void ab initio" exception to the *Rooker-Feldman* doctrine that is confined to bankruptcy cases. *See, e.g.*, *Houston v. Venneta Queen*, 606 Fed. Appx. 725, 732–33 (5th Cir. 2015), *cert. denied sub nom. Houston v. Queen*, 136 S. Ct. 503 (2015), *reh'g denied*, 136 S. Ct. 882 (2016) ("Neither this Court nor the Supreme Court has endorsed this exception . . . and the cases that do recognize this exception . . . indicate that it is presently limited to the bankruptcy context.") (citations omitted); *Anderson v. Private Capital Grp., Inc.*, 549 Fed. Appx. 715, 717 (10th Cir. 2013) (declining to "adopt the void ab initio exception in this non-bankruptcy context"

II.    PRA's "No Federal Statute" Argument.

PRA next argues that *Rooker-Feldman* does not apply because the instant case does "not involve any treaty, federal constitutional provision, or federal statute" and therefore affords no "avenue for review by the Supreme Court." PRA Brief at 7-8*; see also id.* at 10-11.

PRA again misapprehends the *Rooker-Feldman* doctrine as articulated by the Supreme Court in *Exxon*. *Exxon* provides that the doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate," which includes not only those actions where the court's jurisdiction is based on a federal question (28 U.S.C. § 1331) but also actions based solely on diversity (28 U.S.C. § 1332). *Exxon*, 544 U.S. at 291. PRA's erroneous reading is also made clear by the routine application of *Rooker-Feldman* to cases where the plaintiff does not allege violations of federal law. *See, e.g.*, *Davenport v. Roundpoint Mortgage Servicing Corp.*, No. 16-2181, 2016 WL 4821057 (7th Cir. Sept. 12, 2016) (finding *Rooker-Feldman* barred diversity case alleging fraud and seeking to challenge results of foreclosure judgment); *Ransom v. Nationstar Mortgage LLC*, No. PX 15-1647, 2016 WL 7474533 (D. Md. Dec. 29, 2016) (modifying judgment *sua sponte* to provide that diversity case subject to *Rooker-Feldman* be remanded rather than dismissed); *Johnson v. HCR Manorcare LLC*, No. 1:15CV189, 2015 WL 6511301 (N.D.W. Va. Oct. 28, 2015) (finding removed diversity case to be subject to *Rooker-Feldman* and remanding); *Wilson v. SunTrust Bank*, No. 1:11CV390, 2013 WL 2285231, at *5 (M.D.N.C. May 23, 2013), *report and recommendation adopted*, 2013 WL 3367256 (M.D.N.C. July 5, 2013) (noting that "[e]ven

---

and thereby "part[] company with our sister circuits" when "if those circuits apply the exception at all, they appear to do so only in the bankruptcy context"); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("While a void ab initio *Rooker–Feldman* exception might be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) . . . it has no place here.").

if the Court exercised supplemental jurisdiction over Plaintiff's state law claims, [some] seek de facto appellate review of a state court judgment, which the *Rooker–Feldman* doctrine bars").

III.   PRA's "Highest Court of a State" Argument.

PRA argues that *Rooker-Feldman* is available only when a case has been decided or rejected by "the highest court of a State in which a decision could be had."  PRA Brief at 9, n.6 (quoting *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 321 (4th Cir. 2016)); *see also id.* at 10.

PRA's argument runs counter to clearly articulated law in the Fourth Circuit.  *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (holding that "the *Rooker–Feldman* doctrine precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts").  Indeed, substantially all *Rooker-Feldman* cases concern trial court rulings, not rulings or denials of review by states' highest courts.  Thus, a "highest court" requirement would be an enormous change from the established application of the doctrine.

Contrary to the suggestion in PRA's brief, this Court has already ruled that *Thana* did *not* impose a "highest court" requirement for *Rooker-Feldman*.  *See Johnson v. Byrd*, 1:16cv1052, 2016 WL 6839410 at *6-7 (M.D.N.C. Nov. 21, 2016).  This conclusion is consistent with *Thana*'s language: *Thana* refers to "highest court of a State" in the subjunctive ("*if* we apply strictly," "*we would* conclude"), 827 F.3d at 321; at no point does *Thana* prescribe "highest court" as a requirement.  As *Johnson* discusses, the Fourth Circuit would be unlikely to adopt such a requirement without addressing the precedents it would be overruling.  *See Johnson*, 2016 WL 6839410, at *7.  Further, in a post-*Thana* case, the Fourth Circuit dismissed under *Rooker-Feldman* an action that sought to challenge a trial court ruling.  *See Casey v. Hurley*, No.16-6927, 2016 WL 7174649 (4th Cir. Dec. 9, 2016) (unpublished per curiam).  The highest court of

the State (Virginia) was not involved; thus, the Fourth Circuit itself recognizes there is no "highest court of the State" requirement under *Rooker-Feldman*.

IV. PRA's "Does Not Invite Appellate Review" Argument.

PRA argues that plaintiffs' Complaint does not "require appellate review of the merits of a state-court judgment." PRA Brief at 11-12. This is incorrect: each of the three claims in the Complaint is based on the essential premise that the default judgments are legally wrong. If this Court were to retain jurisdiction, it would be asked to determine that the default judgments themselves violated G.S. 58-70-155. *See* Complaint ¶¶ 51, 52, 59, 64-65.

PRA asserts that this case merely "seeks a declaration interpreting the statute or rule at issue." PRA Brief at 11. This is also incorrect: the Complaint explicitly asks in the First Claim that the default judgments be declared to be "void." *See* Complaint ¶ 56.

The Second and Third Claims for Relief seek money *because of* the default judgments. An essential element of the Second and Third Claims is that the default judgments themselves were entered in violation of G.S. 58-70-155. The Second Claim alleges "PRA violated G.S. 58-70-115(7) *by requesting and obtaining default judgments* in violation of G.S. 58-70-155." *Id.*, ¶ 59 (emphasis added). The Third Claim incorporates this allegation. *Id.* at ¶ 64. Thus, the default judgments themselves are placed in issue by the Second and Third Claims, as plaintiffs "ask this court to review the propriety of the" default judgments and "award damages based on the entry of" said judgments. *Foh*, 2015 WL 5254312, at *3-4 (finding jurisdiction in the absence of such allegations).

The Third Circuit, in a case recently cited with approval by the Fourth Circuit,[2] describes the controlling test as whether the claim requires "the prohibited exercise of appellate

---

[2] *Cooper v. Varouxis*, No. 16-1723, 2016 WL 6068857, at *1 (4th Cir. Oct. 17, 2016).

jurisdiction by the district court" and then explains: "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court. Prohibited appellate review consists of a *review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law*." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (emphasis added, citation omitted).

This Court similarly held that *Rooker-Feldman* barred jurisdiction where "a ruling in favor of Plaintiff would necessarily require this court to find that the North Carolina state courts *either wrongfully decided certain issues before them or improperly entered orders and judgments* against Plaintiff in civil matters related to Plaintiff's domestic dispute." *Warren v. McGeough*, No. 1:13CV1145, 2015 WL 1884780, at *4 (M.D.N.C. Apr. 24, 2015) (emphasis added, citations, quotations, and alterations omitted).

In the instant case, each of plaintiffs' claims is based on the allegation that the default judgments themselves (to paraphrase *Great W.*) were not "in accordance with law" or (to paraphrase *Warren*) were not "properly decided." *See* Complaint ¶¶ 51, 59.

## V.    PRA's "Not Injuries Caused by the State Court Judgments" Argument.

PRA argues that *Rooker-Feldman* does not apply to plaintiffs' Second and Third Claims because plaintiffs' alleged injuries were not caused by the state-court judgments. PRA Brief at 12-15. Both the Second and Third Claims are subject to *Rooker-Feldman* because it is the default judgments themselves that are alleged to constitute the violation of law injuring the plaintiffs in each claim.

The Consumer Economic Protection Act of 2009, S.L. 2009-573, enacted legal protections specifically targeting debt buyer default judgments. The language of G.S. 58-70-

155's title ("*Prerequisites to* entering a *default . . . judgment* against a debtor under this Part") and its subsection (a) ("*Prior to entry of a default judgment . . .* the plaintiff shall file") make clear that it is the default judgments themselves that are at issue. Indeed, plaintiffs allege that the default judgments constitute injury: see Complaint ¶ 62 (stating that "each of the class members has suffered actual injury *in that each of the class members has a judgment entered against him or her* that does not comply with North Carolina law.") (emphasis added).

As this Court has explained, "the *Rooker-Feldman* doctrine prevents Plaintiff[s] from claiming injuries sustained as a result of" a state-court judgment." *Foh*, 2015 WL 5254312, at *2; s*ee also Warren*, 2015 WL 1884780 at *4 (finding *Rooker-Feldman* barred claims because "Plaintiff clearly seeks redress for an injury caused by a state-court decision") (internal quotation and citation omitted); *Brodsky v. Carter*, 16-1283-cv, 2016 WL 7177477, at *2 (2d Cir. Dec. 8, 2016) (applying *Rooker-Feldman* to claim seeking monetary damages for loss of property garnished to satisfy judgment); *Todd v. U.S. Bank, Nat'l Ass'n*, No. 15-2866, 2016 WL 127543, at *6 (E.D. Pa. Jan. 12, 2016) ("The writs [of execution] are entirely dependent upon the state court's default judgment order. . . . Plaintiff's injuries were caused by the state court's mortgage foreclosure judgment. *Rooker-Feldman* removes this Court's subject matter jurisdiction . . . ."); *Brooks v. Vinci*, No. CV 09–1354–HU, 2010 WL 3607778 at *2 (D. Or. July 29, 2010), *report and recommendation adopted*, 2010 WL 3606616 (D. Or. Sept. 9, 2010) (finding claim seeking "damages and statutory penalties for the loss of the garnished wages" subject to *Rooker-Feldman*)*; cf. Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 995 (9th Cir. 2002) (cited at PRA Brief at 14) (noting that the case at issue "challenges the notice associated with the foreclosure sale *and not the foreclosure judgment*") (emphasis added).

-7-

In *Foh*, this Court found that *Rooker-Feldman* did not apply, in part because "Plaintiff removed direct reference to the state court judgment in her Amended Complaint." 2015 WL 5254312, at *2. This Court distinguished the situation in *Foh* from instances where "plaintiffs had [] made outright challenges" to state-court judgments "alongside" their statutory claims, in which cases *Rooker-Feldman* did apply. *Id.* at *3.

In the instant case, plaintiffs make just such an outright challenge in their First Claim: they ask explicitly for the judgments to be declared void. Complaint at ¶ 56. In the Second Claim, plaintiffs ask for an award of statutory penalties because they were injured by the state court's entry of the judgments they seek to vacate. *Id.* at ¶ 60. In the Third Claim, plaintiffs ask for the return of post-judgment payments, which is appropriate only if the judgment is vacated. *Id.* at ¶ 66. This case, therefore, "asserts that the judgment entered by the state court caused [plaintiffs'] injury" for each claim, and thus each claim is "barred by *Rooker-Feldman*." *Foh*, 2015 WL 5254312, at *3.

"A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." *Great W.*, 615 F.3d at 166-67; *accord Dawaji v. Askar*, 618 Fed. Appx. 858, 859 (7th Cir. 2015) ("Because the harm did not materialize until the adverse state-court judgment, that judgment, not the alleged misconduct that preceded the judgment, is the source of the injury."); *cf. Foh*, 2015 WL 5254312, at *3 (finding jurisdiction in part because plaintiff's injury arose from "actions" occurring "before and during the foreclosure proceeding" instead of from the foreclosure itself). The *Great W.* "useful guidepost" confirms the applicability of *Rooker-Feldman* in this case: for the Second Claim, the injury is alleged to be the default judgments themselves; for the Third Claim, the injury is alleged to be "post-judgment"

payments.  Complaint ¶¶ 60, 66.

VI.  PRA's "Jurisdiction to Address PRA's Motion to Dismiss Regardless of *Rooker-Feldman*" Argument.

PRA argues that "*Rooker-Feldman* does not bar federal courts from determining whether an action is procedurally valid," relying on *Yale v. National Indemnity Co.*, 602 F.2d 642 (4th Cir. 1979).  PRA Brief at 15. *Yale* says nothing about *Rooker-Feldman* or whether a federal court may retain jurisdiction to address merits having found that it lacks subject-matter jurisdiction.

*Rooker-Feldman* goes to subject matter jurisdiction.  Assessment of subject matter jurisdiction must be made before a federal court can address merits. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 232 (4th Cir. 2015) ("The limits of subject matter jurisdiction pose a threshold issue that this court must investigate before addressing the merits of Appellant's claims.") (citation and quotation marks omitted).  If a federal court lacks subject matter jurisdiction over a removed case, it must remand.  28 U.S.C. § 1447(c).

VII.  PRA's Alternative "Not Exercising Appellate Jurisdiction" Argument.

PRA argues that even if its motion to dismiss is denied, in the instant case this Court "would not be exercising appellate jurisdiction."  PRA Brief at 16-17 (quoted phrase at 16). Plaintiffs explain in Section IV why the federal court would be exercising appellate jurisdiction over Plaintiffs' claims in violation of *Rooker-Feldman*.  To the extent PRA is asserting here that *Rooker-Feldman* does not apply to collateral attacks on state-court judgments, that is incorrect. *Qureshi v. Mortgage Elec. Registration Sys., Inc.*, No. 3:16-cv-00322-MOC, 2016 WL 4926437, at *2 (W.D.N.C. Sept. 14, 2016) (noting "collateral attack is barred by the *Rooker-Feldman* doctrine, which prohibits actions attacking state-court judgments in federal court"); *Gottlieb v. Schneiderman*, No. 7:15-CV-00038-BR, 2016 WL 427079, at *5 (E.D.N.C. Feb. 3, 2016)

("Because this action is a collateral attack on a state court judgment, this court does not have jurisdiction under the *Rooker-Feldman* doctrine."); *accord supra* p. 2 (discussing numerous cases involving collateral attacks on void judgments).

CONCLUSION

Each of plaintiffs' claims asserts that PRA's state-court default judgments were in violation of G.S. 58-70-155. Thus, in each of those claims plaintiffs seeks "review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law" (*Great W.*, 615 F.3d at 169), alleges injuries "sustained as a result of" the PRA default judgments (*Foh*, 2015 WL 5254312, at *3), and asserts that the PRA default judgments were not "properly decided" (*Warren v. McGeough,* 2015 WL 1884780, at *4). Accordingly, this case and each of its claims are subject to *Rooker-Feldman* and the case must be remanded.

This, the 6th day of February, 2017.

/s/ Carlene McNulty
Carlene McNulty, NCSB #12488
Jason A. Pikler, NCSB #47128
Emily P. Turner, NCSB #49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC  27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
        jason.pikler@ncjustice.org
        emilyt@ncjustice.org

J. Jerome Hartzell, NCSB #7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

Of Counsel:

Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com

Adrian M. Lapas, N.C. State Bar No. 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC 27532
Telephone: (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that opposing counsel in this case are registered as Filing Users of the Electronic Filing System maintained by this Court, and that electronic transmission of this document to the Electronic Filing System with transmission of the Notice of Electronic Filing therefore constitutes service of the filed document pursuant to MDNC Local Rule of Civil Practice 5.3(b)(2).

This, the 6th day of February, 2017.

/s/ Carlene McNulty
Carlene McNulty