UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IRIS POUNDS, CARLTON MILLER, VILAYUAN SAYAPHET-TYLER, RHONDA HALL and PIA TOWNES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | Civil Action No. 1:16-CV-1395 |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
## FOR EXPEDITED DETERMINATION OF MOTION TO REMAND

Plaintiffs, by and through counsel, respectfully submit this brief in support of their Motion for Expedited Determination of Motion to Remand.

### NATURE OF MATTER BEFORE THE COURT

On November 21, 2016, plaintiffs filed their Complaint, a Motion for Preliminary Injunction, and a Motion for Class Certification, together with supporting briefs and sixty-nine exhibits, in Durham County Superior Court (Docket Entries 1-3 to 1-21). Defendant Portfolio Recovery Associates, LLC ("PRA") removed the case to this Court on December 9, 2016 (Docket Entry 1). On December 20, 2016, plaintiffs filed a Motion to Remand (Docket Entry No. 11).

Plaintiffs wish to pursue their Motion for Preliminary Injunction at the earliest reasonable date, but believe this Court lacks jurisdiction over the case. Plaintiffs have filed the Motion for Expedited Determination in order to make the Court aware of plaintiffs' Motion for Preliminary Injunction, and of plaintiffs' desire to obtain an expeditious ruling on that motion from the state court.

## FACTS

Plaintiffs' Motion for Preliminary Injunction (Docket Entry 1-6; brief at Docket Entry 1-7) seeks to halt writs of execution and collections on PRA default judgments that are void under North Carolina law. The Complaint and Motion for Preliminary Injunction deal entirely with issues of state law; the claims concern the jurisdiction of North Carolina court officials and the workings of the North Carolina court system.

As explained in the Motion for Preliminary Injunction and supporting brief, plaintiffs believe they can show a strong likelihood of success on the merits because of seven state-court rulings finding PRA's default judgments to be void and a sample of 367 PRA default judgments showing PRA's default judgments to suffer from common failings. *See* Brief in Support of Motion for Preliminary Injunction (Docket Entry 1-7) at 6-22, and Exhibits 14-17, 24-30 (Docket Entries 1-11, 1-13).

Plaintiffs have not filed a motion for preliminary injunction in this court. *Cf.* L.R. 65.1(a).

During the pendency of this litigation, PRA has continued to cause writs of execution to be issued on its default judgments. *See* Declaration of Counsel J. Jerome Hartzell (Exhibit 1 to Plaintiffs' Motion for Expedited Determination) (concerning contents of state court files showing recent writs of execution on PRA default judgments).

ARGUMENT

Jurisdiction is a threshold issue. *See e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (citation omitted); *Corp. of Guardianship, Inc. v. Brajer*, No. 1:15-CV-245, 2016 WL 1092651, at *3 (M.D.N.C. Mar. 21, 2016) ("In all cases, jurisdiction must be established as a threshold matter, and as a question the court is bound to ask and answer for itself.") (citations omitted).

Even though this Court has the power to preserve the status quo until jurisdiction is decided (*see e.g., In re Patriot's Point Assocs, Ltd.*, No. 89-3333, 1990 WL 64718, at *4 (4th Cir. May 2, 1990) ("The district court may of course properly

preserve the status quo until the question of its jurisdiction can be resolved.")), this case presents issues of state law concerning the operations of the North Carolina court system and an extensive factual record. In contrast, the Motion to Remand requires only consideration of the allegations of the Complaint and review of issues with which this Court is already well acquainted (*see e.g., Foh v. Chase*, No. 1:14-CV-928, 2015 WL 5254312 (M.D.N.C. Sept. 9, 2015)).

Moreover, a ruling by this Court as to PRA's default judgment practices would have limited value as precedent (*see, e.g., DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015) ("Although we may doubt that the Court of Appeal has correctly interpreted California law, we recognize that California courts are the ultimate authority on the law."); *Davis v. Urquiza*, 233 N.C. App. 462, 331, 757 S.E.2d 327, 466 n.1 (2014) ("With regard to matters of North Carolina state law, neither this Court nor our Supreme Court of the United States is bound by the decisions of federal courts . . . although in our discretion we may conclude that the reasoning of such decisions is persuasive.") (citations omitted)), and if plaintiffs' Motion to Remand is allowed, the benefits of an order from this Court would be short-lived.

-4-

Case 1:16-cv-01395-WO-JEP   Document 23   Filed 02/06/17   Page 4 of 7

Since removing this case, PRA has continued to cause writs of execution to issue on default judgments that are void. *See* Declaration of Counsel, Exhibit 1 hereto. Plaintiffs wish to present their Motion for Preliminary Injunction to a state court as soon as that can reasonably be done.

CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court rule on the Motion to Remand at the earliest reasonable date.

This, the 6th day of February, 2017.

/s/ Carlene McNulty
Carlene McNulty, NCSB #12488
Jason A. Pikler, NCSB #47128
Emily P. Turner, NCSB #49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
       jason.pikler@ncjustice.org
       emilyt@ncjustice.org


J. Jerome Hartzell, NCSB #7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

Of Counsel:

    Travis E. Collum, N.C. State Bar No. 29158
    COLLUM & PERRY, PLLC
    P.O. Box 1739
    Mooresville, NC 28115
    Telephone: (704) 663-4187
    Email: travis@collumperry.com

    Adrian M. Lapas, N.C. State Bar No. 20022
    LAPAS LAW OFFICES, PLLC
    P.O. Box 10688
    Goldsboro, NC 27532
    Telephone: (919) 583-5400
    Email: adrianlapas@goldsborobankruptcylawyer.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that opposing counsel in this case are registered as Filing Users of the Electronic Filing System maintained by this Court, and that electronic transmission of this document to the Electronic Filing System with transmission of the Notice of Electronic Filing therefore constitutes service of the filed document pursuant to MDNC Local Rule of Civil Practice 5.3(b)(2).

This, the 6th day of February, 2017

/s/ Carlene McNulty
Carlene McNulty