UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IRIS POUNDS, CARLTON MILLER, VILAYUAN SAYAPHET-TYLER, RHONDA HALL and PIA TOWNES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 1:16-cv-01395 ) |
| v. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) |
| Defendant. | ) ) |

**BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Plaintiffs submit this brief in opposition to defendant Portfolio Recovery Associates, LLC's ("PRA's") motion to dismiss (Docket Entry 14).

NATURE OF MATTER BEFORE COURT

Plaintiffs brought suit against PRA in Durham County Superior Court on November 21, 2016. *See* Class Action Complaint (Docket Entry 1, Attachment 3). With the Complaint, plaintiffs filed a Motion for Preliminary Injunction and supporting brief, and a Motion for Class Certification and supporting brief, together with Exhibits 1-69. (Docket Entry 1, Attachments 4 through 21).

The case was removed to this Court by PRA. (Docket Entry 1). Plaintiffs have filed a motion to remand (Docket Entry 11), which has been fully briefed (*see* Docket Entries 12, 17 and 21).

Defendants have moved to dismiss the case under Rule 12(b)(6). Plaintiffs submit this brief in opposition to PRA's 12(b)(6) motion.

## FACTS

The Consumer Economic Protection Act of 2009, S.L. 2009-573, limits the circumstances under which North Carolina courts may enter default judgments in cases brought by debt buyers. Complaint ¶¶ 22-25. In relevant part, G.S. 58-70-155 establishes certain "prerequisites" that must be satisfied prior to the court's entry of a default judgment against a debtor— "prerequisites" that PRA's uniform default judgment practices fail to meet. *See* Complaint ¶¶ 22-26, 32-35.

The Complaint alleges that PRA is a "debt buyer" within the meaning of that term as defined in G.S. 58-70-15(b)(4) and as used in G.S. 58-70-155. Complaint ¶¶ 17-20. The Complaint further alleges that PRA's default judgments are void because PRA failed to satisfy the "prerequisites" prescribed by G.S. 58-70-155 in cases brought by debt buyers: properly authenticated business records containing an itemization of charges and fees claimed to be owed (*id.* at ¶¶ 51-54). The Complaint also

-2-

summarizes the seven state-court orders (the "vacatur orders") holding PRA default judgments to be void by reason of the violations of the statute (*id.* at ¶¶ 36-39).

By their Complaint, plaintiffs seek to proceed on behalf of "all persons against whom PRA obtained default judgments in North Carolina courts in a case filed on or after October 1, 2009," the effective date of G.S. 58-70-155 and related statutes.  Complaint ¶ 15.

## QUESTIONS PRESENTED

1.   As a threshold matter, should this Court consider PRA's motion to dismiss?

Plaintiffs have moved to remand this case because this Court lacks jurisdiction under the *Rooker-Feldman* doctrine.  To the extent that this Court lacks jurisdiction, it must remand the case to state court rather than consider a motion to dismiss on the merits.

2.   Do PRA's arguments show plaintiffs' claims to be legally insufficient under North Carolina law?

If the Court reaches the merits question, PRA's motion to dismiss should be denied, as plaintiffs' claims are legally sufficient as an "independent action" under North Carolina law, which necessarily applies in this diversity action.

ARGUMENT

I.  BECAUSE THIS COURT LACKS JURISDICTION UNDER *ROOKER-FELDMAN*, THIS COURT MUST REMAND THE CASE AND CANNOT ADDRESS A MOTION TO DISMISS ON THE MERITS.

For the reasons set out in plaintiffs' briefs in support of their motion to remand (Docket Entries 12 and 21), this Court lacks jurisdiction over the present case. If the Court agrees with plaintiffs that the *Rooker-Feldman* doctrine precludes the Court from exercising jurisdiction, the Court is compelled to remand the case and cannot consider PRA's motion to dismiss. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998) ("For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

A federal district court that lacks subject matter jurisdiction over a removed case must remand the case. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48-49 (4th Cir. 1996) (vacating order of district court that dismissed complaint on the merits and remanding to district court with instructions to remand case to state court). If a federal district court

lacks subject matter jurisdiction, it may not consider a motion under Rule 12(b)(6). *See, e.g.*, *Ballentine v. Robinson*, No. 3:15-cv-00496-FDW-DSC, 2016 WL 3095224, at *3 (W.D.N.C. June 1, 2016), *aff'd sub nom. Ballentine v. James B. Nutter & Co.*, No. 16-1674, 2016 WL 6833350 (4th Cir. Nov. 21, 2016) ("Granting an order to dismiss under Rule 12(b)(6) would require further analysis of state law which is prohibited as this court lacks subject matter jurisdiction."); *Byrd v. Hunt*, 136 F. Supp. 2d 511, 514 (M.D.N.C. 2001) ("[S]ubject matter jurisdiction is a logical prerequisite to a potential dismissal of Plaintiff's claim with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6)."). This principle applies to *Rooker-Feldman* questions. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 232 (4th Cir. 2015) (quoting *Jones v. Amer. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999) (describing a *Rooker-Feldman* challenge as "a threshold issue that this court must investigate before addressing the merits of Appellant's claims") (citation omitted); *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235-238 (4th Cir. 2013) (holding that district court lacked jurisdiction under *Rooker-Feldman* doctrine and thus lacked authority to reach the merits of the case and dismiss with prejudice).

Accordingly, because the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over the action, the Court must remand the case to state court, and PRA's 12(b)(6) motion should be denied as moot. *See Ballentine*, 2016 WL 3095224, at *3.

II. <u>PRA'S "FEDERAL LAW" ARGUMENTS ARE INAPPOSITE: THIS COURT MUST LOOK TO NORTH CAROLINA LAW IN ASSESSING WHETHER TO ALLOW A COLLATERAL ATTACK</u>.

PRA's arguments concerning "requirements to bring an independent action under federal law" (PRA Brief at 4-8, quoted phrase at 4) are inapposite because state law, not federal law, controls. "[A] federal court asked to entertain an attack upon a state court judgment must look to the law of the rendering state to determine the exposure of that state's judgments to the particular kind of attack being made. *Yale v. Nat'l Indem. Co.*, 602 F.2d 642, 644 (4th Cir. 1979); *cf. Quarles v. Miller*, 86 F.3d 55, 56, 59 (4th Cir. 1996) (considering "whether a final state court judgment obtained by a foreign corporation is void and thus subject to collateral attack" and concluding the judgment is not void and thus it is not subject to collateral attack under Virginia state law).

This same conclusion is required by the *Erie* doctrine. "[T]he principles of federalism first identified by the Supreme Court of the United States in *Erie Railroad Co. v. Tompkins*

-6-

impose upon us the duty to decide diversity actions through the faithful application of state law, as we discern it to the best of our ability." *Valentine v. Sugar Rock, Inc.*, 745 F.3d 729, 735 n.3 (4th Cir. 2014) (citation omitted). *Erie* requires the application of state "substantive" law and state "procedural" law that is "intimately bound up with the state right or obligation." *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 63 (4th Cir. 1965); *accord In re Lipitor (Atorvastatin Calcium) M Bnvarketing, Sales Practices & Products Liab. Litig.*, No. 2:14-mn-02502, 2017 WL 87067, at *12 (D.S.C. Jan. 3, 2017). The elements of plaintiffs' claims for relief are "substantive," that is, these elements define what a plaintiff must prove in order to be entitled to relief under state law.

One of plaintiffs' claims, the first claim for relief, seeks vacatur of the default judgments. The elements of that claim are defined by state law. In the alternative, if somehow the elements of the plaintiffs' claims in this case are deemed to be "procedural," the question of what plaintiffs must prove when a state-court judgment is attacked is "intimately bound up with the state right or obligation."

III. <u>PRA'S ARGUMENTS ABOUT NORTH CAROLINA LAW DISREGARD CONTROLLING AUTHORITY</u>.

PRA argues that North Carolina law does not permit plaintiffs to challenge its default judgments, citing a single

case from 1931 (PRA Brief at 8 (citing *Carolina Disc. Corp. v. Butler*, 200 N.C. 709, 713, 158 S.E. 249, 252 (1931))) and discussing at length (*id.* at 8-11) the requirements for an "independent action" (diligence, fraud, etc.) that the case purportedly sets forth.  If these requirements ever apply, they do not need to be satisfied when the judgment sought to be attacked is "void."

Unlike the *Butler* case, in which the plaintiff did not seek to set aside a judgment based on the court's lack of jurisdiction, here plaintiffs assert that the default judgments entered against them are void for lack of subject-matter jurisdiction.  Under clearly established North Carolina law, a judgment entered by a court lacking jurisdiction is void and can be attacked with an independent action "at any time" and without needing to show any of the requirements discussed in *Butler*. *See, e.g.*, *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (noting that because "[s]ubject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act," "[a] void judgment is in legal effect no judgment.  No rights are acquired or divested by it.  It neither binds nor bars any one, and all proceedings founded upon it are worthless."); *Boseman v. Jarrell*, 364 N.C. 537, 547, 704 S.E.2d 494, 501 (2010)

-8-

(compiling authority); *Ridge Cmty. Inv'rs, Inc. v. Berry*, 293 N.C. 688, 699, 239 S.E.2d 566, 572 (1977) ("A judgment which is void, as opposed to being merely voidable or irregular, may be attacked at any time by anyone whose interests are adversely affected by it."); *Casey v. Barker*, 219 N.C. 465, 14 S.E.2d 429, 431 (1941) ("A void judgment may be treated as a nullity, disregarded, vacated on motion, attacked directly or collaterally. It affords no basis for a recovery.") (citations omitted); *In re Webber*, 201 N.C. App. 212, 220, 689 S.E.2d 468, 474 (2009) ("A judgment or order that is void, as opposed to voidable, is subject to collateral attack."); *Jenkins v. Piedmont Aviation Servs.*, 147 N.C. App. 419, 425, 557 S.E.2d 104, 108 (2001), *writ denied, review denied,* 356 N.C. 303, 570 S.E.2d 724 (2002) ("When a court acts in excess of its authority its judgment is void and of no effect. A lack of jurisdiction or power in the court entering a judgment always avoids the judgment, and a void judgment may be attacked whenever and wherever it is asserted, without any special plea.") (citations omitted).

PRA's argument that plaintiffs have failed to meet the requirements of an independent action fails to acknowledge and address binding North Carolina authority regarding challenges to an allegedly void judgment. PRA's Brief does not challenge the

sufficiency of plaintiffs' allegations that the default judgments violate G.S. 58-70-155, nor does PRA challenge plaintiffs' allegations that judgments entered in violation of G.S. 58-70-155 are void. To the extent further statement of the legal and factual support for plaintiffs' voidness claim is required, plaintiffs respectfully refer to and incorporate pp. 6-22 ("Likelihood of Success on Merits") of Plaintiffs' Brief in Support of Motion for Preliminary Injunction (Docket Entry 1-7).

IV. *HOUSTON* SUPPORTS PLAINTIFFS' CLAIMS.

In *Portfolio Recovery Assoc., LLC v. Houston*, Superior Court Judge Richard L. Doughton denied a motion to amend defendants' class counterclaim.[1] In his Order, Judge Doughton found: "*Movants do not contend that the final judgments are void* or were procured by fraud. *Nor do they challenge the subject matter jurisdiction* of the courts that entered the default judgments . . . ." *Id.* at ¶ 6 (emphasis added).

In the present case, plaintiffs *do* contend PRA's default judgments are void and *do* challenge subject matter jurisdiction.

In *Houston*, PRA acknowledged this makes all the difference. *See* PRA's Brief in Opposition to Motion to Amend: "[J]udgments

---

[1] Judge Doughton's order denying the motion to amend is attached to PRA's Brief (Docket Entry 15, Attachment 1) and appears also as Exhibit 47 of Plaintiffs' Exhibits in Support of Motion for Preliminary Injunction and Class Certification (Docket Entry 1, Attachment 16).

-10-

that are 'void' because the issuing court lacked jurisdiction may be undone by collateral attack."  PRA Brief in Opposition to Ms. Houston's Motion to Amend, Exhibit 46 of Exhibits in Support of Plaintiffs' Motion for Preliminary Injunction and Class Certification (Docket Entry 1, Attachment 16) at 7 & n.2 (quoting and citing *In re Webber*, *supra*, 201 N.C. App. at 220, 689 S.E.2d at 474).

Thus, both Judge Doughton's *Houston* order and PRA's *Houston* brief support the legal sufficiency of plaintiffs' Complaint: because this case, unlike *Houston*, alleges that PRA's default judgments are "void," it is proper for the default judgments to be attacked by independent action.

## CONCLUSION

This Court must first determine whether it has jurisdiction before it considers PRA's motion to dismiss.  If the Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine, the Court must remand the action to state court.  If the Court retains jurisdiction and rules on PRA's motion, it should be denied.

-11-

This, the 7th day of February, 2017.


/s/ Carlene McNulty
Carlene McNulty, NCSB #12488
Jason A. Pikler, NCSB #47128
Emily P. Turner, NCSB #49578
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC  27611
Telephone: (919) 856-2161
Facsimile: (919) 856-2175
Email: carlene@ncjustice.org
       jason.pikler@ncjustice.org
       emilyt@ncjustice.org


J. Jerome Hartzell, NCSB #7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

Of Counsel:

Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC  28115
Telephone:  (704) 663-4187
Email:  travis@collumperry.com


Adrian M. Lapas, N.C. State Bar No. 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC  27532
Telephone:  (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that opposing counsel in this case are registered as Filing Users of the Electronic Filing System maintained by this Court, and that electronic transmission of this document to the Electronic Filing System with transmission of the Notice of Electronic Filing therefore constitutes service of the filed document pursuant to MDNC Local Rule of Civil Practice 5.3(b)(2).

This, the 7th day of February, 2017

/s/ Carlene McNulty
Carlene McNulty

-13-

Case 1:16-cv-01395-WO-JEP   Document 24   Filed 02/07/17   Page 13 of 13