UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

No. 1:16-cv-01395-WO-JEP

| | |
|---|---|
| IRIS POUNDS, CARLTON MILLER, VILAYUAN SAYAPHET-TYLER, RHONDA HALL, and PIA TOWNES, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>    Defendant. | **REPLY IN SUPPORT OF MOTION TO DISMISS** |

Defendant Portfolio Recovery Associates, LLC ("PRA"), submits this reply in further support of its motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, and in PRA's opening brief, this court has jurisdiction to address PRA's motion to dismiss, the motion should be allowed, and this action should be dismissed.

## ARGUMENT

Plaintiffs make four arguments in opposition to PRA's motion to dismiss: (a) the *Rooker-Feldman* doctrine prevents this court from exercising jurisdiction over PRA's motion; (b) North Carolina law, not federal law, applies to this motion; (c) an independent action to collaterally attack a judgment is proper in North Carolina; and (d) that the Superior Court decision in *Houston* supports their view. Plaintiffs' position is

without merit.

I.   **This Court Can Consider PRA's Motion to Dismiss.**

As noted in PRA's brief in opposition to Plaintiff's motion to remand (Doc. 17), the *Rooker-Feldman* doctrine does not prevent this Court from exercising subject matter jurisdiction over this action. (Doc. 17 at 4-15). Further, even if *Rooker-Feldman* applied to this case, it would not bar this court from considering PRA's motion to dismiss.[1] This is because *Rooker-Feldman* does not prevent a federal court from determining whether an action is procedurally valid. *Yale v. Nat'l Indem. Co.*, 602 F.2d 642, 644 (4th Cir. 1979) (holding that a federal court considering a challenge to a state-court judgment must assess the judgment's exposure to the form of attack being made); *Reid v. North Carolina*, 837 F.Supp.2d 554, 561-62 (W.D.N.C. 2011) (holding that *Rooker-Feldman* does not block a federal court sitting in diversity from making the determination required by *Yale*) (citing *Yale*, 602 F.2d at 642); *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949)), *aff'd per curiam*, 471 F. App'x 188 (4th Cir. 2012)).

Plaintiffs state that they are bringing this action in the form of an independent action. Compl. ¶ 55. However, Plaintiffs do not contend that they made the requisite allegations in their opposition to the motion to dismiss. (Doc. 24). That failure renders Plaintiffs' claim procedurally invalid.[2] Therefore, even if *Rooker-Feldman* applied to this case, this Court can still rule on the motion to dismiss because it addresses the

---

[1]   PRA's arguments against the application of the *Rooker-Feldman* doctrine to this matter are fully described in its opposition to remand. (Doc. 17).
[2]   PRA incorporates by reference its arguments in its motion to dismiss briefing. (Doc. 15).

procedural validity of this action. *See Yale*, 602 F.2d at 644; *Reid*, 837 F.Supp.2d at 561-62.

## II. <u>Plaintiffs' Action Fails Under Federal and North Carolina Law</u>

In its opening brief, PRA argued that Plaintiffs' claims fail under both federal and North Carolina law. In their response, Plaintiffs argued that state law applied and that it permits an independent action to challenge subject matter jurisdiction. Because Plaintiffs did not contest PRA's argument that federal law bars their claims, they have conceded that, if the federal rule applies, their claims do not meet that standard.

Plaintiffs' argument that North Carolina law would apply is irrelevant because the result of this action is the same regardless of what independent action standard applies. As demonstrated in PRA's opening brief, Plaintiffs fail to state an adequate basis to bring an independent action under both North Carolina and federal law. (Doc. 15 at 4-11). Given Plaintiffs' failure to assert the valid basis for an independent action required under both federal and North Carolina law, PRA's motion does not turn on the question of whose law applies.

Moreover, PRA is not contending, as Plaintiffs suggest, that a party can **never** bring an independent action. (*See* Doc. 24 at 7 (stating that "PRA argues that North Carolina law does not permit plaintiffs to challenge its default judgments")). Thus, citing cases which state that a party **may** collaterally attack a judgment for lack of subject matter jurisdiction (*see id*. at 8-9), misses the point. Rather, PRA contends that Plaintiffs must do more than simply allege that the trial court that rendered the judgment lacked

3

jurisdiction but, instead, must plead facts to support bringing an independent action. (*See* Doc. 15, at 4-15).[3] Whereas alleging that the judgment is void[4] may be sufficient to bring a motion under Rule 60(b)(4), which has no time limit to challenge an allegedly void judgment, to bring an independent action more is required under both state and federal law. *See Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1357-58 (4th Cir. 1982); *Hassell v. Wilson*, 301 N.C. 307, 311–12, 272 S.E.2d 77, 80 (1980); *see also* Alan D. Woodlief, Jr., *North Carolina Civil Practice and Procedure* § 60:15 (noting that Rule 60(b) preserves the independent action challenge that predated the adoption of the North Carolina Rules of Civil Procedure); G. Gray Wilson, *North Carolina Civil Procedure* § 60-14 (also noting that Rule 60(b) preserves the old independent action challenge).

---

[3] Plaintiffs' argument that PRA "does not challenge the sufficiency of plaintiffs' allegations that the default judgments violate G.S. 58-70-155, nor does PRA challenge plaintiff's allegations that judgments entered in violation of G.S. 58-70-155 are void," (Doc. 24 at 9-10), is as incorrect as it is irrelevant. In footnote 4 to its opening Brief PRA stated that it "does not believe section 58-70-155 is jurisdictional," but noted that this "issue is not presented by [PRA's] motion." *Id.* PRA is not asking the Court in this motion to address the merits of Plaintiffs' contention that section 58-70-155 is jurisdictional and failure to comply with it renders the judgments void. Rather, PRA contends that Plaintiffs have failed to plead sufficient facts to challenge their judgments in an independent action rather than in the court that rendered them.

[4] Plaintiffs' allegations of voidness are inadequate to the extent they rely on the district court cases they cite in the Complaint. *See* Compl. ¶¶ 37-39. North Carolina district courts do not create binding precedent. *See Dennis v. City of Albemarle*, 243 N.C. 221, 223, 90 S.E.2d 532, 533 (1955) (explaining that only North Carolina Supreme Court opinions can "be regarded as authoritative" "as applied to the facts of specific cases" in North Carolina).

Alternatively, if the Court finds that the result would materially differ depending on which law applies, federal law should control. Although the *Yale* court did look to state law to determine whether North Carolina judgments can generally be challenged in the form of a collateral attack, it did not undertake an *Erie* analysis in reaching its decision. That analysis was unnecessary because the state and federal rules did not conflict on the issue of whether a North Carolina judgment could be attacked in *Yale*.

At the time of the *Yale* decision, federal courts followed the general rule that void judgments are generally subject to collateral attack, as expressed in Restatement (First) of Judgments § 11 (1942). *See, e.g. Davis v. St. Paul-Mercury Indem. Co.*, 294 F.2d 641, 643 (4th Cir. 1961). The *Yale* court merely "look[ed] at the law of the rendering state" to determine if North Carolina courts held that void judgments are generally subject to collateral attack. 602 F.2d at 644. The court found that North Carolina had also adopted the same general rule expressed in Restatement (First) of Judgments § 11 (1942). *Id*. Therefore, there was not a competing federal rule at issue in *Yale*, making an *Erie* inquiry irrelevant. The court then held that the judgment at issue in *Yale* was not void and therefore was not subject to collateral attack under the rule adopted by the state and federal courts. *Id.*

Here, the issue is not whether a void judgment is subject to collateral attack generally, but whether plaintiffs have adequately pleaded the standards for the independent action they expressly claim to be bringing. Compl. ¶ 55. As described in PRA's motion to dismiss brief, there are state and federal standards on this issue. Federal

5

law would govern this determination because the independent action standard arises from an interpretation of Rule 60 of the Federal Rules of Civil Procedure.

When a valid federal rule addresses an issue, it must be applied by federal courts sitting in diversity. *Hanna v. Plumer*, 380 U.S. 460, 471, (1965). This is true regardless of any contrary state law. *Id.*

Here, federal Rule 60 governs the question at hand. The issue is whether Plaintiffs can bring an independent action challenging the default judgments against them. Federal Rule 60 preserves the equitable power courts had to entertain independent actions challenging judgments prior to the adoption of the Federal Rules of Civil Procedure. 11 Charles A. Wright, et al., *Federal Practice and Procedure* § 2868. As explained by the Fourth Circuit, a party bringing an independent action must satisfy the independent-action standard that existed prior to the adoption of the Federal Rules of Civil Procedure. *See Great Coastal*, 675 F.2d at 1358.

Furthermore, the federal independent action standard would still apply even if it had not been incorporated into Rule 60. Courts apply federal law if doing so will not result in an inequitable administration of laws and applying the federal rule will not encourage forum shopping. *Hanna*, 380 U.S. at 468.

Applying the federal independent action standard to this case will not result in an inequitable administration of laws. As described in PRA's motion to dismiss brief, applying either the state or federal rule will result in the dismissal of this action because

Plaintiffs have not established their right to bring an independent action. Indeed, Plaintiffs do not contest that they fail to satisfy both standards.

Applying the federal rule also will not encourage forum shopping in cases seeking to bring an independent action to challenge a default judgment. As the independent action at issue is procedurally invalid under both federal and North Carolina law, forum selection is not an issue here.

The result that would be reached in applying federal law is uncontested. While Plaintiffs contest whether federal law controls, they do not contest the application of the federal rule described in PRA's motion to dismiss brief.

### III. <u>Plaintiffs' Action Is Procedurally Invalid Under North Carolina Law.</u>

Even if North Carolina law controls, Plaintiffs still must satisfy the North Carolina independent action standard to challenge a judgment. Rule 60 of the North Carolina Rules of Civil Procedure limits the form in which challenges to a state-court judgment can be brought. The rule states that "relief from a judgment, order, or proceeding shall be by motion as prescribed in these rules or by independent action." N.C.R. Civ. P. 60(b). Furthermore, Plaintiffs expressly state that they are bringing an independent action and are not filing a motion in the cause. Compl. ¶ 55.

To bring an independent action, Plaintiffs must comply with the standard set forth in *Butler*. As described in the *Shuford* treatise, the reference to an independent action in N.C.R. Civ. P. 60 preserves the right to challenge a judgment that existed prior to the North Carolina Rules of Civil Procedure. Woodlief, *supra* § 60:15; Wilson, *supra* § 60-

7

14. Therefore, Plaintiffs must satisfy the standard to bring an independent action that existed prior to N.C. R. Civ. P. 60.

That standard is articulated in *Butler*. 200 N.C. at 713, 158 S.E. at 252. Plaintiffs not only fail to satisfy the *Butler* standard, as described in PRA's opening brief, (Doc. 15), they make no effort to do so.

Plaintiffs are incorrect when they argue that they are not required to satisfy this standard. Plaintiffs' argument contradicts the North Carolina procedural requirement that a challenge to a judgment be brought by motion or by independent action. N.C.R. Civ. P. 60(b). That rule does not distinguish between valid and allegedly void judgments. Therefore, the prerequisites for a motion or independent action articulated in *Butler* would apply to an allegedly void judgment.

## IV. *Houston* Supports PRA's Procedural Invalidity Argument.

The holding of the *Houston* court supports dismissal. In its conclusions of law, the *Houston* court held that the proper manner to challenge the judgments on the basis of section 58-70-155 would be through a motion in the original trial court, not through a claim brought on behalf of a class. *Id.* at 6-7. This supports PRA's assertion that Plaintiffs bring a procedurally invalid action because the proper manner to challenge it is by motion in the original cause.

## CONCLUSION

Plaintiffs' response brief fails to establish a valid claim. Regardless of whether North Carolina or federal law applies, Plaintiffs must plead facts to satisfy either the

8

federal or North Carolina test to bring an independent action. Plaintiffs do not satisfy either test. They must raise these issues in the courts that originally entered the judgments from which Plaintiffs seek relief, as the *Houston* court advised. Therefore, for the reasons set forth in detail above and in PRA's motion to dismiss briefing, PRA requests that its motion to dismiss be granted and that Plaintiffs' complaint be dismissed.

This the 21st day of February, 2017.

ELLIS & WINTERS LLP

/s Jon Berkelhammer
Jon Berkelhammer
N.C. State Bar No. 10246
Email: jon.berkelhammer@elliswinters.com
Joseph Hammond
N.C. State Bar No. 45657
Email: joe.hammond@elliswinters.com
300 N. Greene Street, Ste. 800
Greensboro, NC  27401
Tel. (336) 217-4193
Fax (336) 217-4198

Sean Fernandes
N.C. State Bar No. 50699
Email: sean.fernandes@elliswinters.com
Troy D. Shelton
N.C. State Bar. No. 48070
Email: troy.shelton@elliswinters.com
Post Office Box 33550
Raleigh, NC  27636
Tel. (919) 865-7000
Fax (919) 865-7010

*Attorneys for Defendant Portfolio Recovery Associates, LLC*

**CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record as follows:

Carlene McNulty, Esq.
James A. Pikler, Esq.
Emily P. Turner, Esq.
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC  27611

J. Jerome Hartzell, Esq.
P.O. Box 10246
Raleigh, NC  27605

Travis E. Collum, Esq.
Collum & Perry, PLLC
P.O. Box 1739
Mooresville, NC  28115

Adrian M. Lapas, Esq.
Lapas Law Offices, PLLC
P.O. Box 10688
Goldsboro, NC  27532

This the 21st day of February, 2017.

/s  Jon Berkelhammer
Jon Berkelhammer

*Attorney for Defendant Portfolio Recovery Associates, LLC*