UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

IRIS POUNDS, CARLTON MILLER, )
VILAYUAN SAYAPHET-TYLER, )
RHONDA HALL and PIA TOWNES, )
on behalf of themselves and )
all others similarly )
situated, )
 )
    Plaintiffs, )
 )
    v. ) Civil Action No. 1:16-CV-1395
 )
PORTFOLIO RECOVERY )
ASSOCIATES, LLC, )
 )
    Defendant. )
 )

**PLAINTIFFS' MOTION TO DEFER TIME TO FILE**
**FEDERAL MOTION FOR CLASS CERTIFICATION**

Now come plaintiffs and move, pursuant to Local Rules 6.1, 7.3(j), and 23.1(b), and Federal Rule of Civil Procedure 6, that the Court defer the time by which plaintiffs must file a federal court motion for class certification. In support hereof, movants respectfully show:

    1.    Movants seek to maintain the present case as a class action in the Superior Court of Durham County, North Carolina.

    2.    Movants filed a Motion for Class Certification, a supporting brief, and supporting exhibits, all of which were filed with the Class Action Complaint when the case was commenced. *See* Docket Entries 1-4 (motion), 1-5 (brief), and 1-

9 to 1-21 (exhibits).

3. The case has been removed to this Court by defendant Portfolio Recovery Associates, LLC ("PRA"). Docket Entry 1. Plaintiffs have moved that the case be remanded (Docket Entry 11), and that motion has been fully briefed (Docket Entries 12, 17, and 21). Plaintiffs have also filed a motion asking that this Court provide an expedited determination of the motion to remand, in order that plaintiffs can pursue their state-court motion for preliminary injunction at the earliest reasonable date. *See* Docket Entries 22 (motion) and 23 (brief). *See also* Docket Entries 1-6 (state-court motion for preliminary injunction) 1-7 (brief) and 1-9 to 1-21 (exhibits).

4. PRA has filed a motion to dismiss and supporting memorandum contending that this Court has jurisdiction to address the motion to dismiss. Docket Entries 14 & 15. Plaintiffs have responded to the motion, Docket Entry 23, and PRA's reply is due February 21.

5. Local Rule 23.1 provides: "Within 90 days after the filing of a complaint in a class action, unless this period is extended by court order, the plaintiff shall file a separate motion for a determination under Rule 23(c)(1), Fed.R.Civ.P., as to whether the case may be maintained as a class action." LR23.1(b).

6. Plaintiffs' request to defer the time by which Plaintiffs must file a federal motion for class certification is made before the expiration of the current deadline. This Court has determined that the 90-day period should be calculated based on the date of removal of the action, not the filing date of the complaint in state court. *See Curtis v. Norfolk S. Ry. Co.*, 206 F.R.D. 548, 549 (M.D.N.C. 2002). PRA filed its Notice of Removal on December 9, 2017. Thus, the motion for class certification required by Local Rule 23.1(b) would be due on Thursday, March 9, 2017.

7. For the reasons set out in their briefs in support of remand, plaintiffs contend this Court does not have subject matter jurisdiction over this case and, accordingly, the issue of whether the case may be maintained as a class action must be decided by a North Carolina court under G.S. 1A-1, Rule 23. Accordingly, plaintiffs request that this Court defer the time by which plaintiffs must file a motion for class certification under Local Rule 23.1(b) and Federal Rule of Civil Procedure 23 until 30 days after the Court has determined whether the case should remain in federal court.

8. Pursuant to Local Rule 6.1, undersigned counsel certifies that she has consulted with counsel for defendant PRA with regard to plaintiffs' request to defer the time by which

plaintiffs must file a motion to certify under Local Rule 23.1.

9. Counsel for defendant does not oppose the motion to extend time. However, defendant's view is that, because it believes the court has jurisdiction to address its motion to dismiss, the motion deadline should be 30 days after the later of the Court's decisions on the motion to remand or the motion to dismiss.

10. This motion is made in good faith, and not for purposes of delay.

WHEREFORE, plaintiffs move that this Court defer the time for filing a federal motion for class certification until 30 days after plaintiffs' motion to remand (Docket Entry 11) has been ruled upon by this Court.

This, the 22nd day of February, 2017.

>/s/ Carlene McNulty
> Carlene McNulty, NCSB #12488
> Jason A. Pikler, NCSB #47128
> Emily P. Turner, NCSB #49578
> NORTH CAROLINA JUSTICE CENTER
> P.O. Box 28068
> Raleigh, NC  27611
> Telephone: (919) 856-2161
> Facsimile: (919) 856-2175
> Email: carlene@ncjustice.org
>        jason.pikler@ncjustice.org
>        emilyt@ncjustice.org

J. Jerome Hartzell, NCSB #7775
P.O. Box 10246
Raleigh, NC 27605
Telephone: (919) 819-6173
Email: jerry.hartzell@gmail.com

Of Counsel:

Travis E. Collum, N.C. State Bar No. 29158
COLLUM & PERRY, PLLC
P.O. Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Email: travis@collumperry.com


Adrian M. Lapas, N.C. State Bar No. 20022
LAPAS LAW OFFICES, PLLC
P.O. Box 10688
Goldsboro, NC 27532
Telephone: (919) 583-5400
Email: adrianlapas@goldsborobankruptcylawyer.com


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that opposing counsel in this case are registered as Filing Users of the Electronic Filing System maintained by this Court, and that electronic transmission of this document to the Electronic Filing System with transmission of the Notice of Electronic Filing therefore constitutes service of the filed document pursuant to MDNC Local Rule of Civil Practice 5.3(b)(2).

This, the 22nd day of February, 2017

/s/ Carlene McNulty
Carlene McNulty