UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:16-cv-01395-WO-JEP

IRIS POUNDS, CARLTON MILLER,    )
VILAYUAN SAYAPHET-TYLER,    )
RHONDA HALL, and PIA TOWNES, on    )
behalf of themselves and all others    )
similarly situated,    )
    )    **RESPONSE TO PLAINTIFFS'**
            Plaintiff,    )    **MOTION FOR EXPEDITED**
    )    **DETERMINATION OF THE MOTION**
v.    )    **TO REMAND**
    )
PORTFOLIO RECOVERY    )
ASSOCIATES, LLC    )
    )
            Defendant.    )

Defendant Portfolio Recovery Associates, LLC ("PRA") submits this brief in

response to Plaintiffs' Motion for Expedited Determination of the Motion to Remand

("Plaintiffs' Motion"). (Doc. 22). Although PRA defers to the Court with respect to

managing its own docket, PRA believes the Court may benefit from additional

background facts in resolving this motion.

## STATEMENT OF FACTS

### A.    **Background Facts**

On March 14, 2012, PRA filed an action to recover the credit card debt owed by

Caroline L. Houston. Ms. Houston answered the complaint and counterclaimed. As part

of her counterclaim Ms. Houston asserted a putative class action on behalf of "[a]ll

individuals against whom PRA filed a complaint seeking collection of a debt in North

Carolina courts on or after October 1, 2009, and all people to whom PRA sent a 'Notice of Intent to File Legal Action' on or after October 1, 2009." (Doc. 15, Ex. 1 at 2).

On January 5, 2015, Ms. Houston and two proposed additional counterclaim plaintiffs brought a Motion to Amend and/or Intervene (the "Motion to Intervene") in which they sought, among other things, to add (1) two counter-claim plaintiffs against whom default judgments had been entered and (2) class claims for relief based on alleged violations of N.C. Gen. Stat. § 58-70-155. *Id.* at 2-3. One of the subclasses would have consisted of

> [a]ll individuals against whom PRA filed a complaint seeking collection of a debt in the North Carolina courts on or after October 1, 2009, against whom PRA subsequently sought and obtained entry of a default or summary judgment within four years from the filing of the amended answer and class counterclaim.

*Id.* at 2.

The trial court denied the Motion to Intervene on June 3, 2015. *Id.* at 6-8.

In May 2016, almost one year after the state trial court denied the motion to intervene to allow a sub-class of those against whom default judgments had been entered, counsel for Plaintiffs met with counsel for PRA. At this meeting, counsel for Plaintiff indicated that they were considering bringing a new class action complaint on behalf of those individuals against whom a default judgment had been entered.

## B.    <u>The Current Litigation</u>

On November 21, 2016, approximately six months after counsel for Plaintiffs met with counsel for PRA, and almost eighteen months after the state trial court denied the

Motion to Intervene, Plaintiffs filed this independent action seeking a declaration that default judgments entered against them are void for lack of subject-matter jurisdiction based on alleged violations of N.C. Gen. Stat. § 58-70-155. Plaintiffs also seek monetary damages and statutory penalties pursuant to N.C. Gen. Stat. § 58-70-130(a) & (b).

PRA removed this action to this Court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). (Doc. 1). Plaintiffs then moved to remand, contending that jurisdiction is lacking under the *Rooker-Feldman* doctrine. (Doc. 11).

Rather than file an answer to the Complaint, PRA moved to dismiss this action on the grounds that the Complaint failed to plead an adequate basis to bring an independent action to attack a judgment. (Doc. 14). PRA also filed a response brief in opposition to the motion to remand, explaining that the *Rooker-Feldman* doctrine does not apply to this case (Doc. 17), and requested oral argument on Plaintiffs' motion to remand. *Id.*[1]

Plaintiffs' now request expedited determination of their motion to remand.

## DISCUSSION

PRA recognizes this Court's authority to manage its own docket. Yet, Plaintiffs' request for an expedited determination seemingly lacks a factual basis. The statute on which Plaintiffs' claims are based was effective October 1, 2009, almost seven years before Plaintiffs filed the present action. Also, as noted above, about eighteen months ago a state trial court denied a motion to allow intervention in a putative class action in which all but one of the current attorneys for Plaintiffs represented the proposed

---

[1] Although Plaintiffs filed a reply in support of their motion for remand, Plaintiffs were silent with respect to PRA's request for oral argument.

3

intervenors and sought to assert the virtually identical claims that are being pursued in the action pending before this Court. Further, in May 2016, counsel for Plaintiffs advised counsel for PRA of their intention to file this lawsuit. Plaintiffs did not file this action, however, until November 2016. Plaintiff's lawsuit, therefore, was filed almost seven years after the effective date of the underlying statutes, almost eighteen months after a request by their attorneys to assert virtually identical claims in a putative class action a currently pending in State court, and approximately six months after counsel advised the attorney for PRA of their intent to file a new putative class action. This timeline does not appear to support the expedited consideration requested by Plaintiffs.

Moreover, *Rooker-Feldman* does not prevent a federal court from determining whether an action is procedurally invalid. *See Yale v. Nat'l Indem. Co.*, 602 F.2d 642, 644 (4th Cir. 1979); *see also Reid v. North Carolina*, 837 F.Supp.2d 554, 561-62 (W.D.N.C. 2011). As discussed in PRA's opposition to remand, (Doc. 17 at 15-16), Plaintiffs' effort to bring independent actions to challenge the judgments entered against them is procedurally invalid.

PRA's motion to dismiss will dispose of the entire case. All of Plaintiffs' claims are brought in the form of an independent action. (Doc. 15). However, Plaintiffs did not plead a basis to bring an independent action. *Id.* Plaintiffs have failed to state a claim upon which relief can be granted, and this action should be dismissed. As a result, Plaintiffs' motion to remand should not be considered independent of and before PRA's motion to dismiss.

4

Finally, at whatever point the Court decides to hear Plaintiffs' motion to remand, PRA requests oral argument on the motion. PRA noted this request in its opposition to Plaintiffs' motion to remand pursuant to Local Rule 7.3(c)(1), and Plaintiffs have not objected to this request. As described in PRA's opposition to remand, the evolving and complex nature of the *Rooker-Feldman* doctrine merits an oral argument in this case. (Doc. 17 at 19-20).

## CONCLUSION

With respect to Plaintiffs' request for expedited consideration of their motion to remand, PRA respectfully requests that the Court consider the issues set forth above in managing its docket.

This the 27th day of February, 2017.

ELLIS & WINTERS LLP

/s/ Jon Berkelhammer
Jon Berkelhammer
N.C. State Bar No. 10246
Email: jon.berkelhammer@elliswinters.com
Joseph Hammond
N.C. State Bar No. 45657
Email: joe.hammond@elliswinters.com
300 N. Greene Street, Ste. 800
Greensboro, NC 27401
Tel. (919) 865-7000
Fax (919) 865-7010

Sean Fernandes
N.C. State Bar No. 50699
Email: sean.fernandes@elliswinters.com
Troy D. Shelton
N.C. State Bar. No. 48070
Email: troy.shelton@elliswinters.com

5

Post Office Box 33550
Raleigh, NC  27636
Tel. (919) 865-7000
Fax (919) 865-7010

*Attorneys for Defendant Portfolio Recovery
Associates, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel and parties of record as follows:

Carlene McNulty, Esq.
James A. Pikler, Esq.
Emily P. Turner, Esq.
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC  27611

J. Jerome Hartzell, Esq.
P.O. Box 10246
Raleigh, NC  27605

Travis E. Collum, Esq.
Collum & Perry, PLLC
P.O. Box 1739
Mooresville, NC  28115

Adrian M. Lapas, Esq.
Lapas Law Offices, PLLC
P.O. Box 10688
Goldsboro, NC  27532

This the 27th day of February, 2017.

/s/ Jon Berkelhammer
Jon Berkelhammer

*Attorney for Defendant Portfolio Recovery Associates, LLC*

7